UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CIVIL DIVISION

CASE NO. -6107

CIV - FERGUSON

MAGISTRATE JUDGE
SNOW

STEVE HARRIS

    Plaintiff,

v.

DAYTON HUDSON CORPORATION d/b/a
TARGET STORES,

    Defendant.
_____/

## COMPLAINT

Plaintiff, **STEVE HARRIS**, (hereinafter referred to as HARRIS or "Plaintiff") sues Defendants, DAYTON HUDSON CORPORATION, doing business as TARGET STORES (hereinafter referred to as the "PLAINTIFF, or "TARGET""), and states:

### JURISDICTION

1. The purpose of this lawsuit is to seek equitable restitution, actual damages, reinstatement, punitive damages, and other appropriate relief for the unlawful discrimination relating to the employment of the Plaintiff by the Defendant on the basis of race. Jurisdiction to hear this matter derives from 42 U.S.C. 2000e, and 42 U.S.C. 1981, and assertion of non-Federal remedies and counts related to the action being sought in Federal Court.

2. The Plaintiff is a black male. At the time of the incidents referred to in this Complaint he was a resident of Palm Beach County, Florida. All of the incidents in question took place in Broward County.

3a. The Defendant conducts its business in throughout the United States and is an employer within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, et seq. United States District Courts have jurisdiction pursuant to such statutes.

### Facts Upon Which All Counts Are Based

4. The Plaintiff was at the time of his dismissal hired by TARGET as the ONLY



African-American acting as a General Store Manager in the South Florida TARGET STORES.

5. He was, and had been evaluated as a competent and valuable employee, of Defendant, until certain "new" superiors were installed. Those "new" superiors "trumped" up complaints to create a "smokescreen" to enable Defendant to fire HARRIS. The way HARRIS was treated was substantially different than the way non-African American Managers were treated.

6. His firing was based, in whole, or in significant part by Racial discrimination. This termination was irrational and based substantially on race, and was, therefore, arbitrary and capricious as a matter of law.

7. In so doing, the employer discriminated in an unlawful fashion against the Plaintiff.

8. The conduct of the Defendant interfered with the Plaintiff's right to continued employment, a right pertinent to Plaintiff's reputation.

9. By terminating Plaintiff, in the fashion done, Defendant maliciously libeled him by going beyond the qualified privilege, as a former employer regarding comments made to potential future employers.

10. The conduct of the Defendant in terminating the Plaintiff was emotionally stressful to Plaintiff and caused Plaintiff to have a diminished sense of self-worth.

11. This action materially interfered with his ability to procure employment and provide for his material needs from substitute employment.

12. The conduct of the Defendant interfered with the Plaintiff's right to continued employment, a right pertinent to Plaintiff's reputation.

13. PLAINTIFF has suffered lost salary, benefits, interest on the money lost and attorney's fees.

14. Plaintiff has retained the undersigned and promised to pay him a reasonable attorneys' fee.

## COUNT I

15. Plaintiff realleges each of the foregoing paragraphs as if set forth at length, hereafter.

16. This is an action pursuant to 42 U.S.C. 2000e.
17. The Plaintiff was hired TARGET and worked for the Defendant at one of the DEFENDANT's stores in Broward County, FL.
18. In terminating Plaintiff's employment, the employer engaged in wrongful termination of the Plaintiff.
19. Plaintiff timely filed an EEOC Complaint and received his Right to Sue letter, within the time and manner prescribed, thereby performing all conditions precedent to bringing this action.

WHEREFORE, by reason of the foregoing, Plaintiff requests that the Court make a determination that this termination was unlawful and require that the Defendant make the Plaintiff whole in all particulars under the above-referred to Statute, including, but not limited to, back pay, back benefits, seniority, costs, all benefits, attorney's fees, plus punitive damages and any other relief as the Court may deems just and proper.

## COUNT II

## VIOLATION OF 42 U.S.C. §1981-DAMAGES & DECLARATORY DECREE

Plaintiff repeats, realleges and reavers the allegations contained in Paragraphs 1 through 14, as if fully set forth herein.

20. This is an action for declaratory and injunctive relief, as well as damages under 42 U.S.C. §1981, for equal rights under the law.
21. In accordance with Section 42 U.S.C. §1981:
    "All persons within the jurisdiction of the United States shall have the same in every State and territory to make and enforce contracts...and to the full and equal benefit of all laws and proceedings...".

22. This action is brought as a result of racial discrimination visited upon Plaintiff by all the Defendants herein, above, in violation of 42 U.S.C. §1981, which intended to "abolish all badges and incidents of slavery in the United States."

23. By halting the advance of Plaintiff's career, TARGET did cast the Plaintiff with a *badge of slavery*.

24. Based solely on Plaintiff's race, to wit, that of an African-American, Plaintiff was denied the equal benefits available to other citizens by the Defendants for failure to treat Plaintiff equal to non-African-American employees, in terms of wages and in terms of career advancement, and in terms of advancement in other fashions, inconsistent with law.

25. Said conduct on behalf of Defendants was purposeful and intentional discrimination constituted disparate treatment and departed from the normal procedures utilized by the Defendants in evaluating potential franchisees for approval.

26. During the same time frame, to wit, from the beginning of Plaintiff's employment until 1999, the Defendants did actually review, evaluate and advance other employees, who were not African-American and promote them into positions of advancement and further leadership, as opposed to Plaintiff who was kept down from further advancement.

27. Such conduct constitutes intentional or purposeful discrimination against Plaintiff based solely on race; in as much as Plaintiff clearly provided the documentation to show Plaintiff's financial ability, aggressiveness, integrity and capability to be further considered for additionally responsible employment and advancement.

28. As a result of the foregoing, Plaintiff has suffered damages.

29. Further, Plaintiff requests declaratory relief in that the actions taken by Defendants are in violation of 42 U.S.C. ☐1981 and, further, Plaintiff requests injunctive relief requiring that the Defendants be enjoined from further proceeding with the conduct as set forth more fully herein, above.

WHEREFORE, Plaintiff requests that this Court enters a Judgment against Defendants for compensatory and punitive damages, declaratory relief and injunctive relief as set forth herein above. Plaintiff also requests attorney's fees pursuant to Section 42 U.S.C. §1988, costs and any and all other relief, which this Court deems just and proper.

## COUNT III

## LIBEL, & SLANDER

Plaintiff realleges and reavers each allegation as stated in paragraphs 1 through 14 with the same force and effect as if set forth at length hereafter and for further cause of action states:

30. This is an action for libel and slander exceeding the limited privilege granted his former employer to notify future employers about a former employee's work and job history.

45. On information and belief, to further the cause of the employer, to wit: justifying its unlawful and wrongful termination of the Plaintiff, Defendant did slander and libel the Plaintiff and his abilities to future employers, thereby depriving his of the ability to obtain work in the future, or at least hinder the Plaintiff.

46. Said conduct was unwarranted, unreasonable, improper and tortious.

47. As an intentional tort, the Plaintiff is entitled to all actual and punitive

damages as justifiable, subject to the laws governing awarding punitive damages.

48.     As a direct and proximate result of the conduct of the Defendant, the Plaintiff has suffered emotional distress, has had his credit rating hurt, and has been otherwise impacted negatively.

WHISEFORE, the Plaintiff prays that all such damages, including punitive damages be awardable by the Court against the Defendant, in addition to awarding costs and attorney's fees.

**The Plaintiff demands Trial by Jury for all issues so triable.**

Respectfully submitted,

RICHARD J. BURTON & ASSOCIATES, P.A.
18305 Biscayne Boulevard, Suite 300
Miami, FL 33160
Tel: 305-705-0888; Fax:305- 935-9542

By: _____
Richard J. Burton
F.B.N. 179337

# CIVIL COVER SHEET

00-6107

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I (a) PLAINTIFFS**
Steve Harris

**DEFENDANTS**
Dayton Hudson Corporation d/b/a Target

CIV-FERGUSON
MAGISTRATE JUDGE
SNOW

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** Palm Beach
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

A-Broward / 00cv 6107 / FERGUSON / Snow

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Richard J. Burton & Assoc. P.A.
18305 Biscayne Blvd #300 Miami FL
(305) 705-0888

**ATTORNEYS (IF KNOWN)**

**(d) CIRCLE COUNTY WHERE ACTION AROSE:**
DADE, MONROE, (BROWARD), PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN x IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (For Diversity Cases Only) (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

IVa. __4__ days estimated (for both sides) to try entire case.

**V. NATURE OF SUIT** (PLACE AN x IN ONE BOX ONLY)

| A CONTRACT | A TORTS PERSONAL INJURY | TORTS PERSONAL INJURY | B FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | ☐ 310 Airplane | ☐ 362 Personal Injury— Med Malpractice | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury— Product Liability | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | A PROPERTY RIGHTS | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 330 Federal Employers' Liability | PERSONAL PROPERTY | ☐ 630 Liquor Laws | ☐ 820 Copyrights | B C ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 660 Occupational Safety/Health | B SOCIAL SECURITY | ☐ 810 Selective Service |
| B ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury |  | A LABOR | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract |  |  | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability |  |  | B C ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| A REAL PROPERTY | A CIVIL RIGHTS | B PRISONER PETITIONS | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | A FEDERAL TAX SUITS | ☐ 894 Energy Allocation Act |
| B ☐ 220 Foreclosure | ☒ 442 Employment | Habeas Corpus: | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☒ ☐ 530 General | B ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty |  |  | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☒ ☐ 540 Mandamus & Other |  |  | * ☐ 890 Other Statutory Actions *A or B |
| ☐ 290 All Other Real Property |  | ☐ 550 Civil Rights |  |  |  |
|  |  | *A or B |  |  |  |

**VI. ORIGIN** (PLACE AN x IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Refiled
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
**DEMAND $** _____
Check YES only if demanded in complaint:
**JURY DEMAND:** ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE _____ DOCKET NUMBER _____

**DATE** 1/20/00
**SIGNATURE OF ATTORNEY OF RECORD**

UNITED STATES DISTRICT COURT
S/F 1-2
rev 6/90

FOR OFFICE USE ONLY: Receipt No. 815902  Amount: 150.00
Date Paid: 21/24/00  ifp: _____