UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

STEVE HARRIS,                    CASE NO.  00-6107-CIV-FERGUSON
                                 MAGISTRATE JUDGE SNOW
        Plaintiff,

v.

DAYTON HUDSON CORPORATION
d/b/a TARGET STORES,

        Defendant.
_____/

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant, Dayton Hudson Corporation d/b/a Target Stores (now known as

Target Corporation and referred to herein as "Target" or "Defendant"), by and

through its undersigned counsel, hereby files its response to the Complaint as

follows:

### JURISDICTION

1.      Defendant admits that Plaintiff seeks relief for race discrimination under

Title VII of the Civil Rights Act, as amended, 42 U.S.C. § 2000e ("Title VII"), and

under 42 U.S.C. § 1981 ("Section 1981"), and for the Florida state law torts of libel

and slander, but denies that Plaintiff is entitled to any of the relief sought in the

Complaint.

1

2.    Defendant admits the allegations contained in Paragraph 2 of the Complaint for jurisdictional purposes only.

3.    (a) [sic] Defendant admits the allegations contained in Paragraph 3 of the Complaint for jurisdictional purposes only.

## FACTS UPON WHICH ALL COUNTS ARE BASED

4.    In response to Paragraph 4 of the Complaint, Defendant admits that Plaintiff was an African-American employed as a Store Team Leader (Store Manager) in South Florida, but denies the remainder of Paragraph 4 of the Complaint

5.    Defendant denies the allegations contained in Paragraph 5 of the Complaint.

6.    Defendant denies the allegations contained in Paragraph 6 of the Complaint.

7.    Defendant denies the allegations contained in Paragraph 7 of the Complaint.

8.    Defendant denies the allegations contained in Paragraph 8 of the Complaint.

9.    Defendant denies the allegations contained in Paragraph 9 of the Complaint.

10.    Defendant denies the allegations contained in Paragraph 10 of the Complaint.

2

11.    Defendant denies the allegations contained in Paragraph 11 of the Complaint.

12.    Defendant denies the allegations contained in Paragraph 12 of the Complaint.

13.    Defendant denies the allegations contained in Paragraph 13 of the Complaint.

14.    Defendant has no knowledge as to the allegations contained in Paragraph 14 of the Complaint and therefore denies same.

## COUNT I [Title VII]

15.    In response to Paragraph 15 of the Complaint, Defendant reasserts and incorporates by reference its responses to Paragraphs 1 through 14 of the Complaint as if fully set forth herein.

16.    In response to Paragraph 16 of the Complaint, Defendant admits that this is an action under Title VII, but denies that the Plaintiff is entitled to any relief whatsoever under that statute.

17.    Defendant admits the allegations contained in Paragraph 17 of the Complaint.

18.    Defendant denies the allegations contained in Paragraph 18 of the Complaint.

19.    Defendant denies the allegations contained in Paragraph 19 of the Complaint, and further denies that Plaintiff is entitled to any of the relief sought in the

3

"Wherefore" paragraph immediately following Paragraph 19 of the Complaint.

## COUNT II

## VIOLATION OF 42 U.S.C. § 1981 - DAMAGES & DECLARATORY DECREE

20.    In response to Paragraph 20 of the Complaint, Defendant admits that Plaintiff seeks relief under Section 1981, but denies that Plaintiff is entitled to any relief whatsoever under Section 1981.  In addition, in response to the unnumbered paragraph immediately preceding Paragraph 20 of the Complaint, Defendant reasserts and incorporates by reference its responses to Paragraphs 1 through 14 of the Complaint as if fully set forth herein.

21.    In response to Paragraph 21 of the Complaint, Defendant denies that Plaintiff is entitled to any relief under Section 1981.

22.    In response to Paragraph 22 of the Complaint, Defendant denies that Plaintiff was subjected to racial discrimination in violation of Section 1981.

23.    Defendant denies the allegations contained in Paragraph 23 of the Complaint.

24.    Defendant denies the allegations contained in Paragraph 24 of the Complaint.

25.    Defendant denies the allegations contained in Paragraph 25 of the Complaint.

26.    Defendant denies the allegations contained in Paragraph 26 of the Complaint.

4

27.     Defendant denies the allegations contained in Paragraph 27 of the Complaint.

28.     Defendant denies the allegations contained in Paragraph 28 of the Complaint.

29.     In response to Paragraph 29 of the Complaint, Defendant denies that it has violated Section 1981 and further denies that Plaintiff is entitled to any of the relief sought in the "Wherefore" paragraph immediately following Paragraph 29 of the Complaint.

30.     Defendant denies each and every allegation not specifically admitted to in the Complaint.

## COUNT III - LIBEL AND SLANDER

In response to Count III of the Complaint alleging libel and slander, Defendant is filing a Motion to Dismiss simultaneously herewith.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to fulfill all the conditions precedent to maintaining this action.

5

## THIRD AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred by the applicable statute of limitations.

## FOURTH AFFIRMATIVE DEFENSE

The employment actions taken by Defendant with respect to Plaintiff were not discriminatory because such actions were based on reasonable factors other than race and/or were taken for legitimate, non-discriminatory reasons.

## FIFTH AFFIRMATIVE DEFENSE

Even assuming, *arguendo*, that Plaintiff were able to show a *prima facie* case of discrimination, Defendant would have taken the same actions with respect to Plaintiff for legitimate business reasons.

## SIXTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred by the equitable doctrines of laches, waiver and/or estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff has not stated a claim for punitive damages under Title VII in the instant action.  Even assuming, *arguendo,* that Defendant is liable for a violation of Title VII, Plaintiff fails to allege any conduct of Defendant's warranting an award of punitive damages.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff has failed to comply with his duty to mitigate his damages.

6

WHEREFORE, the Defendant requests that:

1.    The Court dismiss the Complaint in its entirety;

2.    Defendant recover its costs and reasonable attorney's fees, in that the

Complaint herein is frivolous and totally without foundation; and

3.    The Defendant be awarded such other and further relief as this Court

deems just and proper.

Respectfully submitted,
SHUTTS & BOWEN LLP
Attorneys for Defendant
1500 Miami Center
201 South Biscayne Boulevard
Miami, Florida 33131
(305) 358-6300
(305) 347-7386 (facsimile)


BY:_____
Sheila M. Cesarano
Florida Bar Number 708364

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing was mailed this _____

day of March, 2000 to **RICHARD J. BURTON, ESQ.**, Richard J. Burton &

Associates, P.A., 18305 Biscayne Boulevard, Suite 300, Miami, Florida 33160.


_____
Of Counsel

MIADOCS 321655.1 KLL

7