UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

STEVE HARRIS,

    Plaintiff,

v.

DAYTON HUDSON CORPORATION
d/b/a TARGET STORES,

    Defendant.
_____/

CASE NO. 00-6107-CIV-FERGUSON
MAGISTRATE JUDGE SNOW

### DEFENDANT'S MOTION TO DISMISS COUNT III AND INCORPORATED MEMORANDUM OF LAW

Defendant, Dayton Hudson Corporation d/b/a Target Stores (now known as Target Corporation) ("Target"), pursuant to Fed. R. Civ. P. 12(b)(6), moves the Court to dismiss Count III (Libel and Slander), because Plaintiff Steve Harris ("Plaintiff") has failed to state a claim upon which relief can be granted.

### SUMMARY OF ARGUMENT

On June 9, 1994, Target hired Plaintiff as an Assistant Store Team Leader in Training (Assistant Store Manager). On December 28, 1997, Plaintiff was promoted to Store Team Leader (Store Manager). On March 5, 1999, Target terminated Plaintiff for gross misconduct because, *inter alia*, he abused his authority as Store Team Leader with respect to cash handling, causing Target a monetary loss.

1

Specifically, Plaintiff violated Target's written policies on Gross Misconduct/Detrimental Behavior and on Cash Vouchers, thereby becoming a security risk.

On January 21, 2000, Plaintiff filed this action alleging that Target discriminated against him because of his race in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq.* (Count I) and 42. U.S.C. § 1981 (Count II). The Complaint also includes a claim of libel and slander (i.e., defamation) (Count III).

The Court should dismiss Count III for two reasons.  First, Plaintiff's allegations of defamation are based on "information and belief," and, as such, are insufficient to plead a defamation claim.  Second, Plaintiff has failed to plead a *prima facie* claim of defamation.

### ARGUMENT

I.     **THE COURT SHOULD DISMISS COUNT III BECAUSE THE ALLEGATIONS ARE MADE ON "INFORMATION AND BELIEF."**

Plaintiff alleges that Target defamed him solely based on "information and belief." (Compl., ¶ 45.)  Plaintiff has clearly failed to plead a defamation claim, because allegations in a complaint based on "information and belief" are improper and a "clearly improper locution under the current federal rules, which impose (in the amended Rule 11) a duty of reasonable precomplaint inquiry not satisfied by rumor or hunch." Bankers Trust Company v. Old Republic Insurance Company, 959 F.2d 677, 683-84 (7th Cir. 1992) (involving fraud allegations based on "information and

2

belief"). Allegations in a complaint made on "information and belief" violate Fed. R. Civ. P. 11. Gallagher v. Kopera, 789 F. Supp. 277, 278 (N.D. Ill. 1992) (dismissing the complaint because the allegations were based on "information and belief" and ordering Rule 11 sanctions against plaintiff's lawyer). Plaintiff's allegations in Count III are merely hunches and unsubstantiated rumors, improper under Rule 11. Accordingly, the Court should dismiss Count III.

## II.   PLAINTIFF HAS FAILED TO STATE A CLAIM FOR DEFAMATION.

Plaintiff has not plead a *prima facie* claim for defamation. Plaintiff must allege that Target published a false statement, that the statement was communicated to a third party, and that Plaintiff suffered damages as a result of the publication. Hager v. Venice Hosp., Inc., 944 F. Supp. 1530, 1535 (M.D. Fla. 1996), aff'd, 132 F.3d 1461 (11th Cir. 1999); Thomas v. Jacksonville Television, Inc., 699 So. 2d 800, 803 (Fla. 1st DCA 1997).

Plaintiff has failed to provide any allegations that Target made a false statement to third parties, other than the insufficient "information and belief" allegation in Paragraph 45 of the Complaint. Moreover, Plaintiff has failed to allege how Target has acted beyond the Florida qualified privilege which allows an employer to provide information to an employee's prospective employers. § 768.095; Boehm v. American Bankers Ins. Group, 557 So. 2d 91 (Fla. 3d DCA 1990) (finding that a former employer is free to express his honest opinions regarding a former employee to a prospective employer); Riggs v. Cain, 406 So. 2d 1202 (Fla. 4th DCA

3

1981) (an employer "is pretty much free to communicate his honest opinions about the employee's job performance, and any information so long as it is relevant to the inquiry being made"). Accordingly, the Court should dismiss Count III for failure to state a claim for defamation.

## CONCLUSION

Target respectfully requests that the Court dismiss Count III, and grant such other relief the Court deems proper and necessary.

Respectfully submitted,

SHUTTS & BOWEN LLP
Attorneys for Defendant
1500 Miami Center
201 South Biscayne Boulevard
Miami, Florida 33131
(305) 358-6300
(305) 347-7386 (facsimile)

By: _____
Sheila M. Cesarano
Florida Bar Number 708364
Rene Gonzalez-LLorens
Florida Bar Number 0053790

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing was mailed this ____ day of March, 2000 to **RICHARD J. BURTON, ESQ.**, Richard J. Burton & Associates, P.A., 18305 Biscayne Boulevard, Suite 300, Miami, Florida 33160.

_____
OF COUNSEL

MIADOCS 323689.1 RGL