UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

STEVE HARRIS,                           CASE NO. 00-6107-CIV-FERGUSON
                                        MAGISTRATE JUDGE SNOW
    Plaintiff,

v.

DAYTON HUDSON CORPORATION
d/b/a TARGET STORES,

    Defendant.
_____/

## DEFENDANT'S MOTION TO COMPEL
## RESPONSES TO SECOND REQUEST FOR PRODUCTION

Defendant, TARGET STORES ("Target"), through undersigned counsel, and pursuant Fed.R.Civ.P. 34 and 37 (a)(2)(A), moves to compel Plaintiff's responses to Target's Second Request for Production, and states:

### BACKGROUND

In his Complaint, Plaintiff alleges a race discrimination claim under Title VII of the Civil Rights Act of 1964, 42 US. C. Section 2000(c), *et. seq.* More specifically, the Plaintiff has alleged that Target terminated him based on this impermissible factor.

The Defendant denies that any discrimination took place and states that its actions were taken for legitimate business reasons. The Plaintiff was terminated for gross misconduct after he engaged in detrimental behavior that constituted a security risk for Target.



## ARGUMENT

Plaintiff filed his Complaint six months ago, on January 21, 2000. On June 20, 2000, Target served its Second Request for Production (*see* Exhibit A). Pursuant to Fed.R.Civ.P. 34, Plaintiff's responses to Target's request were due 30 days later, on July 24, 2000.

On July 24, 2000, as required by Fed.R.Civ.P. 37 (a)(2)(A), the undersigned contacted Plaintiff's counsel's office to inquire as to the status of Plaintiff's responses to the above discovery. The undersigned was informed that Plaintiff's counsel, Richard Burton, was on vacation.[1] The undersigned left a message for Mr. Burton's paralegal assistant to contact her regarding the status of the outstanding discovery. Following up on the phone call, on July 25, 2000, the undersigned mailed a letter to Plaintiff's counsel's office asking for discovery responses within five days (*see* Exhibit B). To date, no one from Plaintiff's counsel's office has returned the undersigned's phone call or contacted her regarding the July 25 letter.

**Plaintiff has failed to serve his responses to discovery to date.** Therefore, pursuant to Fed.R.Civ.P. 37 (a)(2)(A), Target respectfully requests that the Court enter an order instructing Plaintiff to serve his responses at once.

---

[1] Target's discovery request was propounded three weeks before Plaintiff's counsel filed his Notice of Unavailability in this case.

2

SHUTTS & BOWEN LLP
Attorneys for Defendant
1500 Miami Center
201 S. Biscayne Boulevard
Miami, Florida 33131
(305) 358-6300
(305) 347-7386 Facsimile

By: _____

Sheila M. Cesarano
Florida Bar No. 708364
Jeannette E. Albo
Florida Bar No. 0017736

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed on this 1st day of August, 2000 to **RICHARD J. BURTON, ESQ.**, Richard J. Burton & Associates, P.A., 18305 Biscayne Boulevard, Suite 300, Miami, Florida 33160.

_____
OF COUNSEL

MIADOCS 356910.1 JEA

3

# DISCOVERY

# NOT

# SCANNED

# PLEASE REFER TO FILE