## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6107-CIV-FERGUSON/SNOW

STEVE HARRIS,

    Plaintiff,

v.

DAYTON HUDSON CORPORATION
d/b/a TARGET STORES,

    Defendant.
_____/



NIGHT BOX
FILED
FEB 16 2001
CLARENCE MADDOX
CLERK, USDC / SDFL / FTL

### DEFENDANT'S OPPOSITION TO
### PLAINTIFF'S *"UNOPPOSED"* MOTION FOR ENLARGEMENT OF TIME
### TO FILE OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

Defendant, **TARGET CORPORATION** ("Target"), files its opposition to Plaintiff **STEVE HARRIS'** ("Plaintiff") *"Unopposed"* Motion for Enlargement of Time to File Opposition to Motion for Summary Judgment ("Plaintiff's Motion"), and states.

1. On February 16, 2001, undersigned counsel received, via regular mail, Plaintiff's Motion requesting a one-month enlargement of time to file his response to Target's Motion for Summary Judgment. Plaintiff's response to the Motion for Summary Judgment is due on February 20, 2001.

2. Plaintiff's Motion represented to the Court that Plaintiff's counsel had purportedly "made a good faith effort to contact opposing counsel to ascertain if there was any objection to the filing of this motion and was advised that all the opposing counsel *do not object* to the enlargement of time." (Plaintiff's Motion, ¶ 5) (emphasis added).

3. Neither of Target's counsel advised Plaintiff's counsel that they did not object to an enlargement of time. In fact, at depositions on the date that Plaintiff's Motion was filed, undersigned counsel advised Plaintiff that he objected to the extension of time.

4.  This is the second instance that Plaintiff has misrepresented to the Court that Target allegedly had "no objections" to an extension of time, knowing full well that Target had objections. The first time occurred when Plaintiff filed an "Unopposed Motion" misrepresenting that Target's counsel had no objections to a 30-day enlargement of time to extend discovery. In reality, Target's counsel had only agreed to a limited 15-day extension from February 16, 2001 (the discovery deadline), to complete certain particular depositions noticed prior to the discovery deadline. Plaintiff's counsel had been specifically told that Target opposed a blanket extension of discovery. Disregarding our opposition, Plaintiff misrepresented our position to the Court in the first "Unopposed Motion" alleging that we had purportedly agreed to a blanket extension of discovery for a 30-day period. However, despite the misrepresentations to the Court, and as a professional courtesy, Target's counsel did not object or filed an opposition to the extension.

5.  This is the second misrepresentation to the Court that Plaintiff has made regarding Target's position.

6.  Accordingly, Target objects to the extension sought and most vehemently objects to the misrepresentations made to the Court regarding its position.

WHEREFORE, Target respectfully requests that the Court deny Plaintiff's request for an enlargement of time, and for such other relief as the Court deems proper and necessary.

Respectfully submitted,

SHUTTS & BOWEN LLP
Attorneys for Defendant
201 South Biscayne Boulevard
1500 Miami Center
Miami, Florida 33131
(305) 358-6300
(305) 347-7386 (facsimile)

By: _____
Sheila M. Cesarano
Florida Bar Number 708364
Rene J. Gonzalez-LLorens
Florida Bar Number 0053790

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed on this _16_ day of February 2001, to **RICHARD J. BURTON, ESQ.**, Richard J. Burton & Associates, P.A., 18305 Biscayne Boulevard, Suite 300, Miami, Florida 33160.

_____
OF COUNSEL

MIADOCS 366556 2 RGL