**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 00-6107-CIV-FERGUSON/SNOW

STEVE HARRIS,
    Plaintiff,
vs.

TARGET CORPORATION,
    Defendant.
_____/

## RESPONSE TO DEFENDANT TARGET CORPORATION MOTION FOR SUMMARY JUDGEMENT

Plaintiff, **STEVE HARRIS**, pursuant to Local Rule 7.5 submits the following statement of material facts as to which it contends that there are genuine justiciable issues of law or fact available and submits this statement in support of its request that the Motion for Summary Judgment filed by defendant **TARGET CORPORATION** be denied.

### Plaintiff's Rule 7.5 Statement of Facts

1. The gravamen of the Complaint primarily falls under the Civil Rights Act of 1964 otherwise modified at 42 U.S.C. 2000(e), and is further impacted by 42 U.S.C.§§ 1981.
2. In brief summary, the purpose of these acts, are remedial. It is to provide and protect the classes including, notably black persons to be treated in a manner consistent with other citizens.
3. Some of the criteria required to be examined are whether termination policies are a subterfuge for illegal and discriminatory weeding out of persons within the protected classes. In this instance, the protected interest are, sex (Male), and race (Black)— {married to a Caucasian female}.

### Memorandum of Law

The defendant's argue that the motion for summary judgment should be granted because no genuine issue of material facts exist to be tried. However, they bear the burden of showing both the absence of a genuine issue as to any material fact and that judgment is



warranted as a matter of law. United States Steel Corp. v. Darby, 516 F.2d 961 (C.A. Ala. 1975). The basis of this claim is that racial discrimination led to plaintiff's termination rather than acts related to job performance.

Whether plaintiff's job performance or a pattern of discrimination existed is for the jury to decide, as this is a dispute of fact. Defendant's in their motion argue that any racist statements made were irrelevant because plaintiff was later promoted (see motion for summary judgment ¶61), however, this statement standing alone is an issue of material fact that must be determined at trial not properly determined in motion for summary judgment. In addition, defendant's refer to another alleged racist statement (see ¶62) made by a superior. The aforementioned facts provided in our opposition of this motion, are facts that are properly determined at trial.

In considering a motion for summary judgment, the court must draw inferences most favorable to the party opposing the motion and resolve all reasonable doubts in that party's favor. Jeffery v. Sarasota White Sox, Inc., 64 F.3d 590 (11 Cir. 1995). In fact, the standard for proving racial discrimination is either direct or circumstantial evidence (evidence giving rise to inference of discriminatory intent). Scholz v. RDV Sports Inc., 710 So. 2d 618,624 (Fla. 5d DCA 1998). Plaintiff asserts that the facts argued in defendant's motion for summary judgment are some of the facts to be demonstrated at trial to prove racial discrimination. An issue of fact is genuine for purposes of summary judgment if taking the record as a whole the trier of fact could find for the non-moving party. Allen v. Tyson Foods, Inc., 121 F.3d 642 (11 Cir. 1997).

It has long been the law that employment requirements which either intentionally, or through their application tend to disproportionately exclude black persons are suspect and unfavored in the law and act as indicia of employment discrimination. See Griggs v Duke Power Co., 401 US 424, 91 S.CT. 849 (1971). Direct evidence of discriminatory intent, as in the case at bar prohibits the granting of any Motion for Summary disposition.

In the Florida Federal Courts, it is further clear that in actions, interpreting civil rights claims and for that matter all other claims, when there is a genuine issue of material fact, Summary Judgment is precluded. The case then has to be tried on the Merits. US v. One Single Family Residence Located at 18755 North Bay Road, Miami, 13 F.3rd 1493 (CA 11, Fla, 1994), Cone Corp. v. Hillsborough County, 908 F.2d 908, (11 CA Fla 1990)

cert. denied 998 U.S. 983, 111 S.CT. 516. See also: <u>Barnes v. Burger King Corp.</u>, 932 F.Supp 1420 (SD, Fla 1996).

Plaintiff asserts that considering that the standards for racial discrimination allow either direct evidence or an inference of discriminatory intent, the disputed facts are a genuine issue of material fact. In addition, if the fact finder can draw more than one inference from the facts that introduces a genuine issue of material fact the court should not grant a summary judgment motion. <u>Jeffery v. Sarasota White Sox, Inc.</u>, 64 F.3d 590 (11 Cir. 1995). Furthermore, the evidence need show a sufficient disagreement to require submission to a jury. <u>Allen v. Tyson Foods, Inc.</u>, 121 F.3d 642 (11 Cir. 1997). Plaintiff asserts that aforementioned facts provide sufficient disagreement to allow for denial of defendant's motion for summary judgment. Moreover, the court must not weigh the evidence to determine truth of facts in the motion for summary judgment, rather that is a decision made by the jury. <u>Tipton v. Bergrohr GMBH-Siegen</u>, 965 F.2d 994 (11 Cir. 1992). Taking into account the facts presented, in the light most favorable to the plaintiff as non-moving party, the court should deny defendant's request for summary judgment.

RICHARD J. BURTON & ASSOCIATES, P.A.
18305 Biscayne Blvd., Suite 300
Miami, FL 33106
(305)705-0888  Fax (305)935-9542

By:_____
Richard J. Burton FBN 179337

**Certificate of Service**

I HEREBY CERTIFY that a true copy of the foregoing Notice was mailed to Sheila Caesarano, Esq., SHUTTS & BOWEN LLP, 1500 Miami Center, 201 South Biscayne Blvd., Miami, FL 33131 on March 20, 2001.

RICHARD J. BURTON & ASSOC. P.A.
18305 Biscayne Blvd., Suite 300
Miami, FL 33160
Ph: (305) 705-0888 Fax 305- 935-9542

By: _____
Richard J. Burton, FBN 179337