# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6107-CIV-FERGUSON/SNOW

STEVE HARRIS,

    Plaintiff,

v.

DAYTON HUDSON CORPORATION
d/b/a TARGET STORES,

    Defendant.

_____/



## DEFENDANT'S MOTION *IN LIMINE* PRECLUDING TESTIMONY OF PLAINTIFF'S EXPERT AND INCORPORATED MEMORANDUM OF LAW

Defendant, **TARGET CORPORATION** ("Target"), pursuant to S.D. Fla. L. R. 16.1, Fed.

R. Civ. P. 26(a)(2)(B) and 37, moves the Court to preclude expert witness, Stanley Foodman

("Foodman" or "Plaintiff's expert") from testifying at trial, because Plaintiff, **STEVE HARRIS**

("Plaintiff"), has failed to comply with the expert disclosure requirements.

### INTRODUCTION

Plaintiff has repeatedly refused to provide Target with a single expert report, expert

summary, or any of the expert discovery mandated by S.D. Fla. L. R. 16.1 and Fed. R. Civ. P.

26(a)(2)(B), that would have allowed Target to depose Foodman, Plaintiff's expert. Target has not

received a single document requested which involves Plaintiff's expert despite numerous attempts

to obtain this information from Plaintiff's counsel, Richard Burton, prior to the date of Plaintiff's

expert's deposition.

On March 29, 2000, Target requested information involving Plaintiff's expert in Target's

First Set of Interrogatories. Specifically, Target requested that Plaintiff, "Please state in detail the

substance of the opinions to be provided by each person whom you may use as an expert witness at



1

trial." (Ex. A, Target's First Set of Interrogatories.) In response, Plaintiff simply stated, "n/a." (Ex. B, Plaintiff's Response to Target's First Set of Interrogatories.)

On March 29, 2000, Target requested information involving Plaintiff's expert in Target's First Request for Production. Specifically, Target requested the expert report and all documents reviewed by the expert. (Ex. C, Target's Request for Production.) Plaintiff failed to file a response to Target's Request for Production and simply filed a notice of serving documents. However, the documents Plaintiff provided did not include any expert report or summary, and did not reveal which documents (if any) were reviewed by an expert. Moreover, since Plaintiff had identified "not applicable" when responding to the expert interrogatory, documents produced in response to the overall request had no apparent connection to an expert, nor had any expert been identified by Plaintiff.

Pursuant to the Court's April 9, 2000 Order Setting Trial Date and Discovery Schedule, Plaintiff was required to provide his expert's report and/or summary, as well as the mandated expert disclosure documents, by November 6, 2000, or 90 days before the February 5, 2001 pretrial conference. Nonetheless, Plaintiff completely failed to provide the expert information and documents.

On November 24, 2000, Target requested, once again, the above referenced expert information in Target's Expert Interrogatories to Plaintiff. (Ex. D, Target's Expert Interrogatories to Plaintiff.) However, Plaintiff failed to provide any response, information, or documents.

From December 15, 2000 until March 2, 2001, Target repeatedly tried to schedule a deposition date for Plaintiff's expert, but Plaintiff's counsel failed to provide a single date in which his expert could be deposed. (See Ex. E, December 15, 2000 letter; Ex. F, December 20, 2000 letter, Ex. G, Jan. 22, 2001 letter, Ex. H, Feb. 8, 2001 letter, Ex. I, Feb. 9, 2001 letter, Ex. J, Feb. 16, 2001 letter, and Ex. K, March 1, 2001 letter.) On March 2, 2001, Plaintiff's counsel finally consented to

2

a date of March 15, 2001 – interestingly, the last day of discovery – to allow Target to depose Plaintiff's expert. (Ex. L, March 2, 2001 handwritten response letter). In a conversation on or about March 2, 2001, undersigned counsel again requested all reports, summaries, documents, and information involving Plaintiff's expert which had been previously requested in Target's First Set of Interrogatories, Target's Request for Production, and Target's Expert Interrogatories. In addition, undersigned counsel made it clear in writing that Target needed Plaintiff's expert's conclusions before the deposition. (Ex. M, March 2, 2001 letter.)

From March 2, to March 8, 2001, Plaintiff's counsel ignored the request and did not provide the documents and information that would have allowed Target to depose Plaintiff's expert. On March 8, 2001, undersigned counsel again requested that Plaintiff provide the documents involving Plaintiff's experts before the deposition so that he could depose Plaintiff's expert:

> Please provide me with all documents and materials, if any, that you or your agents provided to Plaintiff's expert, Stanley Foodman, or his agents, as well as all expert reports, in connection with this litigation as requested in Target's First Request for Production dated March 29, 2000. Also provide me with a response to Target's Expert Interrogatories to Plaintiff served on November 24, 2000. I ask that the documents and responses be provided to me *by Monday, March 12, 2001.*

(Ex. N, March 8, 2001 letter) (emphasis added).

On March 14, 2001, the day before Plaintiff's expert's deposition date and discovery concluded, Plaintiff continued to refuse to provide any reports, summary, documents or information involving Plaintiff's expert. Consequently, Target had no choice but to cancel the expert's deposition. (Ex. O, March 14, 2001 letter.) On March 14, 2001, Plaintiff's counsel responded to the cancellation by handwriting "YOU LIE" in large letters across the face of the undersigned's March 14th letter. (Ex. P, March 14, 2001 handwritten response letter.) Apparently, Plaintiff's counsel expected Target to depose Plaintiff's expert with no information whatsoever beforehand.

3

Target has attempted to amicably work with Plaintiff and Mr. Burton to schedule convenient

dates for Plaintiff's expert's deposition to allow Plaintiff sufficient time to obtain and produce the

requested documents that would permit Target to depose Plaintiff's expert. Unfortunately, Target's

letters were ignored and the information was never provided as required by S.D. Fla. L. R. 16.1 and

Fed. R. Civ. P. 26(a)(2)(B).

Target has not received a single expert report, summary, document, or information requested

(e.g., documents relied by the expert, list of the expert's qualifications, curriculum vitae, etc.) which

involve Plaintiff's expert. Accordingly, Plaintiff should be precluded from presenting Plaintiff's

expert's testimony at trial pursuant to Fed. R. Civ. P. 37.

## MEMORANDUM OF LAW

## I.    THE COURT SHOULD PRECLUDE PLAINTIFF'S EXPERT FROM TESTIFYING BECAUSE PLAINTIFF HAS NOT PROVIDED ANY EXPERT REPORT, EXPERT SUMMARY, OR THE MANDATED EXPERT DISCLOSURES.

*Prior to* December 1, 2000, a party was required to provide an expert report and/or expert

summary setting forth its expert's opinions – along with additional expert disclosures and documents

delineated in S.D. Fla. L.R. 16.1(K) – 90 days before the pretrial conference. Local Rule 16.1(K)

states:

> Where expert opinion evidence is to be offered at trial, *summaries of the expert's anticipated testimony or written expert reports (including lists of the expert's qualifications to be offered at trial, publications and writings, style of case and name of court and judge in cases in which the expert has previously testified and the subject of that expert testimony, the substance of the facts and all opinions to which the expert is expected to testify, and a summary of the grounds for each opinion) shall be exchanged by the parties no later than 90 days prior to the pretrial conference....*

S.D. Fla. L.R. 16.1(K) (emphasis added). *After* December 1, 2000, a party is required to provide an

expert report setting forth the expert's opinions, along with additional expert disclosures and

documents delineated in Rule 26(a)(2)(B), which states in relevant part:

4

> Except as otherwise stipulated or directed by the court, this disclosure *shall ... be accompanied by a written report prepared and signed by the witness.* The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the datas or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

Fed. R. Civ. P. 26(a)(2)(B) (emphasis added). Pursuant to the recent Federal Rules amendments that took effect on December 1, 2000, Fed. R. Civ. P. 26(a)(2)(B) now applies to all cases.

In the instant case, Plaintiff repeatedly failed to provide *any* expert report, expert summaries, and the discoverable documents mandated by Local Rule 16.1 and Fed. R. Civ. P. 26(a)(2)(B), despite Target's repeated requests during discovery. Plaintiff was required to provide his expert's summary and mandated expert disclosure documents by November 6, 2000, or 90 days before the February 5, 2001 pretrial conference. See Court's April 9, 2000 Order Setting Trial Date and Discovery Schedule. Nonetheless, Plaintiff has completely failed to provide the expert information and documents.

Plaintiff deliberately delayed Target from taking Plaintiff's expert's deposition until the very last day of discovery (March 15, 2001) and then refused to provide the mandatory expert report, summary, information, and documents. In fact, Target was willing to depose Plaintiff's expert if the expert information and documents were provided several days before the scheduled deposition. Unfortunately, Plaintiff refused to provide any expert report, summary, documents, or information, and Target had no choice but to cancel the deposition. As a result of Plaintiff's actions, Target was unable to take the deposition of Plaintiff's expert because it lacked the required expert report, summary, information, and documents. See Fed. R. Civ. P.26(b)(4)(A) ("If a report from the expert is required under subdivision (a)(2)(B), *the deposition shall not be conducted until after the report is provided."*) (emphasis added).

5

When a party fails to provide expert disclosures as mandated, the expert should not be

permitted to testify at trial. Fed. R. Civ. P. 37(c). Rule 37(c)(1) states in relevant part:

> A party that without substantial justification fails to disclose information required by
> Rule 26(a) or 26(e)(1) shall not, unless such failure is harmless, be permitted to use
> as evidence at a trial, at a hearing, or on a motion any witness or information not so
> disclosed. In addition to or in lieu of this sanction, the court, on motion and after
> affording an opportunity to be heard, may impose other appropriate sanctions. In
> addition to requiring payment of reasonable expenses, including attorney's fees,
> caused by the failure, these sanctions may include any of the actions authorized under
> subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule and may include
> informing the jury of the failure to make the disclosure.

Fed. R. Civ. P. 37(c)(1). Similarly, Local Rule 16.1(M) provides that "[f]ailure to comply with the

requirements of this rule will subject the party or counsel to appropriate penalties, including but not

limited to dismissal of the cause, or the striking of defenses and entry of judgment." S.D. Fla. L. R.

16.1(M). The sanction of exclusion is *automatic and mandatory* unless the sanctioned party can

show that its violation of Rule 26(a) was either justified or harmless. Salgado by Salgado v. General

Motors Corp., 150 F.3d 735, 742 (7th Cir. 1998) (affirming trial court's exclusion of expert where

expert gave untimely, conclusory, and deficient expert report). In the instant case, Plaintiff's

deliberate failure to provide any requested expert information – after numerous repeated attempts

by Target to obtain the expert information – is sanctionable and Plaintiff's expert testimony should

be excluded.

An expert's testimony should be excluded for failing to provide the expert report and

mandated expert disclosure information. Firefighters' Institute for Racial Equality ex. rel. Anderson

v. City of St. Louis, 220 F. 3d 898 (8th Cir. 2000) (in employment discrimination litigation, district

court did not abuse its discretion by striking plaintiff's expert witness for failing to meet deadline for

filing expert reports). In China Resource Products (U.S.A.) Ltd. v. Fayda International, Inc. CPM,

856 F. Supp. 856 (D. Del. 1994), the defendant argued in its motion for new trial that the trial court

6

erred in preventing defendant's expert from testifying at trial. Id. at 867. The China Resource court

denied the motion and stated:

> [The defendant], however, failed to provide [the plaintiff] with an expert's report as
> required by Fed. R. Civ. P. 26(A)(2).  Federal Rule of Civil Procedure 37(C)(1)
> states that, "a party that ... fails to disclose information required by Rule 26(a) ... shall
> not ... be permitted to use as evidence at a trial ... any witness or information not so
> disclosed."  Fed. R. Civ. P. 37(c)(1).

Id.

The instant case is similar to Smith v. Union Pacific Railroad Co., 168 F.R.D. 626 (N.D. Ill.

1996), where the defendant provided an untimely and conclusory expert report on April 20, 1996,

the close-of-discovery date in a trial scheduled for October 1996.  The plaintiff moved to strike the

defendant's expert's testimony because the report was untimely and conclusory.  In response to the

plaintiff's motion to strike the expert, the defendant blamed the plaintiff's counsel for failing to

depose the expert. The Smith court found the defendant's accusatory response without merit and

stated:

> Both in terms of its late timing and in its patently inadequate disclosure, the
> [defendant's expert] report is plainly violative of the operative rules.   But [the
> defendant's] only response to Smith's motion in limine based on that delinquency is
> to attempt to fault [the plaintiff's ] counsel for their having "failed" to depose Dr.
> Grear to obtain the information that his report should have disclosed to begin with.
> [The defendant's] Mem. 4 complains that Smith's counsel "has declined [the
> defendant's] repeated offers to produce Dr. Grear for his deposition in this case"--a
> complaint that glosses over (or more accurately, ignores entirely) the facts that:
>
> 1.    Rule 26(b)(4), the provision that entitles a litigant to depose any expert,
>       expressly forbids the taking of such deposition until after the Rule
>       26(a)(2)(B) report has been provided.
>
> 2.    As quoted earlier, GR 5.00's Standing Order just as clearly requires each
>       party to complete all the preconditions to an opposing party's discovery in
>       time to permit that opposing party to take care of his, her or its discovery
>       needs before the carefully-established close-of-discovery date.

Id. at 629.  The Smith court found that it was plainly impermissible for the defendant to have

delivered the expert report on the discovery deadline date, "so late that [the plaintiff's] lawyers could

7

not, without violating both Rule 26(b)(4) and this District Court's Standing Order, depose Dr. Grear

(a deposition that they might not have had to take at all if [the defendant] had properly complied with

the expansive report requirements in Rule 26(a)(2)(B))." Id. As a result, the Smith court found that

Fed. R. Civ. P. 37(c)(1) applied and held that the defendant violated the rule:

> [The defendant's] responsive Memorandum may be read in vain for even a whisper
> of "justification," let alone a "substantial" one, for its violation of the disclosure
> requirements of Rule 26 and the Standing Order. [The defendant] does not even
> utter a mea culpa, an acknowledgment of its own fault. Instead it somehow seeks
> to fault [the plaintiff] --apparently for his not having acted to temper or to avoid the
> consequences of [the defendant's] own violations.
>
> That is an extraordinary distortion of the major purpose of the obligations that the
> operative rules impose on [the defendant] in connection with its proposed expert
> testimony. Nor does it explain on what premise [the defendant's] failure might be
> characterized as "harmless" so as to render inapplicable the directive of Rule
> 37(c)(1). Accordingly Smith's motion in limine for the barring of Dr. Grear's
> testimony is granted in accordance with Rule 37(c)(1).

Id.

Unlike the facts in Smith, Plaintiff has not even provided an untimely and conclusory report.

Instead, and like Smith, Plaintiff has accused Target's counsel of being a "liar" and demanded that

Target depose Plaintiff's expert without any expert report, summary, documents, or information, in

violation of this Court's rules. Plaintiff has been given ample opportunity to submit a written expert

report, expert summaries, and expert disclosures to comply with the Federal and Local Rules. Target

attempted to work with Plaintiff to obtain this information. However, Plaintiff repeatedly refused

to provide any information or documents and, thus, prevented Target from obtaining information

about Plaintiff's expert. Accordingly, Plaintiff's expert should be precluded from testifying at trial.

## II. THE COURT SHOULD STRIKE PLAINTIFF'S EXPERT WITNESS BECAUSE PLAINTIFF HAS FAILED TO RESPOND TO DISCOVERY.

Rule 37(d) authorizes the Court to prohibit noncomplying parties from introducing evidence

at trial. Fed. R. Civ. P. 37(d). Rule 37(d) states in relevant part:

8

> If a party ... fails ... to serve answers or objections to interrogatories submitted under
> Rule 33 ... [or] to serve a written response to a request for inspection submitted under
> Rule 34 ... the court in which the action is pending on motion may make such orders
> in regard to the failure as are just.. . . In lieu of any order or in addition to thereto,
> the court shall require the party failing to act or the attorney advising that party or
> both to pay the reasonable expenses, including attorney's fees, caused by the failure,
> unless the court finds that the failure was substantially justified or that circumstances
> make the award of expenses unjust.

Fed. R. Civ. P. 37(d).

The Court should strike Plaintiff's expert because Plaintiff failed to properly respond to
discovery. Specifically, on March 29, 2000, Target requested information involving Plaintiff's
expert in Target's First Set of Interrogatories; on March 29, 2000, Target requested information
involving Plaintiff's expert in Target's First Request for Production; and on November 24, 2000,
Target requested the above referenced information in Target's Expert Interrogatories to Plaintiff.
However, Plaintiff refused to respond and provide the requested expert information and documents.

A court may preclude evidence as a sanction for a party's failure to make or cooperate in
discovery as a deterrent to prevent discovery abuses. Boardman v. National Medical Enterprises,
106 F.3d 840 (8th Cir. 1997) (refusal to allow plaintiff's expert witness to testify was not abuse of
discretion under relevant local rule which required production of discovery with respect to experts);
Update Art. Inc. v. Modiin Publishing, Ltd., 843 F.2d 67 (2d Cir. 1988) (magistrate's imposition of
preclusive sanctions against defendants in copyright action was supported by evidence that they
repeatedly failed to comply with discovery orders despite ample time to respond and that they were
not unfairly surprised by sanctions in light of magistrate's warnings); Oklahoma Federated Gold and
Numismatics, Inc. v. Blodgett, 24 F.3d 136 (10th Cir. 1994) (affirmed trial court's refusal to allow
presentation of evidence by disobedient party who failed to appear for deposition after proper notice
and failed to answer interrogatories or respond to request for production).

Plaintiff has violated the Court's Order Setting Trial and Establishing a Discovery Cut-off and S.D. Fla. L.R. 16.1 (B)(10), which requires parties to comply with all court pretrial orders, including orders establishing discovery deadlines. Target brought these violations to Plaintiff's attention and requested that Plaintiff comply with its discovery requests. However, Plaintiff has continuously refused to respond to discovery requests regarding his expert and has forced Target to file this Motion. Target is clearly prejudiced by its inability to prepare to cross examine Plaintiff's expert and rebut his allegations. Accordingly, Plaintiff's expert should be stricken.

## CERTIFICATE OF COUNSEL

The undersigned certifies that pursuant to S.D. Fla. L.R. 7.1 and 26.1(I), he has been unable to resolve the disputed discovery matters extrajudicially, notwithstanding a good-faith effort to do so.

## CONCLUSION

For the foregoing reasons, Target respectfully requests that the Court preclude Plaintiff's expert, Stanley Foodman, from testifying at trial due to Plaintiff's non-compliance with S.D. Fla. L.R. 16.1 and Fed. R. Civ. P. 26(a)(2)(B) and 37; award Target its costs and reasonable attorneys' fees in filing this Motion; and grant such other relief as the Court deems proper and necessary.

Respectfully submitted,

SHUTTS & BOWEN LLP
Attorneys for Defendant
201 South Biscayne Boulevard
1500 Miami Center
Miami, Florida 33131
(305) 358-6300
(305) 347-7386 (facsimile)

By: 
Sheila M. Cesarano
Florida Bar Number 708364
Rene J. Gonzalez-LLorens
Florida Bar Number 0053790

10

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was mailed on

this ___5___ day of April 2001, to **RICHARD J. BURTON, ESQ.**, Richard J. Burton & Associates,

P.A., 18305 Biscayne Boulevard, Suite 300, Miami, Florida 33160.

OF COUNSEL

MIADOCS 406536.1 RGL

11

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 00-6107-CIV-FERGUSON
MAGISTRATE JUDGE SNOW

STEVE HARRIS,

    Plaintiff,

v.

DAYTON HUDSON CORPORATION
d/b/a TARGET STORES,

    Defendant.

_____/

## *NOTICE OF SERVICE OF DEFENDANT'S*
## *FIRST SET OF INTERROGATORIES TO PLAINTIFF*

*PLEASE TAKE NOTICE* that Defendant's First Set of Interrogatories to Plaintiff was mailed this $\underline{29}$ day of March, 2000 to **RICHARD J. BURTON, ESQ.**, Richard J. Burton & Associates, P.A., 18305 Biscayne Boulevard, Suite 300, Miami, Florida 33160.

                    Respectfully submitted,
                    SHUTTS & BOWEN
                    Attorneys for Defendant
                    201 S. Biscayne Boulevard
                    1500 Miami Center
                    Miami, Florida 33131
                    (305) 358-6300
                    (305) 347-7386 (Facsimile)

By: _____

                    Sheila M. Cesarano
                    Florida Bar Number 708364
                    Jennifer J. Ator
                    Florida Bar No. 0120911

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6107-CIV-FERGUSON
MAGISTRATE JUDGE SNOW

STEVE HARRIS,

    Plaintiff,

v.

DAYTON HUDSON CORPORATION
d/b/a TARGET STORES,

    Defendant.

_____/

## *DEFENDANT'S FIRST SET OF INTERROGATORIES*

Defendant, DAYTON HUDSON CORPORATION d/b/a TARGET STORES

("Target"), by and through undersigned counsel, hereby propounds the following

Interrogatories upon Plaintiff, STEVE HARRIS ("Harris"), and requests that they be

answered separately, fully and under oath within thirty (30) days of service.

## *DEFINITIONS*

1.    "Plaintiff," "Harris," "you," or "your" shall mean STEVE HARRIS and any

of his agents, representatives, and all persons acting or purporting to act on his

behalf for any purpose.

2.    "Target" or "Defendant" shall mean DAYTON HUDSON

CORPORATION d/b/a TARGET STORES, its officers, directors, agents, former or

current employees, or representatives, and all persons acting or purporting to act on

its behalf for any purpose, including, but not limited to, any parent, subsidiary,

affiliate, franchisee, related corporation, partnership, or entity and the officers, directors, current or former employees, agents, representatives, and all persons acting or purporting to act on behalf of any such parent, subsidiary, affiliate, franchisee, related corporation, partnership, or entity.

3.    "Date" shall mean the exact date, month and year, if ascertainable or, if not, the best approximation of the date (based upon relationship with other events).

4.    The word "document" shall mean any writing, recording or photograph in your actual or constructive possession, custody care or control, which pertain directly or indirectly, in whole or in part, either to any of the subjects listed below or to any other matter relevant to the issues in this action, or which are themselves listed below as specific documents, including, but not limited to: correspondence, memoranda, notes, messages, diaries, minutes, books, reports, charts, ledgers, invoices, computer printouts, microfilms, video tapes or tape recordings.

5.    "Agent" shall mean: any agent, employee, officer, director, attorney, independent contractor or any other person acting at the direction of or on behalf of another.

6.    "Person" shall mean any individual, corporation, proprietorship, partnership, trust, association with any other entity.

7.    The words "pertain to" or "pertaining to" mean: relates to, refers to, contains, concerns, describes, embodies, mentions, constitutes, constituting, supports, corroborates, demonstrates, proves, evidences, shows, refutes, disputes,

3

rebuts, controverts or contradicts.

8.     The term "third party" or "third parties" refers to individuals or entities that are not a party to this action.

9.     The term "action" shall mean the case entitled, Steve Harris v. Dayton Hudson Corporation d/b/a Target Stores, Case No. 00-6107-CIV-FERGUSON, pending in the United States District Court for the Southern District of Florida.

10.    The word "identify," when used in reference to a document, means and includes the name and address of the custodian of the documents, the location of the document, and a general description of the document including (1) the type of document (i.e., correspondence, memorandum, facsimile etc.); (2) the general subject matter of the document; (3) the date of the document; (4) the author of the document; (5) the addressee of the document; (6) the relationship of the author and the addressee to each other.

## INSTRUCTIONS

1.     All answers are to be made separately and fully.  An incomplete or evasive answer is a failure to answer.

2.     When answering these interrogatories, you shall furnish (a) all information within your personal knowledge; (b) all information available to you, including information in the possession of your representatives, employees, agents, accountants, consultants, experts, investigators, representatives, independent contractors, insurers, any person acting on your behalf, and, unless privileged, your

4

attorneys; and (c) all information or knowledge you could obtain by a reasonably diligent inquiry.

3.     If, after diligent efforts, you have only incomplete knowledge of the answer to an interrogatory, answer to the extent of your knowledge, specifically state what part or area of the interrogatory you cannot answer, and identify the person or persons who do or might have additional knowledge or information to complete the answer.

4.     Interrogatories may be answered in whole or in part by attaching documents which contain sufficient information to completely answer the question. The relevant portion of the document, however, must be so marked or indicated.

5.     If an interrogatory requests the identity of a person or entity answering or supplying information for the answer, or if the information furnished is not within the personal knowledge of the person answering the interrogatory, identify each other person or entity that assisted or participated in preparing or supplying any of the information given in the answer and all persons with personal knowledge pertaining to the interrogatory.

6.     Should you object to an interrogatory in whole or part, state the particular request to which you object and the precise grounds for the objection in sufficient detail to allow Target to evaluate and respond to the objection.

7.     If you object to fully identifying a document or oral communication because of a privilege, you must nevertheless provide the following information,

5

unless divulging the information would disclose the privileged information:

    a.     the nature of the privilege claimed (including work product);

    b.     if the privilege is being asserted in connection with a claim or defense governed by state law, the state privilege rule being invoked;

    c.     the date of the document or oral communication;

    d.     if a document: its type (correspondence, memorandum, facsimile etc.), custodian, location, and such other information sufficient to identify the document for a subpoena duces tecum or a document request, including where appropriate the author, the addressee, and, if not apparent, the relationship of the persons present to the declarant; and

    e.     if an oral communication: the place where it was made, the names of the persons present while it was made, and, if not apparent, the relationship of the persons present to the declarant; and

    f.     the general subject matter of the document or oral communication.

    8.     You are under a continuous obligation to supplement your answers to these interrogatories under the circumstances specified in Fed. R. Civ. P. 26(e).

6

## *INTERROGATORIES*

1.    Please state the name, title (if any), address, telephone number, and relationship to Plaintiff of any person answering or assisting in answering these interrogatories.

1

2.     Please provide the name, address, telephone number, place of employment and job title of any person who has, claims to have or whom you believe may have knowledge or information pertaining to any fact alleged in the pleadings (as defined in Fed. R. Civ. P. 7(a)) filed in this action, or any fact underlying the subject matter of this action.

2

3.    Please state the specific nature and substance of the knowledge that you believe the person(s) identified in your response to interrogatory no. 2 may have.

3

4.    Please provide the name of each person whom you may use as an

expert witness at trial.

4

5.      Please state in detail the substance of the opinions to be provided by each person whom you may use as an expert witness at trial.

5

6.    Please state each item of damage that you claim, whether as an affirmative claim or as a set off, and include in your answer: the count or defense to which the item of damages relates; the category into which each item of damages falls, i.e., general damages, special or consequential damages (such as lost profits), interest, and any other relevant categories the factual basis for each item of damages; and an explanation of how you computed each item of damages, including any mathematical formula used.

6

      7.     Please identify each document pertaining to each item of damages stated in your response to interrogatory no. 6 above.

7

8.    Please identify each document (including pertinent insurance agreements) pertaining to any fact alleged in any pleading (as defined in Fed. R. Civ. P 7(a)).

8

9.      Identify the name, address and telephone number of each physician, psychologist, psychiatrist or other health care professional whom you have seen for examination, treatment or consultation and each medical facility where you have received any treatment or examination from January 1, 1995 to the present; and state as to each, the date of treatment or examination and the injury or condition for which you were examined or treated.

9

10.   Please provide the name, address, telephone number, place of employment and current job title of the "certain 'new' superiors (that) were installed who 'trumped' up complaints to create a 'smokescreen' to enable Defendant to fire Harris" (as described in ¶5 of the Complaint).

11.    Please provide the name, address, telephone number, place of employment and current job title of person that terminated Plaintiff (as described in ¶6 of Plaintiff's Complaint).

11

12.    Please provide the name, address, telephone number, place of employment and current job title of individuals who were not African-American but were promoted into positions of leadership as opposed to Plaintiff (as described in ¶26 of Plaintiff's Complaint).

SHUTTS & BOWEN LLP   1500 MIAMI CENTER / 201 SOUTH BISCAYNE BOULEVARD / MIAMI, FLORIDA 33131 / (305) 358 6300

13.     Please provide the name, address, telephone number, place of employment and current job title of individual(s) that "Plaintiff clearly provided the documentation to show Plaintiff's financial ability, aggressiveness, integrity and capability to be further considered for additionally responsible employment and advancement" to. (as described in ¶27 of Plaintiff's Complaint).

13

14.    Set forth if you have been a party to any litigation other than the instant litigation and, if so, as to each, state the names of all parties to each lawsuit, the date such case was filed, the nature of the lawsuit, the circumstances surrounding the lawsuit, and the disposition of the case.

14

15.     As to each and every communication, whether written or oral, between you and/or your authorized representative(s) or agent(s) and any employee, agent, or other representative of defendant, during the period from the date you began working for Target to the present, inclusive, that referenced, referred to, or otherwise related to the allegations in the complaint:

a.  identify the employee, agent, or other representative of defendant to which the communication was directed or from whom the communication was received;

b.  state the time and date of the communication;

c.  describe in detail the substance of the communication; and

d.  identify all persons who have knowledge of the communication or its substance.

15

16.    Are you suffering from any physical injury as a result of the alleged discrimination?  If the answer is yes, please describe the physical injury you have suffered.

16

17.    Fully describe your employment history prior to, during and following your employment with Target, from 1990 to the present, including identifying the name, address and telephone number of each employer, your dates of employment, your immediate supervisor, your salary or remuneration, and the circumstances under which the subsequent employment ended.

17

18.    Identify all persons in the nature of an expert who you have consulted, retained, or specifically employed in anticipation of litigation or preparation for trial, but who are not expected to be called as witnesses at hearing or trial.

18

_____
STEVE HARRIS

STATE OF FLORIDA          )
                                          )
COUNTY OF _____ )


The foregoing instrument was acknowledged before me this _____ day of

_____, 2000, by _____, who is

personally known to me or who has produced _____ as

identification and who did (did not) take an oath.


                              _____
                              NOTARY PUBLIC


                              _____
                              Typed or Printed Name of Notary
                              My commission expires:
                              Serial No., if any:


MIADOCS 330278 1 JJA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

STEVE HARRIS,
Plaintiff,

CASE NO. 00-6107-CIV-FERGUSON
V.                                MAGISTRATE JUDGE SNOW

DAYTON HUDSON CORPORATION
d/b/a TARGET STORES,

Defendant.
_____/

## NOTICE OF SERVICE OF ANSWERS TO
## INTERROGATORIES OF DEFENDANT

The Plaintiff, by and through undersigned counsel, and pursuant to the applicable

Rules of Civil Procedure, hereby files this Notice that the Answers To the Interrogatories to

Steve Harris propounded by Defendant has been hand delivered to counsel for Defendant

on the date which appears on this Notice.

Respectfully Submitted this 22nd day of May, 2000 .

RICHARD J. BURTON & ASSOCIATES, P.A.
18305 Biscayne Blvd., Suite 300
Miami, FL 33160
Ph: (305) 705-0888  Fax: 935-9542

By:

Richard J. Burton, FBN 179337

1. Steve Harris
   18303 Clearbrook Circle
   Boca Raton Fl, 33498

2.A Steve Harris/unemployed
   "same as above "

 B. Joe Murphy/ Retail Search and Consulting
    (561)750-1912

 C. Betty Gadson/Target
    (954)943-6690

 D. Annette Sternberg/Retail
    (954)781-0705

 E. Matt Ashenbrenner/Retail Executive/Former Target Exec.
    (561)968-6381

 F. Karen Napp/Target
    (954)974-0489

 G. Lisa Leffew/Target
    (954)938-4364

 H. Claresa Howard/Target
    (954)782-0040

 I. Patricia Howard/Target
    (954)484-9258

 J. Eileen Murray/Target
    (954)782-9814

 K. Kerry Murphy/Athletic Sports
    (561)417-3369

 L. Jonnie Kianka/Target
    (561)338-8846

 M. Sandy Rosenberg/Target
    (954)418-0623

 N. Ericka Lyday/Target
    (561)483-3400

 O. Jackie Scott/Target
    (561)265-3500

P. Simone Tripp/Target
   (561)272-8816

3. A.First meeting notes.
   B.Conversation with Terry Gillespie.
   C.Denny,s voucher/clearance towels.
   D.Asked to give false statement.
   E.Black and White treatment.
   F.Processed party voucher.
   G.Label scanning at register.
   H.Clearance towels.
   I.Employee who took mark-down on towels.
   J.Markdown procedures.
   K.Character statement.
   l.Voucher procedure.
   M.Character statement.
   N.Overnight pay/Flow
   O.Label scanning.
   P.Discrimination.

4.None at this time.
5. n/a
6. Loss of salary.Loss of 401k. Loss of benefits. Loss of bonus.
   Loss of reputation and diminised self worth.Attorney's fee.
   Total of one million dollars to be determened by judge.
7. Tax returns,pay stubs,401k statement.

8. n/a
9. Doctor Levy
   9980 Central Park Blvd S-104
   Boca Raton, Fl 33428
   Anxiety,high blood pressure, depression,and stress.
10. Don Fankhouser/A.P.T.L. Target (561)735-3751
    Mark Hastings/D.T.L(561)735-3751
    Shannon Tetrautl/G.S.T.L.(561)735-3751
11.Terry Gilliespie/Regional Personnel
   Mark Hastings/District Team Leader
   Doug Barth/District A.P.T.L.
   (561)735-3751
12. Steve Clemente/Target S.T.L.
    Joe Toscano/Target S.T.L.
13. Former supervisors,and reveiws.

14. None

15. N/A

16. Panic attacks, High blood pressure, anxiety, and depression.

17. Marshalls Department Store
    Ned Jones/ District Manager

18. N/A

_____
STEVE MARRIS

STATE OF FLORIDA        )
                        )
COUNTY OF _____     )

The foregoing instrument was acknowledged before me this ____ day of
_____ , 2000, by _____ , who is
personally known to me or who has produced _____ as
identification and who did (did not) take an oath.

_____
NOTARY PUBLIC

_____
Typed or Printed Name of Notary
My commission expires:
Serial No., if any:

MIADOCS 330278 1 JJA

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6107-CIV-FERGUSON
MAGISTRATE JUDGE SNOW

STEVE HARRIS,

Plaintiff,

v.

DAYTON HUDSON CORPORATION
d/b/a TARGET STORES,

Defendant.

_____/

### DEFENDANT'S FIRST REQUEST FOR
### PRODUCTION OF DOCUMENTS TO PLAINTIFF

Defendant, DAYTON HUDSON CORPORATION d/b/a TARGET STORES

("Target"), pursuant to Federal Rule of Civil Procedure 34, and Southern District of

Florida Local Rule 26.1, serves its First Request for Production to Plaintiff, STEVE

HARRIS ("Plaintiff"), and requests that Plaintiff produce at the offices of Shutts &

Bowen, 1500 Miami Center, 201 S. Biscayne Boulevard, Miami, Florida 33131, the

documents that are described below that are in his possession, custody, or control,

or in the possession, custody, or control of his agents and/or attorneys.

### DEFINITIONS AND INSTRUCTIONS

1.    "Plaintiff," "Harris," "you," or "your" shall mean STEVE HARRIS and any

of his agents, representatives, and all persons acting or purporting to act on his

behalf for any purpose.

2.    "Target" or "Defendant" shall mean    DAYTON   HUDSON CORPORATION d/b/a TARGET STORES, its officers, directors, agents, former or current employees, or representatives, and all persons acting or purporting to act on its behalf for any purpose, including, but not limited to, any parent, subsidiary, affiliate, franchisee, related corporation, partnership, or entity and the officers, directors, current or former employees, agents, representatives, and all persons acting or purporting to act on behalf of any such parent, subsidiary, affiliate, franchisee, related corporation, partnership, or entity.

3.    "Person" or "persons" shall mean all individuals and entities, including, but not limited to, individuals, individual proprietorships, franchisees, licensees, representative persons, associations, companies, corporations, partnerships, limited partnerships, joint ventures, trusts, estates, public agencies, departments, divisions, boards, and bureaus, whether sui juris or otherwise.

4.    "Communication" shall mean any oral or written statement, dialogue, colloquialism, discussion, conversation, agreement, and any correspondence, contract, discussion, or exchange between any two or more persons, including, but not limited to, documents, telephone conversations, face-to-face conversations, meetings and conferences.

5.    "Document" or "documents" includes the original and any copies, including nonidentical copies (whether different from the original by reason of notations made on such copies or otherwise), regardless of the origin or location, of

2

any written, recorded, transcribed, punched, taped, filmed or graphic matter, however produced or reproduced, including, but not limited to, any correspondence, telegrams, books, letters, memorandum, diaries, statistics, resolutions, contracts, studies, manuals, instructions, financial reports, working papers, records, checks, statements, receipts, returns, summaries, interoffice and intra-office telephone calls, meetings or other communications, bulletins, printed matter, computer printouts, teletypes and telefax (including transmittal cover sheets), invoices, worksheets, analyses, bills, accounts, estimates, projections, comparisons, reviews, opinions, offers, studies and investigations, questionnaires, and surveys (and all drafts, alterations, modifications or changes to any of the foregoing, as well as any attachments or appendices thereto); graphic or oral records or representations of any kind, including without limitation, photographs, charts, graphs, microfiche, microfilm, video tape, recordings, electronic, mechanical or electrical records or representations of any kind, including without limitation, tapes, cassettes, discs, and recordings; and other written, printed, typed, or graphic or recorded matter of any kind or nature, however produced or reproduced, and whether preserved in writing, phonorecord, film, tape, disc, videotape, CD-ROM, computer hard drive, or optical disc.

6.     "All documents" means any document, as defined above, known to you, and every such document which can be located or discovered by using reasonably diligent efforts.

3

7.    "Evidence," "relate to," or "refer to" shall also mean concerning, respecting, summarizing, digesting, embodying, reflecting, establishing, tending to establish, tending not to establish, comprising, connected with, commenting on, representing, constituting, or including.

8.    "And" and "or" will be construed conjunctively and disjunctively so as to require the broadest possible response to any particular request.

9.    "Identify" means:

(a)    With respect to an individual, state his or her full name, title or job description, present or last known home address, business address, and home and business telephone numbers.

(b)    With respect to an entity or organization other than an individual, state its full name, principal place of business, business address, and telephone number.

(c)    With respect to a document, state its title, type of document, date, author, addressee, recipient, or any other material that would aid in its identification. Also include a brief description of the document's contents, subject matter, and present location, or identify the person who has custody or control of the document. If any documents have been destroyed, indicate the destruction and identify the person or persons responsible for such destruction.

(d)    With respect to an oral statement or communication, state the name of the maker, the recipients, when made, where made, the method of

4

communication, the time the statement was made, and a description of the subject matter of the communication.

10.    When answering these requests, you shall furnish (a) all requested documents within your possession, and/or in the possession of your representatives, employees, agents, accountants, consultants, experts, investigators, representatives, independent contractors, insurers, any person acting on your behalf, and, unless privileged, your attorneys; and (b) all documents you could obtain by a reasonably diligent inquiry.

11.    Should you object to a request in whole or part, state the particular request to which you object and the precise grounds for the objection in sufficient detail to allow Target to evaluate and respond to the objection.

12.    If any request for documents is deemed to call for the production of privileged or work product materials, and such privilege or work product is asserted, identify in writing each document so withheld. If only a portion of a document is privileged or work product, redact and identify the portion withheld. With regard to all documents or portions of documents withheld, provide the following information:

    (i)    The reason for withholding the document;

    (ii)    A statement of the basis for the claim of privilege, work product, or other ground of nondisclosure;

        (iii)    A brief description of the document, including:

            a.    The date of the document;

5

        b.     The number of pages, attachments, and appendices;

        c.     The name(s) of its author(s), or preparer(s), and an identification by employment and title of each such person;

        d.     The present custodian; and

        e.     the subject matter of the document, and, in the case of any document relating, evidencing, or referring to a meeting or conversation, identification of such meeting or conversation.

13.     If any requested document (as defined above) was at one time in existence but has been lost, discarded, or destroyed, identify such document as completely as possible, providing the following information:

        (i)     The type of document;

        (ii)     The document's date;

        (iii)     The date or approximate date the document was lost, discarded, or destroyed;

        (iv)     The circumstances and manner in which the document was lost, discarded, or destroyed;

        (v)     The reason(s) for disposing of the document (if discarded or destroyed);

        (vi)     Identify all persons having knowledge of the circumstances surrounding the disposal of the document;

6

(vii)   The identity of all person(s) who authorized, lost, discarded, and/or destroyed the document; and

(viii)   The identity of all persons having knowledge of the contents of the document.

## *REQUESTS*

1.   All documents that evidence, relate to, or refer to Plaintiff's claims and allegations in the Complaint.

2.   All documents that evidence, relate to, or refer to Plaintiff's damages sought in the Complaint.

3.   All documents that evidence, refer to, or relate to Plaintiff's allegation in Paragraph 5 of the Complaint that "new superiors 'trumped' up complaints to create a 'smokescreen' to enable Defendant to fire Harris."

4.   All documents that evidence, refer to, or relate to Plaintiff's allegation in Paragraph 6 of the Complaint that "[h]is firing was based, in whole, or in significant part by Racial discrimination."

5.   All documents that evidence, refer to, or relate to Plaintiff's allegation in Paragraph 10 of the Complaint that "the conduct of the Defendant in terminating the plaintiff was emotionally stressful to Plaintiff and caused Plaintiff to have a diminished sense of self-worth."

6.   All documents that evidence, refer to, or relate to Plaintiff's allegation in Paragraph 26 of the Complaint that "from the beginning of Plaintiff's employment

7

until 1999, the Defendants did actually review, evaluate and advance other employees, who were not African-American and promote them into positions of advancement and further leadership, as opposed to Plaintiff who was kept down from further advancement."

7.    All documents that evidence, refer to, or relate to Plaintiff's allegation in Paragraph 27 of the Complaint that "Plaintiff clearly provided the documentation to show Plaintiff's financial ability, aggressiveness, integrity and capability to be further considered for additionally responsible employment and advancement."

8.    All documents that evidence, refer to, or relate to Plaintiff's allegation that he is entitled to punitive damages.

9.    All documents that evidence, relate to, or refer to Plaintiff's mental condition and/or treatment from January 1, 1995 to the present.

10.    All documents that evidence, relate to, or refer to any physician, psychologist, psychiatrist or other health care professional whom Plaintiff has seen for examination, treatment or consultation and each medical facility where you have received any treatment or examination from January 1, 1995 to the present.

11.    All documents that evidence, refer to, or relate to any communications, including, but not limited to, written or recorded statements, tape recordings, videotapes, or other electronic recordings, in the possession of Plaintiff, his agents, or his counsel regarding the subject matter of this litigation.

8

12.　All expert reports received by Plaintiff, his agents, or his counsel in connection with this litigation, and copies of all documents and materials provided to any expert retained by Plaintiff, his agents, or his counsel in connection with this litigation.

13.　All documents (including, but not limited to, "blackbooks," appointment books, expense reports, notes, diaries, calendars, letters, memos, "daytimers," travel reports, call reports, itineraries, telephone logs, and telephone messages) which evidence, refer to, or relate to any medical appointments made by Plaintiff from January 1, 1995 to the present.

14.　Any and all notes, memoranda, telephone messages, and other documentation related to any communications between Plaintiff, his agents, or his counsel, and Target (including its former employees) regarding the subject matter of the Complaint.

15.　Any and all notes, memoranda, telephone messages, and other documentation related to any communications between Plaintiff, his agents, or his counsel, and Target (including its former employees) regarding the allegation of discrimination against Target.

16.　All documents that evidence, refer to, or relate to any claims ever made by or on behalf of Plaintiff against any person(s) with respect to race discrimination.

9

17.    Plaintiff's complete federal income tax returns and W-2 forms, including all schedules and attachments, for the tax years 1993 through and including the tax year 2000.

18.    Any and all documents Plaintiff or Plaintiff's agent(s) submitted to the Equal Employment Opportunity Commission or any state or local agency regarding the allegations made in this lawsuit.

19.    Any and all documents reflecting the agreement between Plaintiff and his counsel, including but not limited to any contingency fee agreement.

20.    Any and all documents reflecting Plaintiff's job search following his employment with Target.

21.    Any and all documents Plaintiff received from Defendant following his employment with Target.

22.    Any and all notes kept by Plaintiff regarding this litigation, except those notes which were written to his attorney.

10

Respectfully submitted,

SHUTTS & BOWEN LLP
Attorneys for Defendant
1500 Miami Center
201 South Biscayne Boulevard
Miami, Florida 33131
(305) 358-6300
(305) 347-7386 (facsimile)

By: _____

Sheila M. Cesarano
Florida Bar Number 708364
Jennifer J. Ator
Florida Bar Number 0120911

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing was mailed this **29**

day of March, 2000 to **RICHARD J. BURTON, ESQ.**, Richard J. Burton &

Associates, P.A., 18305 Biscayne Boulevard, Suite 300, Miami, Florida 33160.

_____
OF COUNSEL

MIADOCS 330288 1 MIV

11

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6107-CIV-FERGUSON/SNOW

STEVE HARRIS,

      Plaintiff,

v.

DAYTON HUDSON CORPORATION
d/b/a TARGET STORES,

      Defendant.
_____/

## NOTICE OF SERVICE OF DEFENDANT'S
## FIRST SET OF EXPERT INTERROGATORIES TO PLAINTIFF

*PLEASE TAKE NOTICE* that Defendant's First Set of Expert Interrogatories to Plaintiff was faxed this 24th day of November 2000 to **RICHARD J. BURTON, ESQ.**, Richard J. Burton & Associates, P.A., 18305 Biscayne Boulevard, Suite 300, Miami, Florida 33160, and sent regular mail.

      Respectfully submitted,

      SHUTTS & BOWEN LLP
      Attorneys for Defendant
      201 S. Biscayne Boulevard
      1500 Miami Center
      Miami, Florida  33131
      (305) 358-6300
      (305) 347-7386 (Facsimile)

By: _____
      Sheila M. Cesarano
      Florida Bar Number 708364
      Rene Gonzalez-LLorens
      Florida Bar No. 0053790

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6107-CIV-FERGUSON/SNOW

STEVE HARRIS,

    Plaintiff,

v.

DAYTON HUDSON CORPORATION
d/b/a TARGET STORES,

    Defendant.

_____/

### FIRST SET OF EXPERT INTERROGATORIES TO PLAINTIFF

Defendant, **TARGET CORPORATION** ("Target"), propounds the following First Set of Expert Interrogatories upon Plaintiff, **STEVE HARRIS** ("Harris"), and requests that they be answered separately, fully and under oath within thirty (30) days of service.

### DEFINITIONS

1.    "Plaintiff," "Harris," "you," or "your" shall mean STEVE HARRIS and any of his agents, representatives, and all persons acting or purporting to act on his behalf for any purpose.

2.    "Target" or "Defendant" shall mean TARGET CORPORATION, its officers, directors, agents, former or current employees, or representatives, and all persons acting or purporting to act on its behalf for any purpose, including, but not limited to, any parent, subsidiary, affiliate, franchisee, related corporation, partnership, or entity and the officers, directors, current or former employees, agents, representatives, and all persons acting or purporting to act on behalf of any such parent, subsidiary, affiliate, franchisee, related corporation, partnership, or entity.

3.    "Date" shall mean the exact date, month and year, if ascertainable or, if not, the best approximation of the date (based upon relationship with other events).

1

4.     The word "document" shall mean any writing, recording or photograph in your actual or constructive possession, custody care or control, which pertain directly or indirectly, in whole or in part, either to any of the subjects listed below or to any other matter relevant to the issues in this action, or which are themselves listed below as specific documents, including, but not limited to: correspondence, memoranda, notes, messages, diaries, minutes, books, reports, charts, ledgers, invoices, computer printouts, microfilms, video tapes or tape recordings.

5.     "Agent" shall mean: any agent, employee, officer, director, attorney, independent contractor or any other person acting at the direction of or on behalf of another.

6.     "Person" shall mean any individual, corporation, proprietorship, partnership, trust, association with any other entity.

7.     The words "pertain to" or "pertaining to" mean: relates to, refers to, contains, concerns, describes, embodies, mentions, constitutes, constituting, supports, corroborates, demonstrates, proves, evidences, shows, refutes, disputes, rebuts, controverts or contradicts.

8.     The term "third party" or "third parties" refers to individuals or entities that are not a party to this action.

9.     The term "action" shall mean the case entitled, Steve Harris v. Dayton Hudson Corporation d/b/a Target Stores, Case No. 00-6107-CIV-FERGUSON, pending in the United States District Court for the Southern District of Florida.

10.     The word "identify," when used in reference to a document, means and includes the name and address of the custodian of the documents, the location of the document, and a general description of the document including (1) the type of document (i.e., correspondence, memorandum, facsimile etc.); (2) the general subject matter of the document; (3) the date of the document; (4) the author of the document; (5) the addressee of the document; (6) the relationship of the author and the addressee to each other.

2

## INSTRUCTIONS

1.      All answers are to be made separately and fully. An incomplete or evasive answer is a failure to answer.

2.      When answering these interrogatories, you shall furnish (a) all information within your personal knowledge; (b) all information available to you, including information in the possession of your representatives, employees, agents, accountants, consultants, experts, investigators, representatives, independent contractors, insurers, any person acting on your behalf, and, unless privileged, your attorneys; and (c) all information or knowledge you could obtain by a reasonably diligent inquiry.

3.      If, after diligent efforts, you have only incomplete knowledge of the answer to an interrogatory, answer to the extent of your knowledge, specifically state what part or area of the interrogatory you cannot answer, and identify the person or persons who do or might have additional knowledge or information to complete the answer.

4.      Interrogatories may be answered in whole or in part by attaching documents which contain sufficient information to completely answer the question. The relevant portion of the document, however, must be so marked or indicated.

5.      If an interrogatory requests the identity of a person or entity answering or supplying information for the answer, or if the information furnished is not within the personal knowledge of the person answering the interrogatory, identify each other person or entity that assisted or participated in preparing or supplying any of the information given in the answer and all persons with personal knowledge pertaining to the interrogatory.

6.      Should you object to an interrogatory in whole or part, state the particular request to which you object and the precise grounds for the objection in sufficient detail to allow Target to evaluate and respond to the objection.

3

7. If you object to fully identifying a document or oral communication because of a privilege, you must nevertheless provide the following information, unless divulging the information would disclose the privileged information:

a. the nature of the privilege claimed (including work product);

b. if the privilege is being asserted in connection with a claim or defense governed by state law, the state privilege rule being invoked;

c. the date of the document or oral communication;

d. if a document: its type (correspondence, memorandum, facsimile etc.), custodian, location, and such other information sufficient to identify the document for a subpoena duces tecum or a document request, including where appropriate the author, the addressee, and, if not apparent, the relationship of the persons present to the declarant; and

e. if an oral communication: the place where it was made, the names of the persons present while it was made, and, if not apparent, the relationship of the persons present to the declarant; and

f. the general subject matter of the document or oral communication.

8. You are under a continuous obligation to supplement your answers to these interrogatories under the circumstances specified in Fed. R. Civ. P. 26(e).

## INTERROGATORIES

1.    Please identify the name and title of each individual who answered these interrogatories or contributed to the answers of these interrogatories.

2.     Please identify all expert witnesses, if any, that you intend to call to testify at the trial of this matter, and, for each expert witness, state the individual's qualifications as an expert, the subject matter on which the expert is expected to testify, the substance of the facts and or opinions to which the witness is expected to testify, and the grounds for each opinion expected to be offered by such expert.

3.    For each expert identified in response to Interrogatory No. 2, provide the following

information:

(a)    A complete statement of all opinions or testimony to be expressed and the basis

and reasons therefor;

(b)    The data or other information considered by the person in forming the

opinions;

(c)    Any exhibits to be used as a summary of or support for the opinions;

(d)    The qualifications of the witness, including his/her curriculum vitae and a list

of all publications authored by the witness within the preceding ten years;

7

(e)    The compensation to be paid for any study and testimony;

(f)    A listing of any other cases in which the witness has testified as an expert

at trial or by deposition within the preceding four years; and

(g)    All expert reports (including drafts) in this action.

4. Identify all persons in the nature of an expert who you have consulted, retained or specifically employed in anticipation of litigation or preparation for trial but who are not expected to be called as witnesses at hearing or trial.

_____ _____ _____ _____ _____ _____ _____ _____

STATE OF FLORIDA          )
                          )
COUNTY OF _____ _____     )


The foregoing instrument was acknowledged before me this _____ _____ day of _____ _____ _____

_____ _____, 2000, by _____ _____ _____ _____ _____ _____ _____, who is personally known to me or who has

produced _____ _____ _____ _____ _____ _____ as identification and who did (did not) take an oath.


                                        _____
                                        NOTARY PUBLIC


                                        _____
                                        Typed or Printed Name of Notary
                                        My commission expires:
                                        Serial No., if any:


MIADOCS 371658 1 RGL

# SHUTTS & BOWEN LLP



December 15, 2000

Richard J. Burton, Esq.
Richard Burton & Associates, P.A.
18305 Biscayne Boulevard
Suite 300
Miami, Florida 33160

    **RE:**   **Steve Harris v. Target Corporation**

Dear Richard:

    I would like to depose your expert witnesses before January 2, 2001. Please provide me with convenient dates and times so that I can notice the depositions.

    I would also like to briefly depose Mr. Harris on the issue of slander and libel. I believe that his deposition will last no more than 30 minutes. Please provide me with convenient dates and times.

    Thank you for your assistance in this matter.

                Sincerely,

                Rene Gonzalez-LLorens



EXHIBIT
E

AMSTERDAM     FORT LAUDERDALE     LONDON     MIAMI     ORLANDO     TALLAHASSEE     WEST PALM BEACH

# SHUTTS & BOWEN LLP

ATTORNEYS AND COUNSELLORS AT LAW

PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

201 SOUTH BISCAYNE BOULEVARD
1500 MIAMI CENTER
MIAMI, FLORIDA 33131
MIAMI (305) 358-6300
BROWARD (954) 467-8841
FACSIMILE (305) 381-9982

December 20, 2000

Richard J. Burton, Esq.
Richard Burton & Associates, P.A.
18305 Biscayne Boulevard
Suite 300
Miami, Florida 33160

### RE:    Steve Harris v. Target Corporation

Dear Richard:

Since I have not heard from you about convenient dates for depositions. I have noticed the depositions of plaintiff's experts for January 2, 2001  Enclosed please find the deposition notices.

If the deposition date is inconvenient to you or the experts, please advise and I will reschedule the depositions to a date that is at your convenience.

In addition, please provide an address for Dr. Evelina Bestman.

Sincerely,

Rene Gonzalez-LLorens

RGL:med
Enclosures

MIADOCS 387473 1 MED



**EXHIBIT**

F

# SHUTTS & BOWEN LLP



January 22, 2001

Richard J. Burton, Esq.
Richard Burton & Associates, P.A.
18305 Biscayne Boulevard
Suite 300
Miami, Florida 33160

RE:    **Steve Harris v. Target Corporation**

Dear Mr. Burton:

Pursuant to our last telephone conversation, we have agreed to the following:

First, Plaintiff has agreed to have only one economist, Stanley I. Foodman, testify at trial regarding damages. Consequently, Plaintiff has decided to withdraw Jose A. Romano as an expert in this matter.

Second, you will discuss with your client striking the psychological damage expert, Dr. Evelina Bestman. If Plaintiff strikes Dr. Bestman, Defendant will withdraw its psychological damage expert, Dr. Graff.

Third, you have given me three possible dates for mediation: February 1, 5, and 7, 2001. I will contact the mediator to determine his availability.

Fourth, I have agreed to give you deposition dates for Mr. Fankhauser and Ms. Lefew. These are the only two names we discussed. Please advise whether there is anyone else you would like to depose.

Sincerely,

René Gonzalez-LLorens

RGL:med

MIADOCS 391214 1 MED

**EXHIBIT**

# SHUTTS & BOWEN LLP



ATTORNEYS AND COUNSELORS AT LAW
A PARTNERSHIP INCLUDING PROFESSIONAL ASSOCIATIONS

1500 MIAMI CENTER
201 SOUTH BISCAYNE BOULEVARD
MIAMI, FLORIDA 33131
MIAMI-DADE (305) 358-6300
BROWARD (954) 467-8841
FACSIMILE (305) 381-9982

February 8, 2001

## VIA FACSIMILE

Richard J. Burton, Esq.
Richard Burton & Associates, P.A.
18305 Biscayne Boulevard
Suite 300
Miami, Florida 33160

### RE:    Steve Harris v. Target Corporation

Dear Richard:

I have no objections to Plaintiff's Unopposed Motion for Enlargement of Time to Complete Discovery, et al. (However, for the record, please note that Judge Ferguson agreed to extend discovery only for a 15-day period after February 16, 2001, as to the deponents we have noticed prior to the discovery deadline.)

Please advise whether February 15, 2001, is a convenient date to depose your expert, Stanley I. Foodman. This letter also confirms that, as set forth in my January 22, 2001 letter, you have decided to withdraw Jose A. Romano and Dr. Evelina Bestman as experts in this matter. In return, we are withdrawing Dr. Graff as an expert witness in this matter.

Accordingly, the depositions that are left to be taken in this matter are the following: Jacquie Scott, Erica Lyday, Betty Gadsen, Shannon Tetrault, Loretta Fabricant, and Stanley Foodman.

Finally, please call me to discuss whether experts are even adequate in this case. Perhaps, we can agree to lessen our client's respective costs in this matter.

Sincerely,

Rene Gonzalez-LLorens



EXHIBIT
H

# SHUTTS & BOWEN LLP



February 9, 2001

**Via Facsimile**

Richard J. Burton, Esq.
Richard Burton & Associates, P.A.
18305 Biscayne Boulevard
Suite 300
Miami, Florida 33160

### RE:    Steve Harris v. Target Corporation

Dear Mr. Burton:

As we discussed yesterday, Loretta Fabricant has no opinion on the above referenced matter at this time given that Plaintiff's expert does not have an expert report that she can address. Accordingly, please reschedule Ms. Fabricant's deposition. I suggest that her deposition be held the week after Mr. Foodman's deposition. In addition, please advise when Mr. Foodman can be deposed.

Furthermore, we intend to depose the following individuals: Eileen Murray, Johnnie Kianka, Sunil Harrypersad, Kerry Murphy, and Janice Harris. Please advise on convenient dates in March for these depositions.

Sincerely,

Rene Gonzalez-LLorens

MIADOCS 397936 1 RGL



AMSTERDAM        FORT LAUDERDALE        LOS ANG.        MIAMI        ORLAN...        TALLAHASSEE        WEST PALM BEACH

# SHUTTS & BOWEN LLP

A. ... ... ... ... ...
... ... ... ... ...
1... ... ... ... ...
... ... ... ...
MIAMI ... ... ...
MIAMI ... ...
BROWARD (954) 462-xxxx
FACSIMILE (954) 481-xxxx

February 16, 2001

Richard J. Burton, Esq.
Richard Burton & Associates, P.A.
18305 Biscayne Boulevard
Suite 300
Miami, Florida 33160

### RE:    *Steve Harris v. Target Corporation*

Dear Mr. Burton:

You unilaterally noticed the depositions of Doug Barth and Mark Hastings for February 28, 2001, without conferring with us to see whether we were available on that date. As you know, you have exceeded the 10-deposition limit rule. Nonetheless, we will not oppose these 2 depositions. Mr. Barth must be subpoenaed since he no longer works at Target; you have his last know address which was provided to you in the pretrial witness list. Mr. Hastings must be deposed in Portland, Oregon, which is where he resides.

I will obtain available and convenient dates for Messrs. Hastings's and Barth's depositions. Tentatively, we hope to schedule Mr. Hastings's deposition in Portland, Oregon, on either the *afternoon* of March 8th or the *morning* of March 9th, but these dates may change subject to Mr. Hastings's availability.

Furthermore, as I stated to you in a prior letter dated February 9th, we intend to depose the following individuals: Eileen Murray, Johnnie Kianka, Sunil Harrypersad, Kerry Murphy, and Janice Harris. We also intend to depose your expert. You have not provided us with dates. Please advise on convenient dates before March 15th (the discovery deadline) for these depositions.

Sincerely,

Rene Gonzalez-LLorens

MIADOCS 397936 1 RGL

**EXHIBIT**

J

AMSTERDAM        FORT LAUDERDALE        LOS ...        ...NDO...        TALLAHASSEE        WEST PALM BEACH

# SHUTTS & BOWEN LLP

March 1, 2001

**Via Facsimile**

Richard J. Burton, Esq.
Richard Burton & Associates, P.A.
18305 Biscayne Boulevard
Suite 300
Miami, Florida 33160

### RE:    Steve Harris v. Target Corporation

Dear Mr. Burton:

You have not responded to my February 9, 2001 letter regarding dates for the depositions of Stanley Foodman, Eileen Murray, Johnnie Kianka, Sunil Harrypersad, Kerry Murphy, and Janice Harris. If I do not hear from you by today, I will notice the depositions.

Sincerely,

Rene Gonzalez-Llorens

MIADOCS 402298 1 RGL



EXHIBIT K

# SHUTTS & BOWEN LLP

ATTORNEYS AND COUNSELLORS AT LAW
(IN PARTNERSHIP INCLUDING PROFESSIONAL ASSOCIATIONS)

1500 MIAMI CENTER
201 SOUTH BISCAYNE BOULEVARD
MIAMI, FLORIDA 33131
MIAMI (305) 358-6300
BROWARD (954) 467-8041
FACSIMILE (305) 381-9982

**Received 4:18:**
**PM**

March 1, 2001

**Via Facsimile**

Richard J. Burton, Esq.
Richard Burton & Associates, P.A.
18305 Biscayne Boulevard
Suite 300
Miami, Florida 33160

      RE:   **Steve Harris v. Target Corporation**

Dear Mr. Burton:

      You have not responded to my February 9, 2001 letter regarding dates for the depositions of Stanley Foodman, Eileen Murray, Johnnie Kianka, Sunil Harrypersad, Kerry Murphy, and Janice Harris. If I do not hear from you by today, I will notice the depositions.

      Sincerely,

      Rene Gonzalez-LLorens

**EXHIBIT**

_6_

MIADOCS 402298.1 RGL

*As I told you. After the Depo in Oregon I will be available for the 15th. If you have properly scheduled the letters. We will take...*

# SHUTTS & BOWEN LLP

ATTORNEYS AND COUNSELORS AT LAW

ONE BISCAYNE TOWER
201 SOUTH BISCAYNE BOULEVARD
MIAMI, FLORIDA
MIAMI 305-358-6300
BROWARD 954-467-8800
FACSIMILE 305-381-9982

March 2, 2001

**Via Facsimile**

Richard J. Burton, Esq.
Richard Burton & Associates, P.A.
18305 Biscayne Boulevard
Suite 300
Miami, Florida 33160

**RE:    Steve Harris v. Target Corporation**

Dear Mr. Burton:

On February 16, 2001, you unilaterally noticed the deposition of Oregon resident Mark Hastings for February 28, 2001, at your office in Florida. You did not confer with us to schedule the deposition and determine whether we and the deponent were available on that date.

On that very same day, I sent you a letter via facsimile reminding you that Mr. Hastings was an Oregon resident, that you did not confer with us, and that you had exceeded the 10-deposition limit. Nonetheless, I stated that I would not oppose Mr. Hastings' deposition and provided you with March 8th and 9th as two possible deposition dates. It was my hope that we could resolve a simple scheduling dispute through professional courtesy.

In fact, I did not require you to subpoena Mr. Hastings for a deposition date that he could attend, since in the past we have produced Target employees at mutually convenient times without the need for a subpoena so as to facilitate discovery.

Instead of conferring with us to reschedule Mr. Hastings' deposition to a mutually convenient date for the parties and the deponent, on March 1, 2001, you unilaterally scheduled his deposition for March 14, 2001. Again, you did not bother to confer with us as to Mr. Hastings' or our availability.

On March 1, 2001, I sent you a letter via facsimile explaining that Mr. Hastings could not be deposed on March 14th because he will be traveling out of Oregon on that date. I asked you to please provide alternative dates so that we could arrange Mr. Hastings' deposition at a mutually convenient time for the parties and the deponent.

On the morning of March 2, 2001, you telephoned my office and stated to my secretary that you were traveling to Oregon on March 14th, regardless that the deponent was unavailable. On the



**EXHIBIT**

*m*

SHUTTS & BOWEN LLP

Richard J. Burton, Esq.
March 2, 2001
Page 2

afternoon of March 2nd, you telephoned me and stated that you would be traveling to Oregon, even though I asked you to reschedule the deposition to a mutually convenient time since Mr. Hastings was traveling to Arizona to attend a National District Team Leader Meeting. You stated that you would not change the deposition date.

It surprises me that we cannot resolve a simple scheduling dispute. You have scheduled a deposition for an out-of-state and non-subpoenaed deponent (1) without determining whether the parties' attorneys can attend the deposition, (2) on dates other than the ones you were informed that the deponent was available, and (3) have refused to reschedule the deposition to a convenient time for everyone. You expect us to force a deponent -- who has not been subpoenaed and has made prior travel plans to Arizona -- to attend a deposition when he is unavailable. It seems ludicrous that you refuse to cooperate in scheduling a deposition.

I have also received your facsimile cover transmission dated March 2, 2001, confirming that you will *not* cancel Mr. Hastings' deposition. In addition, I was surprised that you noticed the deposition of Target's expert Loretta Fabricant for March 15th. As you know, on February 9, 2001, I sent you a letter via facsimile asking for convenient dates to depose Plaintiff's expert, Stanley Foodman. In the February 9th letter, I stated that Ms. Fabricant should be deposed a week after your expert since her testimony rebutted your expert's testimony and your expert did not have an expert report. You ignored that letter. Again, on February 16, 2001, and March 1, 2001, I sent letters via facsimile asking for convenient dates for Mr. Foodman's deposition. You also ignored those letters. Today, you stated that you were available on March 15th for depositions. I will notice those depositions for March 15th for your convenience.

Ms. Fabricant cannot be deposed on March 15th because of her schedule and the need to obtain your expert witness's conclusions and testimony. I am agreeable to deposing Ms. Fabricant and Mr. Foodman after discovery has concluded at a mutually convenient time for everyone. Since she is a non-party, Ms. Fabricant must be subpoenaed. Please advise whether we can agree to this.

Sincerely,

Rene Gonzalez-LLorens

MIADOCS 402773 1 RGL

# SHUTTS & BOWEN LLP

March 8, 2001

<u>Via Facsimile</u>

Richard J. Burton, Esq.
Richard Burton & Associates, P.A.
18305 Biscayne Boulevard
Suite 300
Miami, Florida 33160

### RE:    <u>Steve Harris v. Target Corporation</u>

Dear Mr. Burton:

Please provide me with all documents and materials, if any, that you or your agents provided to Plaintiff's expert, Stanley Foodman, or his agents, as well as all expert reports, in connection with this litigation as requested in Target's First Request for Production dated March 29, 2000. Also provide me with a response to Target's Expert Interrogatories to Plaintiff served on November 24, 2000. I ask that the documents and responses be provided to me by Monday, March 12, 2001.

Please consider this letter as our good faith attempt to resolve this discovery dispute pursuant to the Court's Local Rules.

Sincerely,

Rene Gonzalez-LLorens

MIADOCS 403839 1 RGL



**EXHIBIT**

N


# SHUTTS & BOWEN LLP



ATTORNEYS AT LAW
A PARTNERSHIP INCLUDING PROFESSIONAL ASSOCIATIONS

1500 MIAMI CENTER
201 SOUTH BISCAYNE BOULEVARD
MIAMI, FLORIDA 33131
MIAMI (305) 358-6300
BROWARD (954) 467-8800
FACSIMILE (305) 381-9982

March 14, 2001

**Via Facsimile**

Richard J. Burton, Esq.
Richard Burton & Associates, P.A.
18305 Biscayne Boulevard
Suite 300
Miami, Florida 33160

### RE:     **Steve Harris v. Target Corporation**

Dear Mr. Burton:

We have no choice but to cancel the deposition of Plaintiff's expert, Stanley Foodman. We cannot depose Mr. Foodman because you have failed to provide us with any documents – including expert report, expert summary, or documents relied upon by Mr. Foodman – even though we have repeatedly requested this information.

On March 29, 2000, we requested the above referenced documents in Target's First Request for Production. However, you failed to provide us with a single document.

On November 24, 2000, we requested, once again, the above referenced information in Target's Expert Interrogatories to Plaintiff. However, you failed to provide us with any information or documents.

Since December 15, 2000, we have repeatedly tried to depose Plaintiff's expert. We have attempted to amicably work with you to schedule convenient dates for your expert's deposition to allow you sufficient time to obtain and produce the requested documents that would permit us to depose Plaintiff's expert. Unfortunately, our letters were ignored.

Finally, on March 2, 2001, you agreed to a March 15th deposition date. In an attempt to work with you, I rescheduled my appointments and noticed the deposition for March 15, 2001, with the understanding that I would timely obtain the requested documents and information regarding Plaintiff's expert.

After a week had passed and I had not received any documents or information regarding Plaintiff's expert, on March 8, 2001, I requested, once again, these documents. The March 8th letter stressed that I needed the documents by Monday, March 12, 2001, to properly prepare for your expert's deposition. I emphasized the importance of timely obtaining these documents by stating



**EXHIBIT**

SHE IS & BOWEN LLP

Richard Burton, Esq.
March 14, 2001
Page 2

that the March 8th letter was our good faith attempt to resolve this discovery dispute pursuant to the Court's Local Rules.

As of today, Wednesday, March 14, 2001, I have not received a single document requested which involves Plaintiff's expert. You have failed to provide me with an expert report, expert summary, documents relied by the expert, list of the expert's qualifications, curriculum vitae, etc.

Accordingly, I have no choice but to cancel the deposition because of Plaintiff's failure to provide Target with the requested documents necessary to take Plaintiff's expert's deposition.

Very truly yours,

René Gonzalez-LLorens

MIADOCS 405066 1 RGL

# SHUTTS & BOWEN LLP

ATTORNEYS AND COUNSELLORS AT LAW
(A PARTNERSHIP INCLUDING PROFESSIONAL ASSOCIATIONS)

1500 MIAMI CENTER
201 SOUTH BISCAYNE BOULEVARD
MIAMI, FLORIDA 33131
MIAMI (305) 358-6300
BROWARD (054) 463-8013
FACSIMILE (305) 381-9982

March 14, 2001

<u>Via Facsimile</u>

Richard J. Burton, Esq.
Richard Burton & Associates, P.A.
18305 Biscayne Boulevard
Suite 300
Miami, Florida 33160

RE:    <u>Steve Harris v. Target Corporation</u>

Dear Mr. Burton:

We have no choice but to cancel the deposition of Plaintiff's expert, Stanley Foodman. We cannot depose Mr Foodman because you have failed to provide us with any documents – including expert report, expert summary, or documents relied upon by Mr. Foodman – even though we have repeatedly requested this information.

On March 29, 2000, we requested the above referenced documents in Target's First Request for Production. However, you failed to provide us with a single document.

On November 24, 2000, we requested, once again, the above referenced information in Target's Expert Interrogatories to Plaintiff. However, you failed to provide us with any information or documents.

Since December 15, 2000, we have repeatedly tried to depose Plaintiff's expert. We have attempted to amicably work with you to schedule convenient dates for your expert's deposition to allow you sufficient time to obtain and produce the requested documents that would permit us to depose Plaintiff's expert. Unfortunately, six letters were ignored.

Finally, on March 2, 2001, you agreed to a March 15th deposition date. In an attempt to work with you, I rescheduled my appointments and noticed the deposition for March 15, 2001, with the understanding that I would timely obtain the requested documents and information regarding Plaintiff's expert.

After a week had passed and I had not received any documents or information regarding Plaintiff's exper[...]                    [re]quested, once again, these documents. The March 8th letter
stressed that I [...]         **EXHIBIT**          Monday, March 12, 2001, to properly prepare for your
expert's deposi[...]              *P*              [im]portance of timely obtaining these documents by stating

AMSTERDAM        FORT[...]                    MIAMI        ORLANDO        TALLAHASSEE        WEST PALM BEACH

SHUTTS & BOWEN LLP

Richard Burton, Esq.
March 14, 2001
Page 2

that the March 8th letter was our good faith attempt to resolve this discovery dispute pursuant to the
Court's Local Rules.

As of today, Wednesday, March 14, 2001, I have not received a single document requested
which involves Plaintiff's expert. You have failed to provide me with an expert report, expert
summary, documents relied by the expert, list of the expert's qualifications, curriculum vitae, etc.

Accordingly, I have no choice but to cancel the deposition because of Plaintiff's failure to
provide Target with the requested documents necessary to take Plaintiff's expert's deposition.

Very truly yours,

René Gonzalez-LLorens

MIADOCS 405008.1 RGL