**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
FT. LAUDERDALE DIVISION

STEVE HARRIS,
    Plaintiff,    Case No. 00-6107-CIV-FERGURSIB
               MAGISTATE JUDGE SNOW

vs.

TARGET CORPORATION f/k/a
DAYTON HUDSON CORPORATION
d/b/a TARGET STORES

**NIGHT BOX**
**FILED**

APR - 6 2001

CLARENCE MADDO
CLERK, USDC / SDFL /

_____/

## MOTION-FOR ORDER FINDING PARTY IN CONTEMPT and that a Rule to Show Cause be Issued FOR REFUSAL TO DELIVER WITNESS TO DEPOSITION-FAILURE TO PRODUCE DOCUMENTS OF DEFENDANT AND INTENTIONALLY FRUSTRATING DISCOVERY, AND ISSUING A DEFAULT ON LIABILITY, COSTS AND ATTORNEYS FEES

Steve Harris, Plaintiff, by his Attorney, moves the Court pursuant

to Rule 37 (a) (2) (b) and Rule 37(d) of the Federal Rules of Civil

Procedures for an order finding Defendant in contempt of this Court.

This motion is based on the ground that Defendant was;

1. Sent the Following requests for production to which avoided

    delivering those documents, even though, in the depositions of

    Barth (filed herewith), Feinkhauser (previously filed) and virtually

    all other witnesses, the Defendant has been shown to possess the

    original investigation files which were delivered by Barth and

    Feinkhauser to Gillespie and Mr. Mark Hastings, the director of

    Security for the relevant region



2. For failing to produce the witness, most knowledgeable, which according to Barth and Feinkhauser is Mark Hastings. In fact to prevent Counsel for the Plaintiff from taking the Deposition of Hastings Counsel for defendant, in response to the First Noticing of the taking of Hasting's Deposition responded with a letter dated February 16, 2001 (Ex. A) The Only dates provided for Hastings were dates when Counsel had specifically been advised that the undersigned would be in a federal mediation at the Department of Justice, Main Building, in Washington, D.C. (See fax of March 2, 2001 –Ex B)

3. Again, while they knew I would not be in my office, in South Florida, I received a letter faxed at 4:50 p.m. on the night before my Washington mediation, when I would either be in D.C. or flying to D.C. (Ex.C).

4. On March 8, 2000, [Thursday] I was sent a letter requesting documents for my experts deposition which required the production the following Monday, March 12, when depositions were scheduled IN THIS CASE! [Ex. D]

5. A Second request for production was served on them February 28, 2001. (Ex. E)

6. The Court can see from the Response, again NO DOCUMENTS are produced! (Ex. F)

2

7. On March 14, 2001 the undersigned is sent (and faxed) a letter
   stating they have been unable to serve Ms. Harris. That is
   baloney. She works for TARGET. [Ex G] To avoid a further
   confrontation, however the counsel for Mr. Harris asked her to
   attend without the supposed subpoena, which of Course she did!

8. Counsel for defendant also wrote another letter on March 14,
   2001. [Ex. This time, about Mr. Foodman the CPA. The letter is
   hogwash. Mr. Harris produced every document that he had or
   could obtain to Counsel for defendants in May of 2000 (Ex I ) and
   when requested in January of 2001 to produce different
   documents from the original request, as a result of the Taking of
   Plaintiff's Deposition, those documents were all timely produced.
   (see Ex.J]. Ms. Ceasarano and Mr. Gonzalez-Llorens KNEW that
   Foodman was bringing all of his material to the Deposition. It had
   been agreed that he would.

9. Ms. Ceasarano's Office cancelled the Foodman deposition the day
   before Mr. Foodman was scheduled to give his deposition. (Ex K)
   This was done merely to try to strike Foodman because defendants
   had no expert witness, [ Ex L] and they wanted to create a
   smokescreen on not producing Mark Hastings. It should be noted
   that depositions, in this case were set, by the undersigned for
   March 12, 13, and 14 (Hastings). Defendant's late scheduling of
   Ms. Harris and Mr. Foodman's deposition on March 15, 2001 was

apparently because they had no intention of allowing the taking of Hasting's deposition, but no legal means to avoid it. It is interesting that they scheduled those depositions on March 15, 2001, when the undersigned had scheduled Fabricant. [ Ex M] The return from Portland was to be on a late night flight in order that Fabricant be taken within the time allotted by the Court.

10.    Every single deposition, taken in this case, save for Mr. And Mrs. Harris have been set and taken by Plaintiff!

11.    It should be noted that Foodman and Ms. Harris subpoenas were not even issued until March 6, 2001 to be taken the next week on the last discovery day March 15, 2001. [Ex N]

12.    The undersigned had purchased plane tickets (EX O) and arranged for a Court reporter to take Hastings, in Portland, Oregon after Ceasarano reneged on producing Hastings in Miami. (see deposition of Feinkhauser)

13.    The defendants ignored the Notice of taking deposition both on February 28, 2001 and March 14, 2001. They did not file a Motion for Protective Order or even a simple *Objection* to the taking, in the Court file! They just ignored the Notice! [see Ex P]

14.    A quick review of the Defendant's witness list demonstrates that Hastings is the KEY witness. Every other witness said that they took their direction from him.

4

15.     Hastings was duly served with a notice of taking deposition
on February 28, 2001, directing her to deliver Mark Hastings on
Wednesday, March 14, 2001, at 9:00 a.m. [Ex Q] which Defendant
has failed and refused, and still fails and refuses, to obey and
deliver said witness.

16.     Defendant has stonewalled on producing its documents.
They have written inaccurate letters to try to change History.

17.     Counsel has incurred numerous costs and substantial
attorneys fees as a result of defendants inappropriate conduct!

18.     The law provides that for egregious violations of the Court's
requiremnt for liberal and free and open discovery, severe
sanctions are appropriate, especially in Civil Rights Cases.  See
General Insurance Company of America v Eastern Consolidated
Utilities, Inc., 126 F. 3d 215, (3 Cir, Pa. 1997), Taylor v National
Group of Companies, Inc., 145 F.R.D.75 (W.D., Ohio, 1992),

Wherefore Plaintiff prays that the Court default the Defendant, award all
costs incurred and reasonable attorneys fees, and direct the production
of ALL documents requested both the first time and as requested in the
second request for production and Order Hastings deposition forthwith
in Miami-If the Court wishes, Plaintiff will make available Mr. Foodman
for his deposition, after Hastings, as long as they pay his professional
fees as required by the Rules of Court.

Respectfully submitted this 6th day of April, 2001.

5

RICHARD J. BURTON & ASSOCIATES, P.A.
Attorney for PLAINTIFF
Florida Bar No.  179337
18305 Biscayne Blvd., Suite 300
Miami, FL 33106
(305)705-0888  Fax (305)935-9542

## Certificate of Service

I HEREBY CERTIFY that a true copy of the foregoing Notice was mailed to
Sheila Caesarano, Esq., SHUTTS & BOWEN LLP, 1500 Miami Center, 201
South Biscayne Blvd., Miami, FL 33131 on April 6, 2001.

RICHARD J. BURTON & ASSOC.,P.A.
18305 Biscayne Blvd, Suite 300
Miami, FL 33160
Ph: (305) 705-0888 Fax 935-9542

BY_____
Richard J. Burton, FBN 179337

6

# SHUTTS & BOWEN LLP

ATTORNEYS AND COUNSELLORS AT LAW
A PARTNERSHIP INCLUDING PROFESSIONAL ASSOCIATIONS

1500 MIAMI CENTER
201 SOUTH BISCAYNE BOULEVARD
MIAMI, FLORIDA 33131
MIAMI (305) 358-6300
BROWARD (954) 467-8841
FACSIMILE (305) 381-9982

February 16, 2001

Richard J. Burton, Esq.
Richard Burton & Associates, P.A.
18305 Biscayne Boulevard
Suite 300
Miami, Florida 33160

## RE:   Steve Harris v. Target Corporation

Dear Mr. Burton:

You unilaterally noticed the depositions of Doug Barth and Mark Hastings for February 28, 2001, without conferring with us to see whether we were available on that date. As you know, you have exceeded the 10-deposition limit rule. Nonetheless, we will not oppose these 2 depositions. Mr. Barth must be subpoenaed since he no longer works at Target; you have his last know address which was provided to you in the pretrial witness list. Mr. Hastings must be deposed in Portland, Oregon, which is where he resides.

I will obtain available and convenient dates for Messrs. Hastings's and Barth's depositions. Tentatively, we hope to schedule Mr. Hastings's deposition in Portland, Oregon, on either the *afternoon* of March 8th or the *morning* of March 9th, but these dates may change subject to Mr. Hastings's availability.

Furthermore, as I stated to you in a prior letter dated February 9th, we intend to depose the following individuals: Eileen Murray, Johnnie Kianka, Sunil Harrypersad, Kerry Murphy, and Janice Harris. We also intend to depose your expert. You have not provided us with dates. Please advise on convenient dates before March 15th (the discovery deadline) for these depositions.

Sincerely,

Rene Gonzalez-LLorens

MIADOCS 397936 1 RGL

**PLAINTIFF'S EXHIBIT**

RICHARD J. BURTON & ASSOCIATES, P.A.
18305 Biscayne Blvd., Suite 300
No. Miami Beach, FL 33160
Ph: (305) 705-0888
Fax: (305) 935-9542

## F A X   T R A N S M I S S I O N
**********************************************

DATE:                          March 2, 2001
NO. OF PGS. (Including Cover Sheet): 3
TO:                            **Sheila Cesarano**
FAX NO:                        (305)347-7386
FROM:                          Richard J. Burton, Esq.
RE:                            Harris v Target
ENCLS:                         copy of Notice of Fabricant and Notice of Deposition of
                               Target Witnesses.

MESSAGE:        This is to confirm my discussions with your office today.  I
                will be in Washington from Wed. Afternoon, March 7 through
                Friday on a mediation with the Dept. of Justice. On Mon.
                morning, Mar. 12, I will be before Judge Esquiroz, on a
                specially set hearing.  On the 13th in the Afternoon, I will
                be flying to Portland for the deposition to be taken, the
                next day.  I was able to acquire a 14 day advance ticket,
                which is pre-paid (to reduce taxable costs).

                I am shocked that you reneged on having Hastings appear, in
                Miami, since you acknowledged in Feinkhauser's deposition
                that Hastings and Feinkhauser were the two most knowledgeable
                witnesses and your making me fly to Columbus Ohio and Oregon
                to depose these two most knowledgeable witnesses appears to
                be an exercise in obstructing the taking of their respective
                testimony and orderly discovery, in the case.

                I will not cancel Hastings for the 14th, nor Fabricant for
                the 15th, in light of the Judge's Order and your failure to
                have produced Feinkhauser and Hastings in Florida, last year.
Please advise me ASAP as to whether Fabricant will require a supoena-In
                writing!

If you have any questions or do not receive all of the pages, please call
Office at 705-0888.

**PLEASE FORWARD THESE DOCUMENTS TO THE INDIVIDUAL NAMED ABOVE.**

THE INFORMATION CONTAINED IN THIS TRANSMISSION MAY BE ATTORNEY PRIVILEGED AND CONFIDENTIAL.  IT IS INTENDED ONLY
FOR THE USE OF THE INDIVIDUAL, ENTITY NAMED ABOVE.  IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT,
YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPY OF THIS COMMUNICATION MAY BE STRICTLY
PROHIBITED BY LAW.  IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE
COLLECT AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE.  WE WILL REIMBURSE
YOU FOR THE POSTAGE.  THANK YOU.

PLAINTIFF'S
EXHIBIT
B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

STEVE HARRIS,
          Plaintiff,

                                              CASE NO. 00-6107-CIV-FERGUSON
V.                                            MAGISTRATE JUDGE SNOW
DAYTON HUDSON CORPORATION
d/b/a TARGET STORES,
          Defendant.
_____/

## NOTICE OF TAKING DEPOSITIONS

TO: DAYTON HUDSON CORPORATION d/b/a TARGET STORES

**PLEASE TAKE NOTICE** that the undersigned counsel will take the depositions of the individuals named below shall be conducted on the following dates and times:

DATE AND TIME:    **Thursday, March 15, 2001 beginning at 2:00 P..M.**

1.                  Loretta Fabricant, together with anyand all documents which she has reviewed and any documents which are aidi ng her in any opinion that she may have, together with any reports she may have issued.
PLACE:       Office of the Undersigned

upon oral examination before a certified court reporter, a Notary Public in and for the State of Florida, or some other officer duly authorized by law to take depositions. The deposition will continue from day to day until completed. The deposition is being taken for the purpose of discovery, for use at trial, or both of the foregoing, or for such other purposes as are permitted under the applicable and governing rules.

I HEREBY CERTIFY that a true copy of the within was faxed and mailed, this 2nd day of March, 2001, to Sheila Caesarano, Esq., SHUTTS & BOWEN LLP, 1500 Miami Center, 201 South Biscayne Blvd., Miami, FL 33131.

RICHARD J. BURTON & ASSOCIATES, P.A.
Attorney for Plaintiff
18305 Biscayne Blvd., Suite 300
No. Miami Bch., FL 33160
Ph:(305)705-0888-Fax: (305) 935-9542

BY_____
    RICHARD J. BURTON, FBN 179337

cc:    **Worldwide Reporting Service, client**

1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
STEVE HARRIS,                    FORT LAUDERDALE DIVISION
Plaintiff,

CASE NO. 00-6107-CIV-FERGUSON

V.

MAGISTRATE JUDGE SNOW

TARGET CORPORAT ION

Defendant.
_____/

## NOTICE OF TAKING DEPOSITIONS

TO: DAYTON HUDSON CORPORATION d/b/a TARGET STORES

**PLEASE TAKE NOTICE** that the undersigned counsel will take the depositions of the
individuals named below shall be conducted on the following dates and times:

DATE AND TIME:      **WEDNESDAY, February 28, 2001**  (the other deposition will continue
immediately following the completion of the preceding deposition.)

1. Mark Hastings, at 10:00 a.m.
   Doug Barth (approx 2:05 p.m)

   PlACE:      Office of the undersigned Counsel

upon oral examination before a certified court reporter, a Notary Public in and for the State of Florida, or
some other officer duly authorized by law to take depositions. The deposition will continue from day to day
until completed. The deposition is being taken for the purpose of discovery, for use at trial, or both of the
foregoing, or for such other purposes as are permitted under the applicable and governing rules.

I HEREBY CERTIFY that a true copy of the within was faxed and mailed, this 15TH day of
February. 2001, too Sheila Caesarano, Esq., SHUTTS & BOWEN LLP. 1500 Miami Center, 201 South
Biscayne Blvd., Miami. FL 33131.

RICHARD J. BURTON & ASSOCIATES, P.A.
Attorney for Plaintiff
18305 Biscayne Blvd., Suite 300
No. Miami Bch., FL 33160
Ph:(305)705-0888-Fax: (305) 935-9542

BY _____
RICHARD J. BURTON, FBN 179337

cc:    **Worldwide Reporting Service, client**

1

HP LaserJet 3100
Printer/Fax/Copier/Scanner

SEND CONFIRMATION REPORT for
Richard J Burton & Assoc PA
305 935 9542
Mar-2-01   3:53PM

| Job | Start Time | Usage | Phone Number or ID | Type | Pages | Mode | Status |
|-----|-----------|-------|--------------------|------|-------|------|--------|
| 227 | 3/ 2 3:52PM | 1'17" | 3053477386 | Send......... | 3/ 3 | EC144 | Completed ................... |

Total    1'17"    Pages Sent: 3    Pages Printed: 0

RICHARD J. BURTON & ASSOCIATES, P. A.
18305 Biscayne Blvd., Suite 300
No. Miami Beach, FL 33160
Ph: (305) 705-0888
Fax: (305) 935-9542

**FAX TRANSMISSION**

DATE:           March 2, 2001
NO. OF PGS. including Cover Sheet(): 3
TO:             **Sheila Cesarano**
FAX NO:         (305)347-7386
FROM:           Richard J. Burton, Esq
RE:             Harris v Target
ENCLS:          copy of Notice of Fabricant and Notice of Deposition of
                Target Witnesses.

MESSAGE:   This is to confirm my discussions with your office today. I
will be in Washington from Wed. Afternoon, March 7 through
Friday on a mediation with the Dept. of Justice. On Mon.
morning, Mar. 12, I will be before Judge Esquiroz, on a
specially set hearing. On the 13th in the Afternoon, I will
be flying to Portland for the deposition to be taken, the
next day. I was able to acquire a 14 day advance ticket,
which is pre-paid (to reduce taxable costs).

I am shocked that you reneged on having Hastings appear, in
Miami, since you acknowledged in Feinkhauser's deposition
that Hastings and Feinkhauser were the two most knowledgeable
witnesses and your making me fly to Columbus Ohio and Oregon
to depose these two most knowledgeable witnesses appears to
be an exercise in obstructing the taking of their respective
testimony and orderly discovery, in the case.

I will not cancel Hastings for the 14th, nor Fabricant for
the 15th, in light of the Judge's Order and your failure to
have produced Feinkhauser and Hastings in Florida, last year.
Please advise me ASAP as to whether Fabricant will require a subpoena-in
writing.

If you have any questions or do not receive all of the pages, please call
Office at 705-0888.

**PLEASE FORWARD THESE DOCUMENTS TO THE INDIVIDUAL NAMED ABOVE**

THE INFORMATION CONTAINED IN THIS TRANSMISSION MAY BE ATTORNEY PRIVILEGED AND CONFIDENTIAL. IT IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPY OF THIS COMMUNICATION MAY BE STRICTLY PROHIBITED BY LAW. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE COLLECT AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE. WE WILL REIMBURSE YOU FOR THE POSTAGE. THANK YOU.

# SHUTTS & BOWEN LLP

ATTORNEYS AND COUNSELLORS AT LAW
(A PARTNERSHIP INCLUDING PROFESSIONAL ASSOCIATIONS)

1500 MIAMI CENTER
201 SOUTH BISCAYNE BOULEVARD
MIAMI, FLORIDA 33131
MIAMI (305) 358-6300
BROWARD (954) 467-8041
FACSIMILE (305) 347-7386

SHEILA M. CESARANO
DIRECT LINE (305) 379-9103
E-Mail: scesarano@shutts-law.com

March 7, 2001

### VIA FACSIMILE and U.S. MAIL

Richard J. Burton, Esq.
Richard Burton & Associates, P.A.
18305 Biscayne Boulevard
Suite 300
Miami, Florida 33160

RE:    Steve Harris v. Target Corporation

Dear Mr. Burton:

This will confirm our telephone conversation on March 5, 2001.

First, you have noticed the deposition of Mark Hastings for March 14, 2001 in Oregon even though we previously advised you that he had scheduled a business trip to Phoenix, Arizona on March 14, 2001. (See Mr. Gonzalez-LLorens' letter dated March 2, 2001). You again refused to reschedule the deposition, despite the fact that you were told on several occasions that Mr. Hastings can not appear, since he will be in Arizona. You stated that you would fly to Oregon anyway. In an effort to resolve this problem, I offered to ask Mr. Hastings to be available for a telephone deposition. You stated that you would not take Mr. Hastings' deposition by telephone.

You also stated that I needed a protective order. I disagree. Per our prior agreement covering Target employees, subpoenas were waived based on the understanding that there would be mutual cooperation in scheduling the dates of deposition. In this case, you did not do so. We gave you several proposed dates for his deposition that you disregarded, and have purposely noticed Mr. Hastings for a date he cannot make. Mr. Hastings has no legal obligation to cancel his business meeting under these circumstances.

Second, you stated that you were not agreeable to moving the March 15, 2001 discovery deadline, nor are we.



**PLAINTIFF'S EXHIBIT**

C

AMSTERDAM        FORT LAUDERDALE        LONDON        MIAMI        ORLANDO

SHUTTS & BOWEN LLP

Richard J. Burton, Esq.
March 7, 2001
Page – 2 –

Note that Target's waiving subpoenas for its current employees never applied to other witnesses, since it obviously has no control over its former employees. Accordingly, Plaintiff must subpoena witnesses who are not employed by Target.

Finally, as we have noted many times, you have exceeded the ten deposition limit.

Sincerely yours,

Sheila M. Cesarano

MIADOCS 403005.1 KLL

# SHUTTS & BOWEN LLP

ATTORNEYS AND COUNSELLORS AT LAW
A PARTNERSHIP INCLUDING PROFESSIONAL ASSOCIATIONS

1500 MIAMI CENTER
201 SOUTH BISCAYNE BOULEVARD
MIAMI, FLORIDA 33131
MIAMI (305) 358-6300
BROWARD (954) 467-8843
FACSIMILE (305) 381-9982

March 8, 2001

**Via Facsimile**

Richard J. Burton, Esq.
Richard Burton & Associates, P.A.
18305 Biscayne Boulevard
Suite 300
Miami, Florida 33160

### RE:    Steve Harris v. Target Corporation

Dear Mr. Burton:

Please provide me with all documents and materials, if any, that you or your agents provided to Plaintiff's expert, Stanley Foodman, or his agents, as well as all expert reports, in connection with this litigation as requested in Target's First Request for Production dated March 29, 2000. Also provide me with a response to Target's Expert Interrogatories to Plaintiff served on November 24, 2000. I ask that the documents and responses be provided to me by Monday, March 12, 2001.

Please consider this letter as our good faith attempt to resolve this discovery dispute pursuant to the Court's Local Rules.

Sincerely;

Rene Gonzalez-LLorens

MIADOCS 403839 1 RGL



PLAINTIFF'S
EXHIBIT

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-6107-CIV-FERGUSON
MAGISTRATE JUDGE SNOW

STEVE HARRIS,
Plaintiff,

V.
TARGET CORPORATION
Defendant.

_____/

TO:    Sheila Caesarano, Esq.
       Shutts & Bowen

### PLAINTIFF'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS

Plaintiff, by and through his undersigned counsel, and pursuant to the Federal Rules of Civil Procedure, hereby gives notice that on this date he has served his SECOND REQUEST FOR PRODUCTION OF DOCUMENTS upon the Defendant, TARGET CORPORATION by serving same on Defendant's attorney as set forth above. Defendant shall respond in a manner and within the time prescribed by the Federal Rules of Civil Procedure:

#### A.    INSTRUCTIONS:
If any document herein requested was formerly in the possession, custody or control of the aforesaid Defendant and has been transferred, lost or destroyed, Defendant shall submit in lieu of each document a written statement which:

1.    Describes in detail the nature of the document and its contents;

2.    Identifies the person who prepared or offered the document, and if applicable, the person to whom the document was sent;

3.    Specifies the date on which the document was prepared, transmitted or both;

4.    Specifies, if possible, the date on which the document was lost or destroyed, and, if destroyed, the conditions or reasons for such destruction and the persons requesting and performing the destruction;

5.    If the documents otherwise required to be produced by this request are withheld, Defendant shall identify the document by stating its date, author, recipients and all reasons for withholding the document.

6.    This Request for Production of Documents is continuing and any document contained or located subsequent to production which would have been produced had



PLAINTIFF'S
EXHIBIT

it been available or its existence known at the time is to be produced forthwith.

## B.    DEFINITIONS:

1.     "Plaintiff" - means the Plaintiff and any agent or attorney of Plaintiff and any other person acting for, or on behalf of Plaintiff, or under Plaintiff's authority or control.

2.     "Defendants" - means the Defendants, and any employee, agent, officer, director or attorney of Defendant and any other person acting for or on behalf of defendant, or under Defendant's authority or control.

3.     "Document" - means any written or graphic matter or other means of preserving thought or expression and all tangible things from which information can be processed or transcribed including the originals and all non-identical copies whether by reason of any notation made on such copy or otherwise whether produced internally or received from some other source including, but not limited to, papers, books, architectural plans,      specifications, drawings, blueprints, sketches, feasibility studies, objects, surveys, licenses, permits, permit application, agreements, ledgers, books of account, computer printouts and other computer materials, transcripts, analyses, proposals, suggestions, legal pleadings, deeds, mortgages, bills of sale, security agreements, legal documents, vouchers, records of interbank transfers of funds, bank checks, cashier's checks, invoices, drafts, charge slips, receipts, check stubs, freight bills, bills of lading, working papers or drafts, statistical record, notebooks, calendars, appointment books, time sheets, logs, bids, estimates, job or transaction files, credit reports, notations, notes sound records of any type, minutes of director's or other meetings, phono records, notices, instructions, advertisements, work assignments or other articles and treaties, including all attachments and enclosures thereto, correspondence, memoranda, notes, messages, letters, telegrams, teletype, telefax, bulletins, notes of meetings or other communications, interoffice and intraoffice telephone calls, diaries, chronological data, minute books, reports, charts, ledgers invoices, worksheets, receipts, returns, computer printouts, prospectuses, financial statements, schedules affidavits, contracts, cancelled checks, transcripts, statistics, surveys, magazine or newspaper articles, releases, (any and all drafts, alterations and modification, changes and amendments of any of the foregoing), graphic or aural records representations or any kind, including without limitation, photographs, charts, graphs, microfiche, microfilm, videotape recordings, motion pictures and electronic mechanical or electric recordings representations of any kind (including without limitation, tapes, cassettes, discs and recordings.).

4.     The term "Document(s)" - means every document or group of documents or

2

communications as above-defined known to you, and every such document or communication, which can be located or discovered by reasonably diligent efforts.

5.   The term "you" or "your" - means the party to whom these requests are addressed, including its divisions, departments, subsidiaries, affiliates, predecessors, present and former officers, directors, owners or agents and all other persons acting or purporting to act on its behalf as well as each partnership in which it is a partner.

6.   "Person" - means any natural person, individual, proprietorship, partnership, corporation, association, organization, joint venture, firm, other business enterprise, governmental body, group of natural persons or other entity.

7.   As used herein, the singular and masculine form of nouns and pronouns shall embrace, and be read and applied as, the plural or feminine or neuter, as circumstances may make appropriate.

## C.   DOCUMENT REQUESTS:

1.   Any document which defendant will or may elect to put into evidence on the trial on the merits, in its care custody or control, supplementary to those already produced.

2.   The entire personnel (and discipline and/or dismissal) file of all witnesses by any party, included but not limited to Doug Barth.

3.   All documents of reflecting net worth and market capitalization of Defendant, for the last 3 years, of whatever nature and kind. including but not limited to SEC filings. Audited statements, policies of insurance, and memoranda.

4.   The "Wage Scale" and benefits schedule of Defendant Corporation, including the salaries of store managers, and the next two higher, in salary, positions for the years 1997, 1998, 1999, 2000, and 2001. {for the South Florida Region(s)}

5.   All documents including, but not limited to, any reports rendered by any expert who is expected to be called by Defendants as a witness.

7.   All documents of whatever nature and kind, including but not limited to, actual complaints. Any finding, by any Court and/or State, Federal or local Agency of Race/Sex/National Origin Discrimination for the years 1995 through the present.

Respectfully submitted this 28th day of February, 2001.

Richard J. Burton, Esq.

3

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to Sheila Caesarano, Esq., SHUTTS & BOWEN LLP, 1500 Miami Center. 201 South Biscayne Blvd., Miami, FL 33131  this 28th day of February, 2001.

     RICHARD J. BURTON, ESQ.
     Richard J. Burton & Associates, P.A.
     Attorneys for Plaintiff
     18305 Biscayne Blvd, Suite 300
     Aventura, FL 33160
     305-705-0888/305-935-9542 fax


     By: _____
     RICHARD J. BURTON FBN 0179337

4

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6107-CIV-FERGUSON/SNOW

**STEVE HARRIS.**

    Plaintiff.

v.

**DAYTON HUDSON CORPORATION.**
**d/b/a TARGET STORES.**

    Defendant.

_____/



**PLAINTIFF'S EXHIBIT**

### DEFENDANT'S RESPONSE AND OBJECTIONS TO PLAINTIFF'S SECOND
### REQUEST FOR PRODUCTION OF DOCUMENTS

Defendant, **TARGET CORPORATION** ("Target"), pursuant to Fed. R. Civ. P. 34,

responds to Plaintiff **STEVE HARRIS'** Second Request for Production (the "Request") as follows:

### GENERAL OBJECTIONS

1.    Target objects to the Request because it is untimely and violates Fed. R. Civ. P. 16,

26, 29, and 34, as well as S.D. Fla. L. R. 16.1 and 26.1, which require that all discovery be

completed by the discovery deadline.

2.    Target objects to the Request to the extent that, through definitions. instructions. or

otherwise, it seeks documents or information, or purports to impose obligations or duties upon

Target, that are beyond the scope of discovery permitted by the applicable rules of civil procedure.

3.    Target objects to the Request to the extent that it seeks, or purports to require,

production of documents or information that constitutes trade secrets or confidential and proprietary

commercial information concerning Target's business and/or business practices

4.    Target objects to the Request to the extent that it seeks, or purports to require,

information or the production of documents encompassed by the attorney client privilege, the work

4.    The "Wage Scale" and benefits schedule of Defendant Corporation. including the salaries of store managers, and the next two higher, in salary, positions for the years 1997, 1998, 1999, 2000, 2001. (for the South Florida Region(s)

> Response: Objection. Request number 4 is untimely and violates Fed. R. Civ. P. 16, 26, 29, and 34, as well as S.D. Fla. L. R. 16.1 and 26.1, which require that all discovery be completed by the discovery deadline. In this case, the discovery cut-off date was March 15, 2001. In addition, request number 4 is overly broad, vague, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

5.    All documents including, but not limited to, any reports rendered by any expert who is expected to be called by Defendants as a witness.

> Response: Objection. Request number 5 is untimely and violates Fed. R. Civ. P. 16, 26, 29, and 34, as well as S.D. Fla. L. R. 16.1 and 26.1, which require that all discovery be completed by the discovery deadline. In addition, request number 5 is overly broad and vague.

7.    All documents of whatever nature and kind, including but not limited to, actual complaints. Any finding, by any Court and/or State, Federal or local Agency of Race/Sex/National Origin Discrimination for the years 1995 through the present.

> Response: Objection. Misnumbered request number 7 is untimely and violates Fed. R. Civ. P. 16, 26, 29, and 34, as well as S.D. Fla. L. R. 16.1 and 26.1, which require that all discovery be completed by the discovery deadline. In addition, misnumbered request number 7 is overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence. The discovery sought is not limited to the specific location, department, and level within a corporation where the discrimination allegedly occurred.

SHUTTS & BOWEN LLP
Attorneys for Defendant
1500 Miami Center
201 South Biscayne Boulevard
Miami, Florida 33131
(305) 358-6300
(305) 347-7386 (facsimile)

By: _____
Sheila M. Cesarano
Florida Bar Number 708364
Rene J. Gonzalez-LLorens
Florida Bar Number 0053790

-3-

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing was mailed this _30_ day of March,

2001 to Richard J. Burton, Esq., Richard J. Burton & Associates, P.A., 18305 Biscayne Boulevard,

Suite 300, Miami, Florida 33160.

_____
Of Counsel

MIADOCS 402613 1 RGL

# SHUTTS & BOWEN LLP

ATTORNEYS AND COUNSELLORS AT LAW
A INTERNATIONAL RELATIONSHIP THROUGH THE WORLD LAW GROUP N.V.

PHONE/MEDICENTER
201 SOUTH BISCAYNE BOULEVARD SUITE 1500
MIAMI TOWER FLORIDA 33131
MIAMI (305) 358-6300
BROWARD (954) 467-9884
FACSIMILE (305) 381-9982

March 14, 2001

**Via Facsimile**

Richard J. Burton, Esq.
Richard Burton & Associates, P.A.
18305 Biscayne Boulevard
Suite 300
Miami, Florida 33160

### RE:    Steve Harris v. Target Corporation

Dear Mr. Burton:

During this last week, our process server has repeatedly gone to Mrs. Harris' home to serve her with a subpoena for her deposition. My information is that, although the process server can see that someone is inside Mrs. Harris' house, and can see a car parked in the driveway, the person or persons inside the house refuse to answer the door or the telephone when the process server knocked and telephoned. The process server has even attempted to serve Mrs. Harris on the weekend and during early evening hours. It appears that Mrs. Harris is evading service of process.

Please advise whether Mrs. Harris will appear for her deposition tomorrow morning. We have provided you with numerous deposition witnesses in Florida without the need for a deposition subpoena and, in cases of former employees, we have produced witnesses when your subpoenas were untimely served and an incorrect witness fee was provided. If Mrs. Harris does not appear for her deposition, we will ask that the Court take proper action, including striking the witness.

Please consider this letter as our good faith attempt to resolve the issues raised herein under the Court's Local Rules.

Very truly yours,

Rene Gonzalez-LLorens

**PLAINTIFF'S EXHIBIT**

5

MIADCCS 405066.1 RGL

# SHUTTS & BOWEN LLP

ATTORNEYS AND COUNSELLORS AT LAW
A PARTNERSHIP INCLUDING PROFESSIONAL ASSOCIATIONS

1500 MIAMI CENTER
201 S. BISCAYNE BOULEVARD
MIAMI, FLORIDA 33131
MIAMI (305) 358-6300
BROWARD (954) 467-8841
FACSIMILE (305) 381-9982

March 14, 2001

**Via Facsimile**

Richard J. Burton, Esq.
Richard Burton & Associates, P.A.
18305 Biscayne Boulevard
Suite 300
Miami, Florida 33160

### RE:   Steve Harris v. Target Corporation

Dear Mr. Burton:

We have no choice but to cancel the deposition of Plaintiff's expert, Stanley Foodman. We cannot depose Mr. Foodman because you have failed to provide us with any documents – including expert report, expert summary, or documents relied upon by Mr. Foodman – even though we have repeatedly requested this information.

On March 29, 2000, we requested the above referenced documents in Target's First Request for Production. However, you failed to provide us with a single document.

On November 24, 2000, we requested, once again, the above referenced information in Target's Expert Interrogatories to Plaintiff. However, you failed to provide us with any information or documents.

Since December 15, 2000, we have repeatedly tried to depose Plaintiff's expert. We have attempted to amicably work with you to schedule convenient dates for your expert's deposition to allow you sufficient time to obtain and produce the requested documents that would permit us to depose Plaintiff's expert. Unfortunately, our letters were ignored.

Finally, on March 2, 2001, you agreed to a March 15th deposition date. In an attempt to work with you, I rescheduled my appointments and noticed the deposition for March 15, 2001, with the understanding that I would timely obtain the requested documents and information regarding Plaintiff's expert.

After a week had passed and I had not received any documents or information regarding Plaintiff's expert, on March 8, 2001, I requested, once again, these documents. The March 8th letter stressed that I needed the documents by Monday, March 12, 2001, to properly prepare for your expert's deposition. I emphasized the importance of timely obtaining these documents by stating

SHUTTS & BOWEN LLP

Richard Burton, Esq.
March 14, 2001
Page 2

that the March 8th letter was our good faith attempt to resolve this discovery dispute pursuant to the
Court's Local Rules.

As of today, Wednesday, March 14, 2001, I have not received a single document requested
which involves Plaintiff's expert. You have failed to provide me with an expert report, expert
summary, documents relied by the expert, list of the expert's qualifications, curriculum vitae, etc.

Accordingly, I have no choice but to cancel the deposition because of Plaintiff's failure to
provide Target with the requested documents necessary to take Plaintiff's expert's deposition.

Very truly yours,

René Gonzalez-LLorens

MIADCCS 405066 1 RGL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

STEVE HARRIS,
    Plaintiff,

                            CASE NO. 00-6107-CIV-FERGUSON
V.                          MAGISTRATE JUDGE SNOW

DAYTON HUDSON CORPORATION
d/b/a TARGET STORES,

        Defendant.
_____/

## NOTICE OF COMPLIANCE & SERVING DOCUMENTS

The Plaintiff, hereby notices the Compliance with the Request For Production of Documents. All documents responsive thereto have been delivered to Counsel for Defendant.

Respectfully Submitted this 22nd day of May, 2000 .

                        RICHARD J. BURTON & ASSOCIATES, P.A.
                        18305 Biscayne Blvd., Suite 300
                        Miami, FL 33160
                        Ph: (305) 705-0888 Fax 935-9542

                        By: _____
                        Richard J. Burton, FBN 179337



PLAINTIFF'S
EXHIBIT
Ex I

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

STEVE HARRIS,
Plaintiff,

CASE NO. 00-6107-CIV-FERGUSON
V.                                      MAGISTRATE JUDGE SNOW

DAYTON HUDSON CORPORATION
d/b/a TARGET STORES,

Defendant.
_____/

NOTICE OF RESPONSE TO
2nd Request for Production of DEFENDANT

The Plaintiff, by and through undersigned counsel, and pursuant to the applicable

Rules of Civil Procedure, hereby files this Notice 2nd Request for Production to Steve

Harris propounded by Defendant.

None of the documents requested by Defendant are in Plaintiffs care, custody or control.

Respectfully Submitted this 18th day of September, 2000 .

RICHARD J. BURTON & ASSOCIATES, P.A.
18305 Biscayne Blvd., Suite 300
Miami, FL 33160
Ph: (305) 705-0888  Fax: 935-9542

By: _____
       Richard J. Burton, FBN 179337



**Certificate of Service**

I HEREBY CERTIFY that a true copy of the foregoing Notice was mailed to Sheila Caesarano, Esq., SHUTTS & BOWEN LLP, 1500 Miami Center, 201 South Biscayne Blvd., Miami, FL 33131 on September 18, 2000.

> RICHARD J. BURTON & ASSOCIATES, P.A.
> 18305 Biscayne Blvd., Suite 300
> Miami, FL 33160
> Ph: (305) 705-0888    Fax: 935-9542
>
>
> By: _____
>     Richard J. Burton, FBN 179337

# SHUTTS & BOWEN LLP

ATTORNEYS AND COUNSELLORS AT LAW
(A PARTNERSHIP INCLUDING PROFESSIONAL ASSOCIATIONS)

1500 MIAMI CENTER
201 SOUTH BISCAYNE BOULEVARD
MIAMI, FLORIDA 33131
MIAMI (305) 358-6300
BROWARD (954) 467-8841
FACSIMILE (305) 381-9982

March 14, 2001

## VIA FACSIMILE and U.S. MAIL

Stanley I. Foodman, CPA
1201 Brickell Avenue
Suite 610
Miami, Florida 33131

      RE:   Steve Harris v. Target Corporation

Dear Mr. Foodman:

      This confirms the telephone conversation today with my secretary, Karen, wherein you were notified that your deposition scheduled for Thursday, March 15, 2001 at 11:30 a.m. has been cancelled.

                    Sincerely yours,

                    Rene J. Gonzalez-Llorens

cc:   Richard Burton, Esq. (via fax)

MIADOCS 405253.1 KLL



**PLAINTIFF'S EXHIBIT**
K

# SHUTTS & BOWEN LLP

ATTORNEYS AND COUNSELLORS AT LAW
(A PARTNERSHIP INCLUDING PROFESSIONAL ASSOCIATIONS)

ONE MIAMI CENTER
201 SOUTH BISCAYNE BOULEVARD
MIAMI, FLORIDA 33131
MIAMI (305) 358-6300
BROWARD (954) 467-8941
FACSIMILE (305) 381-9982

March 8, 2001

**Via Facsimile**

Richard J. Burton, Esq.
Richard Burton & Associates, P.A.
18305 Biscayne Boulevard
Suite 300
Miami, Florida 33160

### RE:     Steve Harris v. Target Corporation

Dear Mr. Burton:

Target has decided not to retain Ms. Fabricant as an expert in the above referenced case. Accordingly, Ms. Fabricant should not be deposed or subpoenaed in this matter.

Sincerely,

Réne Gonzalez-LLorens

MIADOCS 403836 1 RGL



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

STEVE HARRIS,
Plaintiff,

CASE NO. 00-6107-CIV-FERGUSON
V.                                                MAGISTRATE JUDGE SNOW

DAYTON HUDSON CORPORATION
d/b/a TARGET STORES,
Defendant.
_____/

## NOTICE OF TAKING DEPOSITIONS

TO: DAYTON HUDSON CORPORATION d/b/a TARGET STORES

**PLEASE TAKE NOTICE** that the undersigned counsel will take the depositions of the individuals named below shall be conducted on the following dates and times:

DATE AND TIME:      **Thursday, March 15, 2001 beginning at 2:00 P..M.**

1.                      Loretta Fabricant, together with anyand all documents which she has reviewed and any documents which are aidi ng her in any opinion that she may have. together with any reports she may have issued.
PLACE:      Office of the Undersigned

upon oral examination before a certified court reporter, a Notary Public in and for the State of Florida, or some other officer duly authorized by law to take depositions. The deposition will continue from day to day until completed. The deposition is being taken for the purpose of discovery, for use at trial, or both of the foregoing, or for such other purposes as are permitted under the applicable and governing rules.

I HEREBY CERTIFY that a true copy of the within was faxed and mailed, this 2nd day of March, 2001. to Sheila Caesarano, Esq., SHUTTS & BOWEN LLP, 1500 Miami Center, 201 South Biscayne Blvd., Miami, FL 33131.

RICHARD J. BURTON & ASSOCIATES, P.A.
Attorney for Plaintiff
18305 Biscayne Blvd., Suite 300
No. Miami Bch., FL 33160
Ph:(305)705-0888-Fax: (305) 935-9542

BY_____
RICHARD J. BURTON, FBN 179337

cc:      **Worldwide Reporting Service, client**



PLAINTIFF'S
EXHIBIT

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-6107-CIV-FERGUSON
MAGISTRATE JUDGE SNOW

STEVE HARRIS,

    Plaintiff,

v.

DAYTON HUDSON CORPORATION,
d/b/a TARGET STORES,

    Defendant.

_____/

## NOTICE OF TAKING DEPOSITION

TO:  **RICHARD J. BURTON, ESQ.**
     Richard J. Burton & Associates, P.A.
     18305 Biscayne Boulevard, Suite 300
     Miami, Florida 33160.



PLAINTIFF'S
EXHIBIT
N

PLEASE TAKE NOTICE that the undersigned attorneys will take the following deposition:

| **NAME** | **DATE AND TIME** | **PLACE** |
|---|---|---|
| **JANICE HARRIS** | March 15, 2001 10:00 a.m. | Shutts & Bowen LLP 201 S. Biscayne Blvd. 15th Floor |
| **STANLEY I. FOODMAN** | March 15, 2001 11:30 a.m. | Miami, Florida 33131 |

upon oral examination before H. Allen Benowitz, notary public, or any other notary

public or officer authorized to take depositions in the State of Florida. The oral

examination will continue from day to day until completed.  The deposition is being

taken for the purposes of discovery, for use at trial. or for such other purposes as are

permitted under the Rules of Court.

IT IS HEREBY CERTIFIED that a true and correct copy of the foregoing was

mailed this __5__ day of March, 2001 to the above named addressee.


SHUTTS & BOWEN LLP
Attorneys for Defendant
201 S. Biscayne Boulevard
1500 Miami Center
Miami, Florida 33131
(305)358-6300
(305) 347-7386 (facsimile)


By: _____
Sheila M. Cesarano
Florida Bar Number 708364
Rene Gonzalez-LLorens
Florida Bar Number 0053790


MIADOCS 402970 1 MBD

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-6107-CIV-FERGUSON
MAGISTRATE JUDGE SNOW

STEVE HARRIS,

      Plaintiff,

v.

DAYTON HUDSON CORPORATION, d/b/a
TARGET STORES,                *SUBPOENA FOR DEPOSITION*

      Defendant.

_____

TO:   **Stanley I. Foodman, CPA**
     929 Crandon Boulevard
     Key Biscayne, Florida

_X_   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a
deposition in the above case.

| PLACE OF DEPOSITION: | DATE AND TIME: |
|---|---|
| Shutts & Bowen, 201 South Biscayne Boulevard, 1500 Miami Center, Miami, FLORIDA 33130 | March 15, 2001 at 11:30 a.m. |

___   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects
at the place, date, and time specified below:

| PLACE: | DATE AND TIME: |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify of its behalf, and may set forth for each person
designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| _signature_   Attorney for Defendant | March 6, 2001 |
| **ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER:**<br>SHEILA M. CESARANO, ESQ. and RENE GONZALEZ-LLORENS. ESQ.<br>Shutts & Bowen LLP<br>1500 Miami Center, 201 S. Biscayne Blvd.<br>Miami, FLORIDA 33131 / (305) 358-6300 | |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-6107-CIV-FERGUSON
MAGISTRATE JUDGE SNOW

STEVE HARRIS,

      Plaintiff,

v.

DAYTON HUDSON CORPORATION, d/b/a
TARGET STORES,               *SUBPOENA FOR DEPOSITION*

      Defendant,
_____/

TO:   **Janice Harris**
      Target Store 642
      1200 Linton Blvd.
      Delray, Florida 33444

__X__   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION:<br>Shutts & Bowen, 201 South Biscayne Boulevard, 1500<br>Miami Center, Miami, FLORIDA 33130 | DATE AND TIME:<br><br>March 15, 2001 at 10:00 a.m. |
| --- | --- |

___   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below:

| PLACE: | DATE AND TIME: |
| --- | --- |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify of its behalf, and may set forth for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br><br>                       Attorney for Defendant | DATE<br><br>March   , 2001 |
| --- | --- |
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER:<br>SHEILA M. CESARANO, ESQ. and RENE GONZALEZ-LLORENS, ESQ.<br>Shutts & Bowen LLP<br>1500 Miami Center, 201 S. Biscayne Blvd.<br>Miami, FLORIDA 33131 / (305) 358-6300 | |

# ▲ Delta e> ticket

*Passenger Receipt and Itinerary*

*Delta e> ticket is your most convenient way to buy airline tickets. Simply bring your enclosed ET Passenger Receipt, along with your photo ?, to the airport. For questions, please call Delta Air Lines at 1-800-221-1212 or visit Delta's Web site at delta.com. In order to receive SkyMiles mileage credit for eligible flights, be sure to provide your SkyMiles number at the time of booking your reservation or at check-in.*

1-0002041**
**RICHARD J BURTON**
**APT 1109**
**100 ISLAND BLVD**
**NORTH MIAMI BEACH FL 33160**

Confirmation/Record Locator Number
SkyMiles Number: 2010998983
This ticket shall expire one year from date of issue

| X6XVOJ |

### RECEIPT INFORMATION

Psgr RICHARD J BURTON
Not Transferable
Place of Ticket Issue  MIARES
Issuing Agent Id  DL/D9

Ticket Number.  | 0062182054907 |    Ticket Issue Date  28FEB01

Fare Details   FLL DL X/ATL DL PDX Q1.86 224 18KR7M1N DL X/DFW DL FLL 224 19KR7M1N USD450 23END ZP FLLA FLPDXDI W
XF FLL3ATL3PDX3DFW3

Form of Payment  AX**********92000

| FARE. | 450.23 USD |
|---|---|
| TAX. | 33.77 US |
| TAX | 11.00 ZP |
| TAX | 12.00 XF |
| TOTAL | 507.00 USD |



### NON REF/CHANGE FEE/PENALTY

*This is a special fare ticket. Changing your reservation may result in penalties and increased fare. Always advise your airline or travel agent that you are traveling on a special fare.*

### TICKETED ITINERARY INFORMATION

| Flight Nbr | Departure Date | Bkng Class | Status | Carrier/Vendor | Departure City | Departure Time | Arrival City | Arrival Time | Seat/Class | Meals Other |
|---|---|---|---|---|---|---|---|---|---|---|
| 1684 | 13MAR01 | K | OK | DELTA | FT LAUDERDALE | 4 45P | ATLANTA | 6 45P | 43B COACH | |
| 1773 | 13MAR01 | K | | DELTA | ATLANTA | 8 10P | PORTLAND ORE | 10 45P | 43D COACH | D ♥ |
| 1028 | 14MAR01 | K | OK | DELTA | PORTLAND ORE | 1 15P | DALLAS FTWORTH | 6 45P | 39D COACH | L ♥ |
| 476 | 14MAR01 | K | OK | | DALLAS FTWORTH | 7 50P | FT LAUDERDALE | 11 28P | 30C COACH | S |

# - Arrival date is 1 day after departure date.

**Delta recommends the following check-in times:**

| Destination | Ticket Counter | Departure Gate |
|---|---|---|
| U.S. Domestic Flights | 60 minutes | 20 minutes |
| International Flights | 120 minutes | 60 minutes |

*Please see important information on reverse side*

** – Check-in required
*S$ – Multiple Seats
B – Breakfast
L – Lunch
D – Dinner
S – Snack
*** – Multi Meals
♥ – Movie

PLAINTIFF'S
EXHIBIT

v-06107-WDF   Document 64   Entered on FLSD Docket 04/09/2001   Pa
HP LaserJet 3100
Printer/Fax/Copier/Scanner
SEND CONFIRMATION REPORT for
Richard J Burton & Assoc PA
305 935 9542
Mar-2-01   4:11PM

| Job | Start Time | Usage | Phone Number or ID | Type | Pages | Mode | Status |
|-----|-----------|-------|-------------------|------|-------|------|--------|
| 229 | 3/ 2  4:10PM | 0'28" | Shutts & Bowen LLP | Send .......... | 1/ 1 | EC144 | Completed ....... .... .... .. ..... .. |

Total      0'28"      Pages Sent: 1      Pages Printed: 0

MAR 01 2001 10:57 AM FR SHUTTS & BOWEN  305 301 9982 TO 3059059542      P.02

## SHUTTS & BOWEN LLP

ATTORNEYS AND COUNSELLORS AT LAW

1500 MIAMI CENTER
201 SOUTH BISCAYNE BOULEVARD
MIAMI, FLORIDA 33131

March 1, 2001

**Via Facsimile**

Richard J. Burton, Esq.
Richard Burton & Associates, P.A.
18305 Biscayne Boulevard
Suite 300
Miami, Florida 33160

RE:   Steve Harris v. Target Corporation

Dear Mr. Burton:

You have not responded to my February 9, 2001 letter regarding dates for the depositions of Stanley Foodman, Eileen Murray, Johnnie Kienka, Sunil Harrypersad, Kerry Murphy, and Jaruce Harris. If I do not hear from you by today, I will notice the depositions.

Sincerely,

Rene Gonzalez-LLorens



**PLAINTIFF'S EXHIBIT**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

STEVE HARRIS,
        Plaintiff,

                                CASE NO. 00-6107-CIV-FERGUSON
V.                              MAGISTRATE JUDGE SNOW
DAYTON HUDSON CORPORATION
d/b/a TARGET STORES,
        Defendant.
_____/

## Re-NOTICE OF TAKING DEPOSITION-NEW LOCATION

TO: Sheila Ceasarano

**PLEASE TAKE NOTICE** that the undersigned counsel will take the deposition of the
individual named below shall be conducted on the following date and time:

Mark Hastings

ON:        WEDNESDAY, March 14, 2000, AT 9:00 A.M.
PLACE:     Moore, Henderson, Allen & Phomas- Court Reporters
           621 SW Morrison St. #1145
           Portland, OR 97205
           503-226-3313 / 503-273-0109 fax

upon oral examination before a certified court reporter, a Notary Public in and for the State of Oregon, or
some other officer duly authorized by law to take depositions. The deposition will continue from day to day
until completed. The deposition is being taken for the purpose of discovery, for use at trial, or both of the
foregoing, or for such other purposes as are permitted under the applicable and governing rules.

I HEREBY CERTIFY that a true copy of the within was faxed and mailed, this 12TH day of March,
2001, to Sheila Caesarano, Esq., SHUTTS & BOWEN LLP, 1500 Miami Center, 201 South Biscayne
Blvd., Miami, FL 33131.

                          RICHARD J. BURTON & ASSOCIATES, P.A.
                          Attorney for Plaintiff
                          18305 Biscayne Blvd., Suite 300
                          No. Miami Bch., FL 33180
                          Ph:(305)705-0888-Fax: (305) 935/9542

                          BY_____
                              RICHARD J. BURTON, FBN 179337

cc: client,
Johnson, Moore, via fax



