# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6107-CIV-FERGUSON/SNOW

STEVE HARRIS,

    Plaintiff,

v.

DAYTON HUDSON CORPORATION
d/b/a TARGET STORES,

    Defendant.
_____/

## DEFENDANT'S MOTION TO STAY PROCEEDINGS
## PENDING RESOLUTION OF SUMMARY JUDGMENT MOTION

Defendant, **TARGET CORPORATION** ("Target"), pursuant to S.D. Fla. L.R. 7.6, moves the Court to enter an Order staying trial pending the resolution of Target's Motion for Summary Judgment, and setting this matter for the trial calendar commencing six (6) weeks after the date that the Court issues an Order on Target's Motion for Summary Judgment. In support, and as good cause, Target states as follows:

1.    Trial in this case is set for the trial calendar commencing on June 18, 2001.

2.    Plaintiff, **STEVE HARRIS** ("Plaintiff"), filed the instant lawsuit alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII") (Count I) and 42 U.S.C. § 1981 ("Section 1981") (Count II). Specifically, Plaintiff claims that Target discriminated against him because of his race. Plaintiff also alleges a claim for libel and slander (Count III).

3.    On February 5, 2001, Target filed its Summary Judgment Motion.



4.  On March 21, 2001, Plaintiff filed his Response to Target's Summary Judgment Motion.

5.  On March 29, 2001, Target filed its Reply to Plaintiff's Response to Target's Summary Judgment Motion.

6.  Plaintiff's Response to Target's Summary Judgment Motion fails to address a single argument made therein. Instead, Plaintiff submitted a three-page response that simply regurgitates decisional holdings without applying the decisions to the facts of this case.

7.  For Plaintiff to defeat Target's Summary Judgment Motion as to Counts I and II (Title VII and § 1981), Plaintiff must meet his burden of proof on the following: Plaintiff must provide evidence establishing a *prima facie* case of discrimination; Plaintiff must provide evidence demonstrating that each of Target's legitimate nondiscriminatory reasons is pretextual; and Plaintiff must show a discriminatory animus by the decisionmakers. In this case, Plaintiff has failed to meet his burden of proof by not providing an iota of evidence.

8.  Similarly, for Plaintiff to establish a defamation claim (Count III), he must demonstrate that Target published defamatory statements to third parties and that the statements are not privileged under § 768.095, Fla. Stat. Again, Plaintiff has failed to meet his burden of proof. Plaintiff has not identified any statement, who made the statement, when the statement was made, and to whom the statement was provided.

9.  Inasmuch as the Summary Judgment motion, if granted, would be dispositive of all issues in this case, it is respectfully submitted that the Court not set this case for trial until it has had sufficient time to adequately consider and decide Target's Summary Judgment Motion. As an equitable matter, it defeats the purpose summary judgment should Target be forced to incur significant legal fees and costs preparing for trial if the case can be resolved on summary judgment.

10. Pursuant to S.D. Fla. L.R. 7.1, undersigned counsel certifies that he has made a good faith effort to confer with Plaintiff's counsel and resolve the issues raised in this motion through a letter to Plaintiff's counsel regarding the relief sought herein, but has not received any response from Plaintiff's counsel.

11. Attached hereto is undersigned counsel's affidavit in support hereof, pursuant to Local Rule 7.6.

**WHEREFORE,** Target respectfully requests that the Court stay all proceedings pending the resolution of Target's Motion for Summary Judgment, and setting this matter for the trial calendar commencing six (6) weeks after the date that the Court issues an Order on Target's Motion for Summary Judgment.

Respectfully submitted,

SHUTTS & BOWEN LLP
Attorneys for Defendant
201 South Biscayne Boulevard
1500 Miami Center
Miami, Florida 33131
(305) 358-6300
(305) 347-7386 (facsimile)

By: _____
Sheila M. Cesarano
Florida Bar Number 708364
Rene Gonzalez-LLorens
Florida Bar Number 0053790

3

**CERTIFICATE OF SERVICE**

     **I HEREBY CERTIFY** that a true and correct copy of the foregoing was mailed on this ___6___ day of April 2001, to

     Richard J. Burton, Esq.
     Richard J. Burton & Associates, P.A.
     18305 Biscayne Boulevard, Suite 300
     Miami, Florida 33160.
     Tel: (305) 705-0888
     Fax: (305) 935-9542

                                    OF COUNSEL

MIADOCS 408391 1 RGL

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6107-CIV-FERGUSON/SNOW

STEVE HARRIS,

      Plaintiff,

v.

DAYTON HUDSON CORPORATION
d/b/a TARGET STORES,

      Defendant.
_____/

### AFFIDAVIT OF RENE J. GONZALEZ-LLORENS

| | |
|---|---|
| STATE OF FLORIDA | ) |
| | ) SS. |
| COUNTY OF DADE | ) |

BEFORE ME, the undersigned authority, personally appeared **RENE J. GONZALEZ-LLORENS,** who is personally known to me and, who, after being first duly sworn, and pursuant to Local Rule 7.6, deposes and says:

1.     The undersigned attorney is counsel for Defendant in the above-referenced case.

2.     Defendant has submitted a Motion for Summary Judgment dispositive of all claims made by Plaintiff in this matter. As is self-evident, should the Court grant Defendant's Summary Judgment motion, there would be no need for a trial in this case.

3.     Numerous deposition transcripts have been submitted in support of and in response to Defendant's Summary Judgment motion.

4.       In the undersigned counsel's opinion, Defendant should not be forced to incur legal fees and costs associated with trial preparation when, if its Motion for Summary Judgment is meritorious, the Motion would dispose of the case.

5.       Accordingly, as an equitable matter, Defendant has moved to stay proceedings only until the Court has had sufficient time to adequately consider and decide Defendant's Motion for Summary Judgment.

6.       Defendant makes this motion in good faith and not for delay.

FURTHER AFFIANT SAYETH NAUGHT.

RENE J. GONZALEZ-LLORENS

STATE OF FLORIDA      )
                      )
COUNTY OF DADE        )

The foregoing instrument was acknowledged before me this ___6th___ day of April 2001, by RENE J. GONZALEZ-LLORENS, who is personally known to me and who did take an oath.

NOTARY PUBLIC

Typed or Printed Name of Notary

My commission expires:

OFFICIAL NOTARY SEAL
KAREN LEA LARSH
NOTARY PUBLIC STATE OF FLORIDA
COMMISSION NO. CC719399
MY COMMISSION EXP. MAR. 17,2002

MIADOCS 408519.1 RGL