# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6107-CIV-FERGUSON/SNOW

STEVE HARRIS,

    Plaintiff,

v.

DAYTON HUDSON CORPORATION
d/b/a TARGET STORES,

    Defendant.

_____/



### DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO BIFURCATE TRIAL AND INCORPORATED MEMORANDUM OF LAW

Defendant, **TARGET CORPORATION** ("Target"), replies to Plaintiff **STEVE HARRIS'** ("Plaintiff") Response to Defendant's Motion to Bifurcate Trial and Incorporated Memorandum of Law ("Plaintiff's Response"), and states as follows:

## SUMMARY OF REPLY

Plaintiff's Response in based on two grounds. First, Plaintiff alleges that, "Since the Florida procedure of bifurcating trials, is a procedural issue, it is axiomatic that as to issues of procedure, the Federal Rules of Civil Procedure, and not State law apply pursuant to the Erie doctrine." (Response at 3.) Second, Plaintiff alleges that "two separate trials in this case would lead to duplication of complex issues, repetition of issues, and thus would be prejudicial to the Plaintiff." (Response at 6.) Plaintiff's unsupported allegations are completely without merit. For the reasons set forth below, the Court should grant Defendant's Motion to Bifurcate Trial.

## ARGUMENT

### I. PLAINTIFF FAILS TO APPLY THE FLORIDA SUPREME COURT'S LANDMARK RULING REQUIRING TWO SEPARATE TRIALS AS TO LIABILITY AND PUNITIVE DAMAGES.

Plaintiff's Response erroneously maintains that W.R. Grace & Co. v. Waters, 638 So. 2d 502 (Fla. 1994) does not apply to the instant case. Plaintiff argues that bifurcating a trial is a procedural issue, subject to the Federal Rules of Civil Procedure pursuant to the United State Supreme Court's decision in Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). However, bifurcation of a trial is substantive, and, therefore, Erie does not apply and W.R. Grace controls the instant dispute. Furthermore, it is well-settled that a federal court must defer to the highest court of the state as the arbiter of state law. See Lieberman-Sack v. Harvard Community Health Plan of New England, Inc., 882 F. Supp. 249 (D.R.I. 1995).

In W.R. Grace, the Florida Supreme Court established that, "trial courts, when presented with a timely motion, should bifurcate the determination of the amount of punitive damages from the remaining issues at trial." W.R. Grace, 638 So. 2d at 506. The Court did not limit its ruling to certain types of actions, as Plaintiff suggests, but held that *all* cases in Florida involving punitive damages may be bifurcated into separate trials on liability and punitive damages. Here, Target has satisfied the requirement of timely filing of its Motion to Bifurcate.

Plaintiff excerpts several paragraphs from W.R. Grace that evaluate the arguments against bifurcation the Florida Supreme Court ultimately rejected. However, Plaintiff does

explain how these cases apply to the instant one. Remarkably, Plaintiff also fails to address the Florida Supreme Court's actual holding mandating bifurcation in W.R. Grace.

Plaintiff also cites Dessanti v. Contreras, 695 So. 2d 845, 845-846 (Fla. 4th DCA 1997), review denied, 703 So. 2d 475 (Fla. 1997), which explicitly *supports* W.R. Grace's rule that bifurcation is proper for trial of *all* cases involving punitive damages. In Dessanti, the Fourth District Court of Appeal held that the trial court's error in failing to bifurcate determination of the amount of punitive damages from issues of liability and compensatory damages was harmless. Id. at 847. However, the Court distinguished the facts in Dessanti from those in W.R. Grace and stated:

> The purpose to be accomplished by a W.R. Grace bifurcation was to segregate financial issues from liability issues. ***This was not a concern in this case. The defendants' net worth here was a pittance***, and the court entered a remittitur of the larger award given by the jury. Failing to bifurcate the determination of the amount of punitive damages created no harm in this case which the application of a W.R. Grace bifurcation was intended to prevent.

Id. at 847 (emphasis added).

In the instant case, unlike in Dessanti, Target's net worth is more than a mere "pittance" and Target's financial status may potentially prejudice a fair determination of liability. Indeed, in W.R. Grace, the Court explicitly recognized that defendants "are prejudiced by the current procedure which permits evidence of a defendant's net worth to be introduced when liability for punitive damages has not yet been determined." W.R. Grace, 638 So. 2d at 506. The facts in this case thus raise exactly the type of concerns of prejudice that motivated the Florida Supreme Court to establish bifurcation procedures for all cases involving punitive damages. To avoid such prejudice, the Court should bifurcate this trial.

## II. PLAINTIFF HAS FAILED TO ADDRESS TARGET'S ARGUMENT THAT SEPARATE TRIALS AS TO LIABILITY AND DAMAGES ARE PROPER UNDER FEDERAL RULE OF CIVIL PROCEDURE 42(b).

Plaintiff argues that Erie requires the application of the Federal Rules of Civil Procedure to the instant dispute, but completely ignores the applicable rule on bifurcating trials, Fed. R. Civ. P. 42(b). The Federal Rules of Civil Procedure could not be any more clear in permitting two separate trials under the facts of the instant case. Rule 42(b) states in relevant part:

> The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim....

Fed. R. Civ. P. 42(b). The Court has broad discretion in determining whether to bifurcate a trial pursuant to Rule 42(b). See Resolution Trust Corp. v. Heiserman, 151 F.R.D. 367 (D. Colo. 1993) (holding that district courts are given broad discretion in establishing separate trials for convenience, to avoid prejudice, or for expediency and economy, and district court's decision will be set aside only for clear abuse of discretion).

Plaintiff fails to address Target's argument that bifurcation of liability and damages is proper under Fed. R. Civ. P. 42(b). Moreover, Plaintiff does not provide any cases in which federal courts have considered motions to bifurcate in federal civil rights cases even though he accuses Target of not providing such cases. Target's argument, in fact, is that W.R. Grace controls and requires two separate trials as to liability and damages.

Moreover, there is no question that civil rights case law under Fed. R. Civ. P. 42(b) has addressed the exact bifurcation dispute at issue here in Target's favor. In Thomas v. Allen-Stone Boxes, Inc., 925 F. Supp. 1316 (W.D.Tenn. 1995), the Court granted the

4

defendant's motion to bifurcate pursuant to Fed. R. Civ. P. 42(b). In <u>Thomas</u>, a case involving multiple state and federal discrimination claims, the Court ordered two separate trials on liability and damages, and agreed with defendants that:

> Bifurcation would clarify issues, prevent prejudice against the "deep pocket" defendant Allen-Stone Boxes, and serve the interests of judicial and private economy by avoiding presentation of complicated evidence of damages before any liability is proven.

Id. at 1317. The <u>Thomas</u> defendants, similar to Target, also cited their state's (Tennessee's) supreme court for the proposition that, in a trial where punitive damages are sought, the court shall bifurcate the trial upon defendant's motion. Id. (citing <u>Hodges v. S.C. Toof & Co.</u>, 833 S.W.2d 896, 901 (Tenn. 1992)). The <u>Thomas</u> Court relied on both the Tennessee Supreme Court's mandate and Fed. R. Civ. P. 42(b) in granting defendant's motion to bifurcate. See also <u>Lieberman-Sack v. Harvard Community Health Plan of New England, Inc.</u>, 882 F. Supp. 249 (D.R.I. 1995) (*sua sponte* bifurcating issues of liability and damages in employee's Title VII and Rhode Island Fair Employment Practices Act claims to eliminate prospective prejudice and serve the interests of judicial economy); <u>Brom v. Bozell, Jacobs, Kenyon & Eckhardt, Inc.</u>, 867 F. Supp. 686 (N.D. Ill. 1994) (granting defendant's motion to bifurcate in employee's age discrimination action to avoid jury confusion and serve the interests of judicial economy).

For the foregoing reasons, whether this Court applies <u>W.R. Grace</u> or Fed. R. Civ. P. 42(b), the Court should bifurcate the liability and damages in this case into two separate trials.

### III. PLAINTIFF HAS FAILED TO PROVE THAT SEPARATE TRIALS DO NOT CONTRIBUTE TO EXPEDITIOUS ADJUDICATION, SIMPLIFY THE PROCEEDINGS, AVOID JURY CONFUSION AND AVOID UNFAIR PREJUDICE.

Plaintiff fails to provide an argument or even one single case to support his contention that bifurcation would prejudice Plaintiff by leading to a "duplication of complex issues." (Response at 6.) Arguing through assertion, Plaintiff alleges that two separate trials would prevent him from being able to "fairly present all of his issues at trial." (Response at 6.) Interestingly, Plaintiff merely restates the arguments against bifurcation that the Florida Supreme Court considered -- *and rejected* -- in W.R. Grace rather than provide any support for his claims.

Bifurcation of liability and damages into separate trials is required in the instant case because it contributes to expeditious adjudication, simplifies the proceedings, avoids jury confusion, and avoids unfair prejudice. In an analogous federal civil rights case, Brom v. Bozell, Jacobs, Kenyon & Eckhardt, Inc., 867 F. Supp. 686 (N.D. Ill. 1994), the court ordered bifurcation of the liability and damages issues into separate trials. In Brom, just as in the instant case, the court found that the evidence regarding damages was wholly independent of the evidence pertaining to liability. Id. at 690. The Brom Court stated:

> In the event that the jury finds the defendants not guilty of violating the ADEA [Age Discrimination in Employment Act], bifurcation will have resulted in a *substantial savings of time* by avoiding the needless presentation of extensive testimony on damages. And, even if the jury finds the defendants to be liable, the court expects that bifurcation will result in savings insofar as the deliberations regarding liability will not be sidetracked by *extraneous and potentially confusing evidence* relating to Brom's [Plaintiff's] damages.

Id. at 690 (emphasis added).

Like <u>Brom</u>, the instant case requires bifurcating the issues of liability and damages into two separate trials. The jury should not be allowed to hear any evidence relevant to the amount of punitive damages, including evidence of income or net worth unless, and only if, the Court and the jury first determine that punitive damages are warranted. For the above reasons, the Court should bifurcate the liability and damages issues and order two separate trials.

### CONCLUSION

Defendant, TARGET CORPORATION, respectfully requests that this Court bifurcate at trial the issues of Plaintiff's entitlement to punitive damages from the amount of punitive damages awarded, as well as the issues of liability and damages, and for such other relief as the Court deems proper and necessary.

Respectfully submitted,

SHUTTS & BOWEN LLP
Attorneys for Defendant
201 South Biscayne Boulevard
1500 Miami Center
Miami, Florida 33131
(305) 358-6300
(305) 347-7386 (facsimile)

By: _____
Sheila M. Cesarano
Florida Bar Number 708364
Rene J. Gonzalez-LLorens
Florida Bar Number 0053790

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was mailed on this __10__ day of April 2001, to

>Richard J. Burton, Esq.
>Richard J. Burton & Associates, P.A.
>Attorney for Plaintiff
>18305 Biscayne Boulevard, Suite 300
>Miami, Florida 33160
>Tel: (305) 705-0888
>Fax: (305) 935-9542

OF COUNSEL

MIADOCS 410733 1 N1B