# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6107-CIV-FERGUSON/SNOW

STEVE HARRIS,

     Plaintiff,

v.

DAYTON HUDSON CORPORATION
d/b/a TARGET STORES,

     Defendant.

_____/



### DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S MOTION TO FILE SUPPLEMENTAL AFFIDAVIT, *ET AL.*, MOTION TO STRIKE PLAINTIFF'S SUPPLEMENTAL AFFIDAVIT, AND INCORPORATED MEMORANDUM OF LAW

Defendant, **TARGET CORPORATION** ("Target"), pursuant to Fed. R. Civ. P. 12(f), 56(e),

and S.D. Fla. L.R. 7.1(C), moves the Court to strike Plaintiff **STEVE HARRIS'** ("Plaintiff") Motion

to File Supplemental Affidavit, *et al.* ("Plaintiff's Motion") and Plaintiff's Supplemental Affidavit

("Plaintiff's Supplemental Affidavit"). In addition, Target moves the Court pursuant to Fed. R. Civ.

P. 56(g) to award reasonable attorney's fees and costs incurred by Target in responding to Plaintiff's

frivolous and improper Motion and Supplemental Affidavit.

### SUMMARY OF ARGUMENT

On February 5, 2001, Target filed its Summary Judgment Motion. On March 20, 2001,

Plaintiff filed his Response to Target's Summary Judgment Motion. On March 28, 2001, Target

filed its Reply to Plaintiff's Response to Target's Summary Judgment Motion.

1



On April 6, 2001, Plaintiff submitted Plaintiff's Motion. (A true and correct copy of Plaintiff's Motion is attached as Exhibit "A.") Plaintiff's Motion should be stricken because it is no more than a thinly disguised surreply in violation of S.D. Fla. L.R. 7.1(C). In fact, Plaintiff's Motion clarifies that it is intended to address, "**The Reply of defendant to Plaintiff's Opposition to Motion for Summary Judgment [which] tries to obscure and blur the facts**." (Plaintiff's Motion at 1.) The Court should also strike Plaintiff's Motion because it contains inadmissible speculation and conclusory statements.

The Court should strike Plaintiff's Supplemental Affidavit because it is inadmissible under Fed. R. Civ. P. 56(g) and only contains conclusory and speculative statements. (A true and correct copy of Plaintiff's Supplemental Affidavit is attached as Exhibit "B.") Because Plaintiff's Supplemental Affidavit was made in bad faith and violates Fed. R. Civ. P. 56(g), Target requests that the Court grant the attorney's fees and costs it incurred in responding to Plaintiff's Supplemental Affidavit.

## ARGUMENT

## I.   PLAINTIFF'S MOTION SHOULD BE STRICKEN BECAUSE IT IS A SURREPLY AND VIOLATES LOCAL RULE 7.1(C).

Plaintiff's Motion should be stricken because it is an improper surreply in violation of S.D. Fla. L.R. 7.1(C). Local Rule 7.1(C) limits motion practice by allowing only a motion, a response, and a reply. With respect to surreplies, Local Rule 7.1(C) could not be any clearer: "No further or additional memoranda of law shall be filed without prior leave of Court." Id.

Plaintiff has deliberately violated Local Rule 7.1(C) by submitting Plaintiff's Motion in Response to Target's Reply. Although Plaintiff chooses to disguise his surreply by calling it a

2

"motion" (albeit not a motion for leave to file), it is clear that Plaintiff's Motion constitutes an

*unauthorized surreply* which is intended to circumvent the Court's limits on motion practice.

Accordingly, Plaintiff's Motion should be stricken.

## II.    PLAINTIFF'S SUPPLEMENTAL AFFIDAVIT SHOULD BE STRICKEN BECAUSE IT CONTAINS SPECULATIVE AND CONCLUSORY ALLEGATIONS IN VIOLATION OF RULE 56(e).

Plaintiff's Supplemental Affidavit is inadmissible under Fed. R. Civ. P. 56(e), which states

in relevant part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).

In the instant case, the unsubstantiated statements in Plaintiff's Supplemental Affidavit solely

contain conclusory and speculative allegations *unsupported by any evidence*. Statements in

affidavits that contain speculation or conclusory language do not comply with Rule 56(e). See

Connell Leasing Co. v. J R Equities Acquisition, Inc., 731 F. Supp. 1539, 1544 (S.D. Fla. 1989)

("Conclusory statements in [Plaintiffs] affidavit do not create an issue of fact."); Jones v. Merchants

Nat'l Bank & Trust Co., 42 F.3d 1054, 1059 (7th Cir. 1994) ("The object of [Fed. R. Civ. P. 56(e)]

is not to replace conclusory allegations of the complaint or answer with conclusory allegations of an

affidavit"); Martinez v. Junta de Planificacion de Puerto Rico, 736 F. Supp. 413, 419 (D.P.R. 1990)

(genuine issue precluding summary judgment is not created by mere allegations or by surmise or

conjecture on the part of the litigant, and "summary judgment may not be defeated by gossamer

3

threads of whimsy and speculation."). Plaintiff's Supplemental Affidavit is nothing more than "gossamer threads of whimsy and speculation," and should thus be stricken.

Moreover, Plaintiff's conclusory allegations that Target's actions were discriminatory, without supportive evidence, are insufficient to establish pretext and avoid summary judgment. Carter v. City of Miami, 870 F.2d 578, 585 (11th Cir. 1989) (holding that conclusory and generalized allegations of racial bias such as "there was a racially biased attitude by management towards minority black employees" were properly struck by the district court). "Conclusory allegations of discrimination, without more, are not sufficient to raise an inference of pretext or intentional discrimination where [an employer] has offered ... extensive evidence of legitimate, non-discriminatory reasons for its actions." Isenbergh v. Knight-Ridder Newspaper Sales, Inc., 97 F.3d 436, 443-44 (11th Cir. 1996).

Remarkably, Plaintiff has not provided a single shred of evidence to corroborate his allegations that his termination was a pretext for discrimination. In Vincent v. Wells Fargo Guard Services, Inc. of Fla., 3 F. Supp. 2d 1405, 1413 (S.D. Fla. 1998), a black security guard sued his employer under § 1981 and Title VII claiming race discrimination. The Court found that the plaintiff's lack of evidence – other than his testimony – demanded the entry of summary judgment:

> [Plaintiff], however, provided the Court with nothing more than unsupported, uncorroborated allegations. It is undisputed that a nonmovant may not rely on mere allegations to avoid entry of summary judgment. . . . In sum, [Plaintiff's] claims of racial discrimination boil down to uncorroborated allegations and [Plaintiff's] opinion that he was discriminated against on the basis of race and/or national origin. As the Eleventh Circuit has noted, mere allegations are insufficient to survive summary judgment, and a plaintiff's opinion that he has been discriminated against does not suffice to create a prima facie case of race discrimination.

Id. at 1415-16; see also Kounelis v. Mount Sinai Medical Center of Greater Miami, Inc., 987 F.

4

Supp. 1452 (S.D. Fla. 1997), aff'd, 166 F.3d 352 (1998); Avril v. Village South, Inc., 934 F. Supp.

412, 417 (S.D. Fla. 1996). For the above stated reasons, the Court should strike Plaintiff's

Supplemental Affidavit.

## III.    TARGET IS ENTITLED TO REASONABLE ATTORNEY'S FEES AND COSTS PURSUANT TO RULE 56(g).

Rule 56(g) authorizes the Court to grant Target its reasonable attorney's fees and costs

incurred in responding to Plaintiff's Supplemental Affidavit. Fed. R. Civ. P. 56(g). Rule 56(g)

states in relevant part:

> Should it appear to the satisfaction of the court at any time that any of the affidavits
> presented pursuant to this rule are presented in bad faith or solely for the purpose of
> delay, the court shall forthwith order the party employing them to pay to the other
> party the amount of the reasonable expenses which the filing of the affidavits caused
> the other party to incur, including reasonable attorney's fees. . . .

Fed. R. Civ. P. 56(g). Plaintiff's Supplemental Affidavit constitutes the very type of action that

defines a bad faith filing.

In In re Caddie Constr. Co., 125 B.R. 674, 677-78 (Bkrtcy. M.D. Fla. 1991), the court granted

attorney's fees and costs pursuant to Fed. R. Civ. P. 56(g) where the allegations made in an affidavit

were false and misleading. See also In re Gioioso, 979 F.2d 956, 961-62 (3d Cir. 1992) (ordering

a party to pay costs and attorney's fees pursuant to Fed. R. Civ. P. 56(g) as a result of the party's bad

faith affidavit in connection with its motion for summary judgment); Warshay v. Guinness PLC, 750

F. Supp. 628, 640 (S.D.N.Y. 1990) (awarding costs and attorney's fees under Fed. R. Civ. P. 56(g)

for bad faith filing of an affidavit); Acrotube, Inc. v. J.K. Financial Group, Inc., 653 F. Supp. 470,

478 (N.D. Ga. 1987) (granting plaintiff's motions for sanctions and awarding costs under Fed. R.

Civ. P. 56(g) where defendant filed a misleading affidavit and delayed the litigation).

5

In the instant case, Plaintiff's Supplemental Affidavit warrants the imposition of costs and

attorney's fees pursuant to Rule 56(e). Plaintiff's allegations are false and completely unsubstantiated

as follows:

- Plaintiff alleges that he never committed an infraction warranting any discipline. (Plaintiff's Supplemental Affidavit, ¶ 1.) The Court should strike this untrue allegation since Plaintiff has failed to address a single one of the infractions identified in Target's Summary Judgment Motion and Reply Brief, such as providing a falsified restaurant receipt, improperly using the company-issued American Express charge card for personal purchases in violation of Target policies; failing to pay the monthly balance on the company-issued American Express charge card in violation of Target policy; being in arrears on his personal Target credit card to the point that his Target account was closed; delaying over a year to repay the outstanding balance on his personal Target credit card; borrowing money from employees; and using employees to do his personal chores.

- Plaintiff alleges that other non-minority executives who did similar or identical acts were not punished but promoted. (Plaintiff's Supplemental Affidavit, ¶ 2.) The Court should strike this untrue and conclusory allegation because Plaintiff fails to identify a single non-minority executive who committed a similar or identical act, neglects to identify a single act, and does not identify who was promoted.

- Plaintiff alleges that the attitude of Target's white executives became hostile to Plaintiff after he married his Caucasian wife. (Plaintiff's Supplemental Affidavit, ¶ 3.) Interestingly, Plaintiff did not even mention this belief during his deposition. The Court should strike this untrue and conclusory allegation because it contradicts Plaintiff's deposition testimony where he did not identify such acts when asked and, once again, Plaintiff fails to identify the white executives.

- Plaintiff alleges that Target invaded the personnel credit card statements of Plaintiff and Plaintiff's wife to try to demonstrate that Plaintiff was a bad credit risk. (Plaintiff's Supplemental Affidavit, ¶ 4.) The Court should strike this untrue allegation because, pursuant to the Executive Handbook, Target could terminate an employee whose Target credit card account was not in good standing. (Ex. A(10) to Target's Summary Motion, Target Executive Team Member Handbook, at 47) (Similarly, if you make purchases with Target's credit cards, be sure to keep your account in good standing. If you become delinquent, it can mean discipline or termination."). Moreover, and more importantly, Target was responsible (and liable) for debts on the corporate American Express credit card given to Plaintiff by Target for business expenses. Target's Policy Manual states that, "Credit cards issued by Target to its team members are for business expenses only." (Ex A(3), Target

6

Policy Manual.) However, Plaintiff exclusively used his company-issued American Express corporate charge card for personal charges. (Ex. A(4), American Express Expense Report covering period from April 27 to December 22, 1998.) Both of these facts have not been controverted by Plaintiff.

- Plaintiff alleges that he never took anything of value from Target, and never abused his powers as store manager. (Plaintiff's Supplemental Affidavit, ¶ 5.) The Court should strike this untrue allegation because Plaintiff did take the missing $135 from the Shooter's Receipt. Moreover, he abused his powers as store manager by borrowing money from employees, sending employees to do his personal chores on work time, and engaged in the above listed additional abuses of power and mismanagement.

- Plaintiff alleges that he had great yearly reviews until other Target executives learned of his marriage. (Plaintiff's Supplemental Affidavit, ¶ 6.) The Court should strike this conclusory allegation because Plaintiff has not identified which executives retaliated against him and whether any of these executives were decision-makers.

- Plaintiff alleges that he was "targeted" by Target, and all of the allegations are specious and attempts to cover up overt acts of racism. (Plaintiff's Supplemental Affidavit, ¶ 7.) The Court should strike this conclusory allegation because it is untrue and a classic example of speculative and conclusory allegations.

- Plaintiff alleges that Defendant "hid" witnesses and key documents from Plaintiff and his counsel. (Plaintiff's Supplemental Affidavit, ¶ 9.) Plaintiff's self-serving allegation is a blatant lie.

Clearly, as the above shows, Plaintiff's Supplemental Affidavit should be stricken because

it has been submitted in bad faith and in violation of the Court's rules. Accordingly, the Court

should grant Target its reasonable attorney's fees and costs incurred as a result of Plaintiff's bad faith

filing of his affidavit.

## CONCLUSION

Defendant, TARGET CORPORATION, respectfully requests that the Court strike Plaintiff's

Motion and Plaintiff's Supplemental Affidavit, grant Target its reasonable attorney's fees and costs

expended in responding to Plaintiff's Motion and Supplemental Affidavit, and for such other relief

as the Court deems proper and necessary.

7

Respectfully submitted,

SHUTTS & BOWEN LLP
Attorneys for Defendant
201 South Biscayne Boulevard
1500 Miami Center
Miami, Florida 33131
(305) 358-6300
(305) 347-7386 (facsimile)

By: _____

Sheila M. Cesarano
Florida Bar Number 708364
Rene J. Gonzalez-LLorens
Florida Bar Number 0053790

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was mailed on

this _____ day of April, 2001 to:

Richard J. Burton, Esq.
Richard J. Burton & Associates, P.A.
Attorney for Plaintiff
18305 Biscayne Boulevard, Suite 300
Miami, Florida 33160
Tel: (305) 705-0888
Fax: (305) 935-9542

_____
SHEILA M. CESARANO

MIADOCS 411324 1 NIB

8

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

STEVE HARRIS,
    Plaintiff,            Case No. 00-6107-CIV-FERGURSON
                      MAGISTATE JUDGE SNOW

vs.

TARGET CORPORATION f/k/a
DAYTON HUDSON CORPORATION
d/b/a TARGET STORES

_____/

### MOTION TO FILE SUPPLEMENTAL AFFIDAVIT OF HARRIS AND DEPOSITION OF DOUG BARTH IN FURTHER OPPOSITION TO TARGET CORPORATION'S MOTION FOR SUMMARY JUDGMENT AND IN SUPPORT OF HARRIS MOTION TO ADJUDICATE DEFENDANT IN CONTEMPT IN IN SUPPORT OF HARRIS MOTION FOR A RULE TO SHOW CAUSE AS TO WHY DEFENDANT SHOULD NOT BE HELD IN CONTEMPT

The Plaintiff, by and through undersigned counsel, moves to file a Supplemental affidavit, in

opposition to Defendants, Motion for Summary Judgment. As grounds therefore, the Court,

in its discretion should allow the filing of the attached Supplemental Affidavit, which is

within the discretion to the Trial Judge. The Reply of defendant to Plaintiffs Opposition to

Motion for Summary Judgment tries to obscure and blur the facts.

1. First Plaintiff never committed an infraction warranting ANY discipline.

2. Other non-minority executives did similar or identical acts and were not punished, but in

fact promoted.

3. The attitude of Target's white executives became hostile, to Plaintiff after he married his

Caucasian wife.

4. Target went so far as to invade he and his wife's personnel credit card statements to try to demonstrate that he was a "bad" credit risk, to bolster their case, which is a violation under the Fair credit reporting Act, and a violation of their privacy.

5. Plaintiff never took anything of value from Target, and never abused his powers as store manager.

6. Plaintiff had Great yearly reviews until his marriage became known to other target executives.

7. Plaintiff was "*TARGETED*" by Target, and all of the allegations are specious, and are a pretext to cover up overt acts of Racism!

8. Plaintiff has been unable to find any other work, in his field, as a result of Defendants defamations, which are accordingly, unprivileged, since they are said and written with malice.

9. Defendant has "hid" witnesses and key documents from Plaintiff and his Counsel.

Wherefore Plaintiff prays that the Court accept Plaintiff's Supplemental Affidavit in Opposition to Defendant's Motion for Summary Judgment.

Respectfully submitted,

RICHARD J. BURTON & ASSOC., P.A.
18305 Biscayne Blvd., Suite 300
Miami, FL 33160
Ph: (305) 705/0888     Fax: 935-9542

BY_____
Richard J. Burton, FBN 179337

2

### Certificate of Service

I HEREBY CERTIFY that a true copy of the foregoing Notice was mailed to Sheila Caesarano, Esq., SHUTTS & BOWEN LLP, 1500 Miami Center, 201 South Biscayne Blvd., Miami, FL 33131 on April 6, 2001.

RICHARD J. BURTON & ASSOC., P.A.
18305 Biscayne Blvd., Suite 300
Miami, FL 33160
Ph: (305) 705-0888 / Fax: 935-9542

BY _____
Richard J. Burton, FBN 179337

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

STEVE HARRIS,
     Plaintiff,     Case No. 00-6107-CIV-FERGURSON
                     MAGISTATE JUDGE SNOW

vs.

TARGET CORPORATION f/k/a
DAYTON HUDSON CORPORATION
d/b/a TARGET STORES

_____/

### SUPPLEMENTAL AFFIDAVIT OF HARRIS  IN FURTHER OPPOSITION TO TARGET CORPORATION'S MOTION FOR SUMMARY JUDGMENT ANDIN SUPPORT OF HARRIS MOTION TO ADJUDICATE DEFENDANT IN CONTEMPT  AND HARRIS' MOTION FOR A RULE TO SHOW CAUSE AS TO WHY DEFENDANT SHOULD NOT BE HELD IN CONTEMPT

STATE OF FLORIDA     )
                     ) ss:
COUNTY OF MIAMI-DADE  )

The witness, Steve Harris, first being duly sworn by me, the undersigned authority, a Notary Public within and for the state and county last aforesaid, states as follows:

1. My name is Steve Harris, and I have personal knowledge of the facts contained herein. The facts are as set forth in our Complaint.

2. I have reviewed the facts contained in defendant's motion for summary judgment, accompanied by the Affidavits supporting Target Stores motion. In this case, I dispute the facts set forth in Target Stores motion and affidavit. I swear to the truth of these facts.

3. For clarification purposes I swear both to the contents of my former affidavit, in opposition to Target's Motion for Summary Judgment , in addition to the following facts;

4. I never committed an infraction warranting ANY discipline.

5. Other non-minority executives did similar or identical acts and were not punished, but in   fact promoted.

6. The attitude of Target's white executives became hostile, to me after I married my wife who is Caucasian.

7. Target went so far as to invade my and my wife's personnel credit card statements to try to demonstrate that I was a "bad" credit risk, to bolster their case, which is a violation under the Fair credit reporting Act, and a violation of our privacy.

8. I never took anything of value from Target, and never abused my powers as a store manager.

9. I had Great yearly reviews until his marriage became known to other Target executives.

10.      I was "**TARGETED**" by Target, and all of the allegations are specious, and are a pretext to cover up overt acts of Racism!

11.      I have been unable to find any other work, in my field, as a result of Defendants defamations.

12.      Racist comments were made to me, and my wife by Target executives including, Don Feinkhauser, Mark Hastings, Doug Barth, Joe Toscano, and Terry Gillespie.


Affiant further sayeth nought

Steve Harris, Affiant


2

I hereby certify that, on this date, before me, an officer duly authorized in the State and County aforesaid to administer oaths and take acknowledgments, personally appeared STEVE HARRIS, who acknowledges before me that he has read the within Affidavit, and that the facts set forth therein are true and correct, in accordance with his personal knowledge.

Sworn to and subscribed before me, this 6th day of April, 2001.

Notary Public, State of Florida                    RICHARD J. BURTON

Respectfully submitted,



BY_____
   Richard J. Burton, FBN 179337

### Certificate of Service

I HEREBY CERTIFY that a true copy of the foregoing Notice was mailed to Sheila Caesarano, Esq., SHUTTS & BOWEN LLP, 1500 Miami Center, 201 South Biscayne Blvd., Miami, FL 33131 on April 6, 2001.

RICHARD J. BURTON & ASSOC., P.A.
18305 Biscayne Blvd., Suite 300
Miami, FL 33160
Ph: (305) 705-0888Fax 305-935-9542

BY_____
   Richard J. Burton, FBN 179337

3