# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6107-CIV-FERGUSON/SNOW

STEVE HARRIS,

    Plaintiff,

v.

DAYTON HUDSON CORPORATION
d/b/a TARGET STORES,

    Defendant.

_____/



### DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION
### FOR ORDER FINDING PARTY IN CONTEMPT, *ET AL.*

Defendant, **TARGET CORPORATION** ("Target"), responds to Plaintiff **STEVE HARRIS'** ("Plaintiff") Motion for Order Finding Party in Contempt, *et al..* ("Plaintiff's Motion"), and moves the Court to award Target its attorneys' fees and costs incurred in responding to Plaintiff's frivolous motion.

## INTRODUCTION

Plaintiff's Motion attacks Target and its counsel alleging that they have undertaken a series of unethical and dilatory acts in this lawsuit. Plaintiff's Motion asks the Court to find Target in contempt of Court.

Plaintiff's Motion should be stricken because it is a sham and based on untruths. Plaintiff's Motion is simply a retaliatory pleading in response to Target's Motion in Limine Precluding Testimony of Plaintiff's Expert. What is truly egregious is that Plaintiff's counsel, Richard Burton, tries to hold Target responsible for circumstances caused by his own improper conduct. The Court should deny Plaintiff's Motion and award Target its attorneys' fees and costs incurred in responding to Plaintiff's frivolous motion as sanctions against Plaintiff.

## ARGUMENT

### I.    TARGET PRODUCED ALL INVESTIGATION FILES.

Plaintiff accuses Target of hiding "investigation files" allegedly revealed through two depositions. (Plaintiff's Motion, ¶ 1.) Plaintiff fails to provide a record cite to the depositions identifying what documents he is referring to, and even fails to attach the request for production where he allegedly requested the cited "investigation files."

Plaintiff is wrong. All non-privileged documents and investigation files have been produced in this case. Moreover, if Target failed to produce discovery, Plaintiff is required to file a timely Motion to Compel pursuant to Fed. R. Civ. 37(a) within 30 days from the time he became aware of the alleged outstanding discovery. In this case, Plaintiff has failed to do so. Rather, only after Target served its Motion in Limine Precluding the Testimony of Plaintiff's Expert did Plaintiff decide to file the instant ludicrous Motion.

Target has fully complied with its discovery obligations and has produced all relevant documents in this case. Accordingly, the Court should deny Plaintiff's Motion.

### II.    PLAINTIFF'S ALLEGATION THAT TARGET FAILED TO PRODUCE A WITNESS IS UNTRUE.

Plaintiff alleges that Target failed to produce Mark Hastings, Target's District Manager and Plaintiff's supervisor, for deposition, and claims that Target only provided Hastings on dates that Target allegedly knew Hastings was unavailable. (Plaintiff's Motion, ¶ 2.) Plaintiff's allegations are false.

Plaintiff has known that Hastings – his direct supervisor and the individual who informed Plaintiff that he was terminated – was a relevant witness since this lawsuit was filed. At Plaintiff's deposition on *June 5, 2000,* Plaintiff testified about Hastings, his meetings with Hastings that led to his termination, and mentioned Hastings over 30 times during the deposition. Target disclosed that Hastings was a relevant witness in this case on *June 16, 2000,* in Target's Response to

2

Plaintiff's First Set of Interrogatories, and provided Hastings' Oregon address. (Ex. 1, Target's Response to Plaintiff's First Set of Interrogatories.) On *December 11, 2000,* Target again disclosed that Hastings was a relevant witness in Target's Witness List and again provided Hastings' Oregon address, and on *December 18, 2000,* Plaintiff himself identified Hastings as a relevant witness in Plaintiff's Witness List. (Ex. 2, Target's Witness List and Plaintiff's Witness List.)

Before discovery concluded on March 15, 2001, Plaintiff had *14 months* within which to depose Hastings in a case where Plaintiff has *extended discovery on two separate occasions.* In fact, in February 2001, Plaintiff had sufficient time to depose Hastings since he took four depositions (Jacquie Scott, Erica Lyday, Shannon Tetrault, and Don Fankhauser). Plaintiff's blame of undersigned counsel for his own counsel's failure to take Hastings' deposition is baseless. For Plaintiff to accuse Target of dilatory tactics, when his counsel failed to timely depose Hastings during 14 months of discovery, is simply a tactic to cover up Plaintiff's counsel's own failures.

Moreover, Plaintiff's allegation that Target prevented him from taking Hastings' deposition in March is another untruth. On February 15, 2001, for the very first time, Plaintiff noticed the deposition of Hastings to take place in Miami, Florida, without conferring with counsel as to a date and even though Plaintiff knew that Hastings resided in Oregon. (Ex. 3, Plaintiff's Notice of Taking Deposition.) On February 16, 2001, undersigned counsel sent a letter to Mr. Burton stating that, although Plaintiff had exceeded the 10-deposition limit and had lacked the courtesy to confer with opposing counsel to schedule a deposition date (as required to by this Court's Discovery Practices Handbook), Target would not oppose Hastings' deposition. (Ex. 4, February 16, 2001 letter). In the February 16th letter, Target suggested two convenient dates for the deposition. Moreover, Target did not request that Hastings have to be subpoenaed in Oregon as a courtesy and on the understanding that Plaintiff would schedule the deposition for a convenient date pursuant to this

3

Court's Discovery Practices Handbook. At no time did Mr. Burton inform counsel that he was unavailable on the two dates that Target had suggested.[1]

In response, and still in violation of this Court's Discovery Practices Handbook, on February 28, 2001, Mr. Burton unilaterally rescheduled Hastings' deposition again without conferring with counsel to March 14, 2001, a date that was not suggested and in which the deponent was unavailable. (Ex. 6, Plaintiff's Notice of Deposition.)  Attempting to resolve the problem, Target's counsel had several conversations with Mr. Burton who refused to cancel the deposition even though he was informed that Hastings was unavailable on March 14th because he was traveling out of Oregon.

On March 1, 2001, Target's counsel informed Mr. Burton in writing that Hastings was unavailable for deposition on March 14th because he was traveling out of Oregon on business. (Ex. 7, March 1, 2001 letter.) On March 2, 2001, Mr. Burton telephoned Target's counsel and stated that he was traveling to Oregon regardless of whether Hastings was available. *For the first time,* Mr. Burton alleged that he was unable to travel to Oregon on March 8th and 9th because of an alleged (and still undisclosed) mediation at the Department of Justice. (Ex. 8, March 2, 2001 cover sheet). In an attempt to resolve the dispute, Target's counsel wrote to Mr. Burton on March 2 and 7, 2001. (Ex. 9, March 2, 2001 letter; Ex. 10, March 7, 2001 letter.) Target even offered to allow Hastings' deposition to be taken *telephonically* so as to resolve the dispute. (Ex. 10, March 7, 2001 letter.) However, Mr. Burton refused to take Mr. Hastings' deposition telephonically.

Clearly, Target attempted to work with Plaintiff late in discovery by allowing Hastings' deposition to be taken without a subpoena (solely on the understanding of a convenient deposition date for the parties), by telephone, and outside the 10-deposition limit. Any loss that Mr. Burton suffered because he purchased a plane ticket on a deposition in which he failed to confer with

---

[1] The Court should note that since February 16, 2001, all communications with Mr. Burton have to be in writing, since Mr. Burton has made numerous misrepresentations, including two deliberate misrepresentations to the Court. See Ex. 5, February 16, 2001 letter.

opposing counsel as to the date, disregarded Target's counsel's repeated letters and conversations informing him that Hastings was unavailable on March 14th, and failed to subpoena the deponent when the parties could not agree on dates was caused by his own recalcitrant actions. What is truly egregious is that Mr. Burton now blames Target for his own violation of the Discovery Practices Handbook and makes misrepresentations to this Court. Accordingly, the Court should deny Plaintiff's Motion.

## III.    TARGET WAS NOT REQUIRED TO MOVE FOR A PROTECTIVE ORDER AS TO HASTINGS' DEPOSITION BECAUSE HE WAS NOT SUBPOENAED.

Plaintiff claims that Target failed to file a motion for protective order or an objection to Hastings' deposition. (Plaintiff's Motion, ¶ 13.) Target was not required to file a motion for protective order because Hastings was never subpoenaed as required by Fed. R. Civ. P. 30 for the attendance of witnesses. Target is not required to file a motion for protective order or an objection when the deponent, a non-party, is not subpoenaed. Interestingly, Plaintiff's Motion fails to explain why Target was allegedly required to file a motion for protective order or an objection.

Plaintiff claims that "Hastings was duly served with a notice of taking deposition on February 28, 2001." (Plaintiff's Motion, ¶ 15.) This is untrue. Hastings was never served with a notice or a subpoena, and Plaintiff has not provided such evidence. Accordingly, the Court should deny Plaintiff's Motion.

## IV.    TARGET HAD THE RIGHT TO REQUEST EXPERT DISCLOSURE INFORMATION BEFORE TAKING THE EXPERT'S DEPOSITION.

Plaintiff blames Target for requesting expert disclosure documentation and information – as required by S.D. Fla. L.R. 16.1 and Fed. R. Civ. P. 26(a) – before taking Plaintiff's expert's deposition. (Plaintiff's Motion, ¶ 4.) Plaintiff has repeatedly refused to provide Target with a single expert report, expert summary, or any of the expert discovery mandated by S.D. Fla. L. R. 16.1 and

5

Fed. R. Civ. P. 26(a)(2)(B), that would have allowed Target to depose Stanley Foodman, Plaintiff's expert. Target has not received a single document requested which involves Plaintiff's expert despite numerous attempts to obtain this information prior to the date of Plaintiff's expert's deposition.

On March 29, 2000, Target requested information involving Plaintiff's expert in Target's First Set of Interrogatories. Specifically, Target requested that Plaintiff, "Please state in detail the substance of the opinions to be provided by each person whom you may use as an expert witness at trial." (Ex. 11, First Set of Interrogatories.) In response, Plaintiff simply stated, "n/a." (Ex. 12, Response to Target's First Set of Interrogatories.)

On March 29, 2000, Target requested information involving Plaintiff's expert in Target's First Request for Production. Specifically, Target requested the expert report and all documents reviewed by the expert. (Ex. 13, Target's Request for Production.) Plaintiff failed to file a response to Target's Request for Production and simply filed a notice of serving documents. However, the documents Plaintiff provided did not include any expert report or summary, and did not reveal which documents (if any) were reviewed by an expert. Moreover, since Plaintiff had identified "not applicable" when responding to the expert interrogatory, documents produced in response to the overall request had no apparent connection to an expert, nor had any expert been identified by Plaintiff.

Pursuant to the Court's April 9, 2000 Order Setting Trial Date and Discovery Schedule, Plaintiff was required to provide his expert's report and/or summary, as well as the mandated expert disclosure documents, by November 6, 2000, or 90 days before the February 5, 2001 pretrial conference. Nonetheless, Plaintiff completely failed to provide the expert information and documents.

6

On November 24, 2000, Target requested, once again, the above referenced expert information in Target's Expert Interrogatories to Plaintiff. (Ex. 14, Target's Expert Interrogatories to Plaintiff.) However, Plaintiff failed to provide any response, information, or documents.

From December 15, 2000 until March 2, 2001, Target repeatedly tried to schedule a deposition date for Plaintiff's expert, but Mr. Burton failed to provide a single date in which his expert could be deposed. (See Ex. 15, December 15, 2000 letter; Ex. 16, December 20, 2000 letter; Ex. 17, Jan. 22, 2001 letter; Ex. 18, Feb. 8, 2001 letter; Ex. 19, Feb. 9, 2001 letter; Ex. 4, Feb. 16, 2001 letter; and Ex. 20, March 1, 2001 letter.) On March 2, 2001, Mr. Burton finally consented to a date of March 15, 2001 – interestingly, the last day of discovery – to allow Target to depose Plaintiff's expert. (Ex. 21, March 2, 2001 handwritten response letter). In a conversation on or about March 2, 2001, undersigned counsel again requested all reports, summaries, documents, and information involving Plaintiff's expert which had been previously requested in Target's First Set of Interrogatories, Target's Request for Production, and Target's Expert Interrogatories. In addition, undersigned counsel made it clear in writing that Target needed Plaintiff's expert's conclusions before the deposition. (Ex. 9, March 2, 2001 letter.)

From March 2, to March 8, 2001, Plaintiff's counsel ignored the request and did not provide the documents and information that would have allowed Target to depose Plaintiff's expert. On March 8, 2001, undersigned counsel again requested that Plaintiff provide the documents involving Plaintiff's experts before the deposition so that he could depose Plaintiff's expert:

> Please provide me with all documents and materials, if any, that you or your agents provided to Plaintiff's expert, Stanley Foodman, or his agents, as well as all expert reports, in connection with this litigation as requested in Target's First Request for Production dated March 29, 2000. Also provide me with a response to Target's Expert Interrogatories to Plaintiff served on November 24, 2000. I ask that the documents and responses be provided to me *by Monday, March 12, 2001.*

(Ex. 22, March 8, 2001 letter) (emphasis added).

7

On March 14, 2001, the day before Plaintiff's expert's scheduled deposition date, Plaintiff continued to refuse to provide any reports, summary, documents or information involving Plaintiff's expert. Consequently, Target had no choice but to cancel the expert's deposition. (Ex. 23, March 14, 2001 letter.) On March 14, 2001, Mr. Burton responded to the cancellation (unprofessionally and rudely) by handwriting **"YOU LIE"** in large letters across the face of the undersigned counsel's March 14th letter. (Ex. 24, March 14, 2001 handwritten response letter.) Apparently, Mr. Burton expected Target to ignore the Federal Rules of Civil Procedure and this Court's Local Rules, and depose Plaintiff's expert with no information whatsoever beforehand.

Target has attempted to amicably work with Plaintiff and Mr. Burton to schedule convenient dates for Plaintiff's expert's deposition and to allow Plaintiff sufficient time to obtain and produce the requested documents that would permit Target to depose Plaintiff's expert. Unfortunately, Target's letters were ignored and the information was never provided as required by S.D. Fla. L. R. 16.1 and Fed. R. Civ. P. 26(a)(2)(B). Plaintiff's allegation that Target agreed to depose Plaintiff's expert by reviewing the materials at the deposition is false.

Target never received a single expert report, summary, document, or information requested (*e.g.,* documents relied by the expert, list of the expert's qualifications, curriculum vitae, etc.) which involve Plaintiff's expert. Plaintiff's allegation that he has produced expert documents in this case is untrue since no such documents were ever identified or produced. Plaintiff deliberately delayed Target from taking Plaintiff's expert's deposition until the very last day of discovery (March 15, 2001) and then refused to provide the mandatory expert report, summary, information, and documents. In fact, Target was willing to depose Plaintiff's expert if the expert information and documents were provided several days before the scheduled deposition. As a result of Plaintiff's actions, Target was unable to take the deposition of Plaintiff's expert because it lacked the required expert report, summary, information, and documents. See Fed. R. Civ. P.26(b)(4)(A) ("If a report

8

from the expert is required under subdivision (a)(2)(B), the deposition shall not be conducted until after the report is provided."). Accordingly, the Court should deny Plaintiff's Motion.

## V.  PLAINTIFF IS RESPONSIBLE FOR THE MARCH 15TH DEPOSITION DATE OF HIS EXPERT AND PLAINTIFF'S SPOUSE.

Plaintiff accuses Target of "late scheduling" the depositions of Plaintiff's wife and expert on the last day of discovery, insinuating that Target had some hidden agenda. (Plaintiff's Motion, ¶ 9.) The irony is that Plaintiff forced Target to "late schedule" these depositions on March 15th because Mr. Burton refused to provide convenient dates for his expert and witness after numerous repeated requests.

On December 15, 2000, undersigned counsel wrote to Mr. Burton requesting dates for his expert's deposition. (Ex. 15, December 15, 2000 letter.) Mr. Burton ignored the December 15th letter, and on December 20, 2000, undersigned counsel wrote a second letter to Mr. Burton setting down the expert's deposition, but stating that, "If the deposition date is inconvenient to you or the experts, please advise and I will reschedule the depositions to a date that is at your convenience," (Ex. 16, December 20, 2000 letter.) At Plaintiff's subsequent request, the depositions were rescheduled.

On February 8, 2001, undersigned counsel wrote a third letter to Mr. Burton asking for available deposition dates for Plaintiff's expert. (Ex. 18, Feb. 8, 2001 letter.) Mr. Burton did not respond to the February 8th letter. On February 9, 2001, undersigned counsel wrote a fourth letter to Mr. Burton asking for available deposition dates for Plaintiff's wife, as well as reminding him of available dates for the expert's deposition. (Ex. 19, Feb. 9, 2001 letter.) Mr. Burton did not respond to the February 9th letter. On February 16, 2001, undersigned counsel wrote a fifth letter to Mr. Burton asking for available dates to depose Plaintiff's expert and wife. (Ex. 4, Feb. 16, 2001 letter.) Mr. Burton did not respond to the February 16th letter.

9

On March 1, 2001, undersigned counsel wrote a sixth letter to Mr. Burton asking for available dates to depose Plaintiff's expert and wife and stating that if Plaintiff failed to respond, undersigned will unilaterally notice the depositions. (Ex. 20, March 1, 2001 letter.) Finally, on March 2, 2001, Mr. Burton finally consented to a date of March 15, 2001 – interestingly, the last day of discovery – to allow Target to depose Plaintiff's expert. (Ex. 21, March 2, 2001 handwritten response letter.) As the evidence shows, it is ludicrous and disingenuous for Mr. Burton to accuse Target of deliberately "late scheduling" Plaintiff's expert's and wife's deposition when he caused the delay.

In addition, Plaintiff's allegation that Target delayed in issuing the subpoenas until March 6, 2001 is baseless. (Plaintiff's Motion, ¶ 11.) On Friday, March 2nd, Mr. Burton finally provided available dates to depose Plaintiff's expert and wife. The subpoenas were issued two business days later, on Tuesday, March 6th. For the foregoing reasons, the Court should deny Plaintiff's Motion.

## VI.    PLAINTIFF'S SECOND DISCOVERY REQUEST WAS UNTIMELY.

Plaintiff seeks sanctions against Target because it objected to Plaintiff's untimely Second Request for Production. The discovery deadline was *March 15, 2001* (after the Court provided two extensions of the discovery cut-off date upon Plaintiff's requests). On *February 28, 2001,* Plaintiff served his Second Request for Production, 15 days before the discovery deadline. Consequently, Target properly objected since the discovery request was untimely. As this Court is aware:

> Local General Rule 16.1.A. sets discovery completion dates for differentiated case management tracks. The judges may have individual methods extending the deadline, however, *each judge follows the rule that the completion date means that all discovery must be completed by that date. For example, interrogatories must be served more than thirty days prior to the completion date to permit the opposing party to respond. Untimely discovery requests are subject to objection on that basis.*

(S.D. Fla. Gen. App. A, § I(E) (emphasis added). Accordingly, the Court should find that Plaintiff's arguments lack merit.

10

## CONCLUSION

Defendant, TARGET CORPORATION, respectfully requests that the Court deny Plaintiff's

Motion. In addition, Plaintiff has filed a frivolous motion – rife with untruths and misrepresentations

– that has caused Target to incur attorneys' fees and costs in responding. Target also requests that

the Court award it the reasonable attorneys' fees and costs associated with this Response as allowed

by Fed. R. Civ. P. 37.

Respectfully submitted,

SHUTTS & BOWEN LLP
Attorneys for Defendant
201 South Biscayne Boulevard
1500 Miami Center
Miami, Florida 33131
(305) 358-6300
(305) 347-7386 (facsimile)

By: _____

Sheila M. Cesarano
Florida Bar Number 708364
Rene Gonzalez-LLorens
Florida Bar Number 0053790

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was mailed on this $\underline{18}$ day of April, 2001 to:

Richard J. Burton, Esq.
Richard J. Burton & Associates, P.A.
18305 Biscayne Boulevard, Suite 300
Miami, Florida 33160.
Tel: (305) 705-0888
Fax: (305) 935-9542
Attorney for Plaintiff

OF COUNSEL

MIADOCS 411105 1 RGL

12

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**

**CASE NO. 00-6107-CIV-FERGUSON
MAGISTRATE JUDGE SNOW**

**STEVE HARRIS,**

Plaintiff,

v.

**D A Y T O N   H U D S O N
CORPORATION,** d/b/a **TARGET
STORES,**

Defendant.

_____/



EXHIBIT

1

## DEFENDANT'S RESPONSE TO PLAINTIFF'S
## FIRST SET OF INTERROGATORIES

Defendant, DAYTON HUDSON CORPORATION, d/b/a TARGET STORES

("Target"), pursuant to Fed. R. Civ. P. 33, hereby responds to Plaintiff STEVE

HARRIS' First Set of Interrogatories (the "Interrogatories") as follows:

### GENERAL OBJECTIONS

1.    Target objects to the Interrogatories to the extent that, through definitions,

instructions, or otherwise, it seeks documents or information, or purports to impose

obligations or duties upon Target, that are beyond the scope of discovery permitted

by the applicable rules of civil procedure.

2.    Target objects to the Interrogatories to the extent that it seeks, or purports to

require, production of documents or information that constitutes trade secrets or

confidential and proprietary commercial information concerning Target's business and/or business practices.

3.      Target objects to the Interrogatories to the extent that it seeks, or purports to require, information or the production of documents encompassed by the attorney client privilege, the work product doctrine, or any other common law, statutory, or regulatory proscription or exemption from discovery.

4.      Target objects to the Interrogatories to the extent that it seeks irrelevant documents or information not reasonably calculated to lead to the discovery of admissible evidence.

## RESPONSES

1.      For each person assisting the Defendant in the facts contained in the Answers to interrogatories, asked herein, please state each person's full name, address their official position and the interrogatories in which they assisted in the preparation of the answer, by interrogatory number.

**Response:**
Terry Gillespie
Regional Personnel Manager
c/o Target Stores
300 Primera Boulevard
Suite 400
Lake Mary, FL 32746

Sheila Cesarano
c/o Shutts & Bowen
1500 Miami Center
201 S. Biscayne Boulevard
Miami, Florida 33131

2.      State the name, address and profession of each person whom you expect to call as a witness at trial (including any expert witnesses) or for any other purposes in this cause.

**Response:**
Doug Barth
2525 NW 49th Terrace
Coconut Creek, Florida 33063-3889

Tim Blacknick
255 NE 6th Street
Boca Raton, Florida 33432

Don Fankhauser
Assets Protection Team Leader
Target Store T667
5855 Chantry Drive
Columbus, Ohio 43232

Stacy Faulkner
Target Store T634
2000 Waters Road
Ann Arbor, Michigan 48103

Betty Gadson
Target Store T393
1200 S. Federal Highway
Deerfield Beach, FL 33441

Terry Gillespie
Regional Personnel Manager
c/o Target Stores
300 Primera Boulevard
Suite 400
Lake Mary, FL 32746

Sandy Gryzbak
Team Relations Leader
Target Store T393
1200 S. Federal Highway
Deerfield Beach, Florida 33441

Sunil Harrypersad
Executive Team Leader
Target Store T396
8399 No. University Drive

Tamarac, Florida 33321

Mark Hasting
Spoke Director
Target Store S293
7401 SW Washo Court, Suite 100
Tualatin, Oregon 97062

Donna Keil
5019 80 Terrace So.
Lake Worth, Florida 33467

Caryn Lapre f/k/a Knapp
c/o Target Stores T393
1200 S. Federal Highway
Deerfield Beach, Florida 33441

Paula Layne
Guest Service Team Leader
c/o Target Stores T630
6250 Sample Road
Coral Springs, Florida 33067

Erika Lyday
Team Relations Leader
Target Store T638
21637 State Road 7
Boca Raton, FL 33428

Joy Manasek
Target D310 District Office
1901 S. Congress Avenue, Suite 210
Boynton Beach, Florida 33426

Tina McHugh
Executive Team Leader
Target Store T1104
2700 Timber Drive
Garner, North Carolina 27529

SHUTTS & BOWEN LLP · 1500 MIAMI CENTER · 201 SOUTH BISCAYNE BOULEVARD · MIAMI, FLORIDA 33131 · (305) 358-6300

Natalie McKenna
Executive Team Leader
Target Store T638
6250 Sample Road
Coral Springs, Florida 33067

Corrine Robbins

Ron Raplee
526 21st Avenue North
Lake Worth, FL 33460

Annette Dugay f/k/a Steinberg
c/o Target Stores T393
1200 S. Federal Highway
Deerfield Beach, Florida 33441

Brandy Svoboda
Executive Team Leader
1731 NW 2nd Street
Deerfield Beach, FL 33482

Shannon Tetrault
Executive Team Leader
Target Store T630
6250 Sample Road
Coral Springs, Florida 33067

Dyanne Vass
Target Store T393
1200 South Federal Highway
Deerfield Beach, Florida 33441

Laurie Wagner
Target Store T638
21637 State Road 7
Boca Raton, FL 33428

Jeff Warren
Target Spoke 495 Office
1200 Ashwood Parkway, Suite 250
Atlanta, Georgia 30338

SHUTTS & BOWEN LLP : 1500 MIAMI CENTER : 201 SOUTH BISCAYNE BOULEVARD : MIAMI, FLORIDA 33131 / (305) 358-6300

a) For each such Witness, State the facts and/or opinions to which each of the aforementioned witnesses are expected to testify, for each such Witness set forth in Question 2, above (fact, and/or expert), set forth a complete list of all documents, depositions, exhibits, plans, drawings, ordinances or statutes which each fact and/or expert has used in basing his/her testimony and/or opinion. Fully identify all such documents.

1) With regard to each expert witness listed above, state his background, education and experience which qualify him to testify as an expert in his area of expertise.

2) With regard to each expert witness listed above, give the name or title of each paper which each expert has authored in the field of his/her expertise, including providing the name, volume and page number of the publication in which the article or paper listed above can be found.

3) Give a summary of the grounds or basis for each opinion stated.

4) Has the expert listed above practiced or worked in his field during the past five years? If so, please state:

A. Whether he was self-employed, employed by someone or associated as a partner, or officer in a private company.

B. Each address where he (she) practiced or was employed.

C. The dates he was with each employer.

D. The type of duty he performed with each employer.

5) If he has not practiced or worked in his field during the last five years, what was his/her employment during that time?

6) Did the expert submit a report setting forth his opinions or conclusions reached from his examination or any tests he conducted?

SHUTTS & BOWEN LLP · 1500 MIAMI CENTER · 201 SOUTH BISCAYNE BOULEVARD · MIAMI, FLORIDA 33131 · (305) 358-6300

    A.    If so, state the date the report was submitted.

    B.    The name or other means of identification of the person to whom this report was submitted.

    C.    the name and address of the person who has present custody of the report.

    D.    Did the expert submit any other reports based upon tests, examinations or analyses of documents that he conducted in which he did not render an opinion?

        (1)    If so, state the description of each report that was made, including: a) the date that each report was made, b) the name or other means of identification of the person to whom each report was submitted, c) the name and address of the person who has present custody of said report.

7)    Is the expert(s) to be compensated for his work and efforts in connection with this action?

    A.    If so, how much is he to be paid? If he has not been paid, then give the basis for payment, such as rate, etc.

8)    If you will do so without a request to produce, attach a copy of any reports made by each expert) on the basis of his tests, examinations or analyses to your answers to these interrogatories.

9)    Has the expert served as an expert witness in any other litigation case in the past three years?

    A.    If so, state as to each case:

        (1)    The style of the case, the court in which it was filed, and the names and addresses of the attorneys involved.

SHUTTS & BOWEN LLP  1500 MIAMI CENTER  201 SOUTH BISCAYNE BOULEVARD / MIAMI FLORIDA 33131 / (305) 358 6300

    (2)    Whether he testified for the plaintiff or defendant.

    (3)    The area of field in which he held himself out to be an expert.

## Response:

None of the above witnesses are expert witnesses. All of the witnesses will testify regarding Plaintiff's work history, performance and conduct. The facts to which the above witnesses may testify will be based, in part, on Plaintiff's personnel file and Mr. Gillespie's investigatory file on the sexual harassment accusations against the Plaintiff.

    3.    Describe with particularity any policies Defendant had/has regarding racial discrimination and/or Equal Employment Opportunities in the workplace for the period commencing January, 1990 to the present and for such policies please state the dates during which the policies were in effect; a description of the policies; whether the policies were formal or informal; whether the policies were written or oral and, if written, the present location and custodian of a copies of the policies.

## Response:

Objection. Interrogatory number 3 is outside the scope of the relevant time period. Also, this interrogatory is beyond the scope of Local Rule 26.1.G. Notwithstanding this objection, Defendant has produced its Diversity Policy and its Employee Handbook (which became effective June, 1996).

    4.    For each of Defendant's policies against racial discrimination in the work place for the period commencing January, 1990 to the present, please state, with reference to each individual responsible for formulating such policy, his/her name, address, race, age, race, national origin and religion; employment history with Defendant including job titles and dates; the dates during which each such person was responsible for setting policy; and the specific job categories or departments for which such person was responsible.

## Response:

Objection. Interrogatory number 4 is outside the scope of the relevant time period. Also, this interrogatory is beyond the scope of Local Rule 26.1.G. Notwithstanding this objection, the legal team and senior management of the company formulate

policies which are revised from time to time. The names and personal data of such individuals is not known.

5.    For each of Defendant's policies against racial discrimination in the work place for the period commencing January, 1990 to the present, please describe, with specificity, the way Defendant's hiring, personnel, supervisors and other employees were informed of the respective policy and the manner in which said policy was enforced.

**Response:**
Objection. Interrogatory number 5 is outside the scope of the relevant time period. Also, this interrogatory is beyond the scope of Local Rule 26.1.G. Notwithstanding this objection, employees are informed of the respective policy and the manner in which said policy is enforced by reading the employee handbook. Also, there is an EEO poster displayed in a public area.

Each policy would be enforced through the mechanism which is in place for employees to voice their concerns or complaints. As detailed in the handbook, employees can complain to their store team leader, their team relations leader or any other team leader. Employees have the option to complain to the district, region or corporate headquarters or to submit a Let Me Know comment card which would work to commence investigation proceedings.

Employees, like Plaintiff, responsible for hiring personnel would participate in various leadership development training programs.

6.    For each of Defendant's policies against racial discrimination in the work place for the period commencing January, 1990 to the present, please state, with reference to each individual responsible for enforcing such policy, his/her name, address, race, age, race, national origin and religion; employment history with the Defendant, including job titles and dates; the dates during which each individual was responsible for enforcing such policy and the specific job categories and/or departments for which such person was responsible.

**Response:**
Objection. Interrogatory number 6 is outside the scope of the relevant time period, is overly broad and burdensome. Also, this interrogatory is beyond the scope of Local Rule 26.1.G.

7.    For the period commencing January, 1990 to the present, please describe, with particularity, any procedure(s) and/or policy(ies) Defendant has/had for handling complaints of racial discrimination and state the name, title and race of

each person responsible for development of the policies and/or procedures; state the effective date of the policies and/or procedures; state the name, title and race of each person responsible for administering the policies and/or procedures; describe how employees are informed of these policies and/or procedures; describe any special measures taken to encourage victims of racial discrimination to seek Defendant's assistance through use of these policies and/or procedures and the present location and custodian of copies of the respective policies and/or procedures.

## Response:

Objection. Interrogatory number 7 is outside the scope of the relevant time period beyond the scope of Local Rule 26.1.G. Notwithstanding this objection, employees are notified via the Employee Handbook of their right to complain to store managers, district managers or regional managers.

8.    If, for the period commencing January, 1990 to the present time there has been any complaint(s) of racial discrimination filed by any employee(s) of Defendant against any employee(s), director(s), officer(s) and/or agent(s) of Defendant with any federal, state and/or local agency, including but not limited to the EEOC, and/or with Defendant itself; than please state with specificity the name, title and race of each employee(s), director(s), officer(s) and/or agent(s) of Defendant who was the basis of the complaint; the name, title (if applicable) and race of the employee(s) and/or student(s) making the complaint; the acts or circumstances of each complaint; the dates of these acts or circumstances; to which federal, state and/or local agency the complaint was filed; the action taken by Defendant in response to each complaint; the name, title and race of the person responsible for investigating each complaint and what the outcome was, including but not limited to, what management's response was to each such complaint.

## Response:

Objection. Interrogatory number 8 is outside the scope of the relevant time period, beyond the scope of Local Rule 26.1.G.,and irrelevant to this disparate treatment case.

9.    If, for the period commencing January, 1990 to the present time, any employee who filed a complaint of racial discrimination was terminated involuntarily or voluntarily resigned at any time after the complaint, please state the name and title of each employee; the basis for the employee's involuntary termination or voluntary resignation; the specific act(s)and/or circumstance(s) involved in the complaint of racial discrimination; each person accused of acts of racial discrimination ; the name and title of each person who investigated the situation; the

MIADOCS 343250.1 M2B                           -10-

results of the Defendant's investigation in resolution of the employee's complaint; and the name, title and race of the person who terminated the employee.

**Response:**
Objection. Interrogatory number 9 is outside the scope of the relevant time period, beyond the scope of Local Rule 26.1.G. and irrelevant to this disparate treatment case.

10.    If, for the period commencing January, 1990 to the present time, were any black managers in Florida fired, or voluntarily terminated their respective employment with Defendant, for any reason? Did any of those former employees file a complaint of racial discrimination with the E.E.O.C. or any other forum (such as a local State or Federal agency, or a complaint within the employment procedures manual of Defendant)? If either of the former instances occurred, please state the name and title of each employee; the basis for the employee's involuntary termination or voluntary resignation; the specific act(s)and/or circumstance(s) involved in the resignation and/or complaint of racial discrimination; each person accused of acts of racial discrimination; the name and title of each person who investigated the situation; the results of the Defendant's investigation in resolution of the employee's complaint; and the name, title and race of the person who terminated the employee. Please describe with specificity the actions taken by Defendant to prevent racial discrimination from occurring in the work place specifically including, but not limited to, the retention and promotion of Black employees into supervisory and/or management positions.

**Response:**
Objection. Interrogatory number 10 is outside the scope of the relevant time period and beyond the scope of Local Rule 26.1.G. Notwithstanding this objection, Sharon Robinson is an African-American former Store Team Leader who voluntarily resigned for a career change. Ms. Robinson did not file a discrimination complaint.

Defendant provides Diversity Training to prevent racial discrimination from occurring in the work place and has a Diversity Goal Setting program specifically including, but not limited to, the promotion of African-American employees into supervisory and/or management positions.

11.    If, for the period commencing January, 1990 to the present any of Defendant's supervisory employee(s) specifically including, but not limited to, Terry Gillespie, Don Fankhauser, Shannon Tetrauk Marcus Hastings and/or Donna Ked has/had been accused of any offensive conduct in the work place such as racially offensive jokes, race and/or national origin based discrimination or race/national origin based derogatory language please state the act(s) and/or circumstance(s)

involved; the date(s) of their occurrence; the location of their occurrence; the name(s) and title(s) of those involved; the name(s) and title(s) of those responsible for investigating the act(s) and/or circumstance(s); the date and the description of action taken by management in response to the acts) and/or circumstance(s); and whether the act(s) and/or circumstance(s) continued after management's response.

## Response:

Objection. Interrogatory number 11 is outside of the relevant time period. Also, this interrogatory is beyond the scope of Local Rule 26.1.G. Notwithstanding this objection, for the period commencing January, 1990 to the present, Defendant's supervisory employee(s) -- specifically Terry Gillespie, Don Fankhauser, Shannon Tetrault, Marcus Hasting and/or Donna Keil -- have not been accused of any offensive conduct in the work place (such as racially offensive jokes), race and/or national origin based discrimination or race/national origin based derogatory language.

12.     If, for the period commencing January, 1990 to the present the Defendant had/has any oral or written policy(ies) regarding race relationships among co-workers and/or with supervisors please describe, with particularity, any such policy and, for each individual responsible for formulating the policy, set forth his/her name, address, race , age, race, national origin, religion, employment history with Defendant, including job titles and dates; the dates during which each such person was responsible for setting policy; the specific job categories or departments for which each such person was responsible and the present location and custodian of copies of the policies and/or procedures.

## Response:

Objection. Interrogatory number 12 is outside of the relevant time period. Also, this interrogatory is beyond the scope of Local Rule 26.1.G. Notwithstanding this objection, Defendant has produced its Diversity Policy and its Employee Handbook (which became effective June, 1996).

13.     If, for the period commencing January, 1990 to the present Defendant had/has any oral and/or written policies regarding claims of racial discrimination in the work place, please describe the way Defendant's hiring personnel, supervisors and other employees were informed of the policy(ies); describe the manner in which the policy(ies) was enforced and the present location and custodian of copies of the policies and/or procedures.

## Response:

Objection. Interrogatory number 13 is outside of the relevant time period and beyond the scope of Local Rule 26.1.G. Notwithstanding this objection, Defendant's

SHUTTS & BOWEN LLP , 1500 MIAMI CENTER / 201 SOUTH BISCAYNE BOULEVARD / MIAMI, FLORIDA 33131 / (305) 358-6300

hiring personnel, supervisors and other employees were informed of the policies regarding claims of racial discrimination in the work place and the manner in which the policies was enforced through reading the Employee Handbook and the Diversity Policy.

14.    If, for the period commencing January, 1990 to the present, the Defendant had/has any employee(s) counseled regarding the work aspects vis-a-vis race relationships with co-workers; please state with specificity the nature and substance of the counseling, the name, title and race of the employee counseled; the name, title and race of the other involved employee, the date of the counseling; and any follow-up action by management.

## Response:
Objection. Interrogatory number 14 is vague and ambiguous, outside of the scope of the relevant time period and beyond the scope of Local Rule 26.1.G.

15.    If, for the period commencing January, 1990 to the present, the Defendant or any of Defendant's supervisory employees had/has knowledge or suspected that offers or granting of employment opportunities (hiring and/or firing) benefits and/or payoffs have been based on an employee's race; please state the act(s) or circumstance(s) involved, the date(s) of their occurrence, the location of their occurrence, the name(s) and title(s) of those involved, the name(s) and title(s) of those responsible for investigating the act(s) and/or circumstance(s), the date and a description of action taken by management in response to the act(s) and/or circumstance(s) and whether the act(s) and/or circumstance(s) continued after management's response.

## Response:
Objection. Interrogatory number 15 is outside of the relevant time period and beyond the scope of Local Rule 26.1.G. Notwithstanding this objection, Defendant does not have knowledge of, or believe, offers or granting of employment opportunities have been based on an employee's race.

Defendant makes an active effort to recruit minorities, but such minorities must meet the same standards as other executives.

16.    Has Defendant referred Plaintiff's claim to an internal investigation or a dispute resolution and if Defendant has, please state the date on which the claim was submitted, the name(s) and title(s) of the investigator(s), the findings of any investigation, the disposition of the complaint and the present location and custodian of copies of the complaint(s) and the results of any internal investigation or dispute resolution.

MIADOCS 343250 1 M2B                                    -13-

**Response:**
Objection. Interrogatory number 16 is beyond the scope of Local Rule 26.1.G.
Notwithstanding this objection, the response to this interrogatory is "No."

17.    State whether Defendant is insured with an insurance carrier for this
action, and if so, please state the name of the insurance carrier, the identity of the
insurance policy and the extent of the coverage.

**Response:**
Defendant is not insured with an insurance carrier for this action.

18.    With regard to all witnesses who have knowledge of any facts or
circumstances surrounding the events, transactions and occurrences that are the
subject matter of this litigation and/or knowledge relating to any admission of the
parties (including their agents, servants and employees) and/or knowledge relating
to the damages claimed and further, that witness is expected to testify at trial, please
set forth his/her name, address, telephone number and, with specificity, what said
witness's testimony will be.

**Response:**
See response to Interrogatory Number 2.

19.    With regard to the Plaintiff, please identify all documents which in any
way concern Plaintiff's performance or lack of performance, identify each person
with any knowledge about each of the aforementioned documents; provide a brief
summary of each such persons knowledge and provide the present location and
custodian of copies of the aforementioned documents.

**Response:**
Defendant previously produced the Plaintiff's personnel file and Mr. Gillespie's file
on his sexual harassment investigation of Plaintiff.    Also see response to
Interrogatory Number 2.

20.    State the name(s), address(s) and places) of employment of any
person(s) who has ever made derogatory or unfavorable statements or reports
concerning the Plaintiff's performance in connection with his employment with the
Defendant. In answering this interrogatory, do not confine your answers to those
persons who actually made the derogatory statements, but include the names and
addresses of people who heard about such derogatory statements or information.

**Response:**

Objection.    Interrogatory number 20 is overly broad, vague and burdensome. Notwithstanding this objection, see response to Interrogatory Number 2.

21.    Does Defendant allege or contend that it is not reasonable to expect that supervisory or management personnel should have had knowledge of the acts and/or circumstances that form the basis of Plaintiff's complaint and if so, please state, with specificity, the basis for this allegation or contention.

**Response:**

Objection. Interrogatory number 21 is vague, ambiguous and beyond the scope of Local Rule 26.1.G.

22.    Has Defendant taken any additional actions to insure that the appropriate parties, including but not limited to management and/or supervisory personnel, are aware of such acts and/or circumstances of racial discrimination that form the basis of Plaintiff's complaint and if so, please state the action taken; the name and title of each person responsible and the date any new measures were implemented.

**Response:**

Objection. Interrogatory number 22 is vague, unintelligible, and beyond the scope of Local Rule 26.1.G. In addition, this interrogatory improperly assumes that the alleged discrimination indeed took place.

23.    Does Defendant allege or contend that the acts and/or circumstances that form the basis of Plaintiff's complaint were welcomed by Plaintiff and if so, please state, with specificity, the basis for this allegation or contention.

**Response:**

Objection.    Interrogatory number 23 is vague and ambiguous.    Also, this interrogatory is beyond the scope of Local Rule 26.1.G.

24.    Does Defendant allege or contend that Plaintiff was a voluntary participant in the acts that form the basis of Plaintiff's complaint and if so, please state, with specificity, the basis for this allegation or contention.

**Response:**

Objection.    Interrogatory number 24 is vague and ambiguous.    Also, this interrogatory is beyond the scope of Local Rule 26.1.G.

SHUTTS & BOWEN LLP / 1500 MIAMI CENTER / 201 SOUTH BISCAYNE BOULEVARD / MIAMI, FLORIDA 33131 / (305) 358-6300

25.    Does Defendant allege or contend that Plaintiff is hyper-sensitive and that the acts complained of would not be offensive to a reasonable person and if so, please state, with specificity, the basis for this allegation or contention.

**Response:**
Objection. This interrogatory is irrelevant and beyond the scope of Local Rule 26.1.G.

SHUTTS & BOWEN LLP · 1500 MIAMI CENTER · 201 SOUTH BISCAYNE BOULEVARD · MIAMI, FLORIDA 33131 · (305) 358-6300

TARGET CORPORATION

BY: _____

STATE OF _Florida_    )
                       )SS:
COUNTY OF _Dade_    )

       The foregoing instrument was acknowledged before me this _16th_ day of _June_, 2000, by _TERRY Gillespie_, who is personally known to me or who has produced _____ as identification and who did/did not take an oath.

_____
Notary Signature

_____
Notary Printed Name

My Commission Expires:

_____

```
OFFICIAL NOTARY SEAL
KAREN LEA LARSH
NOTARY PUBLIC STATE OF FLORIDA
COMMISSION NO. CC719399
MY COMMISSION EXP. MAR. 17,2002
```

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6107-CIV-FERGUSON/SNOW

STEVE HARRIS,

     Plaintiff,

v.

DAYTON HUDSON
CORPORATION, d/b/a TARGET
STORES,

     Defendant.

_____/

## DEFENDANT'S WITNESS LIST

Defendant, TARGET CORPORATION ("Target"), pursuant to the Court's April 9,

2000 Order provides its Witness List.


Doug Barth
2525 NW 49th Terrace
Coconut Creek, Florida 33063-3889

Dr. Evelina Bestman, Plaintiff's expert

Tim Blacknick
255 NE 6th Street
Boca Raton, Florida 33432

Loretta Fabricant
100 SE 2nd Street
Suite 3910
Miami, Florida 33131



1

Don Fankhauser
Assets Protection Team Leader
Target Store T667
5855 Chantry Drive
Columbus, Ohio 43232

Stacy Faulkner
Target Store T634
2000 Waters Road
Ann Arbor, Michigan 48103

Evan Feldman

Stanley I. Foodman, CPA - Plaintiff's Expert
1201 Brickell Avenue
Suite 610
Miami, Florida

Betty Gadson
Target Store T393
1200 S. Federal Highway
Deerfield Beach, FL 33441

Terry Gillespie
Regional Personnel Manager
c/o Target Stores
300 Primera Boulevard
Suite 400
Lake Mary, FL 32746

Dr. Harry Graff
300 Biscayne Boulevard Way
715 DuPont Plaza Center
Miami, Florida 33131

Sandy Gryzbak
Team Relations Leader
Target Store T393
1200 S. Federal Highway
Deerfield Beach, Florida 33441

2

Steve Harris
c/o Richard Burton
18305 Biscayne Boulevard
Suite 300
Miami, FL 33160

Sunil Harrypersad
Executive Team Leader
Target Store T396
8399 No. University Drive
Tamarac, Florida 33321

Mark Hasting
Spoke Director
Target Store S293
7401 SW Washo Court, Suite 100
Tualatin, Oregon 97062

Claresa Howard
Target Store T393
1200 S. Federal Highway
Deerfield Beach, FL 33441

Donna Keil
5019 80 Terrace So.
Lake Worth, Florida 33467

Caryn Lapre f/k/a Knapp
c/o Target Stores T393
1200 S. Federal Highway
Deerfield Beach, Florida 33441

Henry Latimer, Esq. - Plaintiff's Expert

Paula Layne
Guest Service Team Leader
c/o Target Stores T630
6250 Sample Road
Coral Springs, Florida 33067

Lisa Leffew
5941 NE 3rd Avenue
Fort Lauderdale, FL 33334

3

Erika Lyday
Team Relations Leader
Target Store T638
21637 State Road 7
Boca Raton, FL 33428

Joy Manasek
Target D310 District Office
1901 S. Congress Avenue, Suite 210
Boynton Beach, Florida 33426

Tina McHugh
Executive Team Leader
Target Store T1104
2700 Timber Drive
Garner, North Carolina 27529

Natalie McKenna
Executive Team Leader
Target Store T638
6250 Sample Road
Coral Springs, Florida 33067

Patricia Morris
Target Store T393
1200 S. Federal Highway
Deerfield Beach, FL 33441

Joe Murphy
Murphy Retail Inc.
1700 S. Dixie Highway
Suite 510
Boca Raton, FL 33432

Howard Ron Raplee
526 21st Avenue North
Lake Worth, FL 33460

Corrine Robbins

4

Jose A. Romano - Plaintiff's Expert
Accountant & Auditor
c/o City of Miami
444 SW 2nd Avenue
Miami, Florida 33130

Sandy Rosenberg
Target 642
1200 Linton Boulevard
Delray, Florida 33444

Annette Dugay f/k/a Steinberg
c/o Target Stores T393
1200 S. Federal Highway
Deerfield Beach, Florida 33441

Brandy Svoboda
1731 NW 2nd Street
Deerfield Beach, FL 33482

Shannon Tetrault
Executive Team Leader
Target Store T630
6250 Sample Road
Coral Springs, Florida 33067

Simone Tripp
Target Store T638
21637 State Road 7
Boca Raton, FL 33428

Dyanne Vass
Target Store T393
1200 South Federal Highway
Deerfield Beach, Florida 33441

Laurie Wagner
Target Store T638
21637 State Road 7
Boca Raton, FL 33428

Jeff Warren
Target Spoke 495 Office
1200 Ashwood Parkway, Suite 250
Atlanta, Georgia 30338

Rene Wasco
Target 642
1200 Linton Boulevard
Delray, Florida 33444

All witnesses identified by the Plaintiff.

Rebuttal and Impeachment Witnesses.

By inclusion of any of Plaintiff's witnesses herein, Defendant does not waive its right to object to any of the witnesses to be listed by Plaintiff. Defendant reserves the right to amend this Witness List upon learning of additional persons with knowledge of the facts of this case.

> SHUTTS & BOWEN LLP
> Attorneys for Defendant
> 1500 Miami Center
> 201 South Biscayne Boulevard
> Miami, Florida 33131
> (305) 358-6300
> (305) 381-9982 (facsimile)
>
> By: _____
> Sheila M. Cesarano
> Florida Bar Number 708364
> Rene Gonzalez-LLorens
> Florida Bar Number 0053790

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing was mailed this __/__ day of December, 2000 to RICHARD J. BURTON, ESQ., Richard J. Burton & Associates, P.A., 18305 Biscayne Boulevard, Suite 300, Miami, Florida 33160.

_____
Of Counsel

MIADOCS 384708 1 RGL

6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
STEVE HARRIS,                FORT LAUDERDALE DIVISION
Plaintiff,

CASE NO. 00-6107-CIV-FERGUSON
V.                                    MAGISTRATE JUDGE SNOW

DAYTON HUDSON CORPORATION
d/b/a TARGET STORES,

Defendant.
_____/

## WITNESS LIST OF WITNESSES WHO MAY BE CALLED TO TESTIFY

The Plaintiff, by and through undersigned counsel, and pursuant to the

applicable Petrial Order hereby files his list of witnesses who may testify;

a)    Shannon Tetrault-(Coral Springs store, presently)

b)    Don Feinkhauser

c)    Joe Toscano (Store Team Leader, Green Acres--WPB)

d)    Betty Gadson (Deerfield)

e)    Karen Napp (Deerfield)

f)    Lisa Leffew (Deerfield)

g)    Clarissa Howard (Deerfield)

h)    Dianne Vasse (Deerfield)

i)    Patricia Morris (Deerfield)

j)    Eileen Murray (Deerfield)

k)    Sandy Rosenberg (Delray Beach)

l)    Erica Lyday (Boca Raton)

m)    Jackie Scott (Green Acres -WPB)

n)    Simone Tripp (Boca Raton)

o)    Mr. Joe Murphy- Murphy Retail

p)    Johnnie Kianka

q)    Terry Gillespie

r)    Doug Barth-prior employee

s)      Stacy Faulkner

t)      Sandy Gryzbak

u)      Sunil Harrypersad

v)      Mark Hasting

w)      Donna Keil

x)      Joy Manasek

y)      Tina McHugh

z)      Natalie McKenna

aa)      Kerry Murphy

bb)      Howard Ron Raplee

cc)      Annette Steinberg

dd)      Laurie Wagner

ee)      Jeff Warren

ff)      Rene Wasco

gg)      Tim Blacknik

hh)      Janice Harris

ii)      Henry Latimer, Esq.–Attorney–Attorneys fees

jj)      Dr. Evelina Bestman, Ph.D.–Psychological damages occasioned by Racism

kk)      Jose A. Romano–Accountant and auditor–Damages–c/o City of Miami– 444 SW 2nd Ave. Miami, FL, 33130.

ll)      Stanley I. Foodman, C.P.A., 1201 Brickell Ave. Suite 610, Miami, FL .

mm)      The Plaintiff

nn)      All witnesses identified by Defendant

oo)      Rebuttal and Impeachment Witnesses

Respectfully Submitted this 18th day of December, 2000 .

RICHARD J. BURTON & ASSOCIATES, P.A.
18305 Biscayne Blvd. Suite 300
Miami, FL 33160
Ph: (305) 705-0888 Fax 935-9542
By:

Richard J. Burton, FBN 179337

2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing Notice was mailed to Sheila Caesarano, Esq., SHUTTS & BOWEN LLP, 1500 Miami Center, 201 South Biscayne Blvd., Miami, FL 33131 on December 18, 2000.

RICHARD J. BURTON & ASSOCIATES, P.A.
18305 Biscayne Blvd., Suite 300
Miami, FL 33160
Ph: (305) 705-0888     Fax: 305-935-9542


By: _____
    Richard J. Burton, FBN 179337

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

STEVE HARRIS,
    Plaintiff.

CASE NO. 00-6107-CIV-FERGUSON

V.

MAGISTRATE JUDGE SNOW

TARGET CORPORATION

    Defendant.

_____/

## NOTICE OF TAKING DEPOSITIONS

TO: DAYTON HUDSON CORPORATION d/b/a TARGET STORES

**PLEASE TAKE NOTICE** that the undersigned counsel will take the depositions of the individuals named below shall be conducted on the following dates and times:

DATE AND TIME:    **WEDNESDAY, February 28, 2001** (the other deposition will continue immediately following the completion of the preceding deposition.)

1. Mark Hastings, at 10:00 a.m.
   Doug Barth (approx 2:05 p.m)

    PLACE:     Office of the undersigned Counsel

upon oral examination before a certified court reporter, a Notary Public in and for the State of Florida, or some other officer duly authorized by law to take depositions. The deposition will continue from day to day until completed. The deposition is being taken for the purpose of discovery, for use at trial, or both of the foregoing, or for such other purposes as are permitted under the applicable and governing rules.

    I HEREBY CERTIFY that a true copy of the within was faxed and mailed, this 15TH day of February, 2001, too Sheila Caesarano, Esq., SHUTTS & BOWEN LLP, 1500 Miami Center, 201 South Biscayne Blvd., Miami, FL 33131.

                  RICHARD J. BURTON & ASSOCIATES, P.A.
                  Attorney for Plaintiff
                  18305 Biscayne Blvd., Suite 300
                  No. Miami Bch., FL 33160
                  Ph:(305)705-0888-Fax: (305) 935-9542

BY _____

                  RICHARD J. BURTON, FBN 179337

**cc:    Worldwide Reporting Service, client**

1



EXHIBIT
3

SHUTTS & BOWEN LLP

February 16, 2001

Richard J. Burton, Esq
Richard Burton & Associates, P.A
18305 Biscayne Boulevard
Suite 300
Miami, Florida 33160

RE:    **Steve Harris v. Target Corporation**

Dear Mr. Burton:

You unilaterally noticed the depositions of Doug Barth and Mark Hastings for February 28, 2001, without conferring with us to see whether we were available on that date. As you know, you have exceeded the 10-deposition limit rule. Nonetheless, we will not oppose these 2 depositions. Mr. Barth must be subpoenaed since he no longer works at Target; you have his last know address which was provided to you in the pretrial witness list. Mr. Hastings must be deposed in Portland, Oregon, which is where he resides.

I will obtain available and convenient dates for Messrs. Hastings's and Barth's depositions. Tentatively, we hope to schedule Mr. Hastings's deposition in Portland, Oregon, on either the *afternoon* of March 8th or the *morning* of March 9th, but these dates may change subject to Mr. Hastings's availability.

Furthermore, as I stated to you in a prior letter dated February 9th, we intend to depose the following individuals: Eileen Murray, Johnnie Kianka, Sunil Harrypersad, Kerry Murphy, and Janice Harris. We also intend to depose your expert. You have not provided us with dates. Please advise on convenient dates before March 15th (the discovery deadline) for these depositions.

Sincerely,

Rene Gonzalez-LLorens

MIADOCS 197936 1 RGL

**EXHIBIT**
J

**EXHIBIT**
4

# SHUTTS & BOWEN LLP

ATTORNEYS AND COUNSELLORS AT LAW
[illegible address line]

[illegible]
[illegible] MIAMI FLORIDA [illegible]
MIAMI [illegible]
BROWARD [illegible]
FACSIMILE [illegible]

February 16, 2001

Richard J. Burton, Esq.
Richard Burton & Associates, P.A.
18305 Biscayne Boulevard
Suite 300
Miami, Florida 33160

### RE:    Steve Harris v. Target Corporation

Dear Mr. Burton:

I was very surprised this morning when I received, via regular mail, an alleged "Unopposed" Motion for Enlargement of Time to File Opposition to the Motion for Summary Judgment. Neither Sheila Cesarano nor I agreed to this extension.

This is the second time that you have misrepresented to the Court that we have no objections to an extension of time knowing full well that we had objections. The first time was when you filed an "Unopposed Motion" misrepresenting that we had no objections to a 30-day enlargement of time to extend discovery without conferring with us. As you may recall, we did not object to a 15-day extension after February 16, 2001, to complete the depositions noticed prior to the discovery deadline. You had been specifically told that we opposed an extension of discovery. Disregarding our opposition, you misrepresented our position to the Court in your first "Unopposed Motion" wrongfully alleging that we had agreed to a blanket extension of discovery for a 30-day period. However, as a professional courtesy and in good faith, we did not object to your misrepresentation.

However, we cannot allow another misrepresentation to the Court. *So that we are clear, and as we previously stated, we oppose any extension of time to respond to the summary judgment. At this time, any agreement that we reach on anything must be in writing.*

Sincerely,

Rene Gonzalez-LLorens

MIADOCS 399496 1 RGL

**EXHIBIT**

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

STEVE HARRIS,
    Plaintiff,

CASE NO. 00-6107-CIV-FERGUSON
V.                    MAGISTRATE JUDGE SNOW
DAYTON HUDSON CORPORATION
d/b/a TARGET STORES,
    Defendant.
_____/

## NOTICE OF TAKING DEPOSITION

TO: Sheila Ceasarano

    **PLEASE TAKE NOTICE** that the undersigned counsel will take the deposition of the individual named below shall be conducted on the following date and time:

Mark Hastings

ON:        WEDNESDAY, March 14, 2000, AT 9:00 A.M.
PLACE:     TARGET STORE S293 ,
            7401 SW Washo Court, Suite 100
            Tualatin, OR 97062

upon oral examination before a certified court reporter, a Notary Public in and for the State of Oregon, or some other officer duly authorized by law to take depositions. The deposition will continue from day to day until completed. The deposition is being taken for the purpose of discovery, for use at trial, or both of the foregoing, or for such other purposes as are permitted under the applicable and governing rules.

    I HEREBY CERTIFY that a true copy of the within was faxed and mailed, this 28TH day of February, 2001, to Sheila Caesarano, Esq., SHUTTS & BOWEN LLP, 1500 Miami Center, 201 South Biscayne Blvd., Miami, FL 33131.

               RICHARD J. BURTON & ASSOCIATES, P.A.
               Attorney for Plaintiff
               18305 Biscayne Blvd, Suite 300
               No. Miami Bch., FL 33160
               Ph:(305)705-0888-Fax: (305) 985-9542

               BY_____
                   RICHARD J. BURTON, FBN 179337

**cc: client**

EXHIBIT
6

1

2/28.

# SHUTTS & BOWEN LLP

ATTORNEYS AND COUNSELLORS AT LAW
A PARTNERSHIP INCLUDING PROFESSIONAL ASSOCIATIONS

1500 MIAMI CENTER
201 SOUTH BISCAYNE BOULEVARD
MIAMI, FLORIDA 33131
MIAMI (305) 358-6300
BROWARD (954) 467-8841
FACSIMILE (305) 381-9982

March 1, 2001

Richard J. Burton, Esq.
Richard Burton & Associates, P.A.
18305 Biscayne Boulevard
Suite 300
Miami, Florida 33160

### RE:    <u>Steve Harris v. Target Corporation</u>

Dear Mr. Burton:

In my February 16, 2001 letter, I provided two available dates for the deposition of Mark Hastings: March 8th and 9th. You unilaterally scheduled Mr. Hastings deposition for March 14th. Mr. Hastings cannot be deposed on March 14th because he will be traveling out of Portland.

Please provide alternative dates so that we can arrange his deposition. Otherwise, we will have no choice but to file a Motion to Quash. Please consider this letter as our attempt to resolve by agreement the disputed issues as required under S.D. Fla. L.R. 7.1.

Sincerely,

Rene Gonzalez-LLorens

MIADOCS 402439 1 RGL



```
TRANSACTION REPORT

Transmission
Transaction(s) completed


NO.  TX DATE/TIME   DESTINATION                        DURATION   PGS.   RESULT   MODE

874  MAR  1 15:10   883059359542                       0° 00' 31"  002    OK      N  ECM
```

# FAX TRANSMISSION

## SHUTTS & BOWEN LLP

1500 MIAMI CENTER
201 SOUTH BISCAYNE BOULEVARD
MIAMI, FLORIDA 33131
305-358-6300 (Main)
305-381-9982 (Fax)

| | | | |
|---|---|---|---|
| **To:** | Richard Burton, Esq. | **Company:** | |
| **Fax #:** | 305-935-9542 | **Phone:** | 305-705-0888 |
| **Date:** | March 1, 2001 | **Pages:** | , including cover sheet |
| **From:** | Rene J. Gonzalez-LLorens | **User ID:** | |
| **Cl/Ma #** | 13512/0006 | | |
| **Subject:** | Harris v. Target | | |

**COMMENTS:**

RICHARD J. BURTON & ASSOCIATES, P.A.
18305 Biscayne Blvd., Suite 300
No. Miami Beach, FL 33160
Ph:  (305) 705-0888
Fax: (305) 935-9542

## F A X   T R A N S M I S S I O N
*******************************************

DATE:                    March 2, 2001
NO. OF PGS. (Including Cover Sheet): 3
TO:                      **Sheila Cesarano**
FAX NO:                  (305)347-7386
FROM:                    Richard J. Burton, Esq.
RE:                      Harris v Target
ENCLS:                   copy of Notice of Fabricant and Notice of Deposition of
                         Target Witnesses.

MESSAGE:     This is to confirm my discussions with your office today.  I
             will be in Washington from Wed. Afternoon, March 7 through
             Friday on a mediation with the Dept. of Justice. On Mon.
             morning, Mar. 12, I will be before Judge Esquiroz, on a
             specially set hearing.  On the 13th in the Afternoon, I will
             be flying to Portland for the deposition to be taken, the
             next day.  I was able to acquire a 14 day advance ticket,
             which is pre-paid (to reduce taxable costs).

             I am shocked that you reneged on having Hastings appear, in
             Miami, since you acknowledged in Feinkhauser's deposition
             that Hastings and Feinkhauser were the two most knowledgeable
             witnesses and your making me fly to Columbus Ohio and Oregon
             to depose these two most knowledgeable witnesses appears to
             be an exercise in obstructing the taking of their respective
             testimony and orderly discovery, in the case.

             I will not cancel Hastings for the 14th, nor Fabricant for
             the 15th, in light of the Judge's Order and your failure to
             have produced Feinkhauser and Hastings in Florida, last year.
Please advise me ASAP as to whether Fabricant will require a supoena-In
             writing!

If you have any questions or do not receive all of the pages, please call
Office at 705-0888.

**PLEASE FORWARD THESE DOCUMENTS TO THE INDIVIDUAL NAMED ABOVE.**

THE INFORMATION CONTAINED IN THIS TRANSMISSION MAY BE ATTORNEY PRIVILEGED AND CONFIDENTIAL.  IT IS INTENDED ONLY
FOR THE USE OF THE INDIVIDUAL, ENTITY NAMED ABOVE.  IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT,
YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPY OF THIS COMMUNICATION MAY BE STRICTLY
PROHIBITED BY LAW.  IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE
COLLECT AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE.  WE WILL REIMBURSE
YOU FOR THE POSTAGE.  THANK YOU.



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

STEVE HARRIS,
        Plaintiff,

CASE NO. 00-6107-CIV-FERGUSON

V.

MAGISTRATE JUDGE SNOW

TARGET CORPORATION

        Defendant.

_____/

## NOTICE OF TAKING DEPOSITIONS

TO: DAYTON HUDSON CORPORATION d/b/a TARGET STORES

**PLEASE TAKE NOTICE** that the undersigned counsel will take the depositions of the individuals named below shall be conducted on the following dates and times:

DATE AND TIME:    **WEDNESDAY, February 28, 2001** (the other deposition will continue immediately following the completion of the preceding deposition.)

1. Mark Hastings, at 10:00 a.m.
   Doug Barth (approx 2:05 p.m)

    PlACE:       Office of the undersigned Counsel

upon oral examination before a certified court reporter, a Notary Public in and for the State of Florida, or some other officer duly authorized by law to take depositions. The deposition will continue from day to day until completed. The deposition is being taken for the purpose of discovery, for use at trial, or both of the foregoing, or for such other purposes as are permitted under the applicable and governing rules.

I HEREBY CERTIFY that a true copy of the within was faxed and mailed, this 15TH day of February, 2001, too Sheila Caesarano, Esq., SHUTTS & BOWEN LLP, 1500 Miami Center, 201 South Biscayne Blvd., Miami, FL 33131.

                RICHARD J. BURTON & ASSOCIATES, P.A.
                Attorney for Plaintiff
                18305 Biscayne Blvd., Suite 300
                No. Miami Bch., FL 33160
                Ph:(305)705-0888-Fax: (305) 935-9542

        BY

                RICHARD J. BURTON, FBN 179337

cc:    **Worldwide Reporting Service, client**

# SHUTTS & BOWEN LLP



March 2, 2001

Via Facsimile

Richard J. Burton, Esq.
Richard Burton & Associates, P.A.
18305 Biscayne Boulevard
Suite 300
Miami, Florida 33160

**EXHIBIT**
**9**

   RE: **Steve Harris v. Target Corporation**

Dear Mr. Burton:

   On February 16, 2001, you unilaterally noticed the deposition of Oregon resident Mark Hastings for February 28, 2001, at your office in Florida. You did not confer with us to schedule the deposition and determine whether we and the deponent were available on that date.

   On that very same day, I sent you a letter via facsimile reminding you that Mr. Hastings was an Oregon resident, that you did not confer with us, and that you had exceeded the 10-deposition limit. Nonetheless, I stated that I would not oppose Mr. Hastings' deposition and provided you with March 8th and 9th as two possible deposition dates. It was my hope that we could resolve a simple scheduling dispute through professional courtesy.

   In fact, I did not require you to subpoena Mr. Hastings for a deposition date that he could attend, since in the past we have produced Target employees at mutually convenient times without the need for a subpoena so as to facilitate discovery.

   Instead of conferring with us to reschedule Mr. Hastings' deposition to a mutually convenient date for the parties and the deponent, on March 1, 2001, you unilaterally scheduled his deposition for March 14, 2001. Again, you did not bother to confer with us as to Mr. Hastings' or our availability.

   On March 1, 2001, I sent you a letter via facsimile explaining that Mr. Hastings could not be deposed on March 14th because he will be traveling out of Oregon on that date. I asked you to please provide alternative dates so that we could arrange Mr. Hastings' deposition at a mutually convenient time for the parties and the deponent.

   On the morning of March 2, 2001, you telephoned my office and stated to my secretary that you were traveling to Oregon on March 14th, regardless that the deponent was unavailable. On the

AMSTERDAM  FORT LAUDERDALE  LONDON    TALLAHASSEE  WEST PALM BEACH

SHUTTS & BOWEN LLP

Richard J. Burton, Esq.
March 2, 2001
Page 2

afternoon of March 2nd, you telephoned me and stated that you would be traveling to Oregon, even though I asked you to reschedule the deposition to a mutually convenient time since Mr. Hastings was traveling to Arizona to attend a National District Team Leader Meeting. You stated that you would not change the deposition date.

It surprises me that we cannot resolve a simple scheduling dispute. You have scheduled a deposition for an out-of-state and non-subpoenaed deponent (1) without determining whether the parties' attorneys can attend the deposition, (2) on dates other than the ones you were informed that the deponent was available, and (3) have refused to reschedule the deposition to a convenient time for everyone. You expect us to force a deponent -- who has not been subpoenaed and has made prior travel plans to Arizona -- to attend a deposition when he is unavailable. It seems ludicrous that you refuse to cooperate in scheduling a deposition.

I have also received your facsimile cover transmission dated March 2, 2001, confirming that you will *not* cancel Mr. Hastings' deposition. In addition, I was surprised that you noticed the deposition of Target's expert Loretta Fabricant for March 15th. As you know, on February 9, 2001, I sent you a letter via facsimile asking for convenient dates to depose Plaintiff's expert, Stanley Foodman. In the February 9th letter, I stated that Ms. Fabricant should be deposed a week after your expert since her testimony rebutted your expert's testimony and your expert did not have an expert report. You ignored that letter. Again, on February 16, 2001, and March 1, 2001, I sent letters via facsimile asking for convenient dates for Mr. Foodman's deposition. You also ignored those letters. Today, you stated that you were available on March 15th for depositions. I will notice those depositions for March 15th for your convenience.

Ms. Fabricant cannot be deposed on March 15th because of her schedule and the need to obtain your expert witness's conclusions and testimony. I am agreeable to deposing Ms. Fabricant and Mr. Foodman after discovery has concluded at a mutually convenient time for everyone. Since she is a non-party, Ms. Fabricant must be subpoenaed. Please advise whether we can agree to this.

Sincerely,

Rene Gonzalez-LLorens

MIADOCS 402773 1 RGL

# SHUTTS & BOWEN LLP

ATTORNEYS AND COUNSELLORS AT LAW
(A PARTNERSHIP INCLUDING PROFESSIONAL ASSOCIATIONS)

1500 MIAMI CENTER
201 SOUTH BISCAYNE BOULEVARD
MIAMI, FLORIDA 33131
MIAMI (305) 358-6300
BROWARD (954) 524-5505
FACSIMILE (305) 347-7802

SHEILA M. CESARANO
DIRECT LINE (305) 379-9145
E-Mail scesarano@shutts.com

March 7, 2001

### VIA FACSIMILE and U.S. MAIL

Richard J. Burton, Esq.
Richard Burton & Associates, P.A.
18305 Biscayne Boulevard
Suite 300
Miami, Florida 33160

RE:    Steve Harris v. Target Corporation

Dear Mr. Burton:

This will confirm our telephone conversation on March 5, 2001.

First, you have noticed the deposition of Mark Hastings for March 14, 2001 in Oregon even though we previously advised you that he had scheduled a business trip to Phoenix, Arizona on March 14, 2001. (See Mr. Gonzalez-LLorens' letter dated March 2, 2001). You again refused to reschedule the deposition, despite the fact that you were told on several occasions that Mr. Hastings can not appear, since he will be in Arizona. You stated that you would fly to Oregon anyway. In an effort to resolve this problem, I offered to ask Mr. Hastings to be available for a telephone deposition. You stated that you would not take Mr. Hastings' deposition by telephone.

You also stated that I needed a protective order. I disagree. Per our prior agreement covering Target employees, subpoenas were waived based on the understanding that there would be mutual cooperation in scheduling the dates of deposition. In this case, you did not do so. We gave you several proposed dates for his deposition that you disregarded, and have purposely noticed Mr. Hastings for a date he cannot make. Mr. Hastings has no legal obligation to cancel his business meeting under these circumstances.

Second, you stated that you were not agreeable to moving the March 15, 2001 discovery deadline, nor are we.

**EXHIBIT**
**10**

SHUTTS & BOWEN LLP

Richard J. Burton, Esq.
March 7, 2001
Page  -- 2 --

Note that Target's waiving subpoenas for its current employees never applied to other witnesses, since it obviously has no control over its former employees. Accordingly, Plaintiff must subpoena witnesses who are not employed by Target.

Finally, as we have noted many times, you have exceeded the ten deposition limit.

Sincerely yours,

Sheila M. Cesarano

MIADOCS 403095 1 KLL

```
TRANSACTION REPORT

Transmission
Transaction(s) completed


NO   TX DATE/TIME   DESTINATION                    DURATION  PGS.   RESULT  MODE

930 MAR. 7 16.49    883059359542                   0° 00' 44"  003    OK      N  ECM
```

# FAX TRANSMISSION
## SHUTTS & BOWEN LLP
1500 MIAMI CENTER
201 SOUTH BISCAYNE BOULEVARD
MIAMI, FLORIDA 33131
305-358-6300 (Main)
305-347-7386 (Fax)

To:      Richard Burton, Esq.

Fax #:   305-935-9542

Date:    March 7, 2001

From:    Sheila M. Cesarano, Esq.

Cl/Ma #

Subject: Harris v. Target

Company: Richard Burton & Assoc.

Phone:   305-705-0888

Pages:   __3__, including cover sheet

User ID:

COMMENTS:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6107-CIV-FERGUSON
MAGISTRATE JUDGE SNOW

STEVE HARRIS,

    Plaintiff,

v.

DAYTON HUDSON CORPORATION
d/b/a TARGET STORES,

    Defendant.

_____/

### NOTICE OF SERVICE OF DEFENDANT'S
### FIRST SET OF INTERROGATORIES TO PLAINTIFF

**PLEASE TAKE NOTICE** that Defendant's First Set of Interrogatories to Plaintiff was mailed this 29 day of March, 2000 to **RICHARD J. BURTON, ESQ.**, Richard J. Burton & Associates, P.A., 18305 Biscayne Boulevard, Suite 300, Miami, Florida 33160.

Respectfully submitted,
SHUTTS & BOWEN
Attorneys for Defendant
201 S. Biscayne Boulevard
1500 Miami Center
Miami, Florida 33131
(305) 358-6300
(305) 347-7386 (Facsimile)

By: _____

Sheila M. Cesarano
Florida Bar Number 708364
Jennifer J. Ator
Florida Bar No. 0120911



EXHIBIT
11

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6107-CIV-FERGUSON
MAGISTRATE JUDGE SNOW

STEVE HARRIS,

    Plaintiff,

v.

DAYTON HUDSON CORPORATION
d/b/a TARGET STORES,

    Defendant.

_____/

## *DEFENDANT'S FIRST SET OF INTERROGATORIES*

Defendant, DAYTON HUDSON CORPORATION d/b/a TARGET STORES

("Target"), by and through undersigned counsel, hereby propounds the following

Interrogatories upon Plaintiff, STEVE HARRIS ("Harris"), and requests that they be

answered separately, fully and under oath within thirty (30) days of service.

## *DEFINITIONS*

1.    "Plaintiff," "Harris," "you," or "your" shall mean STEVE HARRIS and any

of his agents, representatives, and all persons acting or purporting to act on his

behalf for any purpose.

2.    "Target" or "Defendant" shall mean DAYTON HUDSON

CORPORATION d/b/a TARGET STORES, its officers, directors, agents, former or

current employees, or representatives, and all persons acting or purporting to act on

its behalf for any purpose, including, but not limited to, any parent, subsidiary,

affiliate, franchisee, related corporation, partnership, or entity and the officers, directors, current or former employees, agents, representatives, and all persons acting or purporting to act on behalf of any such parent, subsidiary, affiliate, franchisee, related corporation, partnership, or entity.

3.    "Date" shall mean the exact date, month and year, if ascertainable or, if not, the best approximation of the date (based upon relationship with other events).

4.    The word "document" shall mean any writing, recording or photograph in your actual or constructive possession, custody care or control, which pertain directly or indirectly, in whole or in part, either to any of the subjects listed below or to any other matter relevant to the issues in this action, or which are themselves listed below as specific documents, including, but not limited to: correspondence, memoranda, notes, messages, diaries, minutes, books, reports, charts, ledgers, invoices, computer printouts, microfilms, video tapes or tape recordings.

5.    "Agent" shall mean: any agent, employee, officer, director, attorney, independent contractor or any other person acting at the direction of or on behalf of another.

6.    "Person" shall mean any individual, corporation, proprietorship, partnership, trust, association with any other entity.

7.    The words "pertain to" or "pertaining to" mean: relates to, refers to, contains, concerns, describes, embodies, mentions, constitutes, constituting, supports, corroborates, demonstrates, proves, evidences, shows, refutes, disputes,

3

rebuts, controverts or contradicts.

8.     The term "third party" or "third parties" refers to individuals or entities that are not a party to this action.

9.     The term "action" shall mean the case entitled, Steve Harris v. Dayton Hudson Corporation d/b/a Target Stores, Case No. 00-6107-CIV-FERGUSON, pending in the United States District Court for the Southern District of Florida.

10.     The word "identify," when used in reference to a document, means and includes the name and address of the custodian of the documents, the location of the document, and a general description of the document including (1) the type of document (i.e., correspondence, memorandum, facsimile etc.); (2) the general subject matter of the document; (3) the date of the document; (4) the author of the document; (5) the addressee of the document; (6) the relationship of the author and the addressee to each other.

## *INSTRUCTIONS*

1.     All answers are to be made separately and fully.  An incomplete or evasive answer is a failure to answer.

2.     When answering these interrogatories, you shall furnish (a) all information within your personal knowledge; (b) all information available to you, including information in the possession of your representatives, employees, agents, accountants, consultants, experts, investigators, representatives, independent contractors, insurers, any person acting on your behalf, and, unless privileged, your

4

attorneys; and (c) all information or knowledge you could obtain by a reasonably diligent inquiry.

3.    If, after diligent efforts, you have only incomplete knowledge of the answer to an interrogatory, answer to the extent of your knowledge, specifically state what part or area of the interrogatory you cannot answer, and identify the person or persons who do or might have additional knowledge or information to complete the answer.

4.    Interrogatories may be answered in whole or in part by attaching documents which contain sufficient information to completely answer the question. The relevant portion of the document, however, must be so marked or indicated.

5.    If an interrogatory requests the identity of a person or entity answering or supplying information for the answer, or if the information furnished is not within the personal knowledge of the person answering the interrogatory, identify each other person or entity that assisted or participated in preparing or supplying any of the information given in the answer and all persons with personal knowledge pertaining to the interrogatory.

6.    Should you object to an interrogatory in whole or part, state the particular request to which you object and the precise grounds for the objection in sufficient detail to allow Target to evaluate and respond to the objection.

7.    If you object to fully identifying a document or oral communication because of a privilege, you must nevertheless provide the following information,

5

unless divulging the information would disclose the privileged information:

    a.    the nature of the privilege claimed (including work product);

    b.    if the privilege is being asserted in connection with a claim or defense governed by state law, the state privilege rule being invoked;

    c.    the date of the document or oral communication;

    d.    if a document: its type (correspondence, memorandum, facsimile etc.), custodian, location, and such other information sufficient to identify the document for a subpoena duces tecum or a document request, including where appropriate the author, the addressee, and, if not apparent, the relationship of the persons present to the declarant; and

    e.    if an oral communication: the place where it was made, the names of the persons present while it was made, and, if not apparent, the relationship of the persons present to the declarant; and

    f.    the general subject matter of the document or oral communication.

    8.    You are under a continuous obligation to supplement your answers to these interrogatories under the circumstances specified in Fed. R. Civ. P. 26(e).

6

## *INTERROGATORIES*

1.    Please state the name, title (if any), address, telephone number, and relationship to Plaintiff of any person answering or assisting in answering these interrogatories.

1

2.      Please provide the name, address. telephone number, place of employment and job title of any person who has. claims to have or whom you believe may have knowledge or information pertaining to any fact alleged in the pleadings (as defined in Fed. R. Civ. P. 7(a)) filed in this action, or any fact underlying the subject matter of this action.

SHUTTS & BOWEN LLP · 1600 MIAMI CENTER · 201 SOUTH BISCAYNE BLVD. · MIAMI · FLORIDA 33131 · (305) 358.6300

3.    Please state the specific nature and substance of the knowledge that

you believe the person(s) identified in your response to interrogatory no. 2 may

have.

3

SHUTTS & BOWEN LLP • 1400 MIAMI CENTER • 201 SOUTH BISCAYNE BOULEVARD • MIAMI, FLORIDA 33131 • (305) 358-6300

4.    Please provide the name of each person whom you may use as an

expert witness at trial.

4

SHUTTS & BOWEN LLP · 1500 MIAMI CENTER · 201 SOUTH BISCAYNE BOULEVARD · MIAMI, FLORIDA 33131 · (305) 358-6300

5.    Please state in detail the substance of the opinions to be provided by

each person whom you may use as an expert witness at trial.

5

6.     Please state each item of damage that you claim, whether as an affirmative claim or as a set off, and include in your answer: the count or defense to which the item of damages relates; the category into which each item of damages falls, i.e., general damages, special or consequential damages (such as lost profits), interest, and any other relevant categories the factual basis for each item of damages; and an explanation of how you computed each item of damages, including any mathematical formula used.

SHUTTS & BOWEN LLP · LAW MIAMI CENTER · 201 SOUTH BISCAYNE BOULEVARD · MIAMI FLORIDA 33131 · (305) 358-6300

7.    Please identify each document pertaining to each item of damages

stated in your response to interrogatory no. 6 above.

7

8.    Please identify each document (including pertinent insurance agreements) pertaining to any fact alleged in any pleading (as defined in Fed. R. Civ. P 7(a)).

8

9.    Identify the name, address and telephone number of each physician, psychologist, psychiatrist or other health care professional whom you have seen for examination, treatment or consultation and each medical facility where you have received any treatment or examination from January 1, 1995 to the present; and state as to each, the date of treatment or examination and the injury or condition for which you were examined or treated.

9

10.     Please provide the name, address, telephone number, place of employment and current job title of the "certain 'new' superiors (that) were installed who 'trumped' up complaints to create a 'smokescreen' to enable Defendant to fire Harris" (as described in ¶5 of the Complaint).

10

11.    Please provide the name. address. telephone number, place of employment and current job title of person that terminated Plaintiff (as described in ¶6 of Plaintiff's Complaint).

11

12.    Please provide the name, address, telephone number, place of employment and current job title of individuals who were not African-American but were promoted into positions of leadership as opposed to Plaintiff (as described in ¶26 of Plaintiff's Complaint).

12

13.    Please provide the name, address, telephone number, place of employment and current job title of individual(s) that "Plaintiff clearly provided the documentation to show Plaintiff's financial ability, aggressiveness, integrity and capability to be further considered for additionally responsible employment and advancement" to. (as described in ¶27 of Plaintiff's Complaint).

13

14.     Set forth if you have been a party to any litigation other than the instant litigation and, if so, as to each, state the names of all parties to each lawsuit, the date such case was filed, the nature of the lawsuit, the circumstances surrounding the lawsuit, and the disposition of the case.

14

15.    As to each and every communication, whether written or oral, between you and/or your authorized representative(s) or agent(s) and any employee, agent, or other representative of defendant, during the period from the date you began working for Target to the present, inclusive, that referenced, referred to, or otherwise related to the allegations in the complaint:

a. identify the employee, agent, or other representative of defendant to which the communication was directed or from whom the communication was received;

b. state the time and date of the communication;

c. describe in detail the substance of the communication; and

d. identify all persons who have knowledge of the communication or its substance.

15

16.    Are you suffering from any physical injury as a result of the alleged discrimination? If the answer is yes, please describe the physical injury you have suffered.

SHUTTS & BOWEN LLP · 1500 MIAMI CENTER · 201 SOUTH BISCAYNE BOULEVARD · MIAMI, FLORIDA 33131 · (305) 358-6300

17.    Fully describe your employment history prior to, during and following your employment with Target, from 1990 to the present, including identifying the name, address and telephone number of each employer, your dates of employment, your immediate supervisor, your salary or remuneration, and the circumstances under which the subsequent employment ended.

17

18.    Identify all persons in the nature of an expert who you have consulted,

retained, or specifically employed in anticipation of litigation or preparation for trial,

but who are not expected to be called as witnesses at hearing or trial.

18

_____
STEVE HARRIS

STATE OF FLORIDA )
)
COUNTY OF _____ )


The foregoing instrument was acknowledged before me this _____ day of

_____, 2000, by _____, who is

personally known to me or who has produced _____ as

identification and who did (did not) take an oath.


_____
NOTARY PUBLIC


_____
Typed or Printed Name of Notary
My commission expires:
Serial No., if any:


MIADOCS 330278 1 JJA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

STEVE HARRIS,
Plaintiff,

CASE NO. 00-6107-CIV-FERGUSON
V.                                      MAGISTRATE JUDGE SNOW

DAYTON HUDSON CORPORATION
d/b/a TARGET STORES,

        Defendant.
_____/

## NOTICE OF SERVICE OF ANSWERS TO
## INTERROGATORIES OF DEFENDANT

The Plaintiff, by and through undersigned counsel, and pursuant to the applicable

Rules of Civil Procedure, hereby files this Notice that the Answers To the Interrogatories to

Steve Harris propounded by Defendant has been hand delivered to counsel for Defendant

on the date which appears on this Notice.

Respectfully Submitted this 22nd day of May, 2000 .

                        RICHARD J. BURTON & ASSOCIATES, P.A.
                        18305 Biscayne Blvd., Suite 300
                        Miami, FL 33160
                        Ph: (305) 705-0888  Fax: 935-9542

                        By: _____

                        Richard J. Burton, FBN 179337



EXHIBIT
12

1. Steve Harris
   18303 Clearbrook Circle
   Boca Raton Fl, 33498

2.A Steve Harris/unemployed
   "same as above "

B. Joe Murphy/ Retail Search and Consulting
   (561)750-1912

C. Betty Gadson/Target
   (954)943-6690

D. Annette Sternberg/Retail
   (954)781-0705

E. Matt Ashenbrenner/Retail Executive/Former Target Exec.
   (561)968-6381

F. Karen Napp/Target
   (954)974-0489

G. Lisa Leffew/Target
   (954)938-4364

H. Claresa Howard/Target
   (954)782-0040

I. Patricia Howard/Target
   (954)484-9258

J. Eileen Murray/Target
   (954)782-9814

K. Kerry Murphy/Athletic Sports
   (561)417-3369

L. Jonnie Kianka/Target
   (561)338-8846

M. Sandy Rosenberg/Target
   (954)418-0623

N. Ericka Lyday/Target
   (561)483-3400

O. Jackie Scott/Target
   (561)265-3500

P. Simone Tripp/Target
   (561)272-8816

3. A.First meeting notes.
   B.Conversation with Terry Gillespie.
   C.Denny,s voucher/clearance towels.
   D.Asked to give false statement.
   E.Black and White treatment.
   F.Processed party voucher.
   G.Label scanning at register.
   H.Clearance towels.
   I.Employee who took mark-down on towels.
   J.Markdown procedures.
   K.Character statement.
   l.Voucher procedure.
   M.Character statement.
   N.Overnight pay/Flow
   O.Label scanning.
   P.Discrimination.

4.None at this time.
5. n/a
6. Loss of salary.Loss of 401k. Loss of benefits. Loss of bonus.
   Loss of reputation and diminised self worth.Attorney's fee.
   Total of one million dollars to be determened by judge.
7. Tax returns,pay stubs,401k statement.

8. n/a
9. Doctor Levy
   9980 Central Park Blvd S-104
   Boca Raton, Fl 33428
   Anxiety,high blood pressure, depression,and stress.
10. Don Fankhouser/A.P.T.L. Target (561)735-3751
    Mark Hastings/D.T.L(561)735-3751
    Shannon Tetrautl/G.S.T.L.(561)735-3751
11.Terry Gilliespie/Regional Personnel
   Mark Hastings/District Team Leader
   Doug Barth/District A.P.T.L.
   (561)735-3751
12. Steve Clemente/Target S.T.L.
    Joe Toscano/Target S.T.L.
13. Former supervisors,and reveiws.

14.None

15.N/A

16.Panic attacks,High blood pressure,anxiety, and depression.

17.Marshalls Department Store
   Ned Jones/ District Manager

18.N/A

_(signature)_
STEVE MARRIS

STATE OF FLORIDA )
)
COUNTY OF _____ )

The foregoing instrument was acknowledged before me this ____ day of

_____, 2000, by _____, who is

personally known to ~~me or who has~~ produced _____ as

identification and who did (did not) take an oath.

_(signature)_
NOTARY PUBLIC

_(signature)_
Typed or Printed Name of Notary
My commission expires:
Serial No., if any:

MIADOCS 330278 1 JJA

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6107-CIV-FERGUSON
MAGISTRATE JUDGE SNOW

STEVE HARRIS.

    Plaintiff,

v.

DAYTON HUDSON CORPORATION
d/b/a TARGET STORES,

    Defendant.

_____/

## DEFENDANT'S FIRST REQUEST FOR
## PRODUCTION OF DOCUMENTS TO PLAINTIFF

Defendant, DAYTON HUDSON CORPORATION d/b/a TARGET STORES

("Target"), pursuant to Federal Rule of Civil Procedure 34, and Southern District of

Florida Local Rule 26.1, serves its First Request for Production to Plaintiff, STEVE

HARRIS ("Plaintiff"), and requests that Plaintiff produce at the offices of Shutts &

Bowen, 1500 Miami Center, 201 S. Biscayne Boulevard, Miami, Florida 33131, the

documents that are described below that are in his possession, custody, or control,

or in the possession, custody, or control of his agents and/or attorneys.

## DEFINITIONS AND INSTRUCTIONS

1.    "Plaintiff," "Harris," "you," or "your" shall mean STEVE HARRIS and any

of his agents, representatives, and all persons acting or purporting to act on his

behalf for any purpose.

**EXHIBIT**

13

2.    "Target" or "Defendant" shall mean    DAYTON    HUDSON CORPORATION d/b/a TARGET STORES, its officers, directors, agents, former or current employees, or representatives, and all persons acting or purporting to act on its behalf for any purpose, including, but not limited to, any parent, subsidiary, affiliate, franchisee, related corporation, partnership, or entity and the officers, directors, current or former employees, agents, representatives, and all persons acting or purporting to act on behalf of any such parent, subsidiary, affiliate, franchisee, related corporation, partnership, or entity.

3.    "Person" or "persons" shall mean all individuals and entities, including, but not limited to, individuals, individual proprietorships, franchisees, licensees, representative persons, associations, companies, corporations, partnerships, limited partnerships, joint ventures, trusts, estates, public agencies, departments, divisions, boards, and bureaus, whether sui juris or otherwise.

4.    "Communication" shall mean any oral or written statement, dialogue, colloquialism, discussion, conversation, agreement, and any correspondence, contract, discussion, or exchange between any two or more persons, including, but not limited to, documents, telephone conversations, face-to-face conversations, meetings and conferences.

5.    "Document" or "documents" includes the original and any copies, including nonidentical copies (whether different from the original by reason of notations made on such copies or otherwise), regardless of the origin or location, of

2

any written, recorded, transcribed, punched, taped, filmed or graphic matter, however produced or reproduced, including, but not limited to, any correspondence, telegrams, books, letters, memorandum, diaries, statistics. resolutions, contracts, studies, manuals, instructions, financial reports, working papers, records, checks, statements, receipts, returns, summaries, interoffice and intra-office telephone calls, meetings or other communications, bulletins, printed matter, computer printouts, teletypes and telefax (including transmittal cover sheets), invoices, worksheets, analyses, bills, accounts, estimates, projections, comparisons, reviews, opinions, offers, studies and investigations, questionnaires, and surveys (and all drafts, alterations, modifications or changes to any of the foregoing, as well as any attachments or appendices thereto); graphic or oral records or representations of any kind, including without limitation, photographs, charts, graphs, microfiche, microfilm, video tape, recordings, electronic, mechanical or electrical records or representations of any kind, including without limitation, tapes, cassettes, discs, and recordings; and other written, printed, typed, or graphic or recorded matter of any kind or nature, however produced or reproduced, and whether preserved in writing, phonorecord, film, tape, disc, videotape, CD-ROM, computer hard drive, or optical disc.

6.    "All documents" means any document, as defined above, known to you, and every such document which can be located or discovered by using reasonably diligent efforts.

3

7.    "Evidence," "relate to," or "refer to" shall also mean concerning, respecting, summarizing, digesting, embodying, reflecting, establishing, tending to establish, tending not to establish, comprising, connected with, commenting on, representing, constituting, or including.

8.    "And" and "or" will be construed conjunctively and disjunctively so as to require the broadest possible response to any particular request.

9.    "Identify" means:

(a)    With respect to an individual, state his or her full name, title or job description, present or last known home address, business address, and home and business telephone numbers.

(b)    With respect to an entity or organization other than an individual, state its full name, principal place of business, business address, and telephone number.

(c)    With respect to a document, state its title, type of document, date, author, addressee, recipient, or any other material that would aid in its identification. Also include a brief description of the document's contents, subject matter, and present location, or identify the person who has custody or control of the document. If any documents have been destroyed, indicate the destruction and identify the person or persons responsible for such destruction.

(d)    With respect to an oral statement or communication, state the name of the maker, the recipients, when made, where made, the method of

4

communication, the time the statement was made, and a description of the subject matter of the communication.

10.    When answering these requests, you shall furnish (a) all requested documents within your possession, and/or in the possession of your representatives, employees, agents, accountants, consultants, experts, investigators, representatives, independent contractors, insurers, any person acting on your behalf, and, unless privileged, your attorneys; and (b) all documents you could obtain by a reasonably diligent inquiry.

11.    Should you object to a request in whole or part, state the particular request to which you object and the precise grounds for the objection in sufficient detail to allow Target to evaluate and respond to the objection.

12.    If any request for documents is deemed to call for the production of privileged or work product materials, and such privilege or work product is asserted, identify in writing each document so withheld. If only a portion of a document is privileged or work product, redact and identify the portion withheld. With regard to all documents or portions of documents withheld, provide the following information:

(i)    The reason for withholding the document;

(ii)    A statement of the basis for the claim of privilege, work product, or other ground of nondisclosure;

(iii)    A brief description of the document, including:

a.    The date of the document;

5

    b.  The number of pages, attachments, and appendices;

    c.  The name(s) of its author(s), or preparer(s), and an

identification by employment and title of each such person;

    d.  The present custodian; and

    e.  the subject matter of the document, and, in the case of any

document relating, evidencing, or referring to a meeting or conversation,

identification of such meeting or conversation.

  13.  If any requested document (as defined above) was at one time in

existence but has been lost, discarded, or destroyed, identify such document as

completely as possible, providing the following information:

    (i)  The type of document;

    (ii)  The document's date;

    (iii)  The date or approximate date the document was lost, discarded,

or destroyed;

    (iv)  The circumstances and manner in which the document was lost,

discarded, or destroyed;

    (v)  The reason(s) for disposing of the document (if discarded or

destroyed);

    (vi)  Identify all persons having knowledge of the circumstances

surrounding the disposal of the document;

6

(vii)    The identity of all person(s) who authorized. lost. discarded.
and/or destroyed the document; and

(viii)    The identity of all persons having knowledge of the contents of
the document.

## REQUESTS

1.    All documents that evidence, relate to, or refer to Plaintiff's claims and
allegations in the Complaint.

2.    All documents that evidence, relate to, or refer to Plaintiff's damages
sought in the Complaint.

3.    All documents that evidence, refer to, or relate to Plaintiff's allegation
in Paragraph 5 of the Complaint that "new superiors 'trumped' up complaints to
create a 'smokescreen' to enable Defendant to fire Harris."

4.    All documents that evidence, refer to, or relate to Plaintiff's allegation
in Paragraph 6 of the Complaint that "[h]is firing was based, in whole, or in significant
part by Racial discrimination."

5.    All documents that evidence, refer to, or relate to Plaintiff's allegation
in Paragraph 10 of the Complaint that "the conduct of the Defendant in terminating
the plaintiff was emotionally stressful to Plaintiff and caused Plaintiff to have a
diminished sense of self-worth."

6.    All documents that evidence, refer to, or relate to Plaintiff's allegation
in Paragraph 26 of the Complaint that "from the beginning of Plaintiff's employment

7

until 1999, the Defendants did actually review. evaluate and advance other employees, who were not African-American and promote them into positions of advancement and further leadership, as opposed to Plaintiff who was kept down from further advancement."

7. All documents that evidence. refer to. or relate to Plaintiff's allegation in Paragraph 27 of the Complaint that "Plaintiff clearly provided the documentation to show Plaintiff's financial ability, aggressiveness, integrity and capability to be further considered for additionally responsible employment and advancement."

8. All documents that evidence, refer to, or relate to Plaintiff's allegation that he is entitled to punitive damages.

9. All documents that evidence, relate to, or refer to Plaintiff's mental condition and/or treatment from January 1, 1995 to the present.

10. All documents that evidence, relate to, or refer to any physician, psychologist, psychiatrist or other health care professional whom Plaintiff has seen for examination, treatment or consultation and each medical facility where you have received any treatment or examination from January 1, 1995 to the present.

11. All documents that evidence, refer to, or relate to any communications, including, but not limited to, written or recorded statements, tape recordings, videotapes. or other electronic recordings, in the possession of Plaintiff, his agents, or his counsel regarding the subject matter of this litigation.

8

12.    All expert reports received by Plaintiff, his agents, or his counsel in connection with this litigation, and copies of all documents and materials provided to any expert retained by Plaintiff, his agents, or his counsel in connection with this litigation.

13.    All documents (including, but not limited to, "blackbooks," appointment books, expense reports, notes, diaries, calendars, letters, memos, "daytimers," travel reports, call reports, itineraries, telephone logs, and telephone messages) which evidence, refer to, or relate to any medical appointments made by Plaintiff from January 1, 1995 to the present.

14.    Any and all notes, memoranda, telephone messages, and other documentation related to any communications between Plaintiff, his agents, or his counsel, and Target (including its former employees) regarding the subject matter of the Complaint.

15.    Any and all notes, memoranda, telephone messages, and other documentation related to any communications between Plaintiff, his agents, or his counsel, and Target (including its former employees) regarding the allegation of discrimination against Target.

16.    All documents that evidence, refer to, or relate to any claims ever made by or on behalf of Plaintiff against any person(s) with respect to race discrimination.

9

17.    Plaintiff's complete federal income tax returns and W-2 forms, including all schedules and attachments, for the tax years 1993 through and including the tax year 2000.

18.    Any and all documents Plaintiff or Plaintiff's agent(s) submitted to the Equal Employment Opportunity Commission or any state or local agency regarding the allegations made in this lawsuit.

19.    Any and all documents reflecting the agreement between Plaintiff and his counsel, including but not limited to any contingency fee agreement.

20.    Any and all documents reflecting Plaintiff's job search following his employment with Target.

21.    Any and all documents Plaintiff received from Defendant following his employment with Target.

22.    Any and all notes kept by Plaintiff regarding this litigation, except those notes which were written to his attorney.

10

Respectfully submitted.

SHUTTS & BOWEN LLP
Attorneys for Defendant
1500 Miami Center
201 South Biscayne Boulevard
Miami, Florida 33131
(305) 358-6300
(305) 347-7386 (facsimile)

By: _____

Sheila M. Cesarano
Florida Bar Number 708364
Jennifer J. Ator
Florida Bar Number 0120911

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing was mailed this $\underline{29}$

day of March, 2000 to **RICHARD J. BURTON, ESQ.**, Richard J. Burton &

Associates, P.A., 18305 Biscayne Boulevard, Suite 300, Miami, Florida 33160.

_____
OF COUNSEL

MIADOCS 330288 1 MIV

11

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6107-CIV-FERGUSON/SNOW

STEVE HARRIS,

     Plaintiff,

v.

DAYTON HUDSON CORPORATION
d/b/a TARGET STORES,

     Defendant.

_____/

## NOTICE OF SERVICE OF DEFENDANT'S
## FIRST SET OF EXPERT INTERROGATORIES TO PLAINTIFF

*PLEASE TAKE NOTICE* that Defendant's First Set of Expert Interrogatories to Plaintiff
was faxed this 24th day of November 2000 to **RICHARD J. BURTON, ESQ.**, Richard J. Burton
& Associates, P.A., 18305 Biscayne Boulevard, Suite 300, Miami, Florida 33160, and sent regular
mail.

     Respectfully submitted,

     SHUTTS & BOWEN LLP
     Attorneys for Defendant
     201 S. Biscayne Boulevard
     1500 Miami Center
     Miami, Florida 33131
     (305) 358-6300
     (305) 347-7386 (Facsimile)

By: _____

     Sheila M. Cesarano
     Florida Bar Number 708364
     Rene Gonzalez-LLorens
     Florida Bar No. 0053790



**EXHIBIT**

14

SHUTTS & BOWEN LLP

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6107-CIV-FERGUSON/SNOW

STEVE HARRIS,

     Plaintiff,

v.

DAYTON HUDSON CORPORATION
d/b/a TARGET STORES,

     Defendant.

_____

### FIRST SET OF EXPERT INTERROGATORIES TO PLAINTIFF

Defendant, **TARGET CORPORATION** ("Target"), propounds the following First Set of Expert Interrogatories upon Plaintiff, **STEVE HARRIS** ("Harris"), and requests that they be answered separately, fully and under oath within thirty (30) days of service.

### DEFINITIONS

1.    "Plaintiff," "Harris," "you," or "your" shall mean STEVE HARRIS and any of his agents, representatives, and all persons acting or purporting to act on his behalf for any purpose.

2.    "Target" or "Defendant" shall mean TARGET CORPORATION, its officers, directors, agents, former or current employees, or representatives, and all persons acting or purporting to act on its behalf for any purpose, including, but not limited to, any parent, subsidiary, affiliate, franchisee, related corporation, partnership, or entity and the officers, directors, current or former employees, agents, representatives, and all persons acting or purporting to act on behalf of any such parent, subsidiary, affiliate, franchisee, related corporation, partnership, or entity.

3.    "Date" shall mean the exact date, month and year, if ascertainable or, if not, the best approximation of the date (based upon relationship with other events).

1

4.    The word "document" shall mean any writing, recording or photograph in your actual or constructive possession, custody care or control, which pertain directly or indirectly, in whole or in part, either to any of the subjects listed below or to any other matter relevant to the issues in this action, or which are themselves listed below as specific documents, including, but not limited to: correspondence, memoranda, notes, messages, diaries, minutes, books, reports, charts, ledgers, invoices, computer printouts, microfilms, video tapes or tape recordings.

5.    "Agent" shall mean: any agent, employee, officer, director, attorney, independent contractor or any other person acting at the direction of or on behalf of another.

6.    "Person" shall mean any individual, corporation, proprietorship, partnership, trust, association with any other entity.

7.    The words "pertain to" or "pertaining to" mean: relates to, refers to, contains, concerns, describes, embodies, mentions, constitutes, constituting, supports, corroborates, demonstrates, proves, evidences, shows, refutes, disputes, rebuts, controverts or contradicts.

8.    The term "third party" or "third parties" refers to individuals or entities that are not a party to this action.

9.    The term "action" shall mean the case entitled, Steve Harris v. Dayton Hudson Corporation d/b/a Target Stores, Case No. 00-6107-CIV-FERGUSON, pending in the United States District Court for the Southern District of Florida.

10.    The word "identify," when used in reference to a document, means and includes the name and address of the custodian of the documents, the location of the document, and a general description of the document including (1) the type of document (i.e., correspondence, memorandum, facsimile etc.); (2) the general subject matter of the document; (3) the date of the document; (4) the author of the document; (5) the addressee of the document; (6) the relationship of the author and the addressee to each other.

2

## INSTRUCTIONS

1.     All answers are to be made separately and fully. An incomplete or evasive answer is a failure to answer.

2.     When answering these interrogatories, you shall furnish (a) all information within your personal knowledge; (b) all information available to you, including information in the possession of your representatives, employees, agents, accountants, consultants, experts, investigators, representatives, independent contractors, insurers, any person acting on your behalf, and, unless privileged, your attorneys; and (c) all information or knowledge you could obtain by a reasonably diligent inquiry.

3.     If, after diligent efforts, you have only incomplete knowledge of the answer to an interrogatory, answer to the extent of your knowledge, specifically state what part or area of the interrogatory you cannot answer, and identify the person or persons who do or might have additional knowledge or information to complete the answer.

4.     Interrogatories may be answered in whole or in part by attaching documents which contain sufficient information to completely answer the question. The relevant portion of the document, however, must be so marked or indicated.

5.     If an interrogatory requests the identity of a person or entity answering or supplying information for the answer, or if the information furnished is not within the personal knowledge of the person answering the interrogatory, identify each other person or entity that assisted or participated in preparing or supplying any of the information given in the answer and all persons with personal knowledge pertaining to the interrogatory.

6.     Should you object to an interrogatory in whole or part, state the particular request to which you object and the precise grounds for the objection in sufficient detail to allow Target to evaluate and respond to the objection.

3

7.    If you object to fully identifying a document or oral communication because of a privilege, you must nevertheless provide the following information, unless divulging the information would disclose the privileged information:

    a.    the nature of the privilege claimed (including work product):

    b.    if the privilege is being asserted in connection with a claim or defense governed by state law, the state privilege rule being invoked;

    c.    the date of the document or oral communication;

    d.    if a document: its type (correspondence, memorandum, facsimile etc ), custodian, location, and such other information sufficient to identify the document for a subpoena duces tecum or a document request, including where appropriate the author, the addressee, and, if not apparent, the relationship of the persons present to the declarant; and

    e.    if an oral communication: the place where it was made, the names of the persons present while it was made, and, if not apparent, the relationship of the persons present to the declarant; and

    f.    the general subject matter of the document or oral communication.

    8.    You are under a continuous obligation to supplement your answers to these interrogatories under the circumstances specified in Fed. R. Civ. P. 26(e).

4

## INTERROGATORIES

1.    Please identify the name and title of each individual who answered these

interrogatories or contributed to the answers of these interrogatories.

2.      Please identify all expert witnesses, if any, that you intend to call to testify at the trial of this matter, and, for each expert witness, state the individual's qualifications as an expert, the subject matter on which the expert is expected to testify, the substance of the facts and or opinions to which the witness is expected to testify, and the grounds for each opinion expected to be offered by such expert.

3.    For each expert identified in response to Interrogatory No. 2, provide the following information

(a)    A complete statement of all opinions or testimony to be expressed and the basis and reasons therefor:

(b)    The data or other information considered by the person in forming the opinions;

(c)    Any exhibits to be used as a summary of or support for the opinions;

(d)    The qualifications of the witness, including his/her curriculum vitae and a list of all publications authored by the witness within the preceding ten years;

7

(e)        The compensation to be paid for any study and testimony;

(f)        A listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years; and

(g)        All expert reports (including drafts) in this action.

SHUTTS & BOWEN LLP, 1500 MIAMI CENTER, 201 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131 (305)

4   Identify all persons in the nature of an expert who you have consulted, retained or specifically employed in anticipation of litigation or preparation for trial but who are not expected to be called as witnesses at hearing or trial.

STEEL & BOWEN LLP, 1200 MIAMI CENTER, 201 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131, TEL. (305) 358-6300

STATE OF FLORIDA          )
                          )
COUNTY OF _____       )


The foregoing instrument was acknowledged before me this _____ day of _____

_____, 2000, by _____, who is personally known to me or who has

produced _____ as identification and who did (did not) take an oath.


_____
NOTARY PUBLIC


_____
Typed or Printed Name of Notary
My commission expires:
Serial No., if any:


MIADOCS 371658 1 RGL

SHUTTS & BOWEN LLP



December 15, 2000

Richard J. Burton, Esq.
Richard Burton & Associates, P.A.
18305 Biscayne Boulevard
Suite 300
Miami, Florida 33160

     RE:   **Steve Harris v. Target Corporation**

Dear Richard:

     I would like to depose your expert witnesses before January 2, 2001. Please provide me with convenient dates and times so that I can notice the depositions.

     I would also like to briefly depose Mr. Harris on the issue of slander and libel. I believe that his deposition will last no more than 30 minutes. Please provide me with convenient dates and times.

     Thank you for your assistance in this matter.

                Sincerely,

                Rene Gonzalez-LLorens





AMSTERDAM    FORT LAUDERDALE    LONDON    MIAMI    ORLANDO    TALLAHASSEE    WEST PALM BEACH

# SHUTTS & BOWEN LLP



December 20, 2000

Richard J. Burton, Esq.
Richard Burton & Associates, P.A.
18305 Biscayne Boulevard
Suite 300
Miami, Florida 33160

**RE:  Steve Harris v. Target Corporation**

Dear Richard:

Since I have not heard from you about convenient dates for depositions, I have noticed the depositions of plaintiff's experts for January 2, 2001  Enclosed please find the deposition notices.

If the deposition date is inconvenient to you or the experts, please advise and I will reschedule the depositions to a date that is at your convenience.

**In addition, please provide an address for Dr. Evelina Bestman.**

Sincerely,

Rene Gonzalez-LLorens

RGL:med
Enclosures

MIADOCS 387473 1 MED





## SHUTTS & BOWEN LLP

[illegible masthead text]

January 22, 2001

Richard J. Burton, Esq.
Richard Burton & Associates, P.A.
18305 Biscayne Boulevard
Suite 300
Miami, Florida 33160

RE:   **Steve Harris v. Target Corporation**

Dear Mr. Burton:

Pursuant to our last telephone conversation, we have agreed to the following:

First, Plaintiff has agreed to have only one economist, Stanley L. Foodman, testify at trial regarding damages. Consequently, Plaintiff has decided to withdraw Jose A. Romano as an expert in this matter.

Second, you will discuss with your client striking the psychological damage expert, Dr. Evelina Bestman. If Plaintiff strikes Dr. Bestman, Defendant will withdraw its psychological damage expert, Dr. Graff.

Third, you have given me three possible dates for mediation: February 1, 5, and 7, 2001. I will contact the mediator to determine his availability.

Fourth, I have agreed to give you deposition dates for Mr. Fankhauser and Ms. Lefew. These are the only two names we discussed. Please advise whether there is anyone else you would like to depose.

Sincerely,

René Gonzalez-LLorens

RGL:med

MIADOCS 391214 1 MED

**EXHIBIT**
G

**EXHIBIT**
17

# SHUTTS & BOWEN LLP



February 8, 2001

<u>VIA FACSIMILE</u>

Richard J. Burton, Esq.
Richard Burton & Associates, P.A.
18305 Biscayne Boulevard
Suite 300
Miami, Florida 33160

RE:    <u>Steve Harris v. Target Corporation</u>

Dear Richard:

I have no objections to Plaintiff's Unopposed Motion for Enlargement of Time to Complete Discovery, *et al.* (However, for the record, please note that Judge Ferguson agreed to extend discovery only for a 15-day period after February 16, 2001, as to the deponents we have noticed prior to the discovery deadline.)

Please advise whether February 15, 2001, is a convenient date to depose your expert, Stanley I. Foodman. This letter also confirms that, as set forth in my January 22, 2001 letter, you have decided to withdraw Jose A. Romano and Dr. Evelina Bestman as experts in this matter. In return, we are withdrawing Dr. Graff as an expert witness in this matter.

Accordingly, the depositions that are left to be taken in this matter are the following: Jacquie Scott, Erica Lyday, Betty Gadsen, Shannon Tetrault, Loretta Fabricant, and Stanley Foodman.

Finally, please call me to discuss whether experts are even adequate in this case. Perhaps, we can agree to lessen our client's respective costs in this matter.

Sincerely,

Rene Gonzalez-LLorens

**EXHIBIT**
H

**EXHIBIT**
18

# SHUTTS & BOWEN LLP



February 9, 2001

**Via Facsimile**

Richard J. Burton, Esq
Richard Burton & Associates, P.A
18305 Biscayne Boulevard
Suite 300
Miami, Florida 33160

RE:    **Steve Harris v. Target Corporation**

Dear Mr. Burton:

As we discussed yesterday, Loretta Fabricant has no opinion on the above referenced matter at this time given that Plaintiff's expert does not have an expert report that she can address. Accordingly, please reschedule Ms. Fabricant's deposition. I suggest that her deposition be held the week after Mr. Foodman's deposition. In addition, please advise when Mr. Foodman can be deposed

Furthermore, we intend to depose the following individuals: Eileen Murray, Johnnie Kianka, Sunil Harrypersad, Kerry Murphy, and Janice Harris. Please advise on convenient dates in March for these depositions.

Sincerely,

Rene Gonzalez-LLorens

MIADOCS 397936 1 RGL




AMSTERDAM      FORT LAUDERDALE         MIAMI      ORLANDO         WEST PALM BEACH

# SHUTTS & BOWEN LLP



March 1, 2001

<u>Via Facsimile</u>

Richard J. Burton, Esq.
Richard Burton & Associates, P.A.
18305 Biscayne Boulevard
Suite 300
Miami, Florida 33160

     RE:   **Steve Harris v. Target Corporation**

Dear Mr. Burton:

    You have not responded to my February 9, 2001 letter regarding dates for the depositions of Stanley Foodman, Eileen Murray, Johnnie Kianka, Sunil Harrypersad, Kerry Murphy, and Janice Harris. If I do not hear from you by today, I will notice the depositions.

          Sincerely,

          Rene Gonzalez-Llorens

MIADOCS 402298 1 RGL



# SHUTTS & BOWEN LLP

ATTORNEYS AND COUNSELLORS AT LAW
(A PARTNERSHIP INCLUDING PROFESSIONAL ASSOCIATIONS)

Received 4:18 PM

1500 MIAMI CENTER
201 SOUTH BISCAYNE BOULEVARD
MIAMI, FLORIDA 33131
MIAMI (305) 358-6300
BROWARD (954) 467-8045
FACSIMILE (305) 381-9982

March 1, 2001

Via Facsimile

Richard J. Burton, Esq.
Richard Burton & Associates, P.A.
18305 Biscayne Boulevard
Suite 300
Miami, Florida 33160

## RE:  Steve Harris v. Target Corporation

Dear Mr. Burton:

You have not responded to my February 9, 2001 letter regarding dates for the depositions of Stanley Foodman, Eileen Murray, Johnnie Kianka, Sunil Harrypersad, Kerry Murphy, and Janice Harris. If I do not hear from you by today, I will notice the depositions.

Sincerely,

Rene Gonzalez-LLorens

MIADOCS 402298 1 RGL

# SHUTTS & BOWEN LLP

Mar. 8, 20

<u>Via Facsimile</u>

Richard J. Burton, Esq.
Richard Burton & Associates, P.A.
18305 Biscayne Boulevard
Suite 300
Miami, Florida 33160

RE:    <u>Steve Harris v. Target Corporation</u>

Dear Mr. Burton,

Please provide me with all documents and materials, if any, that you or your agents provided to Plaintiff's expert, Stanley Foodman, or his agents, as well as all expert reports, in connection with this litigation as requested in Target's First Request for Production dated March 29, 2000. Also provide me with a response to Target's Expert Interrogatories to Plaintiff served on November 24, 2000. I ask that the documents and responses be provided to me by Monday, March 12, 2001.

Please consider this letter as our good faith attempt to resolve this discovery dispute pursuant to the Court's Local Rules.

Sincerely,

Rene Gonzalez-LLorens

MIADOCS 403839 1 RGL

**EXHIBIT**
N

**EXHIBIT**
22

# SHUTTS & BOWEN LLP



March 14, 20...

<u>Via Facsimile</u>

Richard J. Burton, Esq.
Richard Burton & Associates, P.A.
18305 Biscayne Boulevard
Suite 300
Miami, Florida 33160

**EXHIBIT**

**23**

### RE:   <u>Steve Harris v. Target Corporation</u>

Dear Mr. Burton:

We have no choice but to cancel the deposition of Plaintiff's expert, Stanley Foodman. We cannot depose Mr. Foodman because you have failed to provide us with any documents – including expert report, expert summary, or documents relied upon by Mr. Foodman – even though we have repeatedly requested this information.

On March 29, 2000, we requested the above referenced documents in Target's First Request for Production. However, you failed to provide us with a single document.

On November 24, 2000, we requested, once again, the above referenced information in Target's Expert Interrogatories to Plaintiff. However, you failed to provide us with any information or documents.

Since December 15, 2000, we have repeatedly tried to depose Plaintiff's expert. We have attempted to amicably work with you to schedule convenient dates for your expert's deposition to allow you sufficient time to obtain and produce the requested documents that would permit us to depose Plaintiff's expert. Unfortunately, our letters were ignored.

Finally, on March 2, 2001, you agreed to a March 15th deposition date. In an attempt to work with you, I rescheduled my appointments and noticed the deposition for March 15, 2001, with the understanding that I would timely obtain the requested documents and information regarding Plaintiff's expert.

After a week had passed and I had not received any documents or information regarding Plaintiff's expert, on March 8, 2001, I requested, once again, these documents. The March 8th letter stressed that I needed the documents by Monday, March 12, 2001, to properly prepare for your expert's deposition. I emphasized the importance of timely obtaining these documents by stating

**EXHIBIT**

**0**

AMSTERDAM      FORT LAUDERDALE      ORLANDO      MIAMI      TALLAHASSEE      WEST PALM BEACH

SHE...S &...OWEN LLP

Richard Burton, Esq
March 14, 2001
Page 2

that the March 8th letter was our good faith attempt to resolve this discovery dispute pursuant to the Court's Local Rules

    As of today, Wednesday, March 14, 2001, I have not received a single document requested which involves Plaintiff's expert. You have failed to provide me with an expert report, expert summary, documents relied by the expert, list of the expert's qualifications, curriculum vitae, etc

    Accordingly, I have no choice but to cancel the deposition because of Plaintiff's failure to provide Target with the requested documents necessary to take Plaintiff's expert's deposition.

              Very truly yours,

              Rene Gonzalez-LLorens

MIADOCS 405065 1 RGL

# SHUTTS & BOWEN LLP



ATTORNEYS AND COUNSELLORS AT LAW

.500 MIAMI CENTER
201 SOUTH BISCAYNE BOULEVARD
MIAMI, FLORIDA 13131
MIAMI (305) 358-6300
BROWARD (954) 467-8411
FACSIMILE (305) 347-7082

March 14, 2001

**EXHIBIT**

**2 4**

Via Facsimile

Richard J. Burton, Esq.
Richard Burton & Associates, P.A.
18305 Biscayne Boulevard
Suite 300
Miami, Florida 33160

RE:   **Steve Harris v. Target Corporation**

Dear Mr. Burton:

We have no choice but to cancel the deposition of Plaintiff's expert, Stanley Foodman. We cannot depose Mr. Foodman because you have failed to provide us with any documents – including expert report, expert summary, or documents relied upon by Mr. Foodman – even though we have repeatedly requested this information.

On March 29, 2000, we requested the above referenced documents in Target's First Request for Production. However, you failed to provide us with a single document.

On November 24, 2000, we requested, once again, the above referenced information in Target's Expert Interrogatories to Plaintiff. However, you failed to provide us with any information or documents.

Since December 15, 2000, we have repeatedly tried to depose Plaintiff's expert. We have attempted to amicably work with you to schedule convenient dates for your expert's deposition to allow you sufficient time to obtain and produce the requested documents that would permit us to depose Plaintiff's expert. Unfortunately, our letters were ignored.

Finally, on March 2, 2001, you agreed to a March 15th deposition date. In an attempt to work with you, I rescheduled my appointments and noticed the deposition for March 15, 2001, with the understanding that I would timely obtain the requested documents and information regarding Plaintiff's expert.

After a week had passed and I had not received any documents or information regarding Plaintiff's exper[ ] [ ] uested, once again, these documents. The March 8th letter stressed that I [EXHIBIT] Monday, March 12, 2001, to properly prepare for your expert's deposi[ ] **P** [ ] portance of timely obtaining these documents by stating

SHUTTS & BOWEN LLP

Richard Burton, Esq.
March 14, 2001
Page 2

that the March 8th letter was our good faith attempt to resolve this discovery dispute pursuant to the
Court's Local Rules.

As of today, Wednesday, March 14, 2001, I have not received a single document requested
which involves Plaintiff's expert. You have failed to provide me with an expert report, expert
summary, documents relied by the expert, list of the expert's qualifications, curriculum vitae, etc.

Accordingly, I have no choice but to cancel the deposition because of Plaintiff's failure to
provide Target with the requested documents necessary to take Plaintiff's expert's deposition.

Very truly yours,

René Gonzalez-LLorens

MIADOCS 405008.1 RGL