**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
FT. LAUDERDALE DIVISION

STEVE HARRIS,
Plaintiff,

Case No. 00-6107-CIV-FERGUSON
MAGISTATE JUDGE SNOW

vs.

TARGET CORPORATION f/k/a
DAYTON HUDSON CORPORATION
d/b/a TARGET STORES

NIGHT BOX
FILED
APR 30 20..
CLARENCE MADDOX
CLERK, USDC / SDFL / FTL

______________________________________/

**RESPONSE TO DEFENDANT'S MOTION TO DISMISS COUNT III INCORPORATED MEMORANDUM OF LAW.**

COMES NOW, the Plaintiff, Steve Harris, hereinafter named "Plaintiff", and sets forth his RESPONSE TO DEFENDANT'S MOTION TO DISMISS COUNT III INCORPORATED MEMORANDUM OF LAW, wherein Defendant Dayton Hudson d/b/a Target Stores, know known as The Target Corporation hereinafter called "Target", move the Court to Dismiss Plaintiff's Count III against them, for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b) (6). Plaintiff respectfully requests that said Motion be denied. The grounds for this motion are set forth in the following memorandum of law:

**Preliminary Statement and Overview**

On March 5, 1999, Plaintiff was terminated by Target for alleged abuse of authority in the cash handling while he was a Store Team Leader. Plaintiff instead contents that the reasons behind his termination was actually race related and thus in violation of Title VII of the Civil Rights Act, and 42 U.S.C. 1981.

STATEMENT OF FACTS

Plaintiff brings this action of his 1999 termination where he was terminated for allegations of wrongdoing. Plaintiff's termination followed a discrepancy over a tip left at a company-sponsored dinner party. Thereafter an investigation was initiated regarding Plaintiff's personal accounts and resulted in Plaintiff's termination. In the process of the investigation, the head security officer made derogatory comments regarding Plaintiff, his race, and ownership of personal property to a third party. Following Plaintiff's termination, another non-minority manager replaced him. Plaintiff was the only minority that held such a position in the geographical area and many other non-minority managers had similar stature.

**Count III – Defamation**

Count I alleges a Defamation claim wherein an employee of Target made racial derogatory remarks to a third person regarding Plaintiff's ownership of an expensive vehicle. These remarks were made during an alleged investigation into a store managed in part by Plaintiff. The remark was disclosed to Plaintiff by the third party who is still believed to be a current employee of Target. A security officer in the process of investigation made this remark. Since at the time of pleading, the person who possessed the knowledge was not available to the Plaintiff, Plaintiff could only assert his "information and belief". Further, Defamation may be defined as the unprivileged publication of false statements which naturally and proximately result in injury to another. Cooper v. Miami Herald Pub. Co. 31 So. 2d. 382 (Fla 1947). Malice and damages are an

essential element of proof in pleading. Layne v. Tribune Co. 146 So.2d 234 (Fla. 1933). In construing the language used in defamation, the court may consider extrinsic facts and circumstances, without the necessity of showing special damages. The reasoning behind such an allowance is that the natural and proximate consequences resulted in the harm rather than the actual words. Further, the Florida Courts have held that an oral communication that imputes to another a crime of a felony, or a present communicable and loathsome disease, or conduct not compatible with lawful business practices, or lastly, a woman's act of unchastity, then they are afforded a presumption of malice and damage. Campbell v. Jacksonville Kennel Club 66 So. 2d 495 (Fla 1953). These do not require additional pleading of such. In the instant case, a Target employee made insinuation that the only way a "black man" could afford an expensive sports car was to steal the vehicle or steal money to pay for it.

In determining whether the conduct of the parties was proper in connection with the claims asserted in the Complaint and as to whether the defendant or an employee in the course of an investigation on behalf of the Defendant committed the alleged act is a factual issue and one not properly disposed of in a motion to dismiss.

The complaint, taken in a light most favorable to the non-moving party, presents at least a colorable claim that plaintiff's injury was as a result of Defendant's defamation claims. Board of Regents v Roth, 408 U.S. 564,(1972) , Perry v Sinderman, 408 U.S. 593, (1972) Taking the factual allegation as true in

Plaintiff's count III, there is, at least, a colorable claim, and those factual questions are not properly disposed of in a Motion to Dismiss.

**Conclusion**

Target's Motion to Dismiss seeks to dismiss issues of fact not proper in a motion to dismiss and should be denied. Plaintiff's Complaint, attempts to plead with particularity the required elements necessary to uphold a claim of deflmation where the acts of the Defendant employee infers a felony on the plaintiff, sufficient to withstand a motion to Dismiss on the Pleadings. Therefore, in determining whether the conduct of the parties were proper in connection with the claims and as to which defendant committed the alleged act, if not both, is a factual issue and one not properly disposed of in a motion to dismiss. The complaint, taking in a light most favorable to the non-moving party, presents at least a colorable claim.

Further, Target requests that the allegations be plead with "specificity". The complaint attempts to follow those guidelines. "Information and belief" plead statements are only those where the plaintiff possess the knowledge but did not hear it with their own ears. That is the case here, and still can meet the specificity requirement as set out the rules. Since facts have been plead where those Defendants could conceivably be liable, the Plaintiff will have the burden of Proof in proving those elements at a subsequent trial. However, the Motions to Dismiss should be denied on the grounds that issues of facts have been plead with the required elements.

The Court, viewing the allegations in a light most favorable to the non-moving party must see that the Claims are plead with specificity to meet the requirements of the rules without misstating facts not personally held by the Plaintiff, and accordingly, the Motions must be Denied.

Wherefore, Plaintiff prays that the Motion to Dismiss be denied and such other relief be granted as is just and equitable.

Respectfully submitted this 30th day of April 2001.

RICHARD J. BURTON & ASSOCIATES, P.A.
Attorney for PLAINTIFF
Florida Bar No. 179337
18305 Biscayne Blvd., Suite 300
Miami, FL 33106
(305)705-0888 Fax (305)935-9542

**Certificate of Service**

I HEREBY CERTIFY that a true copy of the foregoing Notice was mailed to Sheila Caesarano, Esq., SHUTTS & BOWEN LLP, 1500 Miami Center, 201 South Biscayne Blvd., Miami, FL 33131 on April 6, 2001.

RICHARD J. BURTON & ASSOC.,P.A.
18305 Biscayne Blvd., Suite 300
Miami, FL 33160
Ph: (305) 705-0888Fax: 935-9542

BY____________________________
Richard J. Burton, FBN 179337