**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
FT. LAUDERDALE DIVISION

STEVE HARRIS,
    Plaintiff,        Case No. 00-6107-CIV-FERGUSON
                              MAGISTATE JUDGE SNOW
vs.

TARGET CORPORATION f/k/a
DAYTON HUDSON CORPORATION
d/b/a TARGET STORES

_____/

**NOTICE OF FILING CORRESPONDENCE OF FOODMAN AND COUNSEL**
**FOR TARGET CORPORATION IN FURTHER SUPPORT OF HARRIS**
**MOTION TO ADJUDICATE DEFENDANT IN CONTEMPT AND IN**
**SUPPORT OF HARRIS MOTION FOR A RULE TO SHOW CAUSE AS TO**
**WHY DEFENDANT SHOULD NOT BE HELD IN CONTEMPT**

The Plaintiff, by and through undersigned counsel, and pursuant to the Fed. R. Civ. Pro., hereby files the Correspondence of Stanley Foodman, C.P.A., and Counsel for Defendant in Further Support of Plaintiff's Motion to Adjudicate Defendant in Contempt and in support of HARRIS Motion for a Rule to Show Cause why Defendant, (and their Counsel) should not be held in Contempt.

Respectfully submitted,

BY_____
Richard J. Burton, FBN 179337

**Certificate of Service**

I HEREBY CERTIFY that a true copy of the foregoing Notice was mailed to Sheila Caesarano, Esq., SHUTTS & BOWEN LLP, 1500 Miami Center, 201 South Biscayne Blvd., Miami, FL 33131 on April 30, 2001.

    RICHARD J. BURTON & ASSOC., P.A.
    18305 Biscayne Blvd., Suite 300
    Miami, FL 33160
    Ph: (305) 705-0888   Fax: 935-9542

    BY_____
    Richard J. Burton, FBN 179337

**Stanley I Foodman**
*Certified Public Accountant\**
*Certified Fraud Examiner*

<u>Via facsimile transmission 305-935-9542</u>

April 24, 2001

Richard J. Burton, Esq.
Richard J. Burton & Associates, P.A.
18305 Biscayne Blvd
Suite 300
Miami, Fl 33160

Re: Steven Harris, Plaintiff
       v.
    Target, Defendant
    Case # 00-6107-CIV-Ferguson

Dear Mr. Burton

With regard to Shutts & Bowen LLP and my deposition in the above styled matter pleased be advised that:

1. On December 1, 2000, I requested the defendant Company's history as regards promotions, pay increases, health care benefits and retirement benefits of other employees in the same position as Mr. Harris. It is essential for preparing my report. It has never been provided. Therefore, a formal report has not been prepared to date.

2. On March 6, 2001, Shutts & Bowen LLP served me with a subpoena for a deposition to be taken on March 15, 2001. Attached to the subpoena was a $40.00 check made out to another person. At the time of service I informed the process server that the $40.00 check attached was not made out to me and requested a replacement.

3. On March 7, 2001, I informed Shutts & Bowen LLP that I had not received a replacement check and informed them as to my fees for expert deposition including preparation time.

4. On March 9, 2000, Shutts & Bowen LLP informed me that a process server would deliver the correct $40.00 check to me. It was never sent.

*1201 Brickell Avenue, Suite 610*      *PO Box 310730*
*Miami, Florida 33131*     *Miami, Florida 33231-0730*
*(305) 365-1111 Tel*     *(305) 365-2244 Fax*
*(800) 636-0291 Toll Free*     *SFoodman@Bellsouth.net E-mail*
*\*CPA licensure designation is regulated by the state of Florida*

**Stanley I Foodman**
*Certified Public Accountant\**
*Certified Fraud Examiner*

5. On March 9, 2000, Shutts & Bowen LLP refused to pay for neither any deposition preparation time nor my minimum fee for deposition in this matter. This is in spite of the fact that an entire day has to be reserved in these matters since it is impossible to predict the length of any deposition. In refusing to pay for any deposition preparation time and my minimum fee for deposition in this matter, Shutts & Bowen LLP alluded to the Court's rules.

6. On March 14, 2001, Shutts & Bowen LLP canceled, without explanation of any kind, my deposition of March 15, 2001.

During the entire period from March 6, 2001 through March 14, 2001, Shutts & Bowen LLP never directly requested me to produce any information concerning a formal report or my curriculum vitae. I would have been happy to provide at deposition, both my curriculum vitae and my preliminary findings subject to Shutts & Bowen LLP later providing the information requested on December 1, 2000.

Sincerely

*Stanley I Foodman*

Stanley I Foodman, CPA

*1201 Brickell Avenue, Suite 610*　　　　*PO Box 310730*
*Miami, Florida 33131*　　　　　　　　*Miami, Florida 33231-0730*
*(305) 365-1111 Tel*　　　　　　　　　*(305) 365-2244 Fax*
*(800) 636-0291 Toll Free*　　　　　　*SFoodman@Bellsouth.net E-mail*
*\*CPA licensure designation is regulated by the state of Florida*

# SHUTTS & BOWEN LLP

ATTORNEYS AND COUNSELLORS AT LAW
(A PARTNERSHIP INCLUDING PROFESSIONAL ASSOCIATIONS)

1500 MIAMI CENTER
201 SOUTH BISCAYNE BOULEVARD
MIAMI, FLORIDA 33131
MIAMI (305) 358-6300
BROWARD (954) 467-3041
FACSIMILE (305) 381-9982

March 14, 2001

**VIA FACSIMILE and U.S. MAIL**

Stanley I. Foodman, CPA
1201 Brickell Avenue
Suite 610
Miami, Florida 33131

RE: Steve Harris v. Target Corporation

Dear Mr. Foodman:

This confirms the telephone conversation today with my secretary, Karen, wherein you were notified that your deposition scheduled for Thursday, March 15, 2001 at 11:30 a.m. has been cancelled.

Sincerely yours,

Rene J. Gonzalez-Llorens

cc: Richard Burton, Esq. (via fax)

MIADOCS 405253.1 KLL

AMSTERDAM   FORT LAUDERDALE   LONDON   MIAMI   ORLANDO   TALLAHASSEE   WEST PALM BEACH

# SHUTTS & BOWEN LLP

ATTORNEYS AND COUNSELLORS AT LAW
(A PARTNERSHIP INCLUDING PROFESSIONAL ASSOCIATIONS)

1500 MIAMI CENTER
201 SOUTH BISCAYNE BOULEVARD
MIAMI, FLORIDA 33131
MIAMI (305) 358-6300
BROWARD (954) 463-8841
FACSIMILE (305) 381-9982

March 9, 2001

**Via Facsimile: (305) 365-2244**

Stanley I. Foodman, CPA
1201 Brickell Avenue, Suite 610
Miami, Florida 33131

    **RE:**   **Steve Harris v. Target Corporation**

Dear Mr. Foodman

    I have received your March 7, 2001 letter.

    You were inadvertently given a different subpoenaed party's check when served with the subpoena. We have contacted the process server who will deliver to you the correct check. I apologize for this inconvenience.

    Target will agree to pay your $200 per hour rate. Pursuant to the Court's rules, Target will only pay for the time you spend at the deposition on direct examination. We estimate that your deposition will last less than 2 hours. Obviously, if the direct examination exceeds 2 hours, Target will pay for the additional time spent. I will bring a $400.00 check to the deposition.

    Target will not pay for "preparation time" and will not pay a flat fee of $800 for two reasons. First, preparation time is not chargeable under the Court's rules. Preparation time should be charged to your client. Second, Target should not be charged for time that you do not spend in the deposition.

    If the above creates a problem, please immediately let me know.

Very truly yours,

Réne Gonzalez-Llorens

cc: Richard Burton, Esq.

MIADOCS 404191.1 RGL

AMSTERDAM     FORT LAUDERDALE     LONDON     MIAMI     ORLANDO     TALLAHASSEE     WEST PALM BEACH

**Stanley I Foodman**
*Certified Public Accountant\**
*Certified Fraud Examiner*

**Via Facsimile Transmission 305-381-9982**

March 7, 2001

Sheila M. Cesarano, Esq. and Rene Gonzalez-Llorens, Esq.
Shutts & Bowen, LLP
1500 Miami Center
201 S. Biscayne Blvd
Miami, Fl 33131

Re:   Steve Harris, Plaintiff
          v.
      Dayton Hudson Corporation,
      d/b/a Target Stores
      Case No. 00-6107-CIV-Ferguson
      Magistrate Judge Snow

Yesterday I was served with a subpoena for a deposition in to be taken in your offices on for March 15, 2001 at 11:30 AM signed by Sheila M. Cesarano, Esq. At the time of being served I informed the process server that the $40.00 check attached was not made out to me and requested a replacement. As of this morning I have not received the requested replacement check.

Please be advised that:

1. I require a check for four hours of time at $200.00 per hour plus the $40.00 required replacement check in a total amount of $840.00 prior taking my deposition. If my preparation time plus the deposition time exceeds $800.00, you will of course be billed you for the additional time required.

2. Due to a hypoclycemic condition, I will break no later than 12:30 PM for lunch.

Sincerely,

*Stanley I Foodman*

Stanley I Foodman, CPA

cc. Richard Burton, Esq.

*1201 Brickell Avenue, Suite 610*       PO Box 310730
*Miami, Florida 33131*                   Miami, Florida 33231-0730
*(305) 365-1111 Tel*                     (305) 365-2244 Fax
*(800) 636-0291 Toll Free*               SFoodman@Bellsouth.net E-mail
*\*CPA licensure designation is regulated by the state of Florida*

## Stanley I Foodman
*Certified Public Accountant\**
*Certified Fraud Examiner*

### Via facsimile transmission 305-935-9542

December 4, 2000

Richard J. Burton, Esq.
Richard J. Burton & Associates, P.A.
18305 Biscayne Blvd
Suite 300
Miami, Fl 33160

Re:   Steven Harris, Plaintiff
            v.
      Target, Defendant
      Case # 00-6107-CIV-Ferguson

Dear Mr. Burton,

Please request for production, the payroll history of Mr. Harris for the three years before his dismissal, or longer if warranted by governing law. In addition, it would be helpful if you could secure the defendant Company's history as regards promotions, pay increases, health care benefits and retirement benefits of other employees in the same position as Mr. Harris.

Sincerely,

*Stanley I Foodman*

Stanley I Foodman, CPA

*1201 Brickell Avenue, Suite 610*
*Miami, Florida 33131*
*(305) 365-1111 Tel*
*(800) 636-0291 Toll Free*

*PO Box 310730*
*Miami, Florida 33231-0730*
*(305) 365-2244 Fax*
*SFoodman@Bellsouth.net E-mail*

*\*CPA licensure designation is regulated by the state of Florida*