# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6107-CIV-FERGUSON/SNOW

STEVE HARRIS,

    Plaintiff,

v.

DAYTON HUDSON CORPORATION
d/b/a TARGET STORES,

    Defendant.

_____/



## DEFENDANT'S RESPONSE TO MOTION FOR STATUS CONFERENCE

Defendant, **TARGET CORPORATION** ("Target"), responds to Plaintiff **STEVE HARRIS'** ("Plaintiff") Motion for Status Conference ("Plaintiff's Motion"), and states:

Plaintiff's Motion is no more than a thinly disguised attempt to waste the Court's and Target's time and resources. Plaintiff has failed to timely respond to Target's prior motions, lacks a valid excuse for his disregard of this Court's rules, and can only attempt to cover his indolence and failures by further depleting the Court's and parties' resources.

Plaintiff argues that Target somehow "is attempting to obfuscate the issues with a [SIC] an avalanche of Motions." (Plaintiff's Motion at 1.) Interestingly, before the recent April 30, 2001 filings, *in the last four months, Target has only filed four motions:* Motion to Bifurcate Trial, Motion in Limine, Motion to Stay Proceedings, and Motion to Strike Plaintiff's Motion to File Supplemental Affidavit. These four motions are founded on solid legal grounds and, in some cases, Plaintiff has deliberately ignored and not provided any response obviously lacking a valid argument. Plaintiff's self-serving use of the term "avalanche" to describe four motions in four months is as disingenuous as the instant Plaintiff's Motion.



Plaintiff has also filed motions in the last four months: Motion for Enlargement of Time dated February 6, 2001; Motion for Enlargement of Time dated February 15, 2001; Motion for Enlargement of Time dated March 7, 2001; Motion to File Supplemental Affidavit of Harris, *et al.*, dated April 5, 2001; Motion for Finding Party in Contempt and that a Rule to Show Cause be Issued for Refusal to Deliver Witness to Deposition, Failure to Produce Documents of Defendant and Intentionally Frustrating Discovery and Issuing a Default on Liability, Costs, and Attorneys' Fees filed on April 6, 2001; and the instant Motion for Status Conference. As the Court is aware from Target's various responses, the last four motions filed by Plaintiff were based on misrepresentations to the extent that Target was forced to file separate lengthy responses to combat untrue and unsubstantiated allegations made by Plaintiff.

A status conference is not needed in this case. Discovery has been completed and all dispositive motions have been filed. Plaintiff has not identified a single valid reason for a status conference. The only purpose for a status conference is to further increase the costs associated with this lawsuit. Plaintiff has taken steps to ensure that Target has incurred needless expenses in the past few months and should not be allowed to continue to further waste this Court's time and the parties' resources in frivolous pursuits. This lawsuit should be resolved on the merits and not on the disturbed and unsubstantiated ravings found in Plaintiff's motions.

**WHEREFORE,** Target respectfully requests that the Court enter an Order denying Plaintiff's Motion for Status Conference.

2

Respectfully submitted,

SHUTTS & BOWEN LLP
Attorneys for Defendant
201 South Biscayne Boulevard
1500 Miami Center
Miami, Florida 33131
(305) 358-6300
(305) 347-7386 (facsimile)

By: _____
Sheila M. Cesarano
Florida Bar Number 708364
Rene Gonzalez-LLorens
Florida Bar Number 0053790

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed on this  7  day of May 2001, to

Richard J. Burton, Esq.
Richard J. Burton & Associates, P.A.
18305 Biscayne Boulevard, Suite 300
Miami, Florida 33160.
Tel: (305) 705-0888
Fax: (305) 935-9542
Attorney for Plaintiff

_____
OF COUNSEL