# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6107-CIV-FERGUSON/SNOW

STEVE HARRIS,

    Plaintiff,

v.

DAYTON HUDSON CORPORATION
d/b/a TARGET STORES,

    Defendant.
_____/



### DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS, FOR SANCTIONS, AND INCORPORATED MEMORANDUM OF LAW

Defendant, **TARGET CORPORATION** ("Target"), pursuant to Fed. R. Civ. P 12(f) and S.D. Fla. L.R. 7.1, moves the Court to enter an Order striking Plaintiff **STEVE HARRIS'** ("Plaintiff") Response To Defendant's Motion to Dismiss Count III ("Plaintiff's Response"), because *Plaintiff's Response is 421 days late and this Court — 83 days ago — determined that the underlying motion was moot.* Target also moves the Court for its attorneys' fees and costs incurred in responding to Plaintiff's untimely and frivolous response.

### SUMMARY OF ARGUMENT

On March 7, 2000, Target filed its Motion to Dismiss Count III. Plaintiff filed no Response during the allowed time period. On February 8, 2001, the Court entered an Order finding that Target's Motion to Dismiss Count III was moot, since Target had filed its Summary Judgment Motion (dated February 5, 2001) which sought summary judgment as to Count III. Now *421 days* after Target's Motion to Dismiss was filed and *83 days* after the Court determined that the Motion to Dismiss was moot, Plaintiff files his untimely Response.



The Court should strike Plaintiff's Response because it is untimely under S.D. Fla. L. R. 7.1 and is moot pursuant to the Court's February 8th Order. The Court should also grant Target its attorneys' fees and costs incurred in replying to Plaintiff's untimely and frivolous Response.

### FACTS

1. On March 7, 2000, Target filed its Motion to Dismiss Count III. (A true and correct copy of Target's Motion to Dismiss Count III is attached as Exhibit "A.")

2. Plaintiff neither filed nor served any timely Response to Target's Motion to Dismiss Count III.

3. On February 8, 2001, the Court entered an Order finding that Target's Motion to Dismiss Count III was moot since Target had filed its Summary Judgment Motion (dated February 5, 2001) which sought summary judgment as to Count III. (A true and correct copy of the Court's February 8th Order is attached as Exhibit "B.")

4. On May 2, 2001, Target received Plaintiff's Response.

### ARGUMENT

### I. THE COURT SHOULD STRIKE PLAINTIFF'S RESPONSE BECAUSE IT IS UNTIMELY AND MOOT.

Local Rule 7.1 states that a party must respond to a motion within ten days after service:

> Each party opposing a motion shall serve opposing memorandum of law not later than ten days after service of the motion as computed in the Federal Rules of Civil Procedure. Failure to do so is deemed sufficient cause for granting the motion by default.

S. D. Fla. L.R. 7.1. In the instant case, Plaintiff's Motion to Dismiss Count III was filed on March 7, 2000, and a response was due by March 24, 2000, *over 400 days ago.* The Court should strike Plaintiff's Response because it is untimely under S.D. Fla. L.R. 7.1.

2

Moreover, on February 8, 2001, the Court entered an Order finding that the Motion to Dismiss Count III was moot. Accordingly, the Court should strike Plaintiff's Response because the underlying motion is moot.

## II. THE COURT SHOULD GRANT TARGET ITS ATTORNEYS' FEES AND COSTS INCURRED IN FILING THIS MOTION.

Throughout this case, Plaintiff has violated the Federal Rules of Civil Procedure and this Court's Local Rules. Plaintiff has filed motions attesting that they are agreed upon, when they are not. (See Defendant's Opposition to Plaintiff's "*Unopposed*" Motion for Enlargement filed on February 16, 2001.) Plaintiff has failed to provide responses to discovery requests. Plaintiff has exceeded the ten deposition limit rule. Plaintiff has filed frivolous motions. (See Plaintiff Motion for Finding Party in Contempt and that a Rule to Show Cause be Issued for Refusal to Deliver Witness to Deposition, Failure to Produce Documents of Defendant and Intentionally Frustrating Discovery and Issuing a Default on Liability, Costs, and Attorneys' Fees filed on April 6, 2001.)

Plaintiff's untimely and mooted Response is another example of the frivolity of Plaintiff's motion practice before the Court. Plaintiff is simply increasing the costs of litigation. Accordingly, the Court should award Target its attorneys' fees and costs incurred in filing this motion pursuant to Fed. R. Civ. P. 37.

## CONCLUSION

Target respectfully requests that the Court enter an Order striking Plaintiff's Response and granting its attorneys' fees and costs incurred in responding to Plaintiff's untimely and frivolous Response.

3

Respectfully submitted,

SHUTTS & BOWEN LLP
Attorneys for Defendant
201 South Biscayne Boulevard
1500 Miami Center
Miami, Florida 33131
(305) 358-6300
(305) 347-7386 (facsimile)

By: _____
Sheila M. Cesarano
Florida Bar Number 708364
Rene Gonzalez-LLorens
Florida Bar Number 0053790

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was mailed on this __7__ day of May 2001, to

Richard J. Burton, Esq.
Richard J. Burton & Associates, P.A.
18305 Biscayne Boulevard, Suite 300
Miami, Florida 33160.
Tel: (305) 705-0888
Fax: (305) 935-9542
Attorney for Plaintiff

_____
OF COUNSEL

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

STEVE HARRIS,

   Plaintiff,

v.

DAYTON HUDSON CORPORATION
d/b/a TARGET STORES,

   Defendant.
_____/

CASE NO. 00-6107-CIV-FERGUSON
MAGISTRATE JUDGE SNOW

Please date-stamp
and return

### DEFENDANT'S MOTION TO DISMISS COUNT III
### AND INCORPORATED MEMORANDUM OF LAW

Defendant, Dayton Hudson Corporation d/b/a Target Stores (now known as Target Corporation) ("Target"), pursuant to Fed. R. Civ. P. 12(b)(6), moves the Court to dismiss Count III (Libel and Slander), because Plaintiff Steve Harris ("Plaintiff") has failed to state a claim upon which relief can be granted.

### SUMMARY OF ARGUMENT

On June 9, 1994, Target hired Plaintiff as an Assistant Store Team Leader in Training (Assistant Store Manager). On December 28, 1997, Plaintiff was promoted to Store Team Leader (Store Manager). On March 5, 1999, Target terminated Plaintiff for gross misconduct because, *inter alia*, he abused his authority as Store Team Leader with respect to cash handling, causing Target a monetary loss.

1

Specifically, Plaintiff violated Target's written policies on Gross Misconduct/Detrimental Behavior and on Cash Vouchers, thereby becoming a security risk.

On January 21, 2000, Plaintiff filed this action alleging that Target discriminated against him because of his race in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq.* (Count I) and 42. U.S.C. § 1981 (Count II). The Complaint also includes a claim of libel and slander (i.e., defamation) (Count III).

The Court should dismiss Count III for two reasons. First, Plaintiff's allegations of defamation are based on "information and belief," and, as such, are insufficient to plead a defamation claim. Second, Plaintiff has failed to plead a *prima facie* claim of defamation.

## ARGUMENT

### I. THE COURT SHOULD DISMISS COUNT III BECAUSE THE ALLEGATIONS ARE MADE ON "INFORMATION AND BELIEF."

Plaintiff alleges that Target defamed him solely based on "information and belief." (Compl., ¶ 45.) Plaintiff has clearly failed to plead a defamation claim, because allegations in a complaint based on "information and belief" are improper and a "clearly improper locution under the current federal rules, which impose (in the amended Rule 11) a duty of reasonable precomplaint inquiry not satisfied by rumor or hunch." Bankers Trust Company v. Old Republic Insurance Company, 959 F.2d 677, 683-84 (7th Cir. 1992) (involving fraud allegations based on "information and

2

belief"). Allegations in a complaint made on "information and belief" violate Fed. R. Civ. P. 11. Gallagher v. Kopera, 789 F. Supp. 277, 278 (N.D. Ill. 1992) (dismissing the complaint because the allegations were based on "information and belief" and ordering Rule 11 sanctions against plaintiff's lawyer). Plaintiff's allegations in Count III are merely hunches and unsubstantiated rumors, improper under Rule 11. Accordingly, the Court should dismiss Count III.

## II.   **PLAINTIFF HAS FAILED TO STATE A CLAIM FOR DEFAMATION.**

Plaintiff has not plead a *prima facie* claim for defamation. Plaintiff must allege that Target published a false statement, that the statement was communicated to a third party, and that Plaintiff suffered damages as a result of the publication. Hager v. Venice Hosp., Inc., 944 F. Supp. 1530, 1535 (M.D. Fla. 1996), aff'd, 132 F.3d 1461 (11th Cir. 1999); Thomas v. Jacksonville Television, Inc., 699 So. 2d 800, 803 (Fla. 1st DCA 1997).

Plaintiff has failed to provide any allegations that Target made a false statement to third parties, other than the insufficient "information and belief" allegation in Paragraph 45 of the Complaint. Moreover, Plaintiff has failed to allege how Target has acted beyond the Florida qualified privilege which allows an employer to provide information to an employee's prospective employers. § 768.095; Boehm v. American Bankers Ins. Group, 557 So. 2d 91 (Fla. 3d DCA 1990) (finding that a former employer is free to express his honest opinions regarding a former employee to a prospective employer); Riggs v. Cain, 406 So. 2d 1202 (Fla. 4th DCA

3

1981) (an employer "is pretty much free to communicate his honest opinions about the employee's job performance, and any information so long as it is relevant to the inquiry being made"). Accordingly, the Court should dismiss Count III for failure to state a claim for defamation.

### CONCLUSION

Target respectfully requests that the Court dismiss Count III, and grant such other relief the Court deems proper and necessary.

Respectfully submitted,

SHUTTS & BOWEN LLP
Attorneys for Defendant
1500 Miami Center
201 South Biscayne Boulevard
Miami, Florida 33131
(305) 358-6300
(305) 347-7386 (facsimile)

By: _____
Sheila M. Cesarano
Florida Bar Number 708364
Rene Gonzalez-LLorens
Florida Bar Number 0053790

4

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true copy of the foregoing was mailed this _____ day of March, 2000 to **RICHARD J. BURTON, ESQ.**, Richard J. Burton & Associates, P.A., 18305 Biscayne Boulevard, Suite 300, Miami, Florida 33160.

OF COUNSEL

MIADOCS 323889.1 RGL

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

STEVE HARRIS,

    Plaintiff,

v.

DAYTON HUDSON CORPORATION
d/b/a TARGET STORES,

    Defendant.
_____/

CASE NO. 00-6107-CIV-FERGUSON
MAGISTRATE JUDGE SNOW

### **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS COUNT III**

THIS CAUSE came before the Court on Defendant'S Motion to Dismiss Count III of the Complaint, and the Court, having reviewed the Motion and being otherwise fully advised in the premises, it is hereby

ORDERED AND ADJUDGED as follows:

1.    Defendant's Motion to Dismiss Count III of the Complaint is hereby **GRANTED with Prejudice**.

DONE AND ORDERED in Chambers at Ft. Lauderdale, Florida on this _____ day of March, 2000.

_____
U.S. DISTRICT COURT JUDGE

Copies Furnished To:
Sheila M. Cesarano, Esq.
Richard J. Burton, Esq.

1

# EXHIBIT B



IT IS ORDERED that this motion is hereby
DISMISSED AS MOOT.
WILKIE D. FERGUSON, JR.
02/08/01
DATE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

FILED by ___ D.C.
[FEB 9 2001]

STEVE HARRIS,

Plaintiff,

v.

DAYTON HUDSON CORPORATION
d/b/a TARGET STORES,

Defendant.
_____/

CASE NO. 00-6107-CIV-FERGUSON
MAGISTRATE JUDGE SNOW

## DEFENDANT'S MOTION TO DISMISS COUNT III
## AND INCORPORATED MEMORANDUM OF LAW

Defendant, Dayton Hudson Corporation d/b/a Target Stores (now known as Target Corporation) ("Target"), pursuant to Fed. R. Civ. P. 12(b)(6), moves the Court to dismiss Count III (Libel and Slander), because Plaintiff Steve Harris ("Plaintiff") has failed to state a claim upon which relief can be granted.

### SUMMARY OF ARGUMENT

On June 9, 1994, Target hired Plaintiff as an Assistant Store Team Leader in Training (Assistant Store Manager). On December 28, 1997, Plaintiff was promoted to Store Team Leader (Store Manager). On March 5, 1999, Target terminated Plaintiff for gross misconduct because, *inter alia*, he abused his authority as Store Team Leader with respect to cash handling, causing Target a monetary loss.

1