## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6107-CIV-FERGUSON/SNOW

STEVE HARRIS,

    Plaintiff,

v.

DAYTON HUDSON CORPORATION
d/b/a TARGET STORES,

    Defendant.

_____/



### DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S NOTICE OF FILING CORRESPONDENCE OF FOODMAN, *ET AL.*, AND INCORPORATED MEMORANDUM OF LAW

Defendant, **TARGET CORPORATION** ("Target"), pursuant to Fed. R. Civ. P 12(f), moves the Court to enter an Order striking Plaintiff **STEVE HARRIS**'s ("Plaintiff") Notice of Filing Correspondence of Foodman *et al.* ("Plaintiff's Notice"), and states:

On April 30, 2001, Plaintiff filed Plaintiff's Notice attaching a letter from Stanley Foodman ("Plaintiff's expert") dated April 24, 2001 (the "April 24th Letter"). In the April 24th Letter, Plaintiff's expert states that he requested Target's company history on December 1, 2000. (April 24th Letter at 1.) Although Plaintiff's expert does not identify who he requested this information from, an attached December 4, 2000 letter from Plaintiff's expert indicates that he allegedly requested the information from Plaintiff's counsel, Richard Burton. (The Court should note that December 4, 2000 was approximately one month after Plaintiff's expert information should have been provided to Target by S.D. Fla. L.R. 16.1.)

Plaintiff's expert also claims that, "During the entire period from March 6, 2001 through March 14, 2001, Shutts & Bowen LLP never directly requested me to produce information



concerning a formal report or my curriculum vitae." (April 24th Letter at 2.) In sum, Plaintiff blames Target's counsel for Plaintiff's failure to provide expert disclosures and information as mandated by S.D. Fla. L.R. 16.1 and Fed. R. Civ. P. 26.

The Court should strike the Plaintiff's Notice and its attachments for two reasons.

***First,*** the April 24th Letter is simply an eleventh-hour, unsworn letter by Plaintiff's expert addressed to Plaintiff's counsel made after the incident (and a few days before filing the Notice) to somehow excuse Plaintiff's errors and omissions. As an unsworn document, the April 24th Letter has no evidentiary value and, furthermore, the circumstances surrounding the letter question and impugn any value the letter may have.

***Second,*** and more importantly, the April 24th Letter is founded on untruths. On March 29, 2000, Target requested expert information in Target's First Set of Interrogatories.[1] On March 29, 2000, Target requested expert information in Target's First Request for Production. Plaintiff failed to provide any expert information to Target's discovery requests.

Pursuant to the Court's April 9, 2000 Order Setting Trial Date and Discovery Schedule, Plaintiff was required to provide his expert's report and/or summary, as well as the mandated expert disclosure documents, by November 6, 2000, or 90 days before the February 5, 2001 pretrial conference. Nonetheless, Plaintiff completely failed to provide the expert information and documents.

On November 24, 2000, Target requested, once again, the above referenced expert disclosure information in Target's Expert Interrogatories to Plaintiff. However, Plaintiff failed to provide any response, information, or documents.

---

[1] All letters and discovery requests cited herein are attached to Target's Motion in Limine Precluding Plaintiff's Expert Testimony.

2

From December 15, 2000 until March 2, 2001, Target repeatedly tried to schedule a deposition date for Plaintiff's expert, but Plaintiff's counsel failed to provide a single date in which his expert could be deposed. During that time, Target's counsel repeatedly requested expert information, but none was provided. (See letters attached to Target's Motion in Limine to Preclude Expert Testimony.) Consequently, Target had no choice but to cancel Plaintiff's expert's deposition.

Local Rule 16.1(K) states:

> Where expert opinion evidence is to be offered at trial, *summaries of the expert's anticipated testimony or written expert reports (including lists of the expert's qualifications to be offered at trial, publications and writings, style of case and name of court and judge in cases in which the expert has previously testified and the subject of that expert testimony, the substance of the facts and all opinions to which the expert is expected to testify, and a summary of the grounds for each opinion) shall be exchanged by the parties no later than 90 days prior to the pretrial conference.* ...

S.D. Fla. L.R. 16.1(K) (emphasis added). A party is required to provide an expert report setting forth the expert's opinions, along with additional expert disclosures and documents delineated in Rule 26(a)(2)(B), which states in relevant part:

> Except as otherwise stipulated or directed by the court, this disclosure *shall ... be accompanied by a written report prepared and signed by the witness.* The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the datas or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

Fed. R. Civ. P. 26(a)(2)(B) (emphasis added).

In this case, Plaintiff failed to provide the expert information after numerous repeated requests. In fact, Plaintiff's counsel stated that his expert did not intend to prepare a report. For Plaintiff to use the self-serving and belated April 24th Letter to accuse Target for Plaintiff's inability to provide expert disclosures and information is preposterous. Plaintiff should not be allowed to

3

shift his blame by providing an after-the-fact letter from his own expert mouthing excuses, blaming opposing counsel, and attempting to exculpate Plaintiff. Interestingly, Plaintiff has not presented any valid argument for his failure to provide expert information as mandated by Local Rule 16.1 and Rule 26.

For the reasons set forth above, the Court should strike Plaintiff's Notice as immaterial and impertinent.

### CONCLUSION

Target respectfully requests that the Court enter an Order striking Plaintiff's Notice as immaterial and impertinent, and for such other relief as the Court deems proper and necessary.

> Respectfully submitted,
>
> SHUTTS & BOWEN LLP
> Attorneys for Defendant
> 201 South Biscayne Boulevard
> 1500 Miami Center
> Miami, Florida 33131
> (305) 358-6300
> (305) 347-7386 (facsimile)
>
> By: _____
> Sheila M. Cesarano
> Florida Bar Number 708364
> Rene Gonzalez-LLorens
> Florida Bar Number 0053790

4

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was mailed on this _7_ day of May 2001, to

Richard J. Burton, Esq.
Richard J. Burton & Associates, P.A.
18305 Biscayne Boulevard, Suite 300
Miami, Florida 33160.
Tel: (305) 705-0888
Fax: (305) 935-9542
Attorney for Plaintiff

OF COUNSEL

MIADOCS 416877.1 RGL