**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

Case No. 00-6107-CIV-FERGUSON/SNOW

STEVE HARRIS,
    Plaintiff,

vs.

DAYTON HUDSON CORPORATION
d/b/a TARGET STORES,
    Defendant.
_____/

**NIGHT BOX
FILED

MAY 2 9 2001

CLARENCE MADDOX
CLERK, USDC / SDFL / FTL**

## RESPONSE TO DEFENDANT'S MOTION FOR DENIAL OF STATUS CONFERENCE

Plaintiff, **STEVE HARRIS**, submits the following response to defendant's motion to deny plaintiff's request for a Status Conference. Plaintiff properly requested a motion for a Status Conference. pursuant to Fed. R. Civ. P. 16. The requested status conference is necessary in order for the Court to issue appropriate Orders to further the prosecution of this case. The outstanding motions should be decided before the June trial period because they will facilitate the trial. Defendant's in their response to plaintiff motion for status conference avoid the issue by engaging in a personal attack against plaintiff counsel ("this lawsuit should be resolved on the merits and not on the **disturbed and unsubstantiated ravings** found in Plaintiff's motions"), rather than addressing the fact that there are several motions that must be decided prior to the trial in order to further prosecute the case. Defendant correctly asserts that plaintiff has filed several motions in the last four months, which is due directly to defendant's failure to cooperate in the discovery process that is necessary to properly prosecute this case. For example, plaintiff has requested on several occasions to depose Target employees that might have information relevant to this case; defendant has failed to produce the deponents. In addition, the defendant has failed to show up to scheduled depositions.



Moreover, defendant has cancelled depositions with potential expert witnesses, and then claimed that the expert witnesses should not be allowed to testify because they have not deposed those witnesses. In essence, the defendant has forced the plaintiff to engage in motion practice in order to force the defendant to comply with the legal process. The defendant claims that discovery has been completed, however, several motions have yet to be ruled on with regard to discovery. Regardless of whether either side has engaged in excessive motion practice, a status conference is necessary in order to resolve the outstanding motions. Moreover, a status conference will reduce costs because the Court may resolve several outstanding disputes. Furthermore, the defendant's concern with costs rather than justice should not dissuade this Court from granting a needed Status Conference. This lawsuit should be resolved on the merits, which necessarily involve resolving several outstanding motions.

Wherefore, Plaintiff respectfully requests that its Motion for Status Conference be Granted.

RICHARD J. BURTON & ASSOCIATES, P.A.
Attorney for Plaintiff
Florida Bar No. 179337

**Certificate of Service**

I HEREBY CERTIFY that a true copy of the foregoing Reply was mailed to Sheila Caesarano, Esq., SHUTTS & BOWEN LLP, 1500 Miami Center, 201 South Biscayne Blvd., Miami, FL. 33131 on May 29, 2001.

RICHARD J. BURTON & ASSOCIATES, P.A.
18305 Biscayne Blvd., Suite 300
Miami, FL 33106
(305)705-0888  Fax (305)935-9542

By:_____
    Richard J. Burton FBN 179337