# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6107-CIV-FERGUSON/SNOW

STEVE HARRIS,

    Plaintiff,

v.

DAYTON HUDSON CORPORATION
d/b/a TARGET STORES.

    Defendant.

_____/

### DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE
### TO DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S
### NOTICE OF FILING CORRESPONDENCE OF FOODMAN

Defendant, **TARGET CORPORATION** ("Target"), replies to Plaintiff **STEVE HARRIS'**

("Plaintiff") Response to Defendant's Motion to Strike Plaintiff's Notice of Filing Correspondence

of Foodman ("Plaintiff's Response"), and states:

### I.  PLAINTIFF'S EXPERT'S LETTER IS AN UNSWORN DOCUMENT, AND IS NOT EVIDENCE.

Plaintiff's Response fails to address Target's argument in Defendant's Motion to Strike

Plaintiff's Notice of Filing Correspondence of Foodman ("Target's Motion") that the letter from

Stanley Foodman ("Plaintiff's expert") dated April 24, 2001 (the "April 24th Letter") is an unsworn

document, and, therefore. is not evidence.  Plaintiff's Response only acknowledges Target's

argument by stating. "The referenced letter is merely a timeline of the expert's communications with

defendant. an explanation of why defendant has not received the expert information." (Plaintiff's

Response.)  Plaintiff's Response otherwise **ignores** Target's argument that the April 24th Letter is

simply an eleventh-hour, unsworn letter by Plaintiff's expert addressed to Plaintiff's counsel made



after the incident (and a few days before filing the Notice) to somehow excuse Plaintiff's errors and omissions. Plaintiff's Response completely fails to counter Target's claim that as an unsworn document, the April 24th Letter has no evidentiary value.

Moreover, Defendant's counsel has never had any communication with Plaintiff's expert other than scheduling and cancelling his deposition. To allege that communication has occurred is disingenuous. Accordingly, the Court should grant Target's Motion to Strike Plaintiff's Notice of Filing Correspondence of Foodman.

## II. PLAINTIFF IMPROPERLY BLAMES TARGET FOR HIS OWN FAILURE TO PROVIDE TARGET WITH TIMELY EXPERT INFORMATION.

Plaintiff's Response improperly blames Target for his own failure to provide Target with timely expert information, despite Target's repeated, well-documented requests. Plaintiff alleges that, "Due to defendant's refusal to produce deponents, plaintiff was unable to provide the expert information that was need to comply with S.D. Fla. L.R. 16.1.1." (Plaintiff's Response.) Plaintiff further claims that, "Defendant asserts that plaintiff was required to disclose documents by November 6 2000, yet they do not file this motion until May 7, 2001." Id. Remarkably, Plaintiff's Response concludes that, "This is an attempt to bar expert testimony that may find that plaintiff suffered damages." Id. In fact, Plaintiff's dilatory history in connection with his expert testimony undermines Plaintiff's claims that it is Target's fault that Plaintiff did not timely file his expert information.

On March 29, 2000, Target requested expert information in Target's First Set of Interrogatories. On March 29, 2000, Target requested expert information in Target's First Request for Production. Plaintiff failed to provide any expert information to Target's discovery requests. Pursuant to the Court's April 9, 2000 Order Setting Trial Date and Discovery Schedule, Plaintiff was required to provide his expert's report and/or summary, as well as the mandated expert disclosure

-2-

documents, by November 6, 2000, or 90 days before the February 5, 2001 pretrial conference. Nonetheless, Plaintiff completely failed to provide the expert information and documents.

On November 24, 2000, Target requested, once again, the above referenced expert disclosure information in Target's Expert Interrogatories to Plaintiff. However, Plaintiff failed to provide any response, information, or documents. From December 15, 2000 until March 2, 2001, Target repeatedly tried to schedule a deposition date for Plaintiff's expert, but Plaintiff's counsel failed to provide a single date in which his expert could be deposed. During that time, Target's counsel repeatedly requested expert information, but none was provided. (See letters attached to Target's Motion in *Limine* to Preclude Expert Testimony.) Consequently, Target had no choice but to cancel Plaintiff's expert's deposition.

Plaintiff failed to provide the expert information after numerous repeated requests. Plaintiff's Response does not provide any valid argument for Plaintiff's failure to provide expert information as mandated by Local Rule 16.1 and Rule 26. Moreover, Plaintiff's new allegations that Defendant failed to provide documents has no basis in fact. Plaintiff has not filed any motion to compel requesting information that would be necessary to his expert.

Finally, the allegation that Defendant moved to strike Plaintiff's expert on May 7, 2001, is **untrue**. Defendant moved in *limine* to preclude the testimony on April 5, 2001. Accordingly, the Court should grant Target's Motion to Strike Plaintiff's Notice of Filing Correspondence of Foodman.

### III. THE HARM TO TARGET IN ADMITTING PLAINTIFF'S EXPERT'S LETTER AND EXPERT INFORMATION IS NOT 'HARMLESS'.

Plaintiff's Response erroneously alleges that the harm to Target in admitting Plaintiff's expert's letter and expert information is "harmless." (Plaintiff's Response.) Plaintiff alleges that, "the expert can be deposed at any time before trial, and in fact is more than willing to be deposed

-3-

as evidenced by his letter attached to the notice of filing." Id. Plaintiff's claim that Target will not suffer any prejudice in admitting Plaintiff's expert's letter and expert information is wrong for two reasons.

***First***, S.D. Fla. L. R. 16.1 and Fed. R. Civ. P. 26 prohibit precisely the type of dilatory and self-serving conduct in which Plaintiff has consistently engaged in connection with his expert testimony and expert's letter. As discussed above, Plaintiff has utterly failed to justify his inability to timely provide his expert information pursuant to Local Rule 16.1 and Rule 26. Although Plaintiff's "expert is more than willing to be deposed," it is the Federal and Local Rules, not Plaintiff's timeline, that determine the rules for expert information. The harm of allowing Plaintiff to file his expert's letter is serious, given that the alleged "report," a timeline on front pay, was produced on June 6, 2001, only two business days before the calendar call.

***Second***, Plaintiff seeks to introduce his untimely expert information on the eve of the trial, almost seven months after he was first required to disclose documents in connection with his expert's testimony. Incredibly, Plaintiff claims that, "defendant continues to have ample time during the discovery period to depose the expert." (Plaintiff's Response.) Yet, Plaintiff seeks to introduce his untimely expert's report **a mere two business days before the Court's calendar call**. Plaintiff's claim that Target is not prejudiced by Plaintiff's eleventh-hour attempt to circumvent the Federal and Local Rules is a farce. Accordingly, the Court should grant Target's Motion to Strike Plaintiff's Notice of Filing Correspondence of Foodman.

## CONCLUSION

For the above reasons, Target respectfully requests that the Court enter an Order striking Plaintiff's Notice as immaterial and impertinent, and for such other relief as the Court deems proper and necessary.

-4-

Respectfully submitted,

SHUTTS & BOWEN LLP
Attorneys for Defendant
201 South Biscayne Boulevard
1500 Miami Center
Miami, Florida 33131
(305) 358-6300
(305) 347-7386 (facsimile)

By: _____
Sheila M. Cesarano
Florida Bar Number 708364
Rene Gonzalez-LLorens
Florida Bar Number 0053790

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed on this __7__ day of June 2001, to

Richard J. Burton, Esq.
Richard J. Burton & Associates, P.A.
18305 Biscayne Boulevard, Suite 300
Miami, Florida 33160.
Tel: (305) 705-0888
Fax: (305) 935-9542
Attorney for Plaintiff

_____
OF COUNSEL

MIADOCS 424078.1 N1B

-5-