## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6107-CIV-FERGUSON/SNOW

STEVE HARRIS,

    Plaintiff,

v.

DAYTON HUDSON CORPORATION
d/b/a TARGET STORES,

    Defendant.
_____/

### DEFENDANT'S *EMERGENCY* MOTION FOR CONTINUANCE OF TRIAL

Defendant, TARGET CORPORATION ("Target"), moves this Court pursuant to S.D. Fla. L. R. 7.6, to continue the trial date in this matter, and states as follows:

1. This case was originally scheduled for the two-week trial calendar commencing on June 18, 2001.

2. Prior to June 7, 2001, Margaret Bradley-Davis, Shutts & Bowen's paralegal, contacted the Court's chambers to determine the status of Target's pending Summary Judgment Motion, explaining that Target had multiple out of town witnesses who needed to make travel arrangements to Miami for the two-week trial period commencing on June 18th.

3. In response to the foregoing inquiry, on or about June 7, 2001, the Court's law clerk called Sheila Cesarano, Target's counsel, and spoke to Ms. Cesarano's secretary. The Court's law clerk informed her that Target was not required to attend the calendar call hearing scheduled for June 11, 2001, and that this case was "off the calendar" for the June 18th trial docket. The Court's law clerk also stated that an Order would be forthcoming explaining the reasons for the cancellation of the calendar call hearing and why this case was off the trial docket.



4.     A week later, on or about June 13, 2001, the Court's law clerk called Rene Gonzalez-LLorens, Ms. Cesarano's co-counsel, informing him that the summary judgment order would be forthcoming and that this case was "off the trial calendar" until the Court determined the issues presented in Target's summary judgment motion.

5.     On or about June 14, 2001, Margaret Bradley-Davis, Shutts & Bowen's paralegal, also received a voice message from the Court's Chambers informing her that the summary judgment order would be forthcoming and that this case was "off the calendar" until the Court determined the issues presented in Target's summary judgment motion.

6.     Prior to receiving the three telephone calls from the Court's chambers, Target had scheduled meetings in Miami with Target's eight trial witnesses to prepare these for trial during the entire week of June 11, 2001. Witnesses were scheduled to travel to Miami from other states to meet with Target's counsel in trial preparation. All of Target's witnesses had rearranged their schedules to ensure their attendance during the two-week trial calendar. Target was ready to go to trial before the June 18th two-week trial period and simply needed to prepare multiple out-of-town trial witnesses in Miami during the week before the trial.

7.     Pursuant to Target's counsel's understanding that this case was taken off the June 18th trial docket and following the Court's cancellation of counsel's appearance at the June 11th calendar call, Target cancelled all the trial preparation meetings and told all witnesses that they could make other plans during the June 18th two-week trial calendar. At no point was Target told that there was any possibility that it might go to trial during the June 18th trial docket.

8.     Consequently, Target's witnesses cancelled their pre-trial plans to travel to Miami to be prepared for trial and made other arrangements for the two-week trial calendar. For example, Plaintiff's former supervisor and key witness Mark Hastings (an Oregon resident) cancelled his travel plans to Miami and obtained tickets to accompany his wife and children to visit his relatives

-2-

in Texas and Oklahoma from June 23 to June 30, 2001. Witness Shannon Tetrault was able to take a previously scheduled vacation to New York which she had postponed to be prepared for trial and attend the 2-week trial calendar. Witness Terry Gillespie, who is one of the decision-makers in this case, scheduled a training conference in Texas for Target managers in a 7-state region which he rescheduled after this case was taken off the June 18th two-week trial calendar. Witness Doug Barth is taking his vacation out of state which he had previously postponed to be prepared for trial this week and attend the 2-week trial calendar.

9. On June 18, 2001, Target's counsel was unexpectedly informed that the Court was placing this case back on the June 18th docket and that trial would commence one week later, on June 25th, following the Court's June 18, 2001 Summary Judgment Order.

10. Target respectfully requests that the Court grant it a short continuance and take this case off the June 18th trial docket, as originally planned. Target so requests because of the circumstances resulting from what was the undersigned's reasonable understanding that this case would not be going to trial on June 25th. If the undersigned misunderstood the Court's position, then she takes full blame, but Target should not be prejudiced or harmed by the undersigned's conclusion that the case was not going to trial during the June 18th calendar period.

11. In short, Target will be unable to prepare for trial because its witnesses will not be able to travel to Miami for trial preparation before the trial. To summarize, Plaintiff's former supervisor, Mr. Hastings, will be Texas and Oklahoma until June 30, 2001. Ms. Tetrault, one of the individuals accused of discriminating, will be in New York. Mr. Gillespie, a decision-maker, will be in Texas. Mr. Barth, who is also a decision-maker, is on vacation. Moreover, Target's in-house counsel in charge of this case, and who resides in Minneapolis, cannot attend the trial on the week of June 25th.

12. Target requests only a short delay. Thus, Plaintiff cannot be prejudiced. Specifically, Target requests that the Court place this case on the Court's trial calendar covering the weeks of July 9th and 16th or in August 2001. The only problematic times are the weeks of July 23rd and July 30th, when Target's counsel is specially set for trial on July 30, 2001, before Magistrate Judge Johnson on the matter styled Bush v. Whiting-Turner Contracting Co., Case No. 00-6224, before the U.S. District Court for the Southern District of Florida.

13. This motion is made in good faith and not for purposes of delay. Plaintiff will not be prejudiced by the granting of this continuance of a few weeks. In contrast, Target will be severely prejudiced if this continuance is not granted. Target will be unable to provide a defense since the key witnesses and decision-makers may not be able to attend trial or will have hardship rearranging their business and personal plans.

14. Target's counsel telephoned Plaintiff's counsel, Richard Burton, on June 18th, but no one answered the telephone. Undersigned counsel faxed a letter setting forth the relief requested and will notify the Court when Plaintiff's counsel responds whether he has any objections.

WHEREFORE, Defendant respectfully requests that this Court enter an Order continuing the trial of this cause currently scheduled for the trial calendar of June 25, 2001, to a trial calendar during the weeks of July 9th and 16th, or in the August 2001 trial calendar.

> SHUTTS & BOWEN LLP
> Attorneys for Defendant
> 201 S. Biscayne Blvd., Suite 1500
> Miami, Florida 33131
> (305) 358-6300
> (305) 347-7386 facsimile
>
> By: _____
> Sheila M. Cesarano
> Florida Bar No. 708364
> Rene J. Gonzalez-LLorens
> Florida Bar No. 0053790

-4-

### VERIFICATION OF DEFENDANT'S COUNSEL

STATE OF FLORIDA )
) ss:
COUNTY OF DATE )

BEFORE ME, the undersigned authority, personally appeared Sheila M. Cesarano who, after being by me first duly sworn, deposes and says that she has read the foregoing Motion for Continuance and that the contents therein are true and correct to the best of her knowledge.

_____
SHEILA M. CESARANO

SWORN TO AND SUBSCRIBED
before me this __18__ day of
June 2001.

_____
Notary Public

My Commission Expires:

```
  FICIAL NOTARY SEAL
      MARY E DORIS
NOTARY PUBLIC STATE OF FLORIDA
  COMMISSION NO. CC930759
MY COMMISSION EXP. MAY 12,2004
```

__✓__ Personally known to me, or
____ Produced I.D. _____
(Type and number of I.D.)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing was faxed and mailed this /P day of July 2001 to **RICHARD J. BURTON, ESQ.**, Richard J. Burton & Associates, P.A., 18305 Biscayne Boulevard, Suite 300, Miami, Florida 33160.

SHEILA M. CESARANO

MIADOCS 427288 1 RGL

SHUTTS & BOWEN LLP / 1500 MIAMI CENTER / 201 SOUTH BISCAYNE BOULEVARD / MIAMI, FLORIDA 33131 / (305) 358-6300