# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6107-CIV-FERGUSON/SNOW

STEVE HARRIS,

    Plaintiff,

v.

DAYTON HUDSON CORPORATION
d/b/a TARGET STORES,

    Defendant.

_____/



### DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE IRRELEVANT AND PREJUDICIAL MATERIAL AND INCORPORATED MEMORANDUM OF LAW

Defendant, **TARGET CORPORATION** ("Target"), pursuant to Fed. R. Evid. 401, 402, and 403, moves the Court to enter an Order which precludes Plaintiff, **STEVE HARRIS** ("Plaintiff") from presenting, referring to, questioning about, or commenting upon, directly or indirectly, in the presence of prospective jurors or in the presence of the jury selected to try this case, whether in *voir dire*, opening statement, during trial, or in final argument, directly or indirectly, to any of the following matters:

(1) Alleged discriminatory comments purportedly made by non-decisionmakers at Target, since these comments are irrelevant to Plaintiff's claims, and their prejudicial effect substantially outweighs any probative value.

(2) References to alleged violations of the Fair Credit Reporting Act.

(3) Improper characterizations eliciting emotional jury reactions and undue jury sympathy by using terms such as "lynching," and ratting," and referring to security guards as "cops," "police," or "Nazis," since their prejudicial effect substantially outweighs any probative value.



## BACKGROUND

The instant lawsuit involves violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII") (Count I) and 42 U.S.C. § 1981 ("Section 1981") (Count II). Specifically, Plaintiff claims that Target discriminated against him because of his race.

## ARGUMENT

### I. THE COURT SHOULD PRECLUDE PLAINTIFF FROM PRESENTING TESTIMONY OF ALLEGED DISCRIMINATORY COMMENTS OR STRAY REMARKS MADE BY NON- DECISIONMAKERS.

During trial, Plaintiff may mention or attempt to introduce discriminatory statements, as well as stray remarks, purportedly made by non-decisionmakers. Under Eleventh Circuit law, the Court should preclude Plaintiff from introducing any discriminatory comments or stray remarks made by non-decisionmakers, because such are irrelevant to this lawsuit and their prejudicial effect substantially outweighs any probative value.

#### A.  Remarks By Non-Decisionmakers Are Irrelevant.

Comments by non-decisionmakers do not raise an inference of discrimination and are irrelevant in a discrimination claim. Mitchell v. USBI Co., 186 F.3d 1352, 1355 (11th Cir. 1999); See Standard, 161 F.3d at 1329-30 (statement by non-decisionmaker that "older people have more go wrong" was not probative of discriminatory intent); Mauter v. Hardy Corp., 825 F.2d 1554, 1558 (11th Cir. 1987) (statement by non-decisionmaker that "[t]he Hardy Corporation was going to weed out the old ones" did not raise a genuine issue of material fact regarding discriminatory intent). Comments by non-decisionmakers cannot constitute direct or circumstantial evidence of discrimination as a matter of law. See Holifield v. Reno, 115 F.3d 1555, 1564 (11th Cir. 1997) (to prove a claim of race discrimination, plaintiff must show that person making adverse employment decision had bias against the plaintiff because of race); Mayfield v. Patterson Pump Co., 101 F.3d

-2-

1371 (11th Cir. 1996); Trotter v. Board of Trustees of University of Alabama, 91 F.3d 1449, 1454, 1456 (11th Cir. 1996) (discriminatory comments made by a person not involved in the challenged decision are not probative of discrimination).

Discriminatory comments and stray remarks made by Target employees who are non-decisionmakers have absolutely nothing to do with Plaintiff's claims because such employees did not make or influence Target's decision to terminate Plaintiff. To suffice as evidence of discrimination or retaliation, a comment must be "relatively contemporaneous to the [adverse employment action] and must 'be related to the employment decision in question.'" Rush v. McDonald's Co., 966 F.2d 1104, 1116 (7th Cir. 1992). Stray remarks by non-decisionmakers are simply unrelated to Target's employment decisions regarding Plaintiff. Accordingly, the Court should preclude Plaintiff from introducing any comments or stray remarks made by non-decisionmakers.

### B.  Comments And Stray Remarks by Non-Decisionmakers Should Be Excluded Because Their Prejudicial Effect Substantially Outweighs Any Probative Value.

Rule 403 states in relevant part:

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of *unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time or needless presentation of cumulative evidence.*

Fed. R. Evid. 403 (emphasis added). "[T]he issue is whether the search for truth will be held or hindered by the interjection of distracting, confusing or emotionally charged evidence." Weinstein's Federal Evidence § 403.02[1][a]; United States v. Krulewitch, 145 F.2d 76, 80 (2d Cir. 1944) ("[T]he question is always whether what it will contribute rationally to a solution is more than matched by its possibilities of confusion and surprise, by the length of time and the expense it will involve, and by the chance that it will divert the jury from the facts which should control their

-3-

verdict."); Anderson v. Malloy, 700 F.2d 1208, 1211 & n.4 (8th Cir. 1983) (excluding testimony of woman who was raped at defendant's motel five months prior to the instant rape since it was too prejudicial and not sufficiently probative); Conway v. Icahn & Co., Inc., 16 F.3d 504, 510 (2d Cir. 1994) (excluding medical records concerning events before and after the time when decisions in question were made); Ross v. Buckeye Cellulose Corp., 980 F.2d 648, 655 (11th Cir. 1993) (excluding testimony that managers at another plant had demonstrated animosity against black employees, since testimony was cumulative, would unnecessarily prolong the trial, and was not especially significant).

In the instant case, evidence of stray remarks made by non-decisionmakers creates a danger of unfair prejudice, since the jury may conclude that these irrelevant comments are connected to Plaintiff's claims. Such testimony presents a danger of unfair prejudice which substantially outweighs any probative value, since the evidence is irrelevant and does not support Plaintiff's allegations under Title VII and Section 1981. Accordingly, the Court should preclude Plaintiff from presenting or referring to any stray remarks by a non-decisionmaker.

## II. THE COURT SHOULD PRECLUDE PLAINTIFF FROM ALLEGING THAT PLAINTIFF'S INVESTIGATION VIOLATED THE FAIR CREDIT REPORTING ACT.

During trial, Plaintiff may mention or attempt to introduce testimony regarding Target's investigation into Plaintiff's Target credit card and company-issued American Express credit card accounts (collectively, the "credit card accounts"). Plaintiff may allege that Target's actions violated the federal Fair Credit Reporting Act. The Court should preclude Plaintiff from arguing violations of the Fair Credit Reporting Act since such comments are improper.

Under the Fair Credit Reporting Act, a party may request a consumer report from any consumer reporting agency if it intends to use the information for employment purposes and

-4-

complies with the appropriate federal laws therein. 15 U.S.C. § 1681b(a)(3)(B). In the instant case, ***Target did not ever request a consumer report concerning Plaintiff.*** In fact, Target conducted its own internal investigation of Plaintiff's Target credit card and company-issued American Express card. Target merely investigated its ***own*** credit card account records to determine if Plaintiff improperly violated company policies. Target had access to all of the records in connection with Plaintiff's Target credit card and company-issued American Express credit card.

The Fair Credit Reporting Act is thus completely inapplicable to Target's investigation of Plaintiff's credit card accounts. Plaintiff's accusation that Target violated the Fair Credit Reporting Act is simply intended to mislead and confuse the jury. Pursuant to Rule 403, such evidence may be excluded since its probative value is substantially outweighed by the danger of misleading the jury. Fed. R. Evid. 403. Accordingly, the Court should preclude Plaintiff from presenting any testimony regarding Target's alleged violations of the Fair Credit Reporting Act in connection with Target's proper investigation of Plaintiff's credit card accounts.

### III.  THE COURT SHOULD PRECLUDE PLAINTIFF FROM PRESENTING AT TRIAL ANY IMPROPER CHARACTERIZATIONS TO ELICIT EMOTIONAL JURY REACTIONS AND UNDUE JURY SYMPATHY.

During trial, Plaintiff may introduce improper characterizations to elicit emotional reactions and undue sympathy from the jury. For example, Plaintiff may attempt to compare Target's actions toward Plaintiff to a "lynching" and describing Target's employees' actions as "ratting" out Plaintiff. Plaintiff may also refer to Target's security guards as "cops," "police," or "Nazis." The Court should preclude Plaintiff from introducing any improper characterizations since these comments' prejudicial effect substantially outweighs any probative value and, more importantly, the comments are simply intended to badger witnesses.

Rule 401 provides that relevant evidence is "evidence having any tendency to make the

-5-

existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Rule 402 states that, "[e]vidence which is not relevant is not admissible." Fed. R. Evid. 402. In the instant case, Plaintiff's improper characterizations are irrelevant. Any characterizations that Plaintiff may attempt to make at trial have absolutely nothing to do with Plaintiff's claims of race discrimination. Accordingly, the Court should preclude Plaintiff from presenting or referring at trial to any improper characterizations because these characterizations are completely irrelevant to Plaintiff's claims.

Moreover, Plaintiff's improper characterizations must also be precluded because they are unfairly prejudicial to Target. Rule 403 provides that evidence may be excluded, "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time or needless presentation of cumulative evidence." Fed. R. Evid. 403. Evidence is unfairly prejudicial "if it has an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." Carter v. Hewitt, 617 F.2d 961, 972 (3d Cir. 1980); see also United States v. Joetzki, 952 F.2d 1090, 1094 (9th Cir. 1991). As the Third Circuit states, evidence is unfairly prejudicial if it:

> appeals to the jury's sympathies, arouses its sense of horror, provokes its instinct to punish, or otherwise may cause a jury to base its decision on something other than the established propositions in the case.

Carter, 617 F.2d at 972 (citations omitted).

In particular, appeals to racial passion could "distort the search for truth and drastically affect jurors' impartiality." U.S. v. Doe, 903 F.2d 16, 24-25 (C.A. D.C. 1990). As the Court of Appeals for the District of Columbia Circuit states:

> An unembellished reference to evidence of race simply as a factor bolstering an eyewitness identification of a culprit, for example, poses no threat to purity of the trial. ***The line of demarcation is crossed, however, when the argument shifts its***

-6-

*emphasis from evidence to emotion*. When that is done, it matters not whether the reference is to race, ancestry or ethnic background.

Id. at 25 (emphasis added and citations omitted).

In the instant case, improper characterizations create a danger of unfair prejudice by eliciting emotional reactions and undue sympathy from the jury. For example, comparing Target's treatment of Plaintiff to a "lynching" may "drastically affect jurors' impartiality," and should thus be precluded at trial. See Doe, 903 F.2d at 24-25. Accordingly, the Court should preclude Plaintiff from presenting any improper characterizations to illicit emotional jury reactions and undue jury sympathy.

## CONCLUSION

Defendant, TARGET CORPORATION, requests that the Court enter an Order *in limine* granting the requested relief, and for such other relief that is proper and necessary.

Respectfully submitted,

SHUTTS & BOWEN LLP
Attorneys for Defendant
1500 Miami Center
201 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 358-6300
Facsimile: (305) 347-7386

By: _____
Sheila M. Cesarano
Florida Bar Number 708364
Rene J. Gonzalez-LLorens
Florida Bar Number 0053790

-7-

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was mailed on this $21^{jh}$ day of June 2001, to

Richard J. Burton, Esq.
Richard J. Burton & Associates, P.A.
18305 Biscayne Boulevard, Suite 300
Miami, Florida 33160.
Tel: (305) 705-0888
Fax: (305) 935-9542
Attorney for Plaintiff

OF COUNSEL

MIADOCS 427424 1 N1B

-8-