## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 00-6107-CIV-FERGUSON/SNOW

STEVE HARRIS,
    Plaintiff,

vs.

DAYTON HUDSON CORPORATION
d/b/a TARGET STORES,
    Defendant.

_____/

NIGHT BOX
FILED

JUL 2 0 2001

CLARENCE MADDOX
CLERK, USDC/SDFL/FTL



### RESPONSE TO DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE IRRELEVANT AND PREJUDICIAL MATERIAL AND INCORPORATED MEMORANDUM OF LAW

Plaintiff, **STEVE HARRIS**, moves for the Court to deny Defendant's Motion *IN LIMINE*, which attempts to exclude relevant material and preclude this information from the jury and submits this statement in support of its request that the Motion *IN LIMINE* to exclude irrelevant and prejudicial material filed by defendant **TARGET CORPORATION** be denied.

### Background

Plaintiff, Steve Harris, the only black male manager for Target Stores in District 310 encompassing Broward and Palm Beach counties was terminated from Target Stores due to racial discrimination. Plaintiff asserts that a pattern of discriminatory comments began shortly after plaintiff married a white woman, who was also employed with Target Stores. These discriminatory comments increased with greater frequency over time until plaintiff's termination from Target Stores due to alleged irregularities. Defendant files this motion to prevent certain relevant statements from being presented to the jury. The basis of this lawsuit involves violations of Title VII of the Civil Rights Act of 1964, and 42 U.S.C. §1981, which specifically involve the claim that Target Corporation discriminated against Plaintiff because of his race. The statements that Defendant Target Corporation would like to deny help support Plaintiff's case and as such should not be

withheld from the jury. The following memorandum will provide the grounds for dismissal of their Motion *In Limine*..

## Memorandum of Law

The defendant refers to three actions in their motion that they believe should be excluded due to relevancy and prejudice.

I.   The Court Should Preclude Plaintiff from Presenting Testimony of Alleged Discriminatory Comments or Stray Remarks Made by Non-Decision makers.

Defendant Target requests that Non-Decision Makers Discriminatory Comments be precluded from the jury. First and foremost, Target Corporation has failed to elaborate on whom it considers Non-Decision Makers. Plaintiff has alleged that most of the comments came from individuals at the level of management, and specifically from his superiors Barth, Hastings, and Gillespie. Defendant Target Corporation in their motion to exclude punitive damages made an effort to suggest that they maintained a written policy of non-discrimination; however, plaintiff asserted that Defendant's good faith did not supercede the discrimination. The basis of this case is racial discrimination. Plaintiff alleges that the employment environment involved discriminatory comments that are part and parcel of the discrimination claim because they help support the argument that Defendant's investigation of Plaintiff was merely a pretext for his termination from Target Corporation. "To prove a claim of race discrimination, plaintiff must show that the person making adverse employment decisions had bias against the plaintiff because of race." Holifield v. Reno, 115 F. 3d 1555, 1564 (11th Cir. 1999). Plaintiff has provided various statements made to plaintiff by his superiors including how could he afford a luxury car and comments about his marriage to a white woman. "Evidence of "derogatory remarks indicative of a discriminatory attitude" are generally admissible to prove discriminatory treatment." Ross v. Buckeye Cellulose Corp., 980 F.2d 648, 655 (11th Cir. 1993). How would Defendant Target suggest that the Court eliminate discriminatory statements when they form the basis of this case? Defendant cites Mitchell v. USBI Co., 186 F.3d 1352, 1355 (11th Cir. 1999), which provides that comments made by non-decision makers do not raise an inference of discrimination and are irrelevant in a

2

discrimination claim. Most of the statements alleged were from the three highest Target personnel in South Florida and as such they were decision-makers. Defendant Target admits that Barth, Hastings and Gillespie jointly made the decision to terminate Plaintiff. To suggest that racist comments made by employees of Target would unfairly prejudice the defendant is liken to preventing the jury from making a factual decision. The jury must hear all relevant evidence, and discriminatory comments are relevant to this case since they form the basis of Plaintiff's racial discrimination claim. Therefore, the Court should deny Defendant's Motion *In Limine* and allow any relevant statements made that might assist the jury in determining whether Defendant engaged in discriminatory behavior when terminating Plaintiff.

II.   The Court Should Preclude Plaintiff from Alleging that Defendant's Investigation Violated the Fair Credit Reporting Act.

Defendant asserts that the jury should not hear allegations that Defendant Target Corporation violated the Fair Credit Reporting Act. Defendant asserts that Fed. R. Evid. 403 prohibits evidence whose probative value is substantially outweighed by the danger of misleading the jury. Plaintiff contends that Defendant's investigation violated the Fair Credit Reporting Act, and the investigation was part of the pretext into terminating plaintiff. Plaintiff asserts that the jury must hear this information in order to prove the race discrimination claim. The following is the standard for establishing pre-textual motivation:

> The Plaintiff cannot simply prove pretext by argument or by direct evidence. Rarely, does an employer that is firing or not promoting due to racial motivation, shout out his or her intentions. Instead, such a motivation is proven through indirect or other evidence. Both the Supreme Court and the Federal Circuits have upheld the collection of evidence that might otherwise fail as prejudicial, to be probative of that ultimate fact in a race discrimination case in proffering evidence to show motivation of a pretextual race discrimination. Alexander v. Fulton County Georgia, 207 F.3d 1303 (11th Cir. GA. 2000) ;Walker v. Mortham,158 F.3d 1117 (11th Cir. Fl. 1998); Taylor v. Ruyon, 175 F. 3d 861 (11th Cir. 1999); Simms v. Oklahoma ex rel. Dept. of

3

>Mental Health and Substance Abuse Services, 165 F. 3d 1321 (10 C.A., OK, 1999).

Defendant investigated Plaintiff's personal credit card, which violates the Fair Credit Reporting Act, which is part and parcel proof that they were trying to find pretext in order to terminate the Plaintiff. Moreover, coupled with the discriminatory comments and the unequal treatment that Plaintiff received compared to similarly situated employees, it is evident that there was a pretext and nothing short of the jury hearing all of the evidence will suffice. The defendant's investigation into Plaintiff's credit history took place prior to the alleged Shooters Incident because Plaintiff was specifically told not to use his Target Credit Card, rather to take a voucher from the store. Defendant Target was looking for irregularities before the alleged money was missing. What was the point of this investigation, unless they were searching for a reason to terminate Plaintiff? The Defendant had no reason to suspect any wrongdoing prior to the Shooter's incident. Therefore, the jury must hear evidence detailing Defendant Target's credit investigation of the Plaintiff.

III. The Court Should Preclude Plaintiff from Presenting at Trial any Improper Characterizations to Elicit Emotional Jury Reactions and Undue Jury Sympathy.

>Defendant Target requests that Plaintiff refrain from using words that might elicit emotional responses from the jury. Plaintiff asserts that the Rules of Evidence do not preclude word usage because the words, in of itself, are not evidentiary. Defendant refers specifically to the use of the word ratting or lynching. According to Webster Dictionary, the term ratting is defined as "to betray, desert, or inform on one's associates." Plaintiff has asserted that several employees betrayed Plaintiff's trust when reporting to superiors, this is not evidentiary by nature, and hence, the use of the word should not be excluded. Plaintiff also has used the word lynching to refer to his termination by defendant Target. This is defined as "to put to death (as by hanging) by mob action without legal sanction." Plaintiff asserts that Defendant Target terminated plaintiff without any formal legal sanction, and the use of this word is not an improper characterization that would elicit emotional jury reactions. The terms Cop, and Police are commonly

interchanged with the term security guard. Security Guards are sometimes referred to as a Rent-a-Cop. Defendant is simply creating excess motion practice and wasting the Court's time by attempting to exclude the use of these words. The defendant takes great effort in drafting a memo that provides common law application of the Federal Rules of Evidence, however, none of the words they wish to exclude are evidentiary by nature, nor do they attempt to appeal to racial passion. Clearly, this case involves racial discrimination; however, the use of the foregoing words word not elicit any form of racial passion. Furthermore, the purpose of a motion in limine is not to handcuff a party from the presentation of their case. Therefore, the Court should deny Defendant's Motion *In Limine* and plaintiff should be allowed to use any words that properly describe what occurred leading up to Plaintiff's termination from Target Corporation.

### Conclusion

Based on the foregoing analysis, plaintiff, respectfully requests that the Court deny Defendant Target Corporation Motion *In Limine*, and allow all relevant evidence to sustain Plaintiff's claims of race discrimination under Title VII and 42 U.S.C. §1981.

RICHARD J. BURTON & ASSOCIATES, P.A.
18305 Biscayne Blvd., Suite 300
Miami, FL 33106
(305)705-0888  Fax (305)935-9542

By:_____
Richard J. Burton FBN 179337

**Certificate of Service**

I HEREBY CERTIFY that a true copy of the foregoing Motion was mailed to Sheila Caesarano, Esq., SHUTTS & BOWEN LLP, 1500 Miami Center, 201 South Biscayne Blvd., Miami, FL 33131 on July 20, 2001.

      RICHARD J. BURTON & ASSOC.,P.A.
      18305 Biscayne Blvd., Suite 300
      Miami, FL 33160
      Ph: (305) 705-0888 Fax: 935-9542

BY_____
      Richard J. Burton, FBN 179337