**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 00-6107-CIV-FERGUSON/SNOW

STEVE HARRIS.
    Plaintiff,

vs.

DAYTON HUDSON CORPORATION
d/b/a TARGET STORES,
    Defendant.

_____/

NIGHT BOX
FILED

JUL 2 0 2001

CLARENCE MADDOX
CLERK, USDC/SDFLA/FTL

## PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE IRRELEVANT AND PREJUDICIAL MATERIAL AND INCORPORATED MEMORANDUM OF LAW

Plaintiff. **STEVE HARRIS**, moves the Court pursuant to the Fed. R. Evid. 401,
402. and 403 to enter an Order which precludes Defendant Target Corporation from
presenting, referring to, questioning about, or commenting upon, directly or indirectly, in
the presence of prospective jurors or in the presence of the jury selected to try this case,
whether in voir dire, opening statement, during trial, or in final argument, directly or
indirectly, to the following matter:

Any references to gossip or allegations involving the sexual harassment of women during
Plaintiff's career at Target, since these references are solely hearsay, have never been
charged or demonstrated, nor has any process been afforded to Plaintiff, they are purely
raw allegations, based upon triple hearsay, designed to prejudice the jury without any
admissible factual basis.

### Background

The basis of this lawsuit involves violations of Title VII of the Civil Rights Act of
1964, and 42 U.S.C. §1981, which specifically involve the claim that Target Corporation
discriminated against Plaintiff because of his race. Plaintiff respectfully requests that any
references to gossip or allegations involving sexual harassment by any former female co-
workers at Target Corporation be excluded because these comments serve no purpose
other than to prejudice the jury and have no bearing on the racial discrimination claim as
Target Corporation has specifically provided that these allegations were never



investigated nor played any role in the termination of the Plaintiff. The following memorandum will provide the grounds for granting the Motion *In Limine*.

## Memorandum of Law

During trial, Defendant may attempt to introduce testimony regarding Plaintiff's alleged harassment of women during his employment with Target Corporation. These unfounded allegations are purely hearsay; Plaintiff was never charged with the accusation that he sexually harassed a co-worker, nor was there any evidence demonstrated that would indicate that there is any basis for these allegations. In addition, Defendant never submitted Plaintiff to any process regarding this matter. Fed. R. Evid. §402 provides that evidence must be relevant to be admissible. United States v. Norton, 867 F.2d 1354 (11th Cir. 1989). Even relevant evidence need first be admissible under the Rules of evidence. The gossip sought to be admitted was never witnessed, by any listed witness, nor was it even documented. The "basis" for the evidence it hearsay, three times removed! Plaintiff's claim involves allegations that Defendant terminated him from Target Corporation due to racial discrimination. Relevant Evidence as defined by Fed. R. Evid. §401 means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Plaintiff is charged with proving that the defendant discriminated against him; any raw allegations serve no consequence to the determination of the action. Even if the Court were to determine that the allegations that Plaintiff sexually harassed his co-workers was relevant, Fed. R. Evid. §403 would prohibit the introduction of this evidence. Fed. R. Evid. §403 provides in relevant part:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time or needless presentation of cumulative evidence.

Assuming that the evidence is determined to be relevant, the evidence would confuse the issues because regardless of whether the allegations are true, they have no bearing on whether Defendant Target Corporation discriminated against Plaintiff. The Court has the discretion to exclude any admissible evidence. United States v. Prosperi, 201 F.3d 1335 (11th Cir. 2000). Plaintiff asserts that Defendant Target Corporation has not indicated that

the allegations were ever investigated nor did they play any role in Plaintiff's termination. Introducing these unfounded allegations would only serve to mislead the jury and would lead to unfair prejudice against the Plaintiff. Furthermore, "the competence of evidence in the end depends upon whether it is likely, all things considered, to advance the search for the truth; and that does not inevitably follow from the fact that it is rationally relevant." United State v. Krulewitch, 145 F.2d 76, 80 (2d Cir. 1944), Introducing evidence regarding sexual harassment will not advance the truth; rather it will only mislead the jury. Accordingly, the Court should preclude Defendant from presenting any testimony regarding Plaintiff's alleged sexual harassment since they serve no purpose in determining the outstanding claims of this case.

### Conclusion

Based on the foregoing analysis, plaintiff, respectfully requests that the Court grant an Order excluding any reference to sexual harassment during Plaintiff's employment with Defendant Target Corporation, to protect Plaintiff from any unfair prejudice that might affect the jury from making a factual decision based on the Plaintiff's claims of race discrimination under Title VII and 42 U.S.C. §1981.

RICHARD J. BURTON & ASSOCIATES, P.A.
18305 Biscayne Blvd., Suite 300
Miami, FL 33106
(305)705-0888  Fax (305)935-9542

By:_____
Richard J. Burton PBN 179337

**Certificate of Service**

I HEREBY CERTIFY that a true copy of the foregoing Motion was mailed to Sheila Caesarano, Esq., SHUTTS & BOWEN LLP, 1500 Miami Center, 201 South Biscayne Blvd., Miami, FL 33131 on July 20, 2001.

RICHARD J. BURTON & ASSOC.,P.A.
18305 Biscayne Blvd., Suite 300
Miami, FL 33160
Ph: (305) 705-0888Fax: 935-9542

BY_____
Richard J. Burton, FBN 179337