**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 00-6107-CIV-FERGUSON/SNOW

**NIGHT BOX**
**FILED**

STEVE HARRIS,
    Plaintiff,

JUL 2 0 2001

vs.

CLARENCE MADDOX
CLERK, USDC/SDFL/FTL

DAYTON HUDSON CORPORATION
d/b/a TARGET STORES,
    Defendant.
_____/

### RESPONSE TO DEFENDANT TARGET CORPORATION MOTION FOR RECONSIDERATION OF ORDER DENYING SUMMARY JUDGEMENT

Plaintiff, **STEVE HARRIS**, moves for the Court to deny Defendant's Motion for Reconsideration of the Court's June 18, 2001 Order denying Defendant's Motion for Summary Judgment as to Plaintiff's claims for discrimination under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981 and submits this statement in support of its request that the Motion for Reconsideration of Summary Judgment filed by defendant **TARGET CORPORATION** be denied.

#### Procedural Background

Plaintiff, Steve Harris, the only black male manager for Target Stores in District 310 encompassing Broward and Palm Beach counties was terminated from Target Stores due to racial discrimination. Plaintiff asserts that a pattern of discriminatory comments began shortly after plaintiff married a white woman, who was also employed with Target Stores. These discriminatory comments increased with greater frequency over time until plaintiff's termination from Target Stores due to alleged irregularities. Defendant files this motion for reconsideration of order denying summary judgment. On February 5, 2001, Target filed its Motion for Summary Judgment, which was denied in part on June 18, 2001. The defendant contends that the Court erred in applying the law to the facts of this case. The following memorandum will provide the grounds for dismissal of their motion for reconsideration of order denying summary judgment.



### Memorandum of Law

The defendant argues that the motion for summary judgment should have been granted because plaintiff failed to establish a prima facie case of disparate treatment by the defendant. As the Court has correctly illustrated, the following elements are necessary to establish a prima facie case under both Title VII and 42 U.S.C. §1981: (1) he belongs to a protected class, (Plaintiff is a black male and as such he belongs to a protected class); (2) he was subjected to an adverse job action, (Plaintiff was the subject of a discriminatory investigation which was a pretext in order to fire plaintiff); (3) his employer treated similar situated employees outside his classification more favorably, (Plaintiff enumerated several instances involving Joe Toscano and Shannon Tetrault that meet the requisite burden); and (4) he was qualified for the job (Plaintiff was hired and promoted by Defendant that is evidence of his qualifications). Maniccia v. Brown, 171 F.3d 1364, 1368 (11th Cir. 1999).

The defendant bears the burden of showing both the absence of a genuine issue as to any material fact and that judgment is warranted as a matter of law. United States Steel Corp. v. Darby, 516 F.2d 961 (5 C.A. Ala.,1975). The basis of plaintiff's claim is that racial discrimination led to plaintiff's termination rather than acts related to job performance. Whether plaintiff's job performance or a pattern of discrimination existed is for the jury to decide, as this is a dispute of fact. The Court has determined that there is an inference of discrimination. Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed. 2d. 207, (1981).

Moreover, the Court explicitly provided that there is a material issue of fact to whether Harris' employer treated similarly situated employees outside his classification more favorably. Therefore, summary judgment was precluded. The Defendant indicates that the Court failed to follow the McDonnell Douglas framework to analyze discrimination. The Court correctly adopted the framework provided in Vincent v. Wells Fargo Guard Services, Inc., 3 F. Supp. 2d 1405, 1413 (S.D. Fla. 1998) and Turnes v. AmSouth Bank, N.A., 36 F.3d 1057 (11th Cir. 1994), which establish a prima facie case of discrimination under both Title VII and 42 U.S.C. §1981, while adopting the McDonnell framework. Whether Defendant claims that they had a non-discriminatory

reason for Plaintiff's discharge is irrelevant because their reasoning was a pretext to cover up the discrimination.

Taking as fact that the Court must analyze a proffered non-discriminatory reason, the Court in its Order indicates that there is a least an inference of discrimination that would require defendant's motion be denied. Defendant also argues that the Court failed to recognize whether Plaintiff met the burden of proving pretext. Plaintiff asserts that if the Court suggests that there is a material issue of fact that similarly situated employees were treated more favorably, it is sufficient to state that plaintiff demonstrated such weaknesses and inconsistencies in defendant's proffered legitimate reasons for termination. Plaintiff asserts that the facts provided to the Court afforded sufficient disagreement to allow for the denial of defendant's motion for summary judgment. Moreover, the Court must not weigh the evidence to determine truth of facts in the motion for summary judgment; rather that is a decision made by the jury. Tipton v. Bergrohr GMBH-Siegen, 965 F.2d 994 (11 Cir. 1992). Furthermore, "a motion for reconsideration will only be considered if one of the following grounds is present: (1) an intervening change in controlling law; (2) the availability of new evidence not previously available to the court or the parties; or, (3) the need to correct a clear error of law or prevent manifest injustice." Walmsley v. Mercury Fin. Co., 1994 U.S. Dist. LEXIS 21343, at *3 (S.D. Fla. 1994).

Defendant asserts that the Court erred by not applying the facts to the law. In addition, "a motion to **reconsider** must demonstrate why the court should **reconsider** its decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Lamar Adver., Inc. v. City of Lakeland, 189 F.R.D. 480, 489 (M.D. Fla. 1999). Rule 56 of the Federal Rules of Civil Procedure does not provide for re-hearing of a denial of Motion for Summary Judgment. In fact the Court Of Appeal may not disturb the denying of a Motion for Summary Judgment except where the claimed ground is one of immunity, or lack of jurisdiction. See Mastroinanni v Bowers, 74 F. 3d 236 (1996). Defendant attacks the Court's interpretation of the facts, which does not meet the burden for reconsideration. Plaintiff has provided the requisite factual inference of discrimination that requires that the Court to deny Defendant motion.

Considering the Defendant's argument is factual, as such it should not be properly disposed of in a motion for summary judgment. Rehearing of the Order denying the Motion for Summary Judgment is improper. Therefore, the Court's Order denying Motion for Summary Judgment should stand, and the Motion for re-hearing {in reality, re-argument} should be determined to be unrecognized under the Rules of Civil Procedure, and accordingly, denied.

### Conclusion

Plaintiff, respectfully requests that the Court deny and/or strike Defendant Target Corporation request for reconsideration of the June 18, 2001 Court Order denying Motion for Summary Judgment on Plaintiff's claims of race discrimination under Title VII and 42 U.S.C. §1981, and grant such other relief as is just and equitable.

RICHARD J. BURTON & ASSOCIATES, P.A.
18305 Biscayne Blvd., Suite 300
Miami, FL 33106
(305)705-0888 Fax (305)935-9542

By: _____
Richard J. Burton FBN 179337

**Certificate of Service**

I HEREBY CERTIFY that a true copy of the foregoing Motion was mailed to Sheila Caesarano, Esq., SHUTTS & BOWEN LLP, 1500 Miami Center, 201 South Biscayne Blvd., Miami, FL 33131 on July 20, 2001.

    RICHARD J. BURTON & ASSOC., P.A.
    18305 Biscayne Blvd., Suite 300
    Miami, FL 33160
    Ph: (305) 705-0888 Fax: 935-9542

BY_____
    Richard J. Burton, FBN 179337