**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
Case No. 00-6107-CIV-FERGUSON/SNOW

STEVE HARRIS,
    Plaintiff,

vs.

DAYTON HUDSON CORPORATION
d/b/a TARGET STORES,
    Defendant.
_____/

NIGHT BOX
FILED

JUL 2 0 2001

CLARENCE MADDOX
CLERK, USDC / SDFL / FTL

## RESPONSE TO DEFENDANT'S MOTION TO EXCLUDE PLAINTIFF'S PUNITIVE DAMAGES CLAIM AND INCORPORATED MEMORANDUM OF LAW

Plaintiff, **STEVE HARRIS**, moves to deny Defendant Target Corporation motion to exclude punitive damages under the standard set forth by the United States Supreme Court in Kolstad v. ADA, 527 U.S. 526, 119 S.Ct. 2118, 144 L. Ed. 2d 494 (1999) and submits the following statement in support of its request that the Motion to Exclude Punitive Damages filed by defendant **TARGET CORPORATION** be denied.

### Statement of Fact

Plaintiff, Steve Harris, the only black male manager for Target Stores in District 310 encompassing Broward and Palm Beach counties was terminated from Target Stores due to racial discrimination. Plaintiff asserts that a pattern of discriminatory comments began shortly after plaintiff married a white woman, who was also employed with Target Stores. These discriminatory comments increased with greater frequency over time until plaintiff's termination from Target Stores due to alleged irregularities. Plaintiff asserts that Target's South Florida management team consisting of Mr. Barth, Mr. Gillespie, and Mr. Hastings, all the top officials, in the Region, along with other executives engaged in a pattern of discrimination that warrants a punitive damage claim. Moreover, plaintiff contends that Barth, Gillespie, and Hastings in their managerial capacity, as agents of Target Corporation, had the discretion and the desire to affect Plaintiff's employment with Target Corporation. The following memorandum will provide the grounds for dismissal of Defendant's motion to exclude punitive damages.



## Memorandum of Law

Defendant asserts that an employer may not be vicariously liable for decisions that are contrary to the employer's good faith effort to comply with Title VII. Defendant provides various examples from its employee manual as evidence of a good faith effort to comply with Title VII. "It is not enough, however, to simply have a nondiscrimination policy in place." See Lowery v. Circuit City Stores, Inc. 206 F. 3d 431, 466 (4d Cir. 2000) ("While an employer's institution of a written policy against race discrimination may go a long way toward dispelling any claim about the employer's reckless or malicious state of mind such a policy is not automatically a bar to the imposition of sanctions.") The aforementioned manuals were no more than written policy that was disregarded by the South Florida management team of Barth, Hastings, and Gillespie in their effort to remove Plaintiff from employment with Target Corporation. "For the good faith exception to apply there must be a policy of nondiscrimination both in words and in practice." Copley v. Bax Global, Inc., 97 F. Supp. 2d 1164, 1169 (S.D. Fla. 2000). Plaintiff asserts that Defendant did not follow its written policy when its managerial agents engaged in discriminatory behavior. Specifically, before the Shooters incident, Plaintiff's superiors questioned his ability to afford luxury cars and other expensive items in his possession. Plaintiff was asked on at least five occasions how he could afford an expensive car.

Defendant Target Corporation fails to cite relevant passages from Kolstad v. American Dental Association, *(supra)* that would contradict their motion to exclude punitive damages. In *Kolstad,* the Court provided:

"Punitive damages can properly be awarded against a master or other principal because of an act by an agent if, but only if (a) the principal authorized the doing and the manner of the act, or (b) the agent was unfit, and the principal was reckless in employing the agent, or (c) the agent was employed in a managerial capacity and was acting in the scope of employment, or (d) the principal or a managerial agent of the principal ratified or approved the act."

Kolstad v. American Dental Association, *(id)* at pg. 542. These are factual determinations. Plaintiff will have to meet the necessary factual burden, and show that Defendant's conduct subjects the employer to punitive damages, which it is prepared to

2

do. Plaintiff asserts that Target's agents (Hastings, Gillespie and Barth) were all employed in "high" managerial capacities acting within the scope of employment when they discriminated against Plaintiff Harris. "In making the determination whether an employee acts in a managerial capacity, a court should review the type of authority that the employer has given to the employee, the amount of discretion that the employee has in what is done, and how it is accomplished." Kolstad at 2128. Mr. Hastings was director of operations for the South Florida Region, Mr. Gillespie was director of Regional personnel, and Mr. Barth was director of Regional security, collectively they were the three highest management personnel in South Florida and as such had ample discretion as to how Plaintiff was treated during the investigative process. "Even an employer who makes every effort to comply with Title VII of the Civil Rights Act of 1964, 42 U.S.C.S. § 2000e et seq., would be held liable for the discriminatory acts of agents acting in a managerial capacity." Kolstad v. American Dental Association, 119 S.Ct. 2118 (1999). Regardless of Defendant Target Corporation policy handbook, Hastings, Gillespie and Barth discriminated in their managerial capacity. Both Shannon Tetrault and Don Fankhauser identified the aforementioned managerial triumvirate as the individuals to address whenever a problem arose at Target. Moreover, Fankhauser admitted in his deposition that he would have investigated the alleged acts leading to Mr. Harris termination differently, and that this was the first time in his career that the police were not involved in an alleged theft of company funds. Applying the facts to the law enumerated in *Kolstad*, the court should deny Defendant's motion to exclude punitive damages. Furthermore, the Court should not be responding in a vacuum to this motion without hearing the evidence. Therefore, Defendant Target Corporation motion to exclude punitive damages should be denied.

RICHARD J. BURTON & ASSOCIATES, P.A.<br>
18305 Biscayne Blvd., Suite 300<br>
Miami, FL 33106<br>
(305)705-0888  Fax (305)935-9542<br>
<br>
By:_____<br>
Richard J. Burton FBN 179337

**Certificate of Service**

I HEREBY CERTIFY that a true copy of the foregoing Motion was mailed to Sheila Caesarano, Esq., SHUTTS & BOWEN LLP, 1500 Miami Center, 201 South Biscayne Blvd., Miami, FL 33131 on July 20, 2001.

                                 RICHARD J. BURTON & ASSOC.,P.A.
                                 18305 Biscayne Blvd., Suite 300
                                 Miami, FL 33160
                                 Ph: (305) 705-0888 Fax: 935-9542

BY_____
      Richard J. Burton, FBN 179337