# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6107-CIV-FERGUSON/SNOW

STEVE HARRIS,

    Plaintiff,

v.

DAYTON HUDSON CORPORATION
d/b/a TARGET STORES,

    Defendant.

_____/

**NIGHT BOX FILED**

JUL 3 0 2001

CLARENCE MADDOX
CLERK, USDC/SDFL/FTL

## DEFENDANT'S REPLY TO RESPONSE TO MOTION *IN LIMINE*
## TO EXCLUDE IRRELEVANT AND PREJUDICIAL MATERIAL

Defendant, **TARGET CORPORATION** ("Target"), replies to Plaintiff's response to its Motion *in Limine* to exclude irrelevant and prejudicial material, and states:

## ARGUMENT

### I. THE COURT SHOULD PRECLUDE PLAINTIFF FROM PRESENTING TESTIMONY OF ALLEGED DISCRIMINATORY COMMENTS OR STRAY REMARKS MADE BY NON-DECISIONMAKERS.

Plaintiff argues that discriminatory comments and stray remarks made by non-decisionmakers at Target should be admitted. However, Plaintiff provides no legal authority that holds that such comments are in any way relevant or admissible in a racial discrimination claim. In fact, a close reading of Plaintiff's argument reveals that Plaintiff provides no proper justification for permitting such comments to be presented at trial. Plaintiff merely states that "the jury must hear all relevant evidence, and discriminatory comments are relevant to this case since they form the basis of



Plaintiff's racial discrimination claim." Target agrees, but states that discriminatory comments and stray remarks made by non-decisionmakers are not relevant to this action, as explained in its Motion *in Limine.*

Plaintiff recently claimed that: (1) on five occasions, he was asked, "How does a 'brother' afford an expensive car without doing illegal acts," respectively by Messrs. Gillespie, Fankhauser, Hastings, and Barth; (2) an undisclosed person stated, "it must be nice to have a car like this, how does a black guy like you do this"; (3) a manager at another store asked Plaintiff's wife if "black people like the type of food served at the party"; and (4) undisclosed persons ask Plaintiff's wife if "she could be married to a black man." (Plaintiff Aff., ¶¶ 17-22.)

First, the five purported comments using the term "brother" are at most stray remarks which do not involve the decision to terminate Plaintiff. These comments are not direct evidence of discrimination because they were not made in the context of the employment decision. See Vickers v. Federal Express Corp., Case No. 98-2112-Hoeveler, 2000 WL 1725356, *5 (S.D. Fla. Oct. 26, 2000) (citing Wheatley v. Baptist Hosp. Of Miami, Inc., 16 F. Supp. 2d 1356, 1359-60 (S.D. Fla. 1999), aff'd, 172 F.3d 882 (11th Cir. 1999)). The use of the term "brother" is an isolated incident and, as such, cannot establish discrimination. Rea v. Martin Marietta Corp., 29 F.3d 1450, 1457 (10th Cir. 1994) ("Isolated comments, unrelated to the challenged action, are insufficient to show discriminatory animus in termination decisions.")

Second, the purported comment by an undisclosed person to Plaintiff regarding his car is a comment made by non-decisionmaker and is not indicative of discriminatory animus in any event. Comments by non-decisionmakers do not raise an inference of discrimination and are irrelevant in a discrimination claim. Mitchell v. USBI Co., 186 F.3d 1352, 1355 (11th Cir. 1999); Standard v.

A.B.E.L. Services, Inc., 161 F.3d 1318, 1329-30 (11th Cir. 1998). Comments by non-decisionmakers cannot constitute direct or circumstantial evidence of discrimination as a matter of law. Holifield, 115 F.3d 1564; Trotter v. Board of Trustees of University of Alabama, 91 F.3d 1449, 1454, 1456 (11th Cir. 1996) (discriminatory comments made by a person not involved in the challenged decision are not probative of discrimination). In addition, purported comments made by non-decisionmakers and undisclosed individuals to Plaintiff's wife cannot constitute direct or circumstantial evidence of discrimination. Id.

In addition to the five stray comments, Plaintiff alleges that Robert Van Savage, a store manager at T638 (Boca Raton store where Plaintiff first worked), *before September 1996,* stated that Plaintiff had to be a "good old boy" to work at Target. (Plaintiff Dep. at 170-72.) According to Plaintiff:

> He explained to me after I had gone to a particular, what they call round-robin meeting. That was to see if I was able to be promotable to store manager. When I came back from that meeting, he had spoken to me about it and said it wasn't looking like it was in my favor; that you did not have somebody on your side, and you need to be part of the good old boy team in order to be successful with Target.

(Plaintiff Dep. at 170-72.)

Assuming, *arguendo*, that Van Savage's alleged comment was discriminatory, it is, at most, a stray remark made by a non-decisionmaker at a store where Plaintiff worked in the distant past. Comments by non-decisionmakers do not raise an inference of discrimination and are irrelevant in a discrimination claim. Mitchell v. USBI Co., 186 F.3d 1352, 1355 (11th Cir. 1999); see Standard v. A.B.E.L. Services, Inc., 161 F.3d 1318, 1329-30 (11th Cir. 1998) (statement by non-decisionmaker that "older people have more go wrong" was not probative of discriminatory intent); Mauter v. Hardy Corp., 825 F.2d 1554, 1558 (11th Cir. 1987) (statement by

-3-

non-decisionmaker that "[t]he Hardy Corporation was going to weed out the old ones" did not raise a genuine issue of material fact regarding discriminatory intent). ***Comments by non-decisionmakers cannot constitute direct or circumstantial evidence of discrimination as a matter of law.*** See Holifield v. Reno, 115 F.3d 1555, 1564 (11th Cir. 1997) (to prove a claim of race discrimination, plaintiff must show that person making adverse employment decision had bias against the plaintiff because of race); Mayfield v. Patterson Pump Co., 101 F.3d 1371 (11th Cir. 1996); Trotter v. Board of Trustees of University of Alabama, 91 F.3d 1449, 1454, 1456 (11th Cir. 1996) (discriminatory comments made by a person not involved in the challenged decision are not probative of discrimination).

Plaintiff also claims that Don Fankhauser said the following:

Q. Were there any other statements that anybody at Target in management made to you?

A. Don Fankhauser.

\*\*\*\*

Q. What did he say?

A. He followed me -- he walked me out to my car, which was a Viper, and made the comment, "How does a black man afford to drive a Viper working at Target?"

Q. What did you say to him?

A. I asked him what he meant by, "a black man affording a Viper." He made the statement that, "It's a $70,000 vehicle, and I'm sure that's not what you make. How do you afford to drive a vehicle like that?" I then said to him, "How do you afford to drive a Corvette?" None of my business.

Q. Did he drive a Corvette?

-4-

    A.    At the time, no. But I heard that he had a Corvette.

(Plaintiff Dep. at 174.) Plaintiff admits that this was the *only* alleged discriminatory comment Fankhauser ever made to him. (Plaintiff Dep. at 175.)

Fankhauser's alleged statement cannot be the basis of Plaintiff's discrimination claim because, like Van Savage, Fankhauser was not a decisionmaker. At any rate, Fankhauser's alleged comment has nothing to do with Plaintiff's termination. Rather, it is an isolated incident and, as such, cannot establish discrimination. Rea v. Martin Marietta Corp., 29 F.3d 1450, 1457 (10th Cir. 1994) ("Isolated comments, unrelated to the challenged action, are insufficient to show discriminatory animus in termination decisions.").

Interestingly, plaintiff does not attribute any alleged discriminatory comments to Messrs. Barth, Gillespie, or Hastings, the only managers he claims made the decision to terminate him. As such, there are no legal or evidentiary grounds to admit any of the stray comments made by the non-decisionmakers at Target.

## II.    THE COURT SHOULD PRECLUDE PLAINTIFF FROM ALLEGING THAT PLAINTIFF'S INVESTIGATION VIOLATED THE FAIR CREDIT REPORTING ACT.

In his opposition to Target's Motion *in Limine*, Plaintiff argues that he should be able to introduce evidence that Target violated the Fair Credit Reporting Act to prove that it discriminated against him. Plaintiff clearly missed the point of Target's argument against the introduction of such evidence. Target does not seek to exclude such evidence merely because it is distracting and prejudicial to the jury. Target seeks to exclude any such evidence because it is irrelevant in that **Target in no way violated the Fair Credit Reporting Act**. As Target explained in its Motion,

-5-

Target conducted its own internal investigation of Plaintiff's Target credit card and company-issued American Express card. Target merely investigated its *own* credit card account records to determine if Plaintiff improperly violated company policies. Again, the Fair Credit Reporting Act is thus completely inapplicable to Target's investigation of Plaintiff's credit card accounts.

Plaintiff's accusation that Target violated the Fair Credit Reporting Act is simply intended to mislead and confuse the jury. Pursuant to Rule 403, such evidence may be excluded since its probative value is substantially outweighed by the danger of misleading the jury. Fed. R. Evid. 403. Accordingly, the Court should preclude Plaintiff from presenting any testimony regarding Target's alleged violations of the Fair Credit Reporting Act in connection with Target's proper investigation of Plaintiff's credit card accounts.

### III. THE COURT SHOULD PRECLUDE PLAINTIFF FROM PRESENTING AT TRIAL ANY IMPROPER CHARACTERIZATIONS TO ELICIT EMOTIONAL JURY REACTIONS AND UNDUE JURY SYMPATHY.

Plaintiff will attempt to compare Target's actions toward Plaintiff to a "lynching" and describing Target's employees' actions as "ratting" out Plaintiff. Plaintiff may also refer to Target's security guards as "cops," "police," or "Nazis." The Court should preclude Plaintiff from introducing any improper characterizations since these comments' prejudicial effect substantially outweighs any probative value and, more importantly, the comments are simply intended to badger witnesses. Such evidence is clearly irrelevant and prejudicial, and <u>Plaintiff makes no showing to the contrary</u>.

More importantly, Plaintiff does not even begin to suggest that the use of such words will better enable him to prove his case or even that the words have any evidentiary force behind them. In other words, Plaintiff's implicitly admits that the words are merely intended to elicit the jury's

passions and sympathies. Such purpose is prohibit under the Rules of Evidence.

Accordingly, the Court should preclude Plaintiff from presenting any improper characterizations to illicit emotional jury reactions and undue jury sympathy.

## CONCLUSION

Defendant, TARGET CORPORATION, requests that the Court enter an Order *in limine* granting the requested relief, and for such other relief that is proper and necessary.

Respectfully submitted,

SHUTTS & BOWEN LLP
Attorneys for Defendant
1500 Miami Center
201 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 358-6300
Facsimile: (305) 347-7386

By: _____
Sheila M. Cesarano
Florida Bar Number 708364
Rene J. Gonzalez-LLorens
Florida Bar Number 0053790

-8-

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed on this 30th day of July 2001, to

Richard J. Burton, Esq.
Richard J. Burton & Associates, P.A.
18305 Biscayne Boulevard, Suite 300
Miami, Florida 33160.
Tel: (305) 705-0888
Fax: (305) 935-9542
Attorney for Plaintiff

_____
OF COUNSEL

MIADOCS 444461 1 JEA