# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6107-CIV-FERGUSON/SNOW

STEVE HARRIS,

Plaintiff,

v.

DAYTON HUDSON CORPORATION
d/b/a TARGET STORES,

Defendant.

_____/

**NIGHT BOX
FILED**

JUL 3 0 2001

CLARENCE MADDOX
CLERK, USDC/SDFL/FTL

### DEFENDANT'S REPLY TO RESPONSE TO MOTION TO EXCLUDE
### PLAINTIFF'S PUNITIVE DAMAGES CLAIM

Defendant, **TARGET CORPORATION** ("Target"), responds to Plaintiff's

Response to its motion to exclude punitive damages under Kolstad v American

Dental Association, 119 S.Ct. 2118 (1999), and states:

#### ARGUMENT

Plaintiff does not contest that Target made sufficient good faith efforts to

prevent discrimination and comply with Title VII, as required by the Supreme



Court under <u>Kolstad v American Dental Association</u>, 119 S.Ct. 2118 (1999). Specifically, Plaintiff in no way attacks the existence of Target's Policy and Procedure Manual, and Target's Executive Team Member Handbook, both of which contain a thorough policy against discrimination and harassment and a detailed reporting mechanism. Likewise, Plaintiff cannot deny that Target puts its employees – especially its managers -- through training on such policies in order to further ensure that no discrimination or harassment takes place at Target.

Nonetheless, Plaintiff argues that his claim of punitive damages may stand for the sole reason that 1) unidentified managers questioned him as to his ability to afford a luxury car (page 2 of Pl's Resp.); 2) Don Frankhauser, who conducted part of the investigation into Plaintiff's alleged theft, stated that he would have conducted the investigation "differently;" and 3) Frankhauser stated that the investigation of Plaintiff's theft was the first time that the police had not been called during a theft investigation.

Plaintiff's argument in favor of maintaining a punitive damages claim fails in several respects. First, the three incidents listed by Plaintiff (above) in no way evidence that Target engaged in a "discriminatory practice or practices with malice or with reckless indifference to federally protected rights." 42 U.S.C. § 1981a(b)(1).    <u>In fact, none of those incidents indicates any racial animus whatsoever.</u> Second, Plaintiff does not allege that any of Target's alleged "top" managers (Mrssrs. Hastings, Barth, and Gillespie) engaged in any of the three

-2-

above discriminatory incidents. Third, Plaintiff does not cite to any record evidence to show that any of the three incidents occurred.

In sum, Plaintiff provides the Court with no grounds to support a punitive damages claim.  But more importantly, Plaintiff in no way refutes that Target properly engaged in the good-faith anti-discriminatory efforts required by Kolstad to protect a corporate employer from the purported discriminatory acts of its agents.  Therefore, Plaintiff's punitive damages claim should be stricken.

## **CONCLUSION**

Because Target makes a good faith effort to comply with Title VII, Target should not be liable for punitive damages.

Respectfully submitted,

SHUTTS & BOWEN LLP
Attorneys for Defendant
1500 Miami Center
201 S. Biscayne Boulevard
Miami, Florida 33131
(305) 358-6300
(305) 347-7386 Facsimile

By:_____

Sheila M. Cesarano
Florida Bar Number 708364
Rene Gonzalez-LLorens
Florida Bar Number 0053790

-3-

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was mailed

on this $30$ day of July 2001, to

Richard J. Burton, Esq.
Richard J. Burton & Associates, P.A.
18305 Biscayne Boulevard, Suite 300
Miami, Florida 33160.
Tel: (305) 705-0888
Fax: (305) 935-9542
Attorney for Plaintiff

_____
OF COUNSEL

MIADOCS 444463 1 JEA

-4-