## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6107-CIV-FERGUSON/SNOW

STEVE HARRIS,

    Plaintiff,

v.

DAYTON HUDSON CORPORATION
d/b/a TARGET STORES,

    Defendant.

_____/



NIGHT BOX FILED
AUG -6 2001
CLARENCE MADDOX
CLERK, USDC/SDFL/FTL

### DEFENDANT'S OPPOSITION TO MOTION TO AMEND WITNESS LIST

Defendant, **TARGET CORPORATION** ("Target"), opposes Plaintiff **STEVE HARRIS'** ("Plaintiff") Motion to Amend Witness List and Add Robert Van Savage and three expert witnesses ("Plaintiff's Motion") as untimely, and states:

### ARGUMENT

Plaintiff now moves the Court to amend his witness list to add Robert Van Savage and three expert witnesses: Henry Latimer, Dr. Evelina Bestman, and Jose Romano (whom he had removed from his witness list earlier). Target opposes Plaintiff's Motion for **five** good reasons:

*First*, Plaintiff knew about Van Savage, one of the people he now wants to add to his witness list, since the date of his deposition on June 5, 2000 -- **more than one year ago**. In fact, Plaintiff was the first to mention on the record that Van Savage was Plaintiff's supervisor at the beginning of his employment at Target (the Store Manager at

113

Target's Boca Raton store), so he was well aware of his existence and his involvement in this matter since before he filed this lawsuit. *Plaintiff's Dep. at pp.170-71.* Therefore, Plaintiff had over one year to discover the location of Van Savage so that he could depose him in this matter. However, Plaintiff made no effort to do so in that time period.

*Second*, even if Plaintiff did not know about Van Savage, amending his witness list to add him is unnecessary. It is undisputed that Van Savage played no role in Plaintiff's termination from Target (the only employment action on which Plaintiff has based this lawsuit). Plaintiff states that Van Savage's only involvement in this matter is that he made a comment that Plaintiff would only be promoted if he became part of the "good old boy network." *Plaintiff's Dep. at pp. 171.* That comment is irrelevant, however, because it is in no way related to Plaintiff's termination, nor does it in any way reflect a race bias. Moreover, Plaintiff was nonetheless promoted at Target to the same position as Van Savage, although Van Savage allegedly inferred from that comment that promotion was only available at Target to Caucasians.

*Third*, Plaintiff added three expert witnesses to his witness list -- Henry Latimer, Dr. Evelina Bestman, and Jose Romano -- whom he had agreed to removed from his witness list on February 8, 2001. *See* Exhibit A and Target's April 5, 2001, Motion to Strike Expert Witness.[1]  Because Plaintiff agreed to remove these experts from his witness list, Target did not conduct any discovery as to these individuals. Moreover, Plaintiff never provided any expert reports or summaries as to these experts (in violation

---

[1]  Plaintiff's remaining witness, Stanley Foodman, is the subject of Target's Motion to Strike Expert Witness.

2

of Fed.R.Civ.P. 26(a)(2)). As such, these experts cannot now be added to Plaintiff's witness list.

*Fourth*, the deadline to file the parties' respective witness lists was December 4, 2000. Plaintiff has waited almost 8 months -- and **one month before the extended trial period** -- to amend his witness list.

*Finally*, the discovery deadline in this case was January 2, 2001, **eight months ago**. Moreover, **trial is less than one month away**. Target would undisputably be prejudiced if Plaintiff was permitted to amend his witness list at such a late date and after discovery has been closed for eight months, especially to add Robert Van Savage and three expert witnesses that are irrelevant to this action or whose addition would seriously prejudice Target.

**WHEREFORE,** Target respectfully requests that the Court enter an Order denying Plaintiff's Motion to Amend Witness List.

                              Respectfully submitted,

                              SHUTTS & BOWEN LLP
                              Attorneys for Defendant
                              201 South Biscayne Boulevard
                              1500 Miami Center
                              Miami, Florida 33131
                              (305) 358-6300
                              (305) 347-7386 (facsimile)

By: _____

                              Sheila M. Cesarano
                              Florida Bar Number 708364
                              Rene Gonzalez-LLorens
                              Florida Bar Number 0053790

3

SHUTTS & BOWEN LLP / 1500 MIAMI CENTER / 201 SOUTH BISCAYNE BOULEVARD / MIAMI, FLORIDA 33131 / (305) 358-6300

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was mailed on this 6th day of July 2001, to

Richard J. Burton, Esq.
Richard J. Burton & Associates, P.A.
18305 Biscayne Boulevard, Suite 300
Miami, Florida 33160.
Tel: (305) 705-0888
Fax: (305) 935-9542
Attorney for Plaintiff

_____
OF COUNSEL

MIADOCS 444471 1 JEA

4

**EXHIBIT "A"**

# SHUTTS & BOWEN LLP

ATTORNEYS AND COUNSELLORS AT LAW
A PARTNERSHIP INCLUDING PROFESSIONAL ASSOCIATIONS

1500 MIAMI CENTER
201 SOUTH BISCAYNE BOULEVARD
MIAMI, FLORIDA 33131
MIAMI (305) 358-6300
BROWARD (954) 467-8841
FACSIMILE (305) 381-9982

February 8, 2001

**VIA FACSIMILE**

Richard J. Burton, Esq.
Richard Burton & Associates, P.A.
18305 Biscayne Boulevard
Suite 300
Miami, Florida 33160

    RE: **Steve Harris v. Target Corporation**

Dear Richard:

    I have no objections to Plaintiff's Unopposed Motion for Enlargement of Time to Complete Discovery, et al. (However, for the record, please note that Judge Ferguson agreed to extend discovery only for a 15-day period after February 16, 2001, as to the deponents we have noticed prior to the discovery deadline.)

    Please advise whether February 15, 2001, is a convenient date to depose your expert, Stanley I. Foodman. This letter also confirms that, as set forth in my January 22, 2001 letter, you have decided to withdraw Jose A. Romano and Dr. Evelina Bestman as experts in this matter. In return, we are withdrawing Dr. Graff as an expert witness in this matter.

    Accordingly, the depositions that are left to be taken in this matter are the following: Jacquie Scott, Erica Lyday, Betty Gadsen, Shannon Tetrault, Loretta Fabricant, and Stanley Foodman.

    Finally, please call me to discuss whether experts are even adequate in this case. Perhaps, we can agree to lessen our client's respective costs in this matter.

                                Sincerely,

                                Rene Gonzalez-LLorens

**EXHIBIT A**