## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6107-CIV-FERGUSON/SNOW

STEVE HARRIS,

    Plaintiff,

v.

DAYTON HUDSON CORPORATION
d/b/a TARGET STORES,

    Defendant.

_____/



NIGHT BOX
FILED
AUG - 6 2001
CLARENCE MADDOX
CLERK, USDC/SDFL/FTL

### DEFENDANT'S RESPONSE TO MOTION *IN LIMINE*
### TO EXCLUDE IRRELEVANT AND PREJUDICIAL MATERIAL

Defendant, **TARGET CORPORATION** ("Target"), responds to Plaintiff's Motion *in Limine* to exclude irrelevant and prejudicial material, and states:

### ARGUMENT

On September 15, 1996, Plaintiff was transferred to Target Store T391, located in West Palm Beach, Florida. On July 7, 1997, Plaintiff was promoted to Executive Team Leader in Logistics – the manager responsible for supervising employees who unload trucks and stock merchandise.

While at Target Store T391, several store employees complained to Target that Plaintiff had sexually harassed them by making improper sexual innuendos and inappropriately touching them. As Target's Regional Human Resource Manager, Gillespie

was responsible for conducting the sexual harassment investigation. No adverse action was taken against Plaintiff while he was employed at Target Store T391 as a result of the investigation. After the sexual harassment investigation concluded, Gillespie never again raised any sexual harassment allegations with Plaintiff.

Nonetheless, after the harassment complaints, when Plaintiff was a candidate for promotion to the Store Manager position, Gillespie was asked his opinion as to Plaintiff's suitability for the position if Store Manager. Gillespie expressed hesitation about recommending Plaintiff for a position with such authority over a large number of subordinates because he knew that Plaintiff had been accused of sexual harassment on prior occasions.

**Gillespie was the person who made the decision to terminate Plaintiff.** Plaintiff may attempt to use Gillespie's hesitation to promote Plaintiff as evidence that Gillespie is somehow biased against African-Americans, when in reality, Gillespie was merely concerned about promoting a potential harassor. If Plaintiff attempts to use evidence that Gillespie in any way opposed his promotion, Target will be unable to defend Gillespie's actions by explaining that Gillespie's actions were based on his knowledge of Plaintiff's potential tendencies towards harassment rather than his race. As such, evidence that Plaintiff was previously accused of sexual harassment by several employees and that Gillespie knew about the accusations is entirely relevant to defending whether Gillespie, the decision maker in this case, was biased against Plaintiff on the basis of his race. Therefore, such evidence would be clearly relevant and admissible under Fed. R. Evid. 401 and 403.

SHUTTS & BOWEN LLP / 1500 MIAMI CENTER / 201 SOUTH BISCAYNE BOULEVARD / MIAMI, FLORIDA 33131 / (305) 358-6300

## CONCLUSION

For the reasons above, Defendant, TARGET CORPORATION, requests that the Court deny Plaintiff's Motion *in limine*.

Respectfully submitted,

SHUTTS & BOWEN LLP
Attorneys for Defendant
1500 Miami Center
201 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 358-6300
Facsimile: (305) 347-7386

By: _____
Sheila M. Cesarano
Florida Bar Number 708364
Rene J. Gonzalez-LLorens
Florida Bar Number 0053790

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed on this __6th__ day of August 2001, to

Richard J. Burton, Esq.
Richard J. Burton & Associates, P.A.
18305 Biscayne Boulevard, Suite 300
Miami, Florida 33160.
Tel: (305) 705-0888
Fax: (305) 935-9542
Attorney for Plaintiff

OF COUNSEL

MIADOCS 446216.1 JEA

-4-