**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 00-6107-CIV-FERGUSON/SNOW

STEVE HARRIS,
    Plaintiff,
vs.

DAYTON HUDSON CORPORATION
d/b/a TARGET STORES,
    Defendant.
_____/

**NIGHT BOX FILED**
AUG - 7 2001
CLARENCE MADDOX
CLERK, USDC/SDFL/FTL

### REPLY TO TARGET'S RESPONSE TO MOTION TO AMEND WITNESS LIST and FURTHER REPLY TO DEFENDANT'S MOTION FOR RE-HEARING ON DENIAL OF MOTION FOR SUMMARY JUDGMENT

Plaintiff, **STEVE HARRIS**, hereby replies to the disingenuous response of Defendant Target to the Motion to Amend Witness List.

First, it was agreed that listed witnesses, Evelina Bestman, and Jose Romano, who had been removed, as possible witnesses were NOT being re-added. Defendant had agreed that it would not call any damages expert, and therefore omitted Loretta Fabricant whose deposition had been set by Plaintiff. Witness, Henry Latimer, Esq. would be testifying as to Plaintiff's attorney fees, only at the conclusion of the case in the event of an application for attorneys fees! The request to amend the witness list did not change that position, one iota, and the Counsel for the Defendants knew that fact.

Second, while Mr. Van Savage was known to have existed as a former Target employee, it was not known that he had spoken with Terry Gillespie about Harris. Terry Gillespie denied, under oath that he had talked disparagingly about Harris before the Pretextural incident.

Neither his address was ever made known to Plaintiff, nor that Gillespie had had numerous conversations with Van Savage whereby Van Savage heard Gillespie making provocative statements to Van Savage, against Harris which he wished Van Savage to agree with. Van Savage refused to find a pretext to fire Harris, no matter what Gillespie was conjuring up. That would be the substance of the testimony.



Since Van Savage resides in Bethlehem Pennsylvania, he can not be compelled to come to Court in Ft. Lauderdale, for the trial, and accordingly, it is urgent that his deposition be taken to present before the Court.

He would further support Feinkhauser that no one who did what Harris is claimed to have done has been fired without the company giving the employee a chance to correct the situation, and further confirm that many of the "incidents" were pre-promotion of Harris, and further that there was an animus in Gillespie, and others, about Harris car, and his other possessions. Harris comments that "where does [a black man] get the money for Harris car, and other slurs, and indications of prejudicial behavior to Harris are verified by Van Savage.

The Defendant seems not to want the truth to be revealed. Clearly they can't be prejudiced by the TRUTH. They should not fear Van Savage's (or for that matter, Foodman, the expert witness, or Hastings) testimony.

It must be remembered that Plaintiff, Steve Harris, was the only black male manager for Target Stores in District 310 encompassing Broward and Palm Beach counties was terminated from Target Stores due to racial discrimination. Plaintiff asserts that a pattern of discriminatory comments began shortly after plaintiff married a white woman, who was also employed with Target Stores. These discriminatory comments increased with greater frequency over time until plaintiff's termination from Target Stores due to alleged irregularities. Plaintiff provides in the affidavit attached (See ¶¶ 17-20) to the Opposition to the Motion for Summary Judgment, where examples of discriminatory statements made by co-workers and superiors at Target Stores, are set forth.

That he was treated discriminatorily from other managers can be found in Harris, Feinkhauser's and many of the other depositions filed in opposition to the Motion for Summary Judgment.

Defendant's in their motion argue that any racist statements made were irrelevant because plaintiff was later promoted (See defendant's motion for summary judgment ¶61)-----POPPYCOCK!

Plaintiff alleges that this pattern of discrimination leading to plaintiff's termination has irreparably harmed plaintiff, because plaintiff has essentially been labeled a thief. (See attached affidavit ¶24). Plaintiff alleges that a pattern of racist statements began shortly

2

after plaintiff married a white woman (see attached affidavit ¶16). Defendant refers to another alleged racist statement (See defendant's motion for summary judgment ¶62). Now we will know, through Van Savage that Gillespie was trying to get rid of Harris BEFORE his marriage.

The aforementioned facts provided in our opposition to the original Motion and attached affidavit, in opposition are facts that are properly determined at trial. In considering a motion for summary judgment, the court must draw inferences most favorable to the party opposing the motion and resolve all reasonable doubts in that party's favor. Jeffery v. Sarasota White Sox, Inc., 64 F.3d 590 (11 Cir. 1995). Taking into account the facts provided in the attached affidavit (see ¶¶ 3-23) the court must deny defendant's motion for summary judgment. An issue of fact is genuine for purposes of summary judgment if taking the record as a whole the trier of fact could find for the non-moving party. Allen v. Tyson Foods, Inc., 121 F.3d 642 (11 Cir. 1997). Plaintiff asserts that the facts provided in the attached affidavit (See ¶¶ 8-24) present a pattern of racial discrimination. Plaintiff asserts that the standards for racial discrimination allow either direct evidence or an inference of discriminatory intent, and that the attached affidavit presents evidence of racial discrimination. In addition, if the fact finder can draw more than one inference from the facts that introduces a genuine issue of material fact the court should not grant a summary judgment motion. Jeffery v. Sarasota White Sox, Inc., 64 F.3d 590 (11 Cir. 1995). Taking the facts provided in the attached affidavit as true, a fact finder could draw the inference that there is a genuine issue of material fact.

Defendant omits from its Motion that the exhibit attached is unsworn and often unsigned bald allegation that were collected by unknown persons and stuffed together in a file that was created solely to create purported Grounds to fire Harris. Those assertions were not then and are not now, even admissible into evidence, much less that forming a basis for the filing of a Motion for Summary Judgment.

Furthermore, the evidence need show a sufficient disagreement to require submission to a jury. Allen v. Tyson Foods, Inc., 121 F.3d 642 (11 Cir. 1997). Defendant's assert that the racism was limited to two instances, whereas, plaintiff alleges multiple incidents. Therefore, plaintiff asserts that aforementioned facts provide sufficient disagreement to allow for denial of defendant's motion for summary judgment. Moreover, the court must

3

not weigh the evidence to determine truth of facts in the motion for summary judgment, rather that is a decision made by the jury. Tipton v. Bergrohr GMBH-Siegen, 965 F.2d 994 (11 Cir. 1992). Taking into account the facts presented, in the light most favorable to the plaintiff as non-moving party, the court should deny defendant's request to reconsider the denial of the Motion for Summary Judgment.

Further, the Court should order the taking of Van Savage (and Mark Hasting's) deposition and allow the "amended witness list to be filed. If the Defendant wishes, it may still take Foodman's deposition, to prevent any claim of surprise.

> RICHARD J. BURTON & ASSOCIATES, P.A.
> 18305 Biscayne Blvd., Suite 300
> Miami, FL 33106
> (305)705-0888 / Fax (305)935-9542
>
> By: _____
> Richard J. Burton FBN 179337

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing was mailed to Sheila Caesarano, Esq., SHUTTS & BOWEN LLP, 1500 Miami Center, 201 South Biscayne Blvd., Miami, FL 33131 on August 7, 2001.

> RICHARD J. BURTON & ASSOC., P.A.
> 18305 Biscayne Blvd., Suite 300
> Miami, FL 33160
> Ph: (305) 705-0888     Fax: 305-935-9542
>
> By: _____
> Richard J. Burton, FBN 179337