**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

STEVE HARRIS,                                    Case No. 00-6107-CIV-FERGUSON

    Plaintiff,

v.

DAYTON HUDSON CORP. d/b/a/                AUG ·· ·· 20
TARGET STORES,

    Defendant.
_____/

### OMNIBUS ORDER ON PENDING MOTIONS

**THIS CAUSE** is before the Court on various pending motions. Having duly considered the motions and pertinent portions of the record, it is

**ORDERED AND ADJUDGED** that

1. Defendant's Emergency Motion for a Continuance of Trial [D.E. 95] is **GRANTED**. Accordingly, this cause has been reset to the two week trial period commencing on October 9, 2001. This matter has been set for calendar call before the undersigned at the United States District Court, **299 East Broward Blvd., Courtroom 207A, Ft. Lauderdale, Florida 33301, on October 1, 2001 at 4:15 p.m.**

2. Plaintiff's Motion for an Enlargement of Time to File an Opposition to the Defendant's Summary Judgment Motion [D.E. 50] styled as "unopposed" is in fact opposed as indicated by the Defendant's response. Having considered the opposition to the motion [D.E. 50], it is **GRANTED**.

3. Defendant's Motion to Bifurcate the Trial [D.E. 53] is **GRANTED**.



4. Defendant's Motion *in Limine* Precluding Testimony of Plaintiff's Expert [D.E. 62] is **DENIED**.

5. Plaintiff's Motion for Leave to File the Supplemental Affidavit of Harris and the Deposition of Barth [D.E. 63] is **DENIED**. Defendant's Motion to Strike Plaintiff's Motion to File the Supplemental Affidavit [D.E. 74] is **GRANTED**. Accordingly, the simultaneously filed affidavit is stricken.

6. Plaintiff's Motion for an Order Finding Defendant in Contempt [D.E. 64] is **DENIED**.

7. Defendant's Motion to Stay Proceedings Pending Resolution of the Summary Judgment Motion [D.E. 68] is **DISMISSED as MOOT**.

8. Plaintiff's Motion for a Status Conference [D.E. 76] is **DISMISSED as MOOT**.

9. Defendant's Motion to Strike Plaintiff's Response to Defendant's Motion to Dismiss Count III [D.E. 82] is **DISMISSED as MOOT**.

10. Defendant's Motion to Strike Plaintiff's Notice of Filing Correspondence of Foodman [D.E. 83] is **GRANTED**.

11. Plaintiff's Motion for an Enlargement of Time to File an Opposition to Defendant's Motion to Strike Correspondence [D.E. 84] is **DENIED**.

12. Plaintiff's Motion for an Enlargement of Time to File an Opposition to Defendant's Motion to Strike Response to Defendant's Motion to Dismiss [D.E. 85] is **DISMISSED as MOOT**.

13. Plaintiff's Motion for Enlargement of Time to File a Reply to its Motion for Status Conference [D.E. 86] is **DISMISSED as MOOT**.

14. Defendant's Motion for Reconsideration of the Order Denying Summary Judgment [D.E. 97] is **GRANTED in part, DENIED in part.** Accordingly, by separate order, the Court shall

2

continue its analysis of the Defendant's proffered legitimate reasons for the Plaintiff's termination and the latter's allegations that those reasons are pretextual.

15. Defendant's Motion *in Limine* to Exclude Irrelevant and Prejudicial Material [D.E. 98] is **GRANTED**.

16. Defendant's Motion to Exclude Plaintiff's Punitive Damages Claim [D.E. 100] is **DENIED** *without prejudice to renew at the conclusion of the evidence on liability*.

17. Plaintiff's Unopposed Motion for an Enlargement of Time to File an Opposition to Defendant's Motion *in Limine* [D.E. 101] is **DISMISSED as MOOT**.

18. Plaintiff's Unopposed Motion for an Enlargement of Time to File an Opposition to Defendant's Motion to Exclude Punitive Damages Claims [D.E. 101] is **DISMISSED as MOOT**.

19. Plaintiff's Unopposed Motion for an Enlargement of Time to File an Opposition to Defendant's Motion for rehearing on Order Denying Summary Judgment [D.E. 101] is **DISMISSED as MOOT**.

20. Plaintiff's Motion *in Limine* to Exclude Irrelevant and Prejudicial Material [D.E. 106] is **GRANTED**.

21. Plaintiff's Motion to Amend the Witness List to Add Robert Van Savage [D.E. 109] is **GRANTED**. Accordingly, Plaintiff may depose Van Savage and Hastings prior to September 10, 2001. The Defendant may depose Plaintiff's expert witness, Stanley Foodman, prior to September 10, 2001. The parties are directed to make the witnesses available if they have control.

**DONE AND ORDERED** in Chambers, at Ft. Lauderdale, Florida, this ___8th___ day of

3

August, 2001.

_____
WILKIE D. FERGUSON, JR.
UNITED STATES DISTRICT JUDGE

cc:
Richard Burton, Esq.
Sheila Caesarano, Esq.