## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6107-CIV-FERGUSON/SNOW

STEVE HARRIS,

Plaintiff,

v.

DAYTON HUDSON CORPORATION
d/b/a TARGET STORES,

Defendant.

_____/

### DEFENDANT'S NOTICE OF FILING PROPOSED VERDICT FOR
### AND JURY INSTRUCTIONS

Defendant, **TARGET CORPORATION** ("Target"), pursuant to this Court's April 4,

2000 Order, files its Proposed Jury Instructions and Verdict Form.

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was **hand-**

**delivered** this __/__ day of October, 2001, to **RICHARD J. BURTON, ESQ.**, Richard J.

Burton & Associates, P.A., 18305 Biscayne Blvd., Suite 300, Miami, FL 33160.

Respectfully submitted,

SHUTTS & BOWEN LLP
Attorneys for Defendant
1500 Miami Center
201 South Biscayne Boulevard
Miami, Florida 33131
(305) 358-6300
(305) 347-7386 (Facsimile)

By: _____
Sheila M. Cesarano
Florida Bar Number 708364
Rene Gonzalez-LLorens
Florida Bar Number 0053790

<u>VERDICT FORM</u>

Do you find from a preponderance of the evidence:

1. That Harris' race was a substantial or motivating factor that prompted Target to discharge Harris?

   Yes _____          No _____

   *Note*: If you answered No to Question No. 1, your verdict is for Target, and you need not answer the remaining question.

2. That Harris would have been discharged from employment for other reasons even in the absence of consideration of his race?

   Yes _____          No _____

   SO SAY WE ALL.

PLEASE SIGN AND DATE THE VERDICT FORM.
RETURN THE VERDICT FORM TO THE COURT.

_____
FOREPERSON

_____
DATED

### DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 1

Ladies and Gentlemen:

You have now been sworn as the Jury to try this case. By your verdict you will decide the disputed issues of fact.

I will decide all questions of law and procedure that arise during the trial; and, before you retire to the jury room at the end of the trial to deliberate upon your verdict and decide the case, I will instruct you on--that is, I will explain to you--the rules of law that you must follow and apply in making your decision.

The evidence presented to you during the trial will primarily consist of the testimony of the witnesses, and tangible items including papers or documents called "exhibits."

You should pay close attention to the testimony because it will be necessary for you to rely upon your memories concerning what was the testimony. Although, as you can see, the Court Reporter is making stenographic notes recording everything that is said, typewritten transcripts will not be prepared in time for your use during your deliberations and you should not expect to receive them.

On the other hand, any exhibits admitted in evidence during the trial will be available to you for detailed study, if you wish, during your deliberations. So, if an exhibit is received in evidence but is not fully read or shown to you at the time, don't be concerned because you will get to see and study it later during your deliberations.

If you would like to take notes during the trial you may do so. On the other hand, of course, you are not required to take notes if you do not want to. That will be left up to you, individually.

-1-

If you do decide to take notes, do not try to write everything down because you will get so involved in note taking that you might become distracted from the ongoing proceedings. Just make notes of names, or dates and places – things that might be difficult to remember.

Also, your notes should be used only as aids to your memory, and, if your memory should later differ from your notes, you should rely upon your memory and not your notes.

If you do not take notes, you should rely upon your own independent recollection or memory of what the testimony was and you should not be unduly influenced by the notes of other Jurors. Notes are not entitled to any greater weight than the recollection or impression of each Juror concerning what the testimony was.

During the trial you should keep an open mind and should avoid reaching any hasty impressions or conclusions. Reserve your judgment until you have heard all of the testimony and evidence, the closing arguments or summations of the lawyers, and my instructions or explanations to you concerning the applicable law.

Because of your obligation to keep an open mind during the trial, coupled with your obligation to then decide the case only on the basis of the testimony and evidence presented, you must not discuss the case during the trial in any manner among yourselves or with anyone else, nor should you permit anyone to discuss it in your presence; and you should avoid reading any newspaper articles that might be published about the case. You should also avoid seeing or hearing any television or radio comments about the trial.

From time to time during the trial I may be called upon to make rulings of law on objections or motions made by the lawyers. You should not infer or conclude from any ruling or other comment I may make that I have any opinions on the merits of the case

-2-

favoring one side or the other. And if I should sustain an objection to a question that goes unanswered by a witness, you should not guess or speculate what the answer might have been nor should you draw any inferences or conclusions from the question itself.

During the trial it may be necessary for me to confer with the lawyers from time to time out of your hearing with regard to questions of law or procedure that require consideration by the court or judge alone. On some occasions you may be excused from the courtroom for the same reason. I will try to limit these interruptions as much as possible, but you should remember the importance of the matter you are here to determine and should be patient even though the case may seem to go slowly.

The order of the trial's proceedings will be as follows: In just a moment the lawyers for each of the parties will be permitted to address you in turn and make what we call their "opening statements." The Plaintiff will then go forward with the calling of witnesses and presentation of evidence during what we call the Plaintiff's "case in chief." When the Plaintiff finishes (by announcing "rest"), the Defendant will proceed with witnesses and evidence, after which, within certain limitations, the Plaintiff may be permitted to again call witnesses or present evidence during what we call the "rebuttal" phase of the trial. The Plaintiff proceeds first, and may rebut at the end, because the law places the burden of proof or burden of persuasion upon the Plaintiff (as I will further explain to you as a part of my final instructions).

When the evidence portion of the trial is completed, the lawyers will then be given another opportunity to address you and make their summations or final arguments in the case, after which I will instruct you on the applicable law and you will then retire to deliberate upon your verdict.

-3-

Now, we will begin by affording the lawyers for each side an opportunity to make their opening statements in which they may explain the issues in the case and summarize the facts they expect the evidence will show. The statements that the lawyers make now (as well as the arguments they present at the end of the trial) are not to be considered by you either as evidence in the case or as your instruction on the law. Nevertheless, these statements and arguments are intended to help you understand the issues and the evidence as it comes in, as well as the positions taken by both sides. So I ask that you now give the lawyers your close attention as I recognize them for purposes of opening statements.

---

Authority: Pattern Jury Instructions (U.S. Eleventh Circuit District Judges Association) (2000 Edition); Preliminary Instructions before Trial

GIVEN    _____

MODIFIED    _____

DENIED    _____

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 2

### COURT'S INSTRUCTIONS TO THE JURY

Members of the Jury:

I will now explain to you the rules of law that you must follow and apply in deciding this case.

When I have finished you will go to the jury room and begin your discussions--what we call your deliberations.

In this case, Steve Harris is the plaintiff, and Target Corporation is the defendant. For the remainder of my instructions to you, I will refer to the plaintiff as "Harris" and the defendant as "Target."

---

Authority: Pattern Jury Instructions No. 1 (U.S. Eleventh Circuit District Judges Association) (2000 Edition) (modified)

GIVEN _____

MODIFIED _____

DENIED _____

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 3**

## CONSIDERATION OF THE EVIDENCE
## DUTY TO FOLLOW INSTRUCTIONS

In deciding the case you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice.

When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for any of the acts and statements of its employees which are made within the scope of their duties as employees of the company.

In your deliberations you should consider only the evidence -- that is, the testimony of the witnesses and the exhibits I have admitted in the record -- but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, an ultimate conclusion.

Remember that anything the lawyers say is not evidence in the case. It is your own recollection and interpretation of the evidence that controls.

---

Authority: Pattern Jury Instructions No. 2.2 (U.S. Eleventh Circuit District Judges Association) (2000 Edition)

GIVEN   _____

MODIFIED   _____

DENIED   _____

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 4

### CREDIBILITY OF WITNESSES

Now, in saying that you must consider all of the evidence, I do not mean that you must accept all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling. You may decide that the testimony of a smaller number of witnesses concerning any fact in dispute is more believable than the testimony of a larger number of witnesses to the contrary.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the person impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness's testimony differ from other testimony or other evidence?

_____

Authority: Pattern Jury Instructions No. 3 (U.S. Eleventh Circuit District Judges Association) (2000 Edition)

GIVEN    _____

MODIFIED    _____

DENIED    _____

-7-

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 5

### IMPEACHMENT OF WITNESSES

#### (Inconsistent Statement)

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony he or she gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

_____

Authority: Pattern Jury Instructions No. 4.1 (U.S. Eleventh Circuit District Judges Association) (2000 Edition)

GIVEN    _____

MODIFIED    _____

DENIED    _____

-8-

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 6

### BURDEN OF PROOF

In this case, it is the responsibility of Harris to prove every essential part of his claim by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence which is enough to persuade you that Harris' claim is more likely true than not true.

In deciding whether any fact has been proved by a preponderance of the evidence you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of Harris' claim by a preponderance of the evidence, you should find for Target as to that claim.

Authority: Pattern Jury Instructions No. 6.1 (U.S. Eleventh Circuit District Judges Association) (2000 Edition)

GIVEN _____
MODIFIED _____
DENIED _____

-9-

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 7

### AGENCY

Target is a corporation. A corporation may act only through natural persons as its agents or employees and, in general, any agent or employee of a corporation may bind the corporation by his or her actions done and statements made while acting within the scope of his or her authority as delegated to him or her by the corporation or within the scope of his or her duties as an employee of the corporation. An employee acting outside his or her delegated authority or outside the scope of his or her duties of employment may not bind the corporation. Thus, an employer is not automatically liable for the acts of its supervisors. However, even though an act is forbidden by a corporation, the act may still be within the scope of employment so as to impose liability on the corporation. In deciding whether the act complained of was within the scope of employment you should consider such factors as where the acts took place, the foreseeability of the act and whether the corporation ratified the activity.

Authority: Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions, Vol. 3, § 104.08 (1997) (modified); Meritor Savings Bank, F.S.B. v. Vinson, 477 U.S. 57, 72 (1986); Rainey v. Vinson Guard Service, Inc., 120 F.3d 1192 (11th Cir. 1997).

GIVEN    _____

MODIFIED    _____

DENIED    _____

-10-

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 8

### TITLE VII AND SECTION 1981 - - RACE DISCRIMINATION IN EMPLOYMENT

In this case Harris makes a race discrimination claim under the Federal Civil Rights statutes that prohibit employers from discriminating against employees in the terms and conditions of their employment because of race.

More specifically, Harris claims that he was discharged by Target because of his race.

Target denies that Harris was discriminated against in any way and asserts that Harris was discharged for gross negligence, violating company policy, and becoming a security risk.

In order to prevail on this claim, Harris must prove each of the following facts by a preponderance of the evidence:

First:      That he was discharged from employment by Target; and

Second:    That his race was a substantial or motivating factor that prompted Target to take that action.

You should be mindful that the law applicable to this case requires only that an employer not discriminate against an employee because of the employee's race. So far as you are concerned in this case, an employer may take an employment action for any other reason, good or bad, fair or unfair, and you must not second guess that decision or permit any sympathy for the employee to lead you to substitute your own judgment for that of Target even though you personally may not favor the action taken and would have acted differently under the circumstances. Neither does the law require an employer to extend any special or favorable treatment to employees because of their race.

-11-

On the other hand, it is not necessary for Harris to prove that Harris' race was the sole or exclusive reason for Target's decision. It is sufficient if Harris proves that race was a determinative consideration that made a difference in Target's decision.

If you find in Harris' favor with respect to each of the facts that Harris must prove, you must then decide whether Target has shown by a preponderance of the evidence that Harris was terminated for other reasons even in the absence of consideration of Harris' race. If you find that Harris was terminated for reasons apart from Harris' race, then your verdict should be for Target.

_____

Authority: Pattern Jury Instructions 1.2.1, 1.3.1 (U.S. Eleventh Circuit District Judges Association) (2000 Edition);

GIVEN    _____

MODIFIED    _____

DENIED    _____

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 9

### BUSINESS JUDGMENT RULE

In evaluating the evidence, it is important that you remember that the applicable laws only require Target not discriminate against Harris because of his race. Under the law, an employer may exercise its business judgment, even if the decision it makes is one with which you disagree. For instance, an employer may rely on any considerations it deems appropriate in making the decision so long as the considerations and decisions are not motivated by an intent to discriminate. The law does not require that Target rely upon considerations that you would have used or make the decision that you would have made. The decision may be for a good reason, a bad reason, an erroneous reason, or no reason at all, and you are not to judge the ultimate wisdom or correctness of a decision, so long as it is not discriminatory.

Under the law, an employer may consider subjective factors in employment decisions. Moreover, an employer is not required to give special or favored treatment to those who have made complaints about discrimination.

Authority: Walker v. AT&T Technologies, 995 F.2d 846, 849-50 (8th Cir. 1993) (employer entitled to a business judgment instructions); Elrod v. Sears, Roebuck and Co., 939 F.2d 1466, 1470 (11th Cir. 1991) (good faith decision, even if erroneous); Nix v. WLCY Radio/Rahall Communications, 738 F.2d 1181 (11th Cir. 1984), reh'g denied, en banc, 747 F.2d 710 (11th Cir. 1984) (decision may be for a good reason, bad reason, an erroneous reason, or not reason at all); Lieberman v. Gant, 630 F.2d 60, 67 (2d Cir. 1980) (no inference of discrimination can be drawn from honest even though partially subjective evaluation of qualifications); Loeb v. Textron, Inc., 600 F.2d 1003, 1012 n.6 (1st Cir. 1979).

GIVEN _____

MODIFIED _____

DENIED _____

-13-

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 10

### STRAY REMARKS

Stray remarks do not demonstrate discrimination. In order for a discriminatory comment to be probative of an employer's intent to discriminate, the comment must be direct and unambiguous, as well as relatively near in time to the adverse employment action. The comment must also be related to the employment decision in question.

Harris must show that Target relied on his race in taking any adverse decision. If you find that any discriminatory comments made against Harris involved stray remarks, remarks that were indirect or ambiguous, or remarks not relatively near in time to Target's decision not to terminate Harris, you must find for Target on Harris' discrimination claim.

_____

Authority: Rush v. McDonald's Co., 966 F.2d 1104, 1116 (7th Cir. 1992) (to suffice as evidence of discrimination, a comment must be "relatively contemporaneous to the [adverse employment action] and must 'be related to the employment decision in question.'"); Cone v. Longmont United Hosp. Ass'n, 14 F.3d 526, 531 (10th Cir. 1994) (hospital CEO's statement that two women over 40 were fired because the hospital "needs some new young blood," and "long-term employees have a diminishing return" were not sufficient to create a jury issue in an ADEA case since they had no nexus to the employment decision); Price Waterhouse v. Hopkins, 490 U.S. 228, 251, 109 S.Ct. 1175, 1791 (1989) ("Remarks at work that are based in sex stereotypes do not inevitably prove that gender played a part in a particular employment decision. The plaintiff must show that the employer actually relied on her gender in making its decision."); Rivers-Frison v. Southeast Missouri Community Treatment Center, 133 F.3d 616, 619 (8th Cir. 1998) ("However, not every remark made at work supports an inference of illegal employment discrimination.");

GIVEN    _____

MODIFIED    _____

DENIED    _____

-14-

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 11

### REMARKS BY NON-DECISION MAKER

In order for a discriminatory comment to be probative of Target's intent to discriminate,

the comment **must** have been made by the decision maker who decided to take the

adverse action against Harris. If you find that any discriminatory comments made against

Harris were not made by the decision maker who decided to take the adverse employment

action, you must find for Target on Harris' discrimination claim.

Authority: Rush v. McDonald's Co., 966 F.2d 1104, 1116 (7th Cir. 1992) (to suffice as
evidence of discrimination, a comment must be "relatively contemporaneous to
the [adverse employment action] and must 'be related to the employment
decision in question.'"); Price Waterhouse v. Hopkins, 490 U.S. 228, 251, 109
S.Ct. 1175, 1791 (1989) ("Remarks at work that are based in sex stereotypes
do not inevitably prove that gender played a part in a particular employment
decision. The plaintiff must show that the employer actually relied on her gender
in making its decision.") Stopka v. Alliance of Am. Insurers, 141 F.3d 681, 688
(7th Cir. 1998) ("allegedly discriminatory statements are relevant ... only if they
are both made by a decisionmaker and related to the employment decision at
issue"); Rivers-Frison v. Southeast Missouri Community Treatment Center, 133
F.3d 616, 619 (8th Cir. 1998) ("However, not every remark made at work
supports an inference of illegal employment discrimination."); Wallace v. SMC
Pneumatics, Inc., 103 F.3d 1394, 1400 (7th Cir. 1997) (holding that the fact that
non-decisionmaker may have uttered a hostile stereotype is not evidence that
the stereotype played a role in the challenged employment decision).

GIVEN    _____

MODIFIED    _____

DENIED    _____

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 12

### DUTY TO DELIBERATE

Of course, the fact that I have given you instructions concerning the issues of damages should not be interpreted in any way as an indication that I believe that Harris should, or should not, prevail in this case.

Any verdict you reach in the jury room must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case, do not hesitate to re-examine your own opinion and change your mind if you become convinced that you are wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges--judges of the facts. Your only interest is to seek the truth from the evidence in the case.

---

Authority: Pattern Jury Instructions No. 7.1 (U.S. Eleventh Circuit District Judges Association) (2000 Edition)

GIVEN          _____

MODIFIED       _____

DENIED         _____

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 13

### ELECTION OF FOREPERSON
### EXPLANATION OF VERDICT FORM

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in Court.

You will be given a special form of verdict, which consists of multiple questions to be answered YES or NO. I will read to you the form of verdict. The answer to each question must be the unanimous answer of the jury.

You will take the verdict form to the jury room and when you have reached unanimous agreement, you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.

_____

_Authority_: Pattern Jury Instructions No. 8 (U.S. Eleventh Circuit District Judges Association) (2000 Edition)

GIVEN          _____

MODIFIED       _____

DENIED         _____

-17-

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 14

### PREJUDICE AND SYMPATHY

Your verdicts must be based on the evidence that has been received and the law on

which I have instructed you. In reaching your verdicts, you are not to be swayed from the

performance of your duty by prejudice, sympathy or any other sentiment for or against any

party.

_____

Authority: Florida Standard Jury Instruction

GIVEN        _____

MODIFIED        _____

DENIED        _____

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 15

### JURY DEADLOCKED

Members of the jury, it is your duty to agree on a verdict, if you do so without violating conscientiously held convictions that are based on the evidence. No juror, from mere pride of opinion hastily formed or expressed, should refuse to agree. Yet, no juror, simply for the purpose of terminating the case, should acquiesce in a conclusion that is contrary to his own conscientiously held view of the evidence. You should listen to each other's views, talk over your differences of opinion in a spirit of fairness and candor and, if possible, resolve your differences and come to a common conclusion, so that a verdict may be reached and this case may be disposed of.

You may retire to the jury room for jury deliberations.

_____

Authority: Florida Standard Jury Instruction

GIVEN    _____

MODIFIED    _____

DENIED    _____

-19-

# INSTRUCTIONS FOR

# DAMAGES PORTION

# OF BIFURCATED TRIAL

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 16

### DAMAGES

### *ONLY FOR SECOND STAGE OF BIFURCATED CASE*

If you find for Harris and against Target on its defense, you must then decide the issue of Harris' damages:

In considering the issue of Harris' damages, you are instructed that you should assess the amount you find to be justified by a preponderance o the evidence as full, just and reasonable compensation for all of Harris' damages, no more and no less. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize Target. Also, compensatory damages must not be based on speculation or guesswork because it is only actual damages that are recoverable.

On the other hand, compensatory damages are not restricted to actual loss of time or money; they cover both the mental and physical aspects of injury — tangible and intangible. Thus, no evidence of the value of such intangible things as emotional and mental anguish has been or need be introduced. In that respect it is not value you are trying to determine, but an amount that will fairly compensate Harris for those claims of damage. There is no exact standard to be applied; any such award should be fair and just in the light of the evidence.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence, and no others:

(A) Net lost wages and benefits to the date of the trial;

(B) Emotional pain and mental anguish.

(C) Punitive Damages, if any )as explained in the Court's instructions).

-21-

You are instructed that any person who claims damages as a result of an alleged wrongful act on the part of another has a duty under the law to "mitigate" those damages — that is, to take advantage of any reasonable opportunity that may have existed under the circumstances to reduce or minimize the loss or damage.

So, if you should find from a preponderance of the evidence that Harris failed to seek out or take advantage of a business or employment opportunity that was reasonably available under all the circumstances shown by the evidence, then you should reduce the amount of Harris' damages by the amount that could have been reasonably realized if Harris had taken advantage of such opportunity.

Harris also claims that the acts of Target were done with malice or reckless indifference to Harris' federally protected rights so as to entitle Harris to an award of punitive damages in addition to compensatory damages.

In some cases punitive damages may be awarded for the purpose of punishing Target for its wrongful conduct and to deter others from engaging in similar wrongful conduct. However, an employer may not be held liable for punitive damages because of discriminatory acts on the part of its managerial employees where those acts by such employees are contrary to the employer's own good faith efforts to comply with the law by implementing policies and programs designed to prevent such unlawful discrimination in the workplace.

So, an award of punitive damages would be appropriate only if you find for Harris and then further find from a preponderance of the evidence (1) that a higher management official of Target personally acted with malice or reckless indifference to Harris' federally protected rights, and (2) that the employer itself had not acted in a good faith attempt to

-22-

comply with the law by adopting policies and procedures designed to prohibit such discrimination in the workplace.

If you find that punitive damages should be assessed against Target, you may consider the financial resources of Target in fixing the amount of such damages.

Authority: Pattern Jury Instructions - Civil Cases (11th Cir. 2000), 1.21, 1.31.

GIVEN    _____

MODIFIED    _____

DENIED    _____

### DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 17

### DUTY TO MITIGATE IN GENERAL

You are instructed that any person who claims damages as a result of an alleged wrongful act on the part of another has a duty under the law to "mitigate" those damages – that is, to take advantage of any reasonable opportunity that may have existed under the circumstances to reduce or minimize the loss or damages.

So, if you should find from a preponderance of the evidence that Harris failed to seek out or to take advantage of a business or employment opportunity that was reasonably available under all the circumstances shown by the evidence, then you should reduce the amount of Harris' damages by the amount that could have been reasonably realized if Harris had taken advantage of such opportunity.

_____

Authority: Pattern Jury Instructions Supp. No. 1.1 (U.S. Eleventh Circuit District Judges Association) (2000 Edition)

GIVEN     _____

MODIFIED_____

DENIED     _____

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 18

## ATTORNEYS' FEES AND COURT COSTS

If you find for Harris on his discrimination claim, you must not take into account any

consideration of attorneys' fees or court costs in deciding the amount of Harris' damages.

The matter of attorneys' fees and court costs will be decided later by the Court.

_____

Authority: Pattern Jury Instructions Supp. No. 6.1 (U.S. Eleventh Circuit District Judges
        Association) (2000 Edition)

GIVEN    _____

MODIFIED_____

DENIED   _____

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 19

### EXPERT WITNESSES

When knowledge of a technical subject matter might be helpful to the jury, a person having special training or experience in that technical field is permitted to state an opinion concerning those technical matters.

Merely because such a witness has expressed an opinion, however, does not mean that you must accept that opinion. The same as with any other witness, it is up to you to decide whether to rely upon it.

_____

Authority: Pattern Jury Instructions Supp. No. 5.1 (U.S. Eleventh Circuit District Judges Association) (2000 Edition)

GIVEN _____

MODIFIED_____

DENIED _____

MIADOCS 459098 1 RGL