UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6107-CIV-FERGUSON/SNOW

STEVE HARRIS,

    Plaintiff,

v.

DAYTON HUDSON CORPORATION
d/b/a TARGET STORES,

    Defendant.
_____/

### DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S EXHIBIT LIST AND INCORPORATED MEMORANDUM OF LAW

Defendant, **TARGET CORPORATION** ("Target"), pursuant to S.D. Fla. L. R. 16.1 and Fed. R. Civ. P. 12(f) and 26(a)(3)(C), moves the Court to Enter an Order striking Plaintiff, **STEVE HARRIS'** ("Plaintiff") Exhibit List on the grounds that it is untimely since it was served, for the very first time, on the day before trial commences, and filed in contravention of this Court's April 9, 2000 Order Setting Trial Date and Discovery Schedule (the "April 9, 2000 Order").

### INTRODUCTION

*At 4:17 p.m., on the day before trial commences, Plaintiff served his Exhibit List on Target.* On the day before trial, Target, for the very first time, was informed of Plaintiff's Exhibit List. Pursuant to the Court's April 9, 2000 Order, ***Plaintiff's Exhibit List was due by January 29, 2001***. Although this case has been pending since January 21, 2000, Plaintiff has intentionally waited until the day before trial to inform Target of his Exhibit List.

The Court should strike Plaintiff's late-filed Exhibit List because it is untimely and filed in contravention of this Court's Order of April 9, 2000. A party should not learn of the opposing

party's exhibits on the day before trial. The Court should not condone Plaintiff's deliberate disregard

of the Federal Rules of Civil Procedure.

## MEMORANDUM OF LAW

**I.     THE COURT SHOULD PRECLUDE PLAINTIFF'S EXHIBIT LIST BECAUSE IT IS UNTIMELY AND FILED IN CONTRAVENTION OF THIS COURT'S SCHEDULING ORDER.**

Plaintiff's untimely filing of his Exhibit List violates the Court's Order of April 9, 2000 and S.D. Fla. L.R. 16.1 (B)(5), which requires the parties to comply with all court orders. The Court's Scheduling Order specifically directs that "*[n]on-compliance with any provision of this Order may subject the offending party to sanctions, or striking of defenses*." See Page 3, Court's April 9, 2000 Order (emphasis added). Furthermore, Local Rule 16.1(M) provides that "*[f]ailure to comply with the requirements of this rule will subject the party or counsel to appropriate penalties, including but not limited to dismissal of the cause, or the striking of defenses and entry of judgment.*" S.D. Fla. L. R. 16.1(M) (emphasis added). By untimely filing his Exhibit List, Plaintiff has forced Target to prepare this Motion on the evening before trial commences. Without a doubt, Target is unduly prejudiced by Plaintiff's eleventh hour introduction of his Exhibit List. Accordingly, Target requests that Plaintiff's Exhibit List be stricken.

## CONCLUSION

For the foregoing reasons, Target respectfully requests that the Court enter an Order striking Plaintiff's Exhibit List, preventing him from offering any documents into evidence at trial, and granting such other and further relief as this Court deems just and proper.

Respectfully submitted,

SHUTTS & BOWEN LLP
Attorneys for Defendant
201 South Biscayne Boulevard
1500 Miami Center
Miami, Florida 33131
(305) 358-6300
(305) 347-7386 (facsimile)

By: /s/ Vann Prieto for
Sheila M. Cesarano
Florida Bar Number 708364
Rene Gonzalez-LLorens
Florida Bar Number 0053790

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served via facsimile and U.S. Mail on this 9 day of October 2001, to

Richard J. Burton, Esq.
Richard J. Burton & Associates, P.A.
18305 Biscayne Boulevard, Suite 300
Miami, Florida 33160.
Tel: (305) 705-0888
Fax: (305) 935-9542
Attorney for Plaintiff

/s/ Vann Prieto for
OF COUNSEL

MIADOCS 461047.1 N1B