UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-6107-CIV-FERGUSON/SNOW

STEVE HARRIS,
    Plaintiff,
vs.

DAYTON HUDSON CORPORATION
d/b/a TARGET STORES,
    Defendant.
_____/

NIGHT BOX
FILED

OCT - 9 2001

CLARENCE MADDOX
CLERK, USDC/SDFL/FTL

## CONCLUSIONS OF LAW
### Preliminary Statement and Overview

On March 5, 1999, Plaintiff was terminated by Target for alleged abuse of authority in the cash handling while he was a Store Team Leader. Plaintiff instead contents that the reasons behind his termination was actually race related and thus in violation of Title VII of the Civil Rights Act, and 42 U.S.C. 1981.

### Statement of Facts

Plaintiff, Steve Harris, the only black male manager for Target Stores in District 310 encompassing Broward and Palm Beach counties was terminated on March 5, 1999 from Target Stores due to



racial discrimination. Plaintiff asserts that a pattern of discriminatory comments began shortly after plaintiff married a white woman, who was also employed with Target Stores. These discriminatory comments increased with greater frequency over time until plaintiff's termination from Target Stores due to alleged irregularities.

## Memorandum of Law

The basis of this claim is that racial discrimination led to plaintiff's termination rather than acts related to job performance. Clearly, plaintiff's job performance excelled and he was promoted until shortly before his termination.

This pattern of discrimination leading to plaintiff's termination has irreparably harmed plaintiff, he has been able to seek equal employment due to further discrimination and has essentially been labeled a thief by upper management.

These racist statements were made by high management officials and began shortly after plaintiff married a white woman. These were not made by co-workers as Defendant contends. In addition, the reasons offered for his termination were poor at best, and would leave any fact finder with a question as to legitimacy.

2

Statements made by co-workers in order to "build a case" for plaintiff's termination only further created an air of impropriety. Plaintiff's personal credit was attacked, Target policies and lines of management were abandoned, which only illustrated the witch –hunt for reasons in order to hide the actual dislike of African American by South Florida management.   To date a white manager occupies the same position and there are no such men climbing the ranks to manager. .

Case law requires the following elements to establish a prima facie case under both Title VII and 42 U.S.C. §1981: (1) he belongs to a protected class, (Plaintiff is a black male and as such he belongs to a protected class); (2) he was subjected to an adverse job action, (Plaintiff was the subject of a discriminatory investigation which was a pretext in order to fire plaintiff); (3) his employer treated similar situated employees outside his classification more favorably, and (4) he was qualified for the job (Plaintiff was hired and promoted by Defendant that is evidence of his qualifications). <u>Maniccia v. Brown,</u> 171 F.3d 1364, 1368 (11th Cir. 1999).

The basis of plaintiff's claim is that racial discrimination led to plaintiff's termination rather than acts related to job performance. The

framework provided in Vincent v. Wells Fargo Guard Services, Inc., 3 F. Supp. 2d 1405, 1413 (S.D. Fla. 1998) and Turnes v. AmSouth Bank, N.A., 36 F.3d 1057 (11th Cir. 1994), which establishes a prima facie case of discrimination under both Title VII and 42 U.S.C. §1981, while adopting the McDonnell framework. A non-discriminatory reason for Plaintiff's discharge is irrelevant because their reasoning was a pretext to cover up the discrimination.

The standard which applies is best enumerated in the *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 120 S. Ct. 2097, 147 L.Ed. 2d 105 (2000) decision . "At the close of the defendant's case, the court is asked to decide whether an issue of fact remains for the trier of fact to determine, None does if, on the evidence presented, (1) any rational person would have to find the existence of fact constituting a prima facie case, and (2) the defendant has failed to meet its burden of production..." The 5th Circuit had held that the Plaintiff had the ultimate burden of proving that the reasons were pre-textual and that Plaintiff must overcome the proffered reasons to be entitled to judgment. However, the Supreme Court stated that the true standard is  whether the employee has

"cast doubt" on the reasonable explantion proffered by management allowing the jury to be the ultimate arbitor on racial discrimination. See also *Alexander v Fulton County, Georgia*, 207 F 3rd 1303 (11th Cir., GA, 2000).

### Conclusion:

Plaintiff has sufficiently met his burden, proving he was a member of a protect class, that a pattern of discrimination did in fact exist. Further, reasons proffered by management were poor at best and only illustrate the pretext of the termination. In addition, plaintiff has been subjected to further discrimination and slander when Target management officials intentionally gave any future employers bad information or hints as to the reasons for his termination preventing any continued employment in his area of expertise. Therefore, plaintiff should be entitled to judgment.

RICHARD J. BURTON &
ASSOCIATES, P.A.
 18305 Biscayne Blvd., Suite 300
 Miami, FL 33106
 (305)705-0888  Fax (305)935-9542

By:_____
   C. Annelies Mouring
   FL Bar # 0386669