UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

STEVE HARRIS,
    Plaintiff,

vs.

TARGET CORPORATION f/k/a
DAYTON HUDSON CORPORATION
d/b/a TARGET STORES

_____/

Case No. 00-6107-CIV-FERGURSIB
MAGISTATE JUDGE SNOW

**NIGHT BOX FILED**

OCT - 9 2001

CLARENCE MADDOX
CLERK, USDC/SDFL/FTL

### Request for Jury Instructions

**COMES NOW,** the Plaintiff, Steve Harris, hereinafter named "Plaintiff", and sets forth his request that the jury be charged as set forth in the following instructions.

        RICHARD J. BURTON & ASSOCIATES, P.A.
        Attorney for PLAINTIFF
        Florida Bar No. 179337
        18305 Biscayne Blvd., Suite 300
        Miami, FL 33106
        (305)705-0888  Fax (305)935-9542

By: _____
      C. Annelies Mouring, Of counsel
      FBN 0386669

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by Facsimile this 8th day of October, 2001 to Sheila M. Cesarano, Esq. And Rene' Gonzales-Llornez Shutts & Bowen LLP., 1500 Miami Center, 201 South Biscayne Blvd., Miami, FL 33131.

## **VERDICT FORM: Evidence Stage**

On the evidence claim of plaintiff, Steve Harris as submitted, answer the following:

Do you find from a preponderance of the evidence that :

1. That the Plaintiff, Steve Harris, was discharged from employment by the Defendant, Target Corporation?
Answer yes or no_____

2. That the Mr. Harris' race was a substantial or motivating factor that prompted Target to take that action?
Answer yes or no_____

3. That a higher management official of Target acted with malice and indifference to the Mr. Harris' federally protected rights?
Answer yes or no_____


PLEASE SIGN AND DATE THE VERDICT FORM. RETURN THE VERDICT FORM TO THE COURT .

SO SAY WE ALL.

_____
Foreperson

Dated:_____/_____/_____

## VERDICT FORM: Damages Stage

On the damages claim of plaintiff, Steve Harris as submitted, answer the following:

Do you find from a preponderance of the evidence that :

4. Mr. Harris' race should be awarded damages to compensate for a net loss of wages and benefits to the date of trial?

Answer yes or no_____

2   Mr. Harris should be awarded damages to compensate for emotional pain and mental anguish?

Answer yes or no_____

If your answer is yes, in what amount? _____

3. Target did not act in good faith attempt to comply with the law and its own procedures in prohibiting such discrimination in the workplace based on the actions of the higher management official?
4.
 Answer yes or no_____

If your answer is yes, what amount of punitive damages be assessed in what amount against Target? _____


PLEASE SIGN AND DATE THE VERDICT FORM. RETURN THE VERDICT FORM TO THE COURT .


SO SAY WE ALL.

_____
Foreperson

Dated:_____/_____/_____

# Plaintiff's Proposed Jury Instruction #1[1]

Ladies and Gentlemen:

You have now been sworn as the Jury to try this case. By your verdict you will decide the disputed issues of fact.

I will decide all questions of law and procedure that arise during the trial; and, before you retire to the jury room at the end of the trial to deliberate upon your verdict and decide the case, I will instruct you on--that is, I will explain to you--the rules of law that you must follow and apply in making your decision.

The evidence presented to you during the trial will primarily consist of the testimony of the witnesses, and tangible items including papers or documents called "exhibits."
You should pay close attention to the testimony because it will be necessary for you to rely upon your memories concerning what was the testimony. Although, as you can see, the Court Reporter is making stenographic notes recording everything that is said, typewritten transcripts will not be prepared in time for your use during your deliberations and you should not expect to receive them.

On the other hand, any exhibits admitted in evidence during the trial ~ be available to you for detailed study, if you wish I during your deliberations. So, if an exhibit is received in evidence but is not fully read or shown to you at the time, don't be concerned because you will get to see and study it later during your deliberations.

If you would like to take notes during the trial you may do so. On the other hand, of course, you are not required to take notes if you do not want to. That will be left up to you, individually. If you do decide to take notes, do not try to write everything down because you will get so involved in note taking that you might become distracted from the ongoing proceedings. Just make notes of names, or dates and places -things that might be difficult to remember. Also, your notes should be used only as aids to your memory, and, if your memory should later differ from your notes, you should rely upon your memory and not your notes.

If you do not take notes, you should rely upon your own independent recollection or memory of what the testimony was and you should not be unduly influenced by the notes of other Jurors. Notes are not entitled to any greater weight than the recollection or impression of each Juror concerning what the testimony was. During the trial you should keep an open mind and should avoid reaching any hasty impressions or conclusions. Reserve your judgment until you have heard all of the testimony and evidence, the closing arguments or summations of the lawyers, ~ my instructions or explanations to you concerning the applicable law.

Because of your obligation to keep an open mind during the trial, coupled with your obligation to then decide the case only on the basis of the testimony and evidence

---

[1] Authority: Pattern Jury Instructions Preliminary Instructions before Trial (U.S. Eleventh Circuit District Judges Association)(2000)

presented, you must not discuss the case during the trial in any manner among yourselves or with anyone else, nor should you permit anyone to discuss it in your presence; and you should avoid reading any newspaper articles that might be published about the case. You should also avoid seeing or hearing any television or radio comments about the trial. From time to time during the trial I may be called upon to make rulings of law on objections or motions made by the lawyers. You should not infer or conclude from any ruling or other comment I may make that I have any opinions on the merits of the case favoring one side or the other. And if I should sustain an objection to a question that goes unanswered by a witness, you should not guess or speculate what the answer might have been nor should you draw any inferences or conclusions from the question itself.

During the trial it may be necessary for me to confer with the lawyers from time to time out of your hearing with regard to questions of law or procedure that require consideration by the court or judge alone. On some occasions you may be excused from the courtroom for the same reason. I will try to limit these interruptions as much as possible, but you should remember the importance of the matter you are here to determine and should be patient even though the case may seem to go slowly.

The order of the trial's proceedings will be as follows: In just a moment the lawyers for each of the parties will be permitted to address you in turn and make what we call their "opening statements." The Plaintiff will then go forward with the calling of witnesses and presentation of evidence during what we call the Plaintiff's "case in chief." When the Plaintiff finishes (by announcing "rest"), the Defendant will proceed with witnesses and evidence, after which, within certain limitations, the Plaintiff may be permitted to again call witnesses or present evidence during what we call the "rebuttal" phase of the trial. The Plaintiff proceeds first, and may rebut at the end, because the law places the burden of proof or burden of persuasion upon the Plaintiff (as I will further explain to you as apart of my final instructions).

When the evidence portion of the trial is completed, the lawyers will then be given another opportunity to address you and make their summations or final arguments in the case, after which I will instruct you on the applicable law and you will then retire to deliberate upon your verdict.

Now, we will begin by affording the lawyers for each side an opportunity to make their opening statements in which they may explain the issues in the case and summarize the facts they expect the evidence will show. The statements that the lawyers make now (as well as the arguments they present at the end of the trial) are not to be considered by you either as evidence in the case or as your instruction on the law. Nevertheless, these statements and arguments are intended to help you understand the issues and the evidence as it comes in, as well as the positions taken by both sides. So I ask that you now give the lawyers your close attention as I recognize them for purposes of opening statements.

## Plainitff's Proposed Jury instructions #2:
### Generally[2]

Plaintiff. Steve Harris, has made a claim under the Federal Civil Rights statute that prohibits employers from discriminating against employees in the terms and conditions of the their employment because of the employee's race.

Specifically, Mr. Harris claims that he was discharged from employment by defendant, Target Corporation, because of Mr. Harris' race. Target denies that it discriminated against Mr. Harris.

In order for plaintiff, Mr. Harris, to establish plaintiff's claim against Target, he has the burden of proving by a preponderance of the evidence that Target had a discriminatory purpose or motive in that Target's action were, more likely than not, motivated my the Mr. Harris' race.

In order for Mr. Harris to recover on Mr. Harris' claim against the defendant, he must prove that Target intentionally discriminated against him. That is, Mr. Harris' race must be proved to have a motivating factor in defendant's decision to terminate him.

Direct evidence would include statements showing a discriminatory motivation for the defendant's treatment of Mr. Harris. Indirect or circumstantial evidence would include proof of a set of circumstances sufficient to create a reasonable inference that race was a motivating factor in the treatment of Mr. Harris.

Your verdict must be for Mr. Harris if all the following have been proved by a preponderance of the evidence:
First: Target terminated plaintiff; and
Second: Plaintiff's race was a motivating factor in the defendant's decision.

"Motivating factor" means that the evidence must show that, but for Mr. Harris' race, he would not have been terminated. The phrase "motivating factor" is not required to prove that Mr. Harris' race was the sole motivation or even the primary motivation for the defendant's decision. Mr. Harris need only prove that race proved a significant part in the defendant's decision even though other factors may have also motivated the defendant.

---

[2] Authority: Instructions for Federal Civil Cases, Racial Discrimination in Employment § 170.20 (2000). Modified to include parties names.

## Plainitff's Proposed Jury instructions #3:
### Intent[3]

Plaintiff has the burden to persuade you by a preponderance of the evidence that the defendant took action against Mr. Harris because of his race. If you do not believe defendant's explanations, you may, but are not required to infer that Mr. Harris satisfied his burden of proof that Target intentionally discriminated against him because of his race.

In order to establish Mr. Harris' case, he must prove by a preponderance of the evidence that the defendant's action were motivated by a "racially discriminatory purpose". In other words, plaintiff must prove that Target intentionally and purposefully discriminated against Mr. Harris because of race.

In determining whether the Defendant intentionally discriminated on the basis of race, you may consider all the evidence presented in this case. Mr. Harris may prove that Target was actually motivated by a racially discriminatory purpose. It is not enough for plaintiff to show that defendant had a negative effect on members of plaintiff's race.

Direct evidence is evidence of remarks or actions that, if believed, directly prove that the plaintiffs' membership in a protected class was a factor in the defendant's decision to discharge the plaintiffs.

Indirect Evidence is evidence that would show a case of disparate treatment. To prevail, the plaintiff must first prove what is called a prima facie case of disparate treatment under Section 1981. To establish a prima facie case, Mr. Harris must show that his employer intentionally discriminated against him. To prove discriminatory intent, the plaintiffs must prove the following elements by a preponderance of the evidence:

(1) that he was a member of a protected group,

(2) that he was satisfactorily performing his job,

(3) that he was discharged, and

(4) that the employer sought a replacement with similar qualifications for the job.

---

[3] Authority: Instructions for Federal Civil Cases, Racial Discrimination in Employment § 170.20 (2000). Modified to include parties names.

## **Plainitff's Proposed Jury instructions #4:**
## **Pretext**[4]

Plaintiff. Mr. Harris, has introduced evidence that defendant articulated reason for defendant's action is a pretext for discrimination.  When you consider plaintiff's evidence of the pretext, remember the relevant question is whether defendant's reason was not the real reason for defendant's action.

You are not to consider whether defendant's reason showed poor or erroneous judgment, You are not to consider defendant's wisdom.  However, you may consider whether defendant's reason is merely a cover-up for discrimination.

---

[4] Authority: <u>Instructions for Federal Civil Cases</u>, Racial Discrimination in Employment § 170.20 (2000). Modified to include parties names.

## Plainitff's Proposed Jury instructions #5
## Compensatory Damages[5]

We are not at the second portion of the trial because you have found in favor of plaintiff. Now you must award Mr. Harris monies to compensate him for his loss. Each sum as you find by the greater weight of the evidence will fairly and justly compensate him for damages sustained as a direct result of defendant's conduct.

Damages include wages or fringe benefits you find Mr. Harris would have earned in his employment had he not been discharged by Target minus the amount of earnings and benefits from other employment received by plaintiff during that time.

When considering the amount of monetary damages Mr. Harris may be entitled, you should consider the nature, character, and seriousness of any inconvenience, mental anguish, loss of enjoyment of life he experienced. You must also consider its extent or duration, as any award you make must cover the damages endured by plaintiff since his termination from Target to the present time, and even into the future if you find as fact that the plaintiff's emotional stress and its consequences have continued in the future.

Remember, you must not engage in any speculation, guess or conjecture and you must not award any damages by was of punishment or through sympathy.

---

[5] 4 Authority: <u>Instructions for Federal Civil Cases</u>, Racial Discrimination in Employment § 170.61 (2000). Modified to include parties names and bifurcated trial.

## Plainitff's Proposed Jury instructions #5
### Back pay[6]

In determining that Target discriminated against Mr. Harris in terminating him, now you must determine the amount of damages that reasonably compensates Mr. Harris for any lost wages and benefits, taking into consideration, any increases in salary and benefits, including pension, that he would have received had he not been discriminated against.

---

[6] 4 Authority: Instructions for Federal Civil Cases, Racial Discrimination in Employment § 170.61 (2000). Modified to include parties names and bifurcated trial.

# Plainitff's Proposed Jury instructions #5
# Punitve Damages[7]

You have stated that you believe that Target's acts were done with malice or reckless indifference to Steve Harris' federally protected rights. Now you must determine if he is entitled to an award of punitive damages in addition to compensatory damages.

In some cases punitive damages may be awarded for the purpose of punishing a defendant for it wrongful conduct and to deter others from engaging in similar wrongful conduct. However, an employer may not be held liable for punitive damages because of discriminatory acts on the part of its managerial employees where those acts by such employees are contrary to the employee's own good faith efforts to comply with the law by implementing policies and programs designed to prevent such unlawful discrimination in the workplace.

An Award of punitive damages would be appropriate in the this case if:
 First: a higher management official of Target personally acted with malice or reckless indifference to Mr. Harris' federally protected rights.
 Second: That Target itself had not acted in a good faith attempt to comply with the law by adopting policies and procedures designed to prohibit such discrimination in the workplace.

If you find that punitive damages should be assessed against Target, you may consider the financial resources of the Target in fixing the amount of such damages.

Punitive damages must bear a reasonable relationship to the plaintiff's actual injury. However, there is no simple way to link punitive damages to compensatory damages. In determining a reasonable relationship to the actual injury, you must consider all relevant factors.
1. The impact or severity of defendant's conduct.
2. The amount of time Target conducted itself in this manner.
3. The amount of compensatory damages
4. The potential profits Target may have made from their conduct
5. The attitudes and actions of Target's top management after the misconduct was discovered
6. The effect of the damages award on Target's financial condition.

---

[7] 4 Authority: <u>Instructions for Federal Civil Cases</u>, Racial Discrimination in Employment § 170.61 (2000). Modified to include parties names and bifurcated trial.