# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE NO.  00-6107-CIV-FERGUSON/SNOW

STEVE HARRIS,

      Plaintiff,

v.

DAYTON HUDSON CORPORATION
d/b/a TARGET STORES,

      Defendant.

_____/



## DEFENDANT'S BRIEF ON THE ADMISSIBILITY OF
## TARGET'S INTERNAL INVESTIGATION RECORDS OF PLAINTIFF

Defendant, **TARGET CORPORATION** ("Target"), submits its brief on the admissibility of Target's internal investigation records of Plaintiff, **STEVE HARRIS** ("Plaintiff"), at trial.

## ISSUE

Are Target's investigation records of Plaintiff admissible at trial?

## ANALYSIS

Target's internal investigation records of Plaintiff are admissible at trial to explain Target's conduct in making employment decisions.  The Eleventh Circuit has held that internal documents relied upon by the employer in making an employment decision are relevant and admissible in an employment discrimination case because they explain the employer's conduct.  Moore v. Sears, Roebuck & Co., 683 F.2d 1321, 1322 (11th Cir. 1982).  Under nearly identical facts, the Eleventh Circuit held that memoranda prepared by plaintiff's supervisors were admissible in an age discrimination case to establish that the employer was motivated in good faith to discharge the plaintiff for legitimate, non-discriminatory reasons.  Id.



In <u>Moore</u>, the trial judge admitted documents relied upon by supervisors under the business records exception to the hearsay rule, Fed. R. Evid. 803(6). <u>Id.</u> The Eleventh Circuit held that the trial judge properly admitted the documents, not because the documents satisfied the business records exception, but because the documents did not constitute hearsay. <u>Id.</u> The Eleventh Circuit stated:

> We hold that the trial judge properly admitted the evidence in question because it did not constitute hearsay; we need not decide whether the documents were admissible business records under Fed.R.Evid. 803(6). 'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. ***The documents here were not tendered to prove the particulars of their contents, but to help establish that [the employer] was motivated, in good faith, to discharge [plaintiff] for reasons other than age.***

<u>Id.</u> (citations omitted and emphasis added.)

Similarly, in <u>Crimm v. Missouri Pacific R. Comp.</u>, 750 F.2d 703 (8th Cir. 1984), the Eighth Circuit held that handwritten notes and an investigative report (based on conversations and observations) prepared by the employer's managing agent concerning a charge of sexual harassment were admissible since these documents (1) demonstrated that the employer had conducted an investigation and (2) revealed the information that the employer relied on in terminating the employee. The <u>Crimm</u> Court stated:

> Appellant argues that the district court erred in admitting into evidence, as business records, handwritten notes and an investigative report prepared by [employer's managing agent], based on his observations and conversations with appellant, [co-employee], [employer's] staff, and others because (1) the notes and report were not contemporaneously prepared, (2) the investigation report was prepared for use in litigation or an adversary proceeding, and (3) the statements contained therein were clearly hearsay.
>
> Appellant's argument is without merit. ***The record does not support appellant's assertion that these documents are hearsay. [Employer] offered the documents to demonstrate that [employer] had conducted an investigation and to disclose the information that [employer] had relied on in making its decision. The records were not offered to prove the truthfulness of the statements contained therein.***

-2-

> ***Even if we accept appellant's argument that the records are hearsay, they are admissible under the business records exception.***

Id. at 709 (citations omitted and emphasis added.) See also Wolff v. Brown, 128 F.3d 682, 685 (8th Cir. 1997) (holding that internal employee reports were admissible to establish that the employee's performance problems motivated his discharge since "[i]n employment discrimination cases, internal documents relied upon by the employer in making an employment decision are not hearsay as that term is defined in Fed. R. Evid. 801(c)."); Hardie v. Cotter & Co., 849 F.2d 1097, 1101 (8th Cir. 1988) (holding that customer complaints were admissible because they demonstrated the employers' state of mind when they discharged the plaintiff).

In Jones v. Los Angeles Comm. College Dist., 702 F.2d 203 (9th Cir. 1983), the Ninth Circuit held that an employer's memoranda were admissible, since the documents were offered to show that the employer had a legitimate basis for believing that employee's conduct warranted termination. The Ninth Circuit stated:

> [Plaintiff] argues that this evidence is inadmissible hearsay which cannot serve to rebut the presumption of unlawful conduct. ***However, the [employer] did not offer the documents to prove the truth of the allegations but to show that it had a legitimate basis for believing [Plaintiff's] conduct warranted termination.*** The trial court properly considered them for this purpose.

Id. at 205 (emphasis added).

Pursuant to the Eleventh Circuit's holding in Moore, as well as Crimm, Wolff, Hardie, and Jones, documents relied upon by an employer in making an employment decision are relevant and admissible in an employment discrimination case because they explain the employer's conduct.

Moreover, Target's internal investigation records are admissible under the business records exception to the hearsay rule, Fed. R. Evid. 803(6), which permits submission of business records, in any form, if kept in the course of a regularly conducted business activity, as shown by the

-3-

testimony of the custodian or other qualified witness. Thus, the records satisfy the requirements of

Fed. R. Evid. 803(6), and, therefore, are admissible at trial.

## CONCLUSION

For the reasons set forth above, the Court should admit Target's internal investigation records

into evidence at trial. The internal investigation records do not constitute hearsay, and are admissible

to explain Target's conduct in making employment decisions.

Respectfully submitted,

SHUTTS & BOWEN LLP
Attorneys for Defendant
201 South Biscayne Boulevard
1500 Miami Center
Miami, Florida 33131
(305) 358-6300
(305) 347-7386 (facsimile)

By: _____
Sheila M. Cesarano
Florida Bar Number 708364
Rene Gonzalez-LLorens
Florida Bar Number 0053790

-4-

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was hand-delivered on this _10_ day of October 2001, to

      Richard J. Burton, Esq.
      Richard J. Burton & Associates, P.A.
      18305 Biscayne Boulevard, Suite 300
      Miami, Florida 33160.
      Tel: (305) 705-0888
      Fax: (305) 935-9542
      Attorney for Plaintiff

OF COUNSEL

MIADOCS 460343.1 N1B

-5-

683 F.2d 1321, Moore v. Sears, Roebuck and Co., (C.A.11 (Ga.) 1982)                              **Page 1**

*1321  683 F.2d 1321

29 Fair Empl.Prac.Cas. 931,
30 Empl. Prac. Dec. P 33,001,
11 Fed. R. Evid. Serv. 338

Calvin S. MOORE, Plaintiff-Appellant,
v.
SEARS, ROEBUCK AND COMPANY, Defendant-
Appellee.

No. 80-9022.
United States Court of Appeals,
Eleventh Circuit.
Aug. 23, 1982.

The United States District Court for the Northern
District of Georgia, Richard C. Freeman, J., entered
judgment in favor of employer in age discrimination
suit, and plaintiff appealed. The Court of Appeals,
James C. Hill, Circuit Judge, held that memoranda
prepared by plaintiff's supervisors, which were not
tendered to prove the particulars of their contents but
to help establish that employer was motivated in good
faith to discharge plaintiff for reasons other than age,
did not constitute hearsay.

Affirmed.

EVIDENCE k269(1)
157  ----
157VIII  Declarations
157VIII(A)  Nature, Form, and Incidents in
General
157k269    Statements Showing Intent,
Motive, or Nature of Act
157k269(1)    In general.
C.A.Ga., 1982.
Memoranda prepared by plaintiff's supervisors,
which were not tendered to prove the particulars of
their contents but to help establish that employer was
motivated in good faith to discharge plaintiff for
reasons other than age, did not constitute hearsay.
Fed.Rules Evid. Rule 801(c), 28 U.S.C.A.

*1322  Ellsworth T. Simpson, Washington, D.C.,
Mary Ann B. Oakley, Atlanta, Ga., for plaintiff-
appellant.

Sidney O. Smith, Jr., Alston, Miller & Gaines, John
R. Crenshaw, Anne S. Rampacek, Atlanta, Ga., for
defendant-appellee.

Appeal from the United States District Court for
the Northern District of Georgia.

Before TUTTLE, HILL and JOHNSON, Circuit
Judges.

JAMES C. HILL, Circuit Judge:

Calvin Moore brought this action against Sears,
Roebuck and Company alleging violation of the Age
Discrimination in Employment Act of 1967 ("ADEA"),
29 U.S.C. ss 621, 623. The jury verdict and judgment
were entered in favor of Sears.

During the trial, Sears introduced a series of
memoranda prepared by Moore's supervisors over a
period of months. The memos, most of which are
designated "for the file," contain observations
pertaining to Moore's performance, summaries of
reports on his performance made by other Sears
employees, and chronological accounts of events such
as personnel investigations and meetings. Several of
the persons whose reports are reflected in the memos
testified at trial. Moore's attorney, contending that the
documents constituted hearsay, challenged the
introduction of this evidence (FN1) by way of a
continuing objection originally made by a motion in
limine. (FN2)

The trial judge admitted the documents in question
under the business records exception to the hearsay
rule, (FN3) Fed.R.Evid. 803(6). On appeal, Moore
argues that the judge abused his discretion, thus
necessitating a new trial.

We hold that the trial judge properly admitted the
evidence in question because it did not constitute
hearsay; we need not decide whether the documents
were admissible business records under Fed.R.Evid.
803(6). " 'Hearsay' is a statement, other than one made
by the declarant while testifying at the trial or hearing,
offered in evidence to prove the truth of the matter
asserted." Fed.R.Evid. 801(c). The documents here
were not tendered to prove the particulars of their
contents, but to help establish that Sears was
motivated, in good  *1323. faith, to discharge Moore
for reasons other than age. (FN4)

The appellant argues that it was unnecessary for
Sears to introduce, in detail, the contents of the
memoranda as evidence of proper intent, that it would
have been sufficient for Sears to have established the
existence and nature of the memoranda. Sears could
have chosen to take that alternate course. Instead,
however, Sears sought to introduce more specific
evidence of Sears' assessment of Moore's performance
in order to strengthen the credibility of those who

Copyright (c) West Group 1998  No claim to original U.S. Govt. works

683 F.2d 1321, Moore v. Sears, Roebuck and Co., (C.A.11 (Ga.) 1982)    **Page 2**

testified that Moore had been terminated for bona fide reasons. (FN5)

Since the admission of the documents and the accompanying testimony was proper to show that Sears' stated reasons for termination were not a pretext, the trial court's decision is

AFFIRMED.

FN1. Moore contends that the employees would have been unable to testify had the documents not been introduced and asserts that the testimony should thus have been excluded along with the documents. We have difficulty with this argument since the only basis for a hearsay objection would be that the employees, who were the out- of- court declarants, were not giving their own testimony in court. Resolution of this issue is unnecessary to our result.

FN2. Sears asserts that the objection was not sufficient, but we do not reach that issue.

FN3. The trial judge did not issue, nor did Moore seek, instructions explaining to the jury how the evidence was relevant or instructions restricting its use.

FN4. It is well settled in employment discrimination cases such as this that for an employer to prevail the jury need not determine that the employer was correct in its assessment of the employee's performance; it need only determine that the defendant in good faith believed plaintiff's performance to be unsatisfactory and that the asserted reason for the discharge is therefore not a mere pretext for discrimination. Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981); Turner v. Texas Instruments, Inc., 555 F.2d 1251, 1256-57 & n.6 (5th Cir. 1977); Kephart v. Institute of Gas Technology, 630 F.2d 1217, 1219- 20 (7th Cir. 1980), cert. denied, 450 U.S. 959, 101 S.Ct. 1418, 67 L.Ed.2d 383 (1981); Loeb v. Textron, Inc., 600 F.2d 1003, 1012 n.6 (1st Cir. 1979).

FN5. This defense strategy is common, and we acknowledge that ADEA cases often degenerate into what may seem to be trials on the issue of competence. It is not improper for a defendant to introduce evidence reflecting the unsatisfactory performance of a former employee, though, for that evidence is relevant to the real issue-the defendant's motive for termination.

Copyright (c) West Group 1998  No claim to original U.S. Govt. works

128 F.3d 682, Wolff v. Brown, (C.A.8 (Mo.) 1997)                                                **Page 1**

**\*682**  128 F.3d 682

75 Fair Empl.Prac.Cas. (BNA) 460,
72 Empl. Prac. Dec. P 45,085,
47 Fed. R. Evid. Serv. 1440

Dennis Eugene WOLFF, Plaintiff--Appellant,
v.
Jesse BROWN, Secretary of the Veterans
Administration,
Defendant--Appellee.

No. 96-2500.
United States Court of Appeals,
Eighth Circuit.
Submitted May 21, 1997.
Decided Nov. 4, 1997.

Employee sued his former employer for violation of
Title VII and the Equal Pay Act. The United States
District Court for the Eastern District of Missouri,
Terry I Adelman, United States Magistrate Judge,
denied employee's motion for new trial and entered
judgment on jury verdict for employer. Employee
appealed. The Court of Appeals, Loken, Circuit Judge,
held that: (1) jury instruction that was merely
ambiguous as to burden of proving affirmative defense
was not plain error; (2) district court properly gave
business judgment instruction; (3) internal employee
reports were admissible under business records
exception to hearsay rule; and (4) fact that jury saw
negative employee appraisal reports that were not
offered in evidence did not entitle employee to new
trial.

Affirmed.

1.     CIVIL RIGHTS ⊂⟩158.1
       78     ----
       78I     Rights Protected and Discrimination
                    Prohibited
       78I(B)     Employment Practices
       78k158     Sex Discrimination
       78k158.1     In general.
C.A.8 (Mo.) 1997.
    If employee establishes that gender discrimination
was behind adverse employment decision, employer
has burden, under Title VII, of proving it would have
made same decision to discharge had it not
discriminated on account of gender. Civil Rights Act
of 1964, §§ 703(m), 706(g)(2)(B), as amended, 42
U.S.C.A. §§ 2000e-2(m), 2000e-5(g)(2)(B).

2.     FEDERAL COURTS ⊂⟩630.1
       170B     ----

170BVIII     Courts of Appeals
170BVIII(D)     Presentation and Reservation in
                    Lower Court of Grounds
                    of Review
170BVIII(D)2     Objections and Exceptions
170Bk630     Instructions
170Bk630.1     In general.
C.A.8 (Mo.) 1997.
    Jury instruction that was merely ambiguous as to
burden of proving affirmative defense to discrimination
claim was not plain error, absent timely objection by
employee or request that instruction be clarified to
place burden on employer.

3.     CIVIL RIGHTS ⊂⟩389
       78     ----
       78II     Federal Remedies
       78II(C)     Proceedings Under Equal
                    Employment
                    Opportunity and Age
                    Discrimination in
                    Employment Acts
       78II(C)3     Civil Actions
       78k389     Trial; appointment of counsel.
C.A.8 (Mo.) 1997.
    District court properly instructed jury hearing Title
VII case that it could not return verdict for employee
just because jury might disagree with employer's
decision or believe it to be harsh or unreasonable.
Civil Rights Act of 1964, § 701 et seq., as amended, 42
U.S.C.A. § 2000e et seq.

4.     CIVIL RIGHTS ⊂⟩389
       78     ----
       78II     Federal Remedies
       78II(C)     Proceedings Under Equal
                    Employment
                    Opportunity and Age
                    Discrimination in
                    Employment Acts
       78II(C)3     Civil Actions
       78k389     Trial; appointment of counsel.
C.A.8 (Mo.) 1997.
    In employment discrimination case, business
judgment instruction is crucial to fair presentation of
case, and district court must offer it whenever it is
proffered by defendant.

5.     FEDERAL COURTS ⊂⟩823
       170B     ----
       170BVIII     Courts of Appeals
       170BVIII(K)     Scope, Standards, and Extent
       170BVIII(K)4     Discretion of Lower Court
       170Bk823     Reception of evidence.
C.A.8 (Mo.) 1997.

Copyright (c) West Group 2001 No claim to original U.S. Govt. works

128 F.3d 682, Wolff v. Brown, (C.A.8 (Mo.) 1997)    **Page 2**

Court of Appeals reviews evidentiary rulings for clear abuse of discretion.

6.    EVIDENCE ☞351
       157   ----
       157X    Documentary Evidence
       157X(C)    Private Writings and Publications
       157k351    Unofficial or business records in
                          general.
C.A.8 (Mo.) 1997.
    Internal memoranda that coworkers were required to prepare on employer's letterhead or employer's standard forms that detailed nurse's misconduct or failure to get along with staff and patients were admissible, in Title VII case, under business records exception to hearsay rule. Civil Rights Act of 1964, § 701 et seq., as amended, 42 U.S.C.A. § 2000e et seq.; Fed.Rules Evid.Rule 803(6), 28 U.S.C.A.

7.    EVIDENCE ☞351
       157   ----
       157X    Documentary Evidence
       157X(C)    Private Writings and Publications
       157k351    Unofficial or business records in
                          general.
C.A.8 (Mo.) 1997.
    In employment discrimination cases, internal documents relied upon by employer in making employment decision are not offered to prove truth of matters asserted and, thus, are not hearsay; rather, such documents are relevant and admissible because they help explain employer's conduct. Fed.Rules Evid.Rule 801(c), 28 U.S.C.A.

8.    EVIDENCE ☞351
       157   ----
       157X    Documentary Evidence
       157X(C)    Private Writings and Publications
       157k351    Unofficial or business records in
                          general.
C.A.8 (Mo.) 1997.
    Internal memoranda recording employee's admissions to staff that he was child of alcoholic and was receiving private counseling for personal problems, were admissible in Title VII case, over objections that they were irrelevant and impermissible character evidence; documents supported employer's claim that employee's performance problems motivated his discharge. Civil Rights Act of 1964, § 701 et seq., as amended, 42 U.S.C.A. § 2000e et seq.

9.    FEDERAL CIVIL PROCEDURE ☞2333.1
       170A   ----
       170AXVI   New Trial
       170AXVI(B)   Grounds

       170Ak2333    Trial Errors
       170Ak2333.1    In general.
C.A.8 (Mo.) 1997.
    Fact that jury saw negative employee appraisal reports that were not offered in evidence did not entitle employee to new trial on employment discrimination claims; reports were genuine and admissible, counsel mistakenly submitted reports to jury, and employee was primarily to blame if document submitted was not document he intended to submit.

10.    FEDERAL COURTS ☞825.1
       170B   ----
       170BVIII   Courts of Appeals
       170BVIII(K)   Scope, Standards, and Extent
       170BVIII(K)4   Discretion of Lower Court
       170Bk825      New Trial or Rehearing
       170Bk825.1      In general.
C.A.8 (Mo.) 1997.
    Court of Appeals reviews district court's denial of motion for new trial for abuse of discretion.

11.    FEDERAL CIVIL PROCEDURE ☞2333.1
       170A   ----
       170AXVI   New Trial
       170AXVI(B)   Grounds
       170Ak2333    Trial Errors
       170Ak2333.1    In general.
C.A.8 (Mo.) 1997.
    Exposure of jurors to materials not admitted into evidence mandates new trial only upon showing that materials are prejudicial to unsuccessful party.

12.    FEDERAL COURTS ☞896.1
       170B   ----
       170BVIII   Courts of Appeals
       170BVIII(K)   Scope, Standards, and Extent
       170BVIII(K)6   Harmless Error
       170Bk896      Admission of Evidence
       170Bk896.1      In general.
C.A.8 (Mo.) 1997.
    Erroneous admission of post-    termination memorandum reflecting employee's conduct on day he was terminated and fact that security guards escorted employee from premises did not prejudice employee's right to fair trial on employment discrimination claims, given evidence that employee was loud, angry, and threatening to staff on other occasions.

    **\*683** Paul Berra, III (argued), St. Louis, MO, for Plaintiff-Appellant.

    Madeleine B. Cole (argued), St. Louis, MO (Eric T. Tolen, Edward L. Dowd, Jr., United States Attorney, on the brief), for Defendant-Appellee.

Copyright (c) West Group 2001 No claim to original U.S. Govt. works

128 F.3d 682, Wolff v. Brown, (C.A.8 (Mo.) 1997)                    **Page 3**

Before BEAM, FRIEDMAN, (FN*) and LOKEN, Circuit Judges.

LOKEN, Circuit Judge.

In July 1992, the Veteran's Administration hired Dennis Eugene Wolff, a white male, as a licensed practical nurse at the Jefferson Barracks Medical Center in St. Louis. Assigned to an evening shift in a psychiatric unit, Wolff could not get along with the other nurses, many if not most of whom were African-American. His conduct triggered many written complaints by co-workers and some patients. In late November, the head nurse evaluated Wolff's performance as unacceptable. In mid-December, the hospital transferred him to a day shift because of his "communication deficiencies." He was discharged in June 1993, prior to the end of his one-year term as a probationary employee. Wolff then commenced this action, asserting claims of race and sex discrimination and violations of the Equal Pay Act. The jury returned a verdict in favor of the VA, and the district court (FN1) denied Wolff's motion for a new trial. Wolff appeals, asserting instruction and evidentiary errors. We affirm.

*1. Instruction Issues.* Wolff argues that the district court committed plain error by giving a mixed motive instruction regarding his sex discrimination claim. This issue has its roots in § 107 of the Civil Rights Act of 1991, which partially overruled *Price Waterhouse v. Hopkins,* 490 U.S. 228, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989). In *Price Waterhouse,* the Supreme Court held that, when a disparate treatment plaintiff has proved that a forbidden factor such as gender was a motivating factor in the adverse employment action, "an employer *shall not be liable* if it **\*684** can prove that, even if it had not taken gender into account, it would have come to the same decision...." *Id.* at 242, 109 S.Ct. at 1786 (emphasis added). In the 1991 Act, Congress amended the statute so as to provide "that proof that an employer would have made the same employment decision in the absence of discriminatory reasons is relevant to determine not the liability for discriminatory employment practices, but only the appropriate *remedy.*" H.R.Rep. No. 102-40(I), at 48 (1991), *reprinted in* 1991 U.S.C.C.A.N. 549, 586. Congress accomplished this change by adding two new sections to Title VII:

> Except as otherwise provided in this subchapter, an unlawful employment practice is established when the complaining party demonstrates that race, color, religion, sex, or national origin was a motivating factor for any employment practice, even though other factors also motivated the practice.

42 U.S.C. § 2000e-2(m).

On a claim in which an individual proves a violation under section 2000e-2(m) of this title and a respondent demonstrates that the respondent would have taken the same action in the absence of the impermissible motivating factor, the court--

> (I) may grant declaratory relief, injunctive relief (except as provided in clause (ii)), and attorney's fees and costs demonstrated to be directly attributable only to the pursuit of a claim under section 2000e-2(m) of this title; and

> (ii) shall not award damages or issue an order requiring any admission, reinstatement, hiring, promotion, or payment, described in subparagraph (A).

42 U.S.C. § 2000e-5(g)(2)(B).

Two of the district court's instructions implemented these 1991 amendments. The court's first instruction explained Wolff's burden to prove unlawful discrimination under § 2000e-2(m):

> Your verdict must be for the Plaintiff ... on Plaintiff's sex discrimination claim if all the following elements have been proved by a preponderance of the evidence: first, Defendant discharged Plaintiff; and second, Plaintiff's sex was a motivating factor in Defendant's decision. If either of the above elements has not been proved by a preponderance of the evidence, your verdict must be for the Defendant and you need not proceed further in considering this claim.

That instruction is consistent with our recent decision that the district court "*must* tell the jury to resolve the ultimate issue of intentional discrimination [but] is not 'constrained to' instruct how discrimination can be proved." *Ryther v. KARE 11,* 108 F.3d 832, 849-50 (8th Cir.) (en banc) (Loken, J., dissenting but speaking for a majority of the court on this issue), *cert. denied,* --- U.S. ----, 117 S.Ct. 2510, 138 L.Ed.2d 1013 (1997).

[1] [2] In its very next instruction, the district court went on to give what Wolff now describes as a plainly erroneous mixed motive instruction:

> If you find in favor of Plaintiff on his sex discrimination claim, then you must answer the

Copyright (c) West Group 2001 No claim to original U.S. Govt. works

following question in the Verdict Form: "Has it been proved by the preponderance of the evidence that Defendant would have discharged Plaintiff regardless of his sex?"

Because Wolff only sought damages for wrongful discharge, this instruction is consistent with the mandate in § 20003-5(g)(2)(B)(ii) that an employer is not liable *for damages* if it would have taken the same action absent its impermissible motive. Wolff argues that the instruction was plain error because it failed to place on the VA the burden of proving it would have made the same decision to discharge had it not discriminated on account of gender. We agree that both *Price Waterhouse* and the new statute expressly place this burden on the employer. But the instruction in this case was merely ambiguous as to the burden of proving this affirmative defense. Absent a timely objection by Wolff, or a request that the instruction be clarified in this regard, it was not plain error to give the instruction as worded. *See Herndon v. Armontrout,* 986 F.2d 1237, 1240 (8th Cir.1993) (plain error occurs only when an instruction "produced a miscarriage of justice").

**\*685** [3] [4] Wolff next argues that the district court erred by giving a business judgment instruction-- "You may not return a verdict for Plaintiff just because you might disagree with defendant's decision or believe it to be harsh or unreasonable." "[I]n an employment discrimination case, a business judgment instruction is 'crucial to a fair presentation of the case,' [and] the district court must offer it whenever it is proffered by the defendant." *Stemmons v. Missouri Dep't of Corrections,* 82 F.3d 817, 819 (8th Cir.1996), quoting *Walker v. AT & T Technologies,* 995 F.2d 846, 849 (8th Cir.1993). Thus, the district court did not abuse its discretion by giving this instruction.

*2. Evidentiary Issues.* Wolff raises two issues regarding various internal VA documents that the jury considered. Both issues involve the same type of document--memoranda written by other VA employees and supervisors describing specific instances of Wolff's misconduct or his failure to get along with hospital staff and patients. However, the two evidentiary issues are very different.

[5] [6] *(a) A Business Records Question.* Wolff argues that the district court improperly admitted seven employee memoranda under the business records exception to the hearsay rule. *See* Fed.R.Evid. 803(6). The documents were prepared either on VA "Memorandum" letterhead, or on VA forms entitled "Report of Contact." Wolff contends that these

documents should have been excluded because they are not legitimate business records, contain prejudicial hearsay, and in some cases were authored by persons who did not testify at trial. We review these evidentiary rulings for clear abuse of discretion. *See Paul v. Farmland Indus., Inc.,* 37 F.3d 1274, 1277 (8th Cir.1994), *cert. denied,* 514 U.S. 1017, 115 S.Ct. 1360, 131 L.Ed.2d 217 (1995).

The district court denied Wolff's pretrial motion *in limine* to exclude all such documents. When the issue first arose at trial, the court ruled that, if the VA laid an adequate foundation that a particular employee memorandum was prepared in the regular course of business, the document would be admitted as a business record unless it contained "otherwise improper hearsay or prejudicial matters or untrustworthy matters." Thereafter, the VA presented testimony that its employees and supervisors were required to prepare Reports of Contact and similar memoranda regarding notable employee conduct. This testimony satisfied the district court that these documents are legitimate business records. In addition, the VA witnesses testified, and the court found it significant, that each of the documents in question was considered by VA decisionmakers in deciding to discharge Wolff.

[7] [8] In employment discrimination cases, internal documents relied upon by the employer in making an employment decision are not hearsay as that term is defined in Fed.R.Evid. 801(c)- - statements offered to prove the truth of the matters asserted. Rather, such documents are relevant and admissible because they help explain (or may help explain) the employer's conduct. *See Hardie v. Cotter & Co.,* 849 F.2d 1097, 1101 (8th Cir.1988); *Jones v. Los Angeles Comm. College Dist.,* 702 F.2d 203, 205 (9th Cir.1983); *Moore v. Sears, Roebuck & Co.,* 683 F.2d 1321, 1322 (11th Cir.1982). Thus, the district court did not abuse its discretion by admitting these employee memoranda as business records relevant to the VA's stated reasons for Wolff's discharge. *See Crimm v. Missouri Pac. R.R.,* 750 F.2d 703, 709 (8th Cir.1984). (FN2)

[9] *(b) Is a New Trial Warranted Because the Jury Saw Documents Not in Evidence?* Exhibit 2 at trial was Wolff's performance appraisal report, a composite document containing supervisor appraisals and ratings recorded between August 1992 **\*686.** and April 1993. (FN3) The original of Exhibit 2 was part of Wolff's permanent personnel file maintained by the VA's personnel department. That file also contained other documents, including employee and supervisor

Copyright (c) West Group 2001 No claim to original U.S. Govt. works

128 F.3d 682, Wolff v. Brown, (C.A.8 (Mo.) 1997)                                                    **Page 5**

memoranda reciting problems they had encountered working with Wolff. Witness Nancy Lauermann, a Personnel Management Specialist who appeared as the custodian of Wolff's personnel file, testified that supervisors often attach such memoranda to performance appraisal reports if an employee is rated "unsuccessful" or "less than fully successful."

[10] At the end of the trial, counsel for Wolff asked that the original of Exhibit 2 be furnished to the jury during its deliberations. The district court agreed but left it to the attorneys to assemble trial exhibits for the jury. After the jury returned its adverse verdict, Wolff moved for a new trial because Exhibit 2 as submitted to the jury included not only the seven pages in Wolff's Exhibit 2, but also additional pages from his personnel file that had not been offered or received into evidence, including seven employee memoranda critical of his job performance. Describing the mix- up as unfortunate, the district court nonetheless denied relief because these memoranda were cumulative and therefore did not unduly prejudice Wolff's case. We review the district court's denial of a motion for new trial for abuse of discretion. *See Schultz v. McDonnell Douglas Corp.,* 105 F.3d 1258, 1259 (8th Cir.1997). (FN4)

[11] [12] In civil cases in this circuit, "the exposure of jurors to materials not admitted into evidence mandates a new trial only upon a showing that the materials are prejudicial to the unsuccessful party." *Peterson by Peterson v. General Motors Corp.,* 904 F.2d 436, 440 (8th Cir.1990). Here, the employee memoranda in question were identified as part of Wolff's personnel file. Though the VA elected not to offer them, no doubt because it offered other memoranda describing Wolff's day- to- day problems with his fellow employees, the memoranda in question were genuine, and all but one were undoubtedly admissible. (FN5) Thus, they were not part of the trial record and should not have been submitted to the jury, but in a substantive sense they were not truly "extraneous material." *Compare Neville Construction Co. v. Cook Paint & Varnish Co.,* 671 F.2d 1107, 1112 (8th Cir.1982). In addition, there was no jury misconduct at issue, simply a mistake by counsel in assembling trial exhibits for review during deliberations. Nor was the jury exposed to altered business records, as it was in *Stephens v. South Atlantic Canners, Inc.,* 848 F.2d 484, 486- 87 (4th Cir.1988). Finally, because the district court left it to the parties to assemble the documents, because Wolff had insisted that the jury be given the original of Exhibit 2, and because the testimony created some doubt as to what comprised the complete performance

appraisal report, Wolff was primarily to blame if the document submitted to the jury was not the original Exhibit 2 that he intended to submit. In these circumstances, the district court did not abuse its discretion in denying Wolff's motion for a new trial on this ground.

The judgment of the district court is affirmed.

FN* The HONORABLE DANIEL M. FRIEDMAN, United States Circuit Judge for the Federal Circuit, sitting by designation.

FN1. The HONORABLE TERRY I. ADELMAN, United States Magistrate Judge for the Eastern District of Missouri, who tried the case with the consent of the parties under 28 U.S.C. § 636(c).

FN2. Wolff argues that three of the memoranda should have been excluded as irrelevant and impermissible character evidence because they recorded Wolff's admissions to staff that he is the child of an alcoholic and was receiving private counseling for personal problems. The district court admitted these documents because they reflect Wolff's explanations for his performance problems to his supervisors and therefore support the VA's claim that performance problems motivated his discharge. After reviewing these documents, we agree with the district court's analysis.

FN3. The record on appeal does not contain a copy of Exhibit 2 as offered by Wolff, so we are left to reconstruct its contents from the trial testimony.

FN4. Though the ultimate issue is reviewed for abuse of discretion, the district court's determination that Wolff was not unduly prejudiced is more in the nature of a finding of fact. Prior cases have applied a somewhat inconsistent standard of review to the question whether the jury's consideration of extraneous materials prejudiced a criminal defendant. *Compare United States v. Thomas,* 946 F.2d 73, 76 (8th Cir.1991) (clearly erroneous standard), *with United States v. Cheyenne,* 855 F.2d 566, 568 (8th Cir.1988) ("substantial weight" given to trial court's appraisal of prejudicial effects). However, our decision in this case is the same under either standard of review.

*686_ FN5. As the district court recognized, one post-termination memorandum concerning Wolff's conduct on the day he was terminated was not relevant to the decision to discharge and was somewhat prejudicial because it disclosed that hospital security had escorted him from the

Copyright (c) West Group 2001 No claim to original U.S. Govt. works

128 F.3d 682, Wolff v. Brown, (C.A.8 (Mo.) 1997)                                                **Page 6**

premises.  However, given the evidence that Wolff
had been loud, angry, and threatening to staff on
other occasions, we agree with the court that this
memorandum did not prejudice his right to a fair
trial.

Copyright (c) West Group 2001 No claim to original U.S. Govt. works

750 F.2d 703, Crimm v. Missouri Pacific R. Co., (C.A.8 (Mo.) 1984)                    **Page 1**

**\*703** 750 F.2d 703

36 Fair Empl.Prac.Cas. 883,
35 Empl. Prac. Dec. P 34,824, 40 Fed.R.Serv.2d 1059,
17 Fed. R. Evid. Serv. 495

Willard CRIMM, Appellant,
v.
MISSOURI PACIFIC RAILROAD COMPANY, a
corporation, Appellee.

No. 83-2363.
United States Court of Appeals,
Eighth Circuit.
Submitted June 11, 1984.
Decided Dec. 19, 1984.

Age discrimination action was brought. The United States District for the Eastern District of Missouri, Stephen Nathaniel Limbaugh, J., entered judgment for employer, and employee appealed. The Court of Appeals, McMillian, Circuit Judge, held that: (1) district court did not abuse its discretion in granting employer's motion in limine preventing employee from cross-examining female employee who brought charge of sexual harassment against employee on falsification of her initial job application; (2) district court did not abuse its discretion in granting employer's motion in limine preventing employee from introducing evidence concerning voluntary retirement program initiated one year after his termination; (3) district court's error in refusing to admit deposition of employer's managing agent was not reversible since his deposition contained no information that his live testimony could not supply; and (4) error in instructing jury that employee was required to prove compliance with employer's rules and regulations did not warrant reversal where evidence that employee was discharged for sexual harassment was strong.

Affirmed.

1.      WITNESSES ⊕➞344(5)
        410   ----
        410IV   Credibility and Impeachment
        410IV(B)   Character and Conduct of Witness
        410k344     Particular Acts or Facts
        410k344(5)    Fraud or dishonesty.
C.A.Mo. 1984.
    In age discrimination action in which employer asserted that employee's termination was due to charge of sexual harassment and not his age, district court did not abuse its discretion in determining that evidence that employee who had brought charge of sexual harassment had failed to disclose on her initial job

application that she had been convicted of shoplifting was not admissible to impeach her credibility where the alleged falsification of the application was not probative of the employee's truthfulness because it occurred two years before sexual harassment incident, employee subsequently admitted conviction on another application and in her deposition and, employee had offered explanation for not disclosing the conviction on the initial application. Fed.Rules Evid.Rule 608(b), 28 U.S.C.A.

2.      WITNESSES ⊕➞344(2)
        410   ----
        410IV   Credibility and Impeachment
        410IV(B)   Character and Conduct of Witness
        410k344     Particular Acts or Facts
        410k344(2)    Immoral or unlawful acts or
                            conduct in general.
C.A.Mo. 1984.
    In age discrimination action in which employer asserted that employee's termination was due to charge of sexual harassment and not his age, district court did not abuse its discretion in holding that evidence that employee who had brought the charge of sexual harassment had used marijuana two or three years before the incident was inadmissible to impeach her credibility since illegal drug use or transactions, without more, did not have tendency to show untruthfulness. Fed.Rules Evid.Rules 403, 608(b), 28 U.S.C.A.

3.      FEDERAL CIVIL PROCEDURE ⊕➞2011
        170A   ----
        170AXV   Trial
        170AXV(C)   Reception of Evidence
        170Ak2011   In general.
C.A.Mo. 1984.
    In age discrimination action, trial court did not abuse its discretion in granting employer's motion in limine preventing employee from introducing evidence concerning employer's voluntary retirement program which employee argued was actually a means of forcing out older employees and replacing them with younger employees where the program was not initiated until one year after employee resigned and where evidence concerning the program would have resulted in extensive evidence of only slight probative value. Fed.Rules Evid.Rule 403, 28 U.S.C.A.

4.      FEDERAL COURTS ⊕➞774
        170B   ----
        170BVIII Courts of Appeals
        170BVIII(K) Scope, Standards, and Extent
        170BVIII(K)1 In General
        170Bk773     Estoppel to Allege Error;

Copyright (c) West Group 1998  No claim to original U.S. Govt. works

750 F.2d 703, Crimm v. Missouri Pacific R. Co., (C.A.8 (Mo.) 1984)    **Page 2**

Invited Error
170Bk774    Particular errors.
C.A.Mo. 1984.

Appellant could not on appeal object to potential juror bias when he opposed remedy which would have eliminated bias.

5.    JURY ☞149
    230  ----
    230VI  Impaneling for Trial, and Oath
    230k149  Discharge of juror or jury pending trial.
C.A.Mo. 1984.

In age discrimination action in which employer asserted that employee's termination was due to charge of sexual harassment and not his age, district court did not err in denying employee's motion for mistrial after juror admitted that he had lied during voir dire by failing to advise the court that he had had a sexual discrimination complaint filed against him where employee agreed to juror's remaining on the jury and opposed having juror replaced by the alternate.

6.    EVIDENCE ☞210
    157  ----
    157VII  Admissions
    157VII(A)  Nature, Form, and Incidents in General
    157k206  Judicial Admissions
    157k210  Petitions, affidavits, and depositions.

[See headnote text below]

6.    FEDERAL COURTS ☞902
    170B  ----
    170BVIII  Courts of Appeals
    170BVIII(K)  Scope, Standards, and Extent
    170BVIII(K)6  Harmless Error
    170Bk901  Exclusion of Evidence
    170Bk902  Cumulative evidence and facts otherwise established.
C.A.Mo. 1984.

In age discrimination action, district court erred in refusing to admit into evidence deposition of employer's managing agent as admission of party opponent, but such error was not reversible where deposition contained no information that the agent's live testimony could not supply.  Fed.Rules Civ.Proc.Rule 32(a)(2), 28 U.S.C.A.

7.    EVIDENCE ☞267
    157  ----
    157VIII  Declarations
    157VIII(A)  Nature, Form, and Incidents in General
    157k267  Making of statement fact in issue.

[See headnote text below]

7.    EVIDENCE ☞268
    157  ----
    157VIII  Declarations
    157VIII(A)  Nature, Form, and Incidents in General
    157k268  Statements showing physical or mental condition;  state of mind.
C.A.Mo. 1984.

In age discrimination action in which employer asserted that employee's termination was due to charge of sexual harassment and not his age, handwritten notes and investigative report prepared by managing agent of employer concerning charge of sexual harassment were admissible despite employee's hearsay objection where they were offered to demonstrate that employer had conducted an investigation and to disclose information that employer had relied on in making its decision to terminate employee and not to prove truthfulness of statements in the notes and report.

8.    EVIDENCE ☞351
    157  ----
    157X  Documentary Evidence
    157X(C)  Private Writings and Publications
    157k351  Unofficial or business records in general.

[See headnote text below]

8.    EVIDENCE ☞355(1)
    157  ----
    157X  Documentary Evidence
    157X(C)  Private Writings and Publications
    157k355  Private Memoranda and Statements in General
    157k355(1)  In general.
C.A.Mo. 1984.

In age discrimination action in which employer asserted that employee's termination was **\*703** due to charge of sexual harassment and not his age, handwritten notes and investigative report prepared by employer's managing agent concerning the charge of sexual harassment, even if hearsay, were admissible under business records exception where employer had written policy requiring conversations of those interviewed in investigation of such charges to be documented through written memoranda and only six or seven days elapsed from beginning of investigation to completion of the report.

Copyright (c) West Group 1998  No claim to original U.S. Govt. works

750 F.2d 703, Crimm v. Missouri Pacific R. Co., (C.A.8 (Mo.) 1984)    **Page 3**

9.  EVIDENCE ☞47
    157    ----
    1571    Judicial Notice
    157k47    Administrative rules and regulations.
C.A.Mo. 1984.
    District court may take judicial notice of federal register and code of federal regulations. 44 U.S.C.A. Sec. 1507.

10.    EVIDENCE ☞47
    157    ----
    1571    Judicial Notice
    157k47    Administrative rules and regulations.
C.A.Mo. 1984.
    In age discrimination action in which employer asserted that employee's termination was due to charge of sexual harassment and not his age, district court did not err in taking judicial notice of EEOC regulation on sexual harassment where the regulation was offered to show that employer could be liable for action of employee in sexually harassing another employee.

11.    CIVIL RIGHTS ☞389
    78    ----
    78II    Federal Remedies
    78II(C)    Proceedings Under Equal
                    Employment
                    Opportunity and Age
                    Discrimination in
                    Employment Acts
    78II(C)3    Civil Actions
    78k389        Trial; appointment of counsel.

    Formerly 78k45
C.A.Mo. 1984.
    In age discrimination action in which employer asserted that employee's termination was due to charge of sexual harassment and not his age, district court properly instructed jury that employer could be held strictly liable when supervisor, such as plaintiff, has allegedly requested sexual favors in exchange for job benefits.

12.    WITNESSES ☞37(2)
    410    ----
    410II    Competency
    410II(A)    Capacity and Qualifications in
                    General
    410k37        Knowledge or Means of Knowledge
                    of Facts
    410k37(2)    Source of knowledge.
C.A.Mo. 1984.
    In age discrimination action, trial court did not err in refusing to permit plaintiff's witness to testify that he believed that plaintiff's age was a factor in his

termination where the witness had no firsthand knowledge of the factors involved in employer's decision to remove the plaintiff.

13.    FEDERAL CIVIL PROCEDURE ☞2182.1
    170A    ----
    170AXV    Trial
    170AXV(G)    Instructions
    170Ak2182    Construction and Effect of
                    Charge as a Whole
    170Ak2182.1    In general.

    Formerly 170Ak2182
C.A.Mo. 1984.
    Instructions must be read as a whole and considered in light of entire charge; when charge is considered as a whole, it should state governing law fairly and correctly and should not be inflammatory or unfair or prejudicial to either plaintiff or defendant.

14.    CIVIL RIGHTS ☞389
    78    ----
    78II    Federal Remedies
    78II(C)    Proceedings Under Equal
                    Employment
                    Opportunity and Age
                    Discrimination in
                    Employment Acts
    78II(C)3    Civil Actions
    78k389        Trial; appointment of counsel.

    Formerly 78k45

    [See headnote text below]

14.    FEDERAL COURTS ☞908
    170B    ----
    170BVIII    Courts of Appeals
    170BVIII(K)    Scope, Standards, and Extent
    170BVIII(K)6    Harmless Error
    170Bk908        Instructions.
C.A.Mo. 1984.
    In age discrimination action, district court erred in instructing jury that plaintiff was required to prove compliance with employer's rules and regulations in order to establish prima facie case of employment discrimination where plaintiff had produced substantial evidence that he had performed satisfactorily, at least until incident of sexual harassment which led to his forced retirement; however, error did not warrant reversal where evidence that plaintiff was discharged for sexually harassing another employee was very strong and undermined any inference of discrimination. Age Discrimination in Employment Act of 1967, Sec. 2 et seq., 29 U.S.C.A. Sec. 621 et seq.

Copyright (c) West Group 1998  No claim to original U.S. Govt. works

750 F.2d 703, Crimm v. Missouri Pacific R. Co., (C.A.8 (Mo.) 1984)    **Page 4**

15. CIVIL RIGHTS ☞168.1
   78    ----
   781    Rights Protected and Discrimination
                        Prohibited
   78I(B)    Employment Practices
   78k168    Age Discrimination
   78k168.1    In general.

   Formerly 78k9.15
C.A.Mo. 1984.
   Employer in age discrimination case must articulate legitimate, nondiscriminatory reason which is specific and clear enough for employee to address and legally sufficient to justify judgment for employer, and jury, in order to find for employer, must find articulated reasons are not pretextual. Age Discrimination in Employment Act of 1967, Sec. 2 et seq., 29 U.S.C.A. Sec. 621 et seq.

16.    FEDERAL COURTS ☞630
        170B    ----
        170BVIII Courts of Appeals
        170BVIII(D) Presentation and Reservation in
                        Lower Court of Grounds
                        of Review
        170BVIII(D)2 Objections and Exceptions
        170Bk630    Instructions.

        [See headnote text below]

16.    FEDERAL COURTS ☞774
        170B    ----
        170BVIII Courts of Appeals
        170BVIII(K) Scope, Standards, and Extent
        170BVIII(K)1 In General
        170Bk773    Estoppel to Allege Error;
                        Invited Error
   170Bk774    Particular errors.
C.A.Mo. 1984.
   Plaintiff in age discrimination action could not complain on appeal of trial court error in failing to submit to the jury all the reasons offered by employer to justify employee's termination where his proposed instruction did not list all of the reasons and did not specifically object to the exclusion of some reasons from the instructions given, and, in any event, employer had offered only one reason for termination and other incidents had been used solely to impeach employee. Fed.Rules Civ.Proc.Rule 51, 28 U.S.C.A.

17.    FEDERAL CIVIL PROCEDURE ☞2180
        170A    ----
        170AXV    Trial
        170AXV(G) Instructions
        170Ak2180    Rulings on requests and

objections.
C.A.Mo. 1984.
   In age discrimination action district court did not err in refusing to give plaintiff's proposed instruction on circumstantial evidence.

   **\*705** Louis Gilden, St. Louis, Mo., for appellant.

   Richard E. Jaudes and Bradley S. Hiles, St. Louis, Mo., for appellee.

   Before BRIGHT, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and McMILLIAN, Circuit Judge.

   McMILLIAN, Circuit Judge.

   Willard Crimm appeals from a final judgment entered in the District Court (FN1) for the Eastern District of Missouri upon a jury verdict in favor of his former employer, Missouri Pacific Railroad Company (MoPac), **\*706** in an action for damages under the Age Discrimination in Employment Act of 1967, 29 U.S.C. Sec. 621 (1982) (ADEA). For reversal appellant argues that the district court erred in (1) giving a verdict director instruction which confused and misled the jury and which was contrary to the law, (2) refusing to give a circumstantial evidence instruction, (3) limiting cross- examination about the female worker's shoplifting conviction and prior drug use, (4) refusing to admit evidence concerning MoPac's Senior Transition Program, (5) refusing to grant a mistrial after a juror disclosed during trial that he had been accused of sexual harassment, (6) refusing to admit into evidence appellant's deposition testimony, (7) taking judicial notice of an EEOC regulation on strict liability and presenting it to the jury as law, (8) admitting handwritten notes and an investigation report, (9) refusing to admit into evidence appellant's opinion testimony concerning the ultimate factual issue, and (10) refusing to allow appellant to argue or comment on certain admitted evidence. For the reasons discussed below, we affirm the judgment of the district court.

   Appellant was 60 years old when he retired in April 1982 from the position of Superintendent of the St. Louis Terminal Division for MoPac. He claims that he was forced to resign because of his age. MoPac alleges that appellant was terminated because he sexually harassed a subordinate.

   Appellant began working for MoPac in 1943 and worked his way up through the ranks to Superintendent of the St. Louis Terminal Division. Appellant had the

Copyright (c) West Group 1998  No claim to original U.S. Govt. works

ultimate authority to transfer, promote, and terminate the Division's 2,000 employees and personally participated in the hiring of all Division employees.

Appellant hired Diana Austin as a laborer in July 1980 and assigned her to the Division's Dupo, Illinois, train yard. From January 1981 to October 1981, Austin contacted appellant monthly by telephone concerning a transfer to a clerk's position. Following a telephone conversation on October 6, 1981, appellant visited Austin's home.

The events which took place at Austin's home are disputed. Appellant testified that he stood inside the door and talked to Austin for five to eight minutes regarding her complaint about her union chairman. Austin testified that appellant discussed the transfer to the clerk's position and following the conversation made sexual advances to her. He allegedly embraced her, kissed her, and attempted to put his hand under her sweater and to lead her into the bedroom. Austin resisted and appellant left.

Austin discussed the incident with her boyfriend, Joe Klaus, and her sister, Deborah Converse. Converse testified that she observed appellant holding Austin and that she answered the telephone when appellant later called Austin about the job. Klaus called appellant's house twice on the day of the incident and also contacted an attorney.

On October 8, 1981, Austin complained about the incident to her supervisor, Mike Middleton, to her union secretary, and to top union officials in her local. Middleton reported the alleged incident to his supervisor, Ben Wiggans, who reported the complaint to appellant. Appellant denied the incident and instructed Wiggans to discuss the matter with Austin.

Wiggans went to the Dupo train yard and talked with Austin, who told Wiggans about the alleged sexual harassment. Following Wiggans' conversation with Austin on October 8, 1981, appellant instructed Wiggans to give Austin the clerk's position. Austin began work as a clerk the following Monday.

Approximately one month later, a MoPac supervisor reported the incident to Arthur Shoener, MoPac's General Manager in Little Rock, Arkansas, and appellant's immediate supervisor. Shoener, assisted by a MoPac special agent, was authorized by K.D. Hestes, MoPac's Assistant Vice President of Operations, to conduct an investigation of the incident.

**\*707** Shoener interviewed Wiggans, Middleton,

Austin, Converse, Klaus, and appellant. Shoener took notes during the interviews and later added to them. He also prepared a typewritten investigative report, which was submitted to Hestes and J.W. Gessner, President of MoPac. After consulting with Mark Hennelly, MoPac's Senior Vice President of Law, Hestes and Gessner decided to remove appellant from the position of superintendent and keep him on the active payroll until his sixtieth birthday, at which time he could retire with an officer's pension.

Appellant's position was subsequently filled by a thirty-two year old man, who had been superintendent of MoPac's Palestine, Texas, Division for the previous four years.

On April 22, 1982, appellant filed a charge of age discrimination with the Equal Employment Opportunity Commission. He subsequently initiated this lawsuit on August 11, 1982. A jury trial commenced on September 14, 1983, and ended on September 20, 1983. The jury returned a verdict for MoPac and this appeal followed.

Motions in Limine

[1] Appellant argues that the district court abused its discretion in granting MoPac's motion in limine which prevented appellant from cross-examining Diana Austin on her responses on her Initial Contact Interview Form completed in 1979. Austin stated on this pre- employment form that she had not been convicted of a violation of the law other than a minor traffic offense when in fact she had been convicted of the crime of retail theft under $150.00 one year earlier in 1978. Austin admitted during the deposition that she had answered "no" to the question of conviction because she believed that the shoplifting conviction had been expunged and appellant's secretary told her to answer that query in the negative. Appellant argues that the district court's granting of the motion in limine effectively eliminated the credibility of MoPac's key witness from consideration by the jury and thus the district court in effect directed a verdict in favor of MoPac.

We need not decide whether the evidence was admissible for impeachment purposes under Fed.R.Evid. 609(a) which prohibits the admission of conviction evidence unless the crime is "punishable by death or imprisonment in excess of one year" or "involves dishonesty or false statement" because the district court properly excluded the evidence under 608(b).

Copyright (c) West Group 1998  No claim to original U.S. Govt. works

750 F.2d 703, Crimm v. Missouri Pacific R. Co., (C.A.8 (Mo.) 1984)                                            **Page 6**

Fed.R.Evid. 608(b) grants the district court discretion to permit a witness to be cross-examined on specific instances of conduct probative of a witness' character for truthfulness or untruthfulness. The district court held that the alleged falsification of the application was not probative of Austin's truthfulness because the falsification occurred two years before the sexual harassment incident and Austin subsequently admitted the conviction on a MoPac employment application completed in 1980 and in the deposition. Further, Austin stated that she had answered "no" on the first application because she had mistakenly thought the conviction was to be expunged from her record and because appellant's secretary had said that this was correct in light of the expungement. The district court did not abuse its discretion in determining that this evidence was inadmissible.

[2] Appellant next argues that the district court abused its discretion in granting defendant's motion in limine which prevented appellant from cross-examining Austin and her boyfriend concerning their use of marijuana two or three years before the sexual harassment incident. Appellant argues that the testimony of these two witnesses as to the periods during which they had smoked marijuana together was in conflict, that MoPac knew of Austin's use of marijuana, and that this evidence was related to pretext because prior drug use would indicate unreliability and untruthfulness.

The district court did not abuse its discretion in holding that "illegal drug use or **\*708** transactions, without more, do not show untruthfulness." United States v. Hastings, 577 F.2d 38, 41-42 (8th Cir.1978). The district court under Rule 608(b) may determine if evidence is probative of truthfulness and under Rule 403 may exclude evidence, even though probative, if the probative value is outweighed by the prejudicial effect.

[3] Appellant next argues that the district court abused its discretion in granting MoPac's motion in limine which prevented appellant from introducing evidence concerning MoPac's Senior Transition Program (STP). This program was initiated about one year after appellant resigned. Appellant argues that this program, which ostensibly was a voluntary retirement program, was actually a means of forcing out older employees and replacing them with younger employees, at a substantial savings to MoPac. Appellant argues that the STP is discriminatory and that this evidence is probative to show circumstantially that he too was the subject of discrimination. Appellant advised that he would offer 39 STP exhibits

and call several witnesses. MoPac indicated that it would call numerous witnesses and introduce many exhibits because 197 persons had gone through the program.

The district court held that the evidence concerning the STP would result in extensive evidence on collateral issues and that the slight probative value of the proposed evidence justified its exclusion under Fed.R.Evid. 403. The court did not abuse its discretion in excluding this evidence.

## Denial of a Motion for Mistrial Because of Juror Misconduct

Appellant argues that the district court erred in denying his motion for mistrial after a juror admitted that he had lied during voir dire. The juror, on the second day of trial, advised the district court that he "had had a sexual discrimination complaint filed against him" and as a result he had very "strong emotions" about sexual harassment and some "definite feelings" concerning "sex discrimination in general."

[4][5] Appellant initially sought a mistrial, which was denied. Appellant, however, (contrary to his position on appeal) expressly agreed to the juror remaining on the jury and opposed having the juror replaced by the alternate. Appellant may not on appeal object to potential juror bias when he opposed a remedy which would have eliminated the bias. Delgado v. United States, 403 F.2d 208, 209 (9th Cir.), cert. denied, 394 U.S. 966, 89 S.Ct. 1320, 22 L.Ed.2d 568 (1968); see United States v. Verkuilen, 690 F.2d 648, 658 (7th Cir.1982). Moreover, the juror in question was, under the circumstances, probably biased in favor of appellant, rather than against him. The district court did not commit error.

## Rejection of Deposition Evidence

[6] Appellant argues that the district court erred in refusing to admit into evidence the deposition of MoPac's managing agent, Arthur Shoener. The district court sustained MoPac's objection because Shoener was to be called later in the trial. Appellant argues that the deposition should have been admitted as an admission of a party opponent to show the inconsistency of Austin's statements.

The district court erred in excluding the testimony of Shoener. Fed.R.Civ.P. 32(a)(2) states:

(2) The deposition of a party or of anyone who at the time of taking the deposition was an officer,

Copyright (c) West Group 1998  No claim to original U.S. Govt. works

750 F.2d 703, Crimm v. Missouri Pacific R. Co., (C.A.8 (Mo.) 1984)                     **Page 7**

director, or managing agent, or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a public or private corporation, partnership or association or governmental agency which is a party may be used by an adverse party for any purpose.

Whether an individual has the status of managing agent depends on several factors, including whether the interests of the individual "are identified with those of his principal and on the nature of his functions, responsibilities and authority ...." Terry v. Modern Woodmen, 57 F.R.D. 141, 143 (W.D.Mo.1972), citing Tomingas v. Douglas Aircraft Co., 45 F.R.D. 94 (S.D.N.Y.1968). At the time of the deposition Shoener *709 was a general manager for MoPac and had responsibility for 56,000 employees and 4,300 miles of track. Shoener had "sufficient power and discretion to be classified a 'managing agent.' " Colonial Capital Co. v. General Motors Corp., 29 F.R.D. 514, 518 (D.Conn.1961). Therefore, his deposition was admissible under Fed.R.Civ.P. 32(a)(2).

The district court, however, did not commit reversible error. Federal appellate courts have held that the exclusion of deposition evidence is harmless if the material matters covered in the deposition are covered, or could have been covered, at trial. "Even if the deposition was properly admissible under [Fed.R.Civ.P.] 32(a)(2) [pertaining to "managing agents"], we believe that any possible error was not prejudicial and was in fact harmless. The deposition contains no information that [the witness'] live testimony could not supply." Jackson v. Chevron Chemical Co., 679 F.2d 463, 466 (5th Cir.1982); see Fenstermacher v. Philadelphia National Bank, 493 F.2d 333, 338 (3d Cir.1974).

Admission of Shoener's Handwritten Notes and Internal Investigative Report

[7] Appellant argues that the district court erred in admitting into evidence, as business records, handwritten notes and an investigative report prepared by Shoener, based on his observations and conversations with appellant, Austin, MoPac staff, and others because (1) the notes and report were not contemporaneously prepared, (2) the investigation report was prepared for use in litigation or an adversary proceeding, and (3) the statements contained therein were clearly hearsay.

Appellant's argument is without merit. The record does not support appellant's assertion that these documents are hearsay. MoPac offered the documents

to demonstrate that MoPac had conducted an investigation and to disclose the information that MoPac had relied on in making its decision. The records were not offered to prove the truthfulness of the statements contained therein. See Moore v. Sears Roebuck and Company, 683 F.2d 1321, 1322 (11th Cir.1982).

[8] Even if we accept appellant's argument that the records are hearsay, they are admissible under the business records exception. MoPac had a written policy requiring that in an investigation of sexual harassment the conversations of those interviewed "should be documented through written memoranda." Shoener was directed to conduct an investigation and to prepare such memoranda. Shoener took handwritten notes during the interviews and added to them shortly after the interviews. The typewritten report was prepared from the notes. Only six or seven days elapsed from the beginning of the investigation to the completion of the report. The notes and report were prepared nine months before any complaint or suit had been filed and the notes and report were maintained at the MoPac office. Fed.R.Evid. 803(6). See Gibbs v. State Farm Mutual Insurance Co., 544 F.2d 423, 428 (9th Cir.1976); Smith v. Universal Service, Inc., 454 F.2d 154, 157-58 (5th Cir.1972).

Judicial Notice of an EEOC Regulation

Appellant argues that the court erred (1) in taking judicial notice of an EEOC regulation on sexual harassment, 29 C.F.R. Sec. 1604.11 (FN2) because violation of an EEOC regulation was not an issue in this case and (2) in incorrectly presenting the regulation as having the force of law and as imposing strict liability on an employer for the sexual harassment of its employees.

[9][10] Appellant's arguments are without merit. The district court may take *710 judicial notice of the Federal Register and the Code of Federal Regulations. (FN3) 44 U.S.C. Sec. 1507 (1982) (Federal Register may be judicially noticed); Wei v. Robinson, 246 F.2d 739, 743 (7th Cir.1957) (Code of Federal Regulations and the Federal Register are required to be judicially noticed); Kempe v. United States, 151 F.2d 680, 684 (8th Cir.1945). MoPac offered the regulation to show that MoPac could be liable for the action of its employees who sexually harass other employees. The district court did not abuse its discretion in admitting the evidence.

[11] Appellant's other point of error is that the district court described the regulation to the jury as

Copyright (c) West Group 1998  No claim to original U.S. Govt. works

750 F.2d 703, Crimm v. Missouri Pacific R. Co., (C.A.8 (Mo.) 1984)                    **Page 8**

having the force of law and as imposing strict liability on employers. Appellant is correct in his assertions that EEOC regulations do not have the force of law, General Electric Co. v. Gilbert, 429 U.S. 125, 141, 97 S.Ct. 401, 410, 50 L.Ed.2d 343 (1976), and that the employer is not strictly liable for all types of sexual harassment. Katz v. Dole, 709 F.2d 251, 255 (4th Cir.1983); Henson v. City of Dundee, 682 F.2d 897, 909-10 (11th Cir.1982); Bundy v. Jackson, 641 F.2d 934, 943 (D.C.Cir.1981). This case, however, involves "quid pro quo" sexual harassment, i.e., a supervisor allegedly requested sexual favors in exchange for job benefits. Henson v. City of Dundee, 682 F.2d at 908 n. 18. Many cases have held that "quid pro quo" sexual harassment violates Title VII and that the employer is strictly liable. Katz v. Dole, 709 F.2d at 255 n. 6; Henson v. City of Dundee, 682 F.2d at 910; Bundy v. Jackson, 641 F.2d at 943; Miller v. Bank of America, 600 F.2d 211, 213 (9th Cir.1979); Barnes v. Costle, 561 F.2d 983, 993 (D.C.Cir.1977). Therefore, the district court did not misstate the law on sexual harassment as it pertains to this case.

### Refusal to Permit Witness to Testify on the Ultimate Issue

[12] Appellant argues that the district court erred in refusing to permit appellant's witness J.D. Boling to testify that he believed appellant's age was a factor in his termination while permitting Shoener and Hestes to testify. The district court did not abuse its discretion in excluding this evidence. Bohannon v. Pegelow, 652 F.2d 729, 732 (7th Cir.1981). Fed.R.Evid. 701(a) permits a lay witness to give opinion testimony only if his opinion is rationally based on his perception. Boling had been Assistant Superintendent under appellant for fifteen years, but he had no firsthand knowledge of the factors involved in MoPac's decision to remove appellant. Shoener and Hestes on the other hand were not asked to give opinion testimony but were asked to testify as to what they did, i.e., whether they considered appellant's age.

### Denial of Argument Concerning a Photograph

Appellant argues that the district court erred in prohibiting comment and argument on a photograph of Austin's living room, which showed a wall-mounted picture of Zig-Zag paper (FN4) and could suggest the possible use of marijuana. The district court prohibited any reference to the possible use of marijuana as having no probative value on the issue of truthfulness. The court did not abuse its discretion.

### Verdict Director Instruction

Appellant argues that the verdict director instruction misled and confused the jury because it misstated the law, did not address material issues in the case, contained facts that had no factual or legal basis, and was biased in favor of the defendant.

[13] The law in this and other circuits is clear on the standard of appellate review of jury instructions. Instructions must be *711 "read as a whole and considered in light of the entire charge." Tribble v. Westinghouse Electric Corp., 669 F.2d 1193, 1197 (8th Cir.1982), cert. denied, 460 U.S. 1080, 103 S.Ct. 1767, 76 L.Ed.2d 342 (1983); King v. State Farm Life Insurance Co., 448 F.2d 597, 600, 601 (8th Cir.1971). When the charge is considered as a whole, it should state the "governing law fairly and correctly" and should not be "inflammatory or unfair or prejudicial" to either the plaintiff or the defendant. Hartman v. United States, 538 F.2d 1336, 1346 (8th Cir.1976). "Where the instructions, considered as a whole, adequately and sufficiently state the generally applicable law, the fact that the instructions are technically imperfect or are not a model of clarity does not render the charge erroneous." Tribble v. Westinghouse, 669 F.2d at 1197; see Garnatz v. Stifel, Nicholaus & Co., 559 F.2d 1357, 1362 (8th Cir.1977), cert. denied, 435 U.S. 951, 98 S.Ct. 1578, 55 L.Ed.2d 801 (1978). Each of the deficiencies claimed by appellant will be reviewed against this standard.

[14] Appellant argues first that the district court erred in requiring the plaintiff to prove as part of his prima facie case that he had complied with MoPac's rules and regulations. Appellant argues that the plaintiff need not anticipate and refute the employer's legitimate, nondiscriminatory reasons in order to establish his prima facie case. Appellant argues that such proof is inconsistent with the prima facie case set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973) ( McDonnell Douglas ). We agree.

The indirect method of proof of discrimination approved by the Supreme Court in McDonnell Douglas and Texas Department of Community Affairs v. Burdine, 450 U.S. 248, 256, 101 S.Ct. 1089, 1095, 67 L.Ed.2d 207 (1981) (Burdine ), is but one way of establishing a case of employment discrimination. Halsell v. Kimberly Clark Corp., 683 F.2d 285, 290 (8th Cir.1982), cert. denied, 459 U.S. 1205, 103 S.Ct. 1194, 75 L.Ed.2d 438 (1983). "McDonnell-Douglas was never intended to be rigid, mechanized or ritualistic. Rather it is merely a sensible orderly way to evaluate the evidence in light of common experience as

Copyright (c) West Group 1998  No claim to original U.S. Govt. works

it bears on the critical question of discrimination." United States Postal Service Board of Governors v. Aikens, 460 U.S. 711, 103 S.Ct. 1478, 75 L.Ed.2d 403 (1983).

In Halsell v. Kimberly Clark Corp., 683 F.2d at 290 , this court adopted the First Circuit's modification of the McDonnell Douglas and Burdine formulas for discriminatory discharge claims set forth in Loeb v. Textron, Inc., 600 F.2d 1003, 1013-14 (1st Cir.1979). In the absence of direct evidence of discrimination, the plaintiff must "prove that he [or she] was in the protected age group, that he [or she] was performing his [or her] job at a level that met [the] employer's legitimate expectations, that he [or she] was nevertheless fired, and that [the] employer sought someone to perform the same work after he [or she] left." Id. at 1014. Unlike hiring cases in which the issue is whether the plaintiff was qualified for the job, the issue in discharge cases is whether the plaintiff was satisfactorily performing the job. As noted by the Ninth Circuit in Douglas v. Anderson, 656 F.2d 528, 533 n. 5 (9th Cir.1981), "[t]he issue of satisfactory job performance permeates the prima facie case as well as the rebuttal and pretext issues. In establishing a prima facie case, [the plaintiff] need only produce substantial evidence of satisfactory job performance sufficient to create a jury question on this issue." Thus, consistent with McDonnell Douglas and Burdine, we hold that in order to establish a prima facie case, the plaintiff need only prove that "he [or she] was doing his [or her] job well enough to rule out the possibility that he [or she] was fired for inadequate job performance." Loeb v. Textron, Inc., 600 F.2d at 1013.

For this reason, we hold that the district court erred in instructing the jury that appellant was required to prove compliance with MoPac's rules and regulations in order to establish a prima facie case. As discussed above, appellant produced substantial evidence that he had performed **\*712** satisfactorily as superintendent, at least until the incident in question in October 1981. This evidence was sufficient to establish a prima facie case.

Appellant argues that this instruction error mandates reversal because the jury could have improperly found that appellant did not prove compliance with MoPac's rules and regulations and thus failed to establish a prima facie case. Ordinarily such an instruction error would be grounds for reversal. However, we think the instruction error was harmless in this case. In the present case, the evidence that appellant was discharged for a legitimate, nondiscriminatory reason is very strong and

undermines any inference of discrimination. (FN5) MoPac introduced uncontradicted evidence that it had received a complaint that appellant had sexually harassed a subordinate and that it had conducted an investigation of the complaint. Appellant attempted to demonstrate pretext by attacking the credibility of the complaining employee and by showing minor inconsistencies in the statements of MoPac's witnesses. None of appellant's evidence, even if accepted as true, establishes that MoPac discharged appellant because of his age. In the present case, we are concerned not with whether MoPac was correct in its determination that appellant sexually harassed a subordinate, but only with whether this was the real reason for the termination and not a pretext for age discrimination. Douglas v. Anderson, 656 F.2d at 533 n. 5.

Appellant next argues that the court failed to submit to the jury all the reasons offered by MoPac to justify appellant's termination. Specifically, the instruction did not include an alleged theft of cedar posts and a grain spill as reasons for termination. Appellant argues that the inclusion of these reasons would have permitted the jury to find that all of the reasons were pretextual.

[15] The employer in an ADEA case must articulate a legitimate, non- discriminatory reason, which is specific and clear enough for the employee to address, Burdine, 450 U.S. at 255, 101 S.Ct. at 1094; Halsell v. Kimberly Clark Corp., 683 F.2d at 292, and legally sufficient to justify a judgment for the employer, Burdine, 450 U.S. at 255, 101 S.Ct. 1094. The employer must demonstrate reasonable factors other than age for discharge. Loeb v. Textron, Inc., 600 F.2d at 1011. The jury, in order to find for the defendant, must find that the articulated reasons are not pretextual.

[16] In the present case appellant may not complain of error when his proposed instruction (No. 19) did not list the grain spill or theft as reasons for termination. In addition, appellant did not specifically object to the exclusion of these factors from the district court's instruction. Fed.R.Civ.P. 51; Goodman v. Heublein, Inc., 645 F.2d 127, 131 (2d Cir.1981). Furthermore, even if appellant had properly preserved this issue for review, there is no error because MoPac offered only one reason for appellant's termination. This reason-- the sexual harassment of a subordinate--was the subject of the investigation, was stated in the service letter and was articulated at trial. The theft of cedar posts and the grain spill incidents occurred in 1974 (seven years before the sexual harassment complaint) and MoPac took no disciplinary action against appellant. Evidence

Copyright (c) West Group 1998  No claim to original U.S. Govt. works

750 F.2d 703, Crimm v. Missouri Pacific R. Co., (C.A.8 (Mo.) 1984)                    **Page 10**

of these incidents was offered by MoPac to impeach appellant.

Appellant next argues that the district court erred in stating that the reason offered by MoPac for termination was a good faith belief that plaintiff had sexually harassed an employee under appellant's supervision. Appellant argues that the district court in effect made a preliminary finding that MoPac had a good faith belief and took from the jury the task of deciding if MoPac articulated a legitimate, non-discriminatory *713. reason. As a result appellant argues that he could not establish pretext.

An employer in an ADEA case must produce evidence that its action was based upon "reasonable factors other than age" or "good cause." 29 U.S.C. Sec. 623(f)(1), (3); Halsell v. Kimberly Clark Corp., 683 F.2d at 291; Smith v. Farah Manufacturing Co., 650 F.2d 64, 67-68 (5th Cir.1981). It is not "enough to offer vague, general averments of good faith— a plaintiff cannot be expected to disprove a defendant's reasons unless they have been articulated with some specificity." Loeb v. Textron, Inc., 600 F.2d at 1012 -13 n. 5. The employer, however, "need not persuade the [trier of fact] that the proffered reason in fact justified the discharge because the issue is not whether the reason articulated by the employer warranted the discharge but whether the employer acted for a non-discriminatory reason." Halsell v. Kimberly Clark Corp., 683 F.2d at 291; see Loeb v. Textron, Inc., 600 F.2d 1014.

We have found no cases which specifically address the question whether an employer's "good cause" for discharge in an ADEA case may be based on "good faith" alone. We do not decide this issue because the resolution of the question is not essential to our decision.

The district court's instructions read as a whole in the context of this case are not prejudicially erroneous. MoPac presented substantial evidence that appellant was discharged for reasons other than age and that MoPac's action was not based on "good faith belief" alone. MoPac conducted a rather detailed investigation, prepared a formal investigation report, and sought advice from MoPac's legal staff. MoPac therefore had a reasonable basis for its action. MoPac did not have to prove that appellant in fact sexually harassed an employee.

Appellant next argues that the instruction was erroneous because it was written in the negative, was unbalanced in favor of the defendant, and incorrectly

gave the impression that plaintiff's task was an onerous one. We have carefully reviewed the instructions and find these arguments to be without merit.

Circumstantial Evidence Instruction

[17] Appellant argues that the district court erred in refusing its proposed jury instruction on circumstantial evidence. Appellant asserts that this instruction was necessary because a key element in appellant's case was the motivation of MoPac, which could only be proven by circumstantial evidence.

Appellant cites no authority and we have found none for the proposition that a court in a civil case must give a circumstantial evidence instruction if requested to do so. Movible Offshore Co. v. Ousley, 346 F.2d 870, 874 (5th Cir.1965). The district court instructed the jury that it was to consider all the evidence presented by both parties. (FN6) The district court did not abuse its discretion in refusing the instruction.

Therefore, the judgment of the district court is affirmed.

FN1. The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern and Western Districts of Missouri.

FN2. 29 C.F.R. Sec. 1604.11 reads in part as follows:

Harassment on the basis of sex is a violation of Sec. 703 of Title VII, [42 U.S.C. Sec. 2000e et seq.].

....

An employer ... is responsible for the acts of its supervisory employees with respect to sexual harassment regardless of whether the specific acts complained of were authorized or even forbidden by the employer and regardless of whether the employer knew or should have known of their occurrence.

FN3. 29 C.F.R. Sec. 1604 was published in the Federal Register at 37 Fed.Reg. 6836 on April 5, 1972.

The Code of Federal Regulations is a special or supplemental edition of the Federal Register, 44 U.S.C. Sec. 1510 (1982), and therefore may be judicially noticed under the Federal Register Act. 44 U.S.C. Sec. 1507 (1982).

FN4. A commercial product commonly used to roll marijuana cigarettes.

Copyright (c) West Group 1998  No claim to original U.S. Govt. works

750 F.2d 703, Crimm v. Missouri Pacific R. Co., (C.A.8 (Mo.) 1984)                    **Page 11**

FN5. Although the district court denied MoPac's
motion for a directed verdict, the court indicated
that appellant had a "very, very weak case" and that
appellant had not produced any substantial
evidence that the reason for his discharge was
pretextual.

*713_ FN6. Instructions No. 2 and No. 3 were taken
from Vol. 3 E. Devitt & C. Blackmar, Federal Jury
Practice and Instructions Sec. 71.01
(Preponderance of the Evidence), and Sec. 72.01
(Credibility of Evidence) (3d ed. 1977).

Copyright (c) West Group 1998  No claim to original U.S. Govt. works

702 F.2d 203, Jones v. Los Angeles Community College Dist., (C.A.9 (Cal.) 1983)    **Page 1**

**\*203**  702 F.2d 203

31 Fair Empl.Prac.Cas.  717,
31 Empl. Prac. Dec. P 33,466, 9 Ed. Law Rep. 1153,
12 Fed. R. Evid. Serv. 1548

Jacqueline M. JONES, Plaintiff-Appellant/Cross-Appellee,
v.
LOS ANGELES COMMUNITY COLLEGE DISTRICT,
Defendant-Appellee/Cross-Appellant.

Nos. 82-5319, 82-5351.
United States Court of Appeals,
Ninth Circuit.
Argued and Submitted Jan. 5, 1983.
Decided March 25, 1983.

Former community college district employee brought Title VII action alleging sex discrimination and a civil rights action alleging that the manner of her termination deprived her of procedural due process. The United States District Court for the Central District of California, A. Wallace Tashima, J., rendered judgment for the district on the Title VII claim, but judgment for the former employee on the procedural due process claim, concluding that the former employee's property and liberty interests were implicated in the termination, and awarding her $9,000. Appeals were taken. The Court of Appeals, Farris, Circuit Judge, held that: (1) substantial evidence supported the district court's finding that the former employee was not terminated because of her sex, but rather because she accepted other employment while on sick leave; (2) the former employee had a property interest in her job and was entitled to a pretermination hearing; (3) the former employee's liberty interest was not implicated where the charges against her were not publicized until after a post-termination hearing; and (4) the former employee did not necessarily experience the same intensity and degree of suffering when a procedural deprivation impaired only a property interest, rather than both a liberty and property interest.

Affirmed in part and reversed and remanded in part.

1.    CIVIL RIGHTS k387
        78    ----
        78II    Federal Remedies
        78II(C)    Proceedings Under Equal
                        Employment
                        Opportunity and Age
                        Discrimination in
                        Employment Acts
        78II(C)3    Civil Actions
        78k382        Weight and Sufficiency of
                            Evidence
        78k387        Sex discrimination.

Formerly 78k44(5)
C.A.Cal. 1983.
    Complainant established prima facie case of sex discrimination under Title VII where evidence showed that she belonged to protected class, was qualified for job she held, and upon her dismissal was replaced by a male;  burden of production thereupon shifted to employer to raise genuine issue of fact as to whether it discriminated against her.  Civil Rights Act of 1964, Sec. 701 et seq., 42 U.S.C.A. Sec. 2000e et seq.

2.    EVIDENCE k268
        157    ----
        157VIII    Declarations
        157VIII(A)    Nature, Form, and Incidents in
                            General
        157k268        Statements showing physical or
                            mental condition;  state
                            of mind.
C.A.Cal. 1983.
    In employment discrimination suit arising out of public employer's termination of woman, employer's hearing officer's proposed decision and memoranda supporting notices of unsatisfactory service issued to employee were not inadmissible as hearsay, since employer did not offer documents to prove truth of allegations therein, but rather to show that it had legitimate basis for believing that employee's conduct warranted termination.

3.    CIVIL RIGHTS k387
        78    ----
        78II    Federal Remedies
        78II(C)    Proceedings Under Equal
                        Employment
                        Opportunity and Age
                        Discrimination in
                        Employment Acts
        78II(C)3    Civil Actions
        78k382        Weight and Sufficiency of
                            Evidence
        78k387        Sex discrimination.

Formerly 78k44(5)
C.A.Cal. 1983.
    In employment discrimination suit, substantial evidence supported district court's finding that woman was not dismissed because of her sex, but rather because she accepted other employment while on sick

Copyright (c) West Group 1998  No claim to original U.S. Govt. works

702 F.2d 203, Jones v. Los Angeles Community College Dist., (C.A.9 (Cal.) 1983)    **Page 2**

leave. Civil Rights Act of 1964, Sec. 701 et seq., 42 U.S.C.A. Sec. 2000e et seq.

4.    COLLEGES AND UNIVERSITIES k8.1(5)
  81 ----
  81k8 Staff and Faculty
  81k8.1 Duration of Employment and
       Removal or Other
       Discipline
  81k8.1(4) Proceedings
  81k8.1(5) Statement of reasons, notice,
       hearing, and
       administrative review.
C.A.Cal. 1983.
 Absent emergency, employee of community college district was entitled to opportunity to confront charges and evidence prior to her termination.

5.    CONSTITUTIONAL LAW k278.5(4)
  92 ----
  92XII Due Process of Law
  92k278.5 Regulations Affecting Schools and
      Education
  92k278.5(2) Staff and Faculty
  92k278.5(4) Proceedings and review.
C.A.Cal. 1983.
 Community college employee's option to meet with dean prior to termination was too remote from decisionmaking process to provide requisite due process where dean did not refer his recommendation to board of trustees, but instead forwarded it to college president, who concurred in his evaluation and in turn sent recommendation to chancellor of district for further review and, even if employee had availed herself of opportunity for hearing, there was no assurance that her statements would have been impartially communicated to board of trustees. 42 U.S.C.A. Sec. 1983.

6.    CONSTITUTIONAL LAW k278.4(5)
  92 ----
  92XII Due Process of Law
  92k278.4 Regulations Affecting Public
      Officers and Employees
  92k278.4(5) Proceedings and review.
C.A.Cal. 1983.
 If charge impairs one's reputation for honesty or morality, procedural protections of due process apply if accuracy of charge is contested, there is some public disclosure of charge, and charge is made in connection with termination of employment or alteration of some right or status recognized by state law. 42 U.S.C.A. Sec. 1983.

7.    CONSTITUTIONAL LAW k278.5(3)

  92 ----
  92XII Due Process of Law
  92k278.5 Regulations Affecting Schools and
      Education
  92k278.5(2) Staff and Faculty
  92k278.5(3) Discipline, suspension,
       discharge, or non-
       renewal of contract.
C.A.Cal. 1983.
 Community college employee's liberty interest was not implicated by statement of charges seeking her termination on ground that she accepted other employment while on sick leave where there was no public disclosure of that charge until after evidentiary hearing which comported with due process. 42 U.S.C.A. Sec. 1983.

8.    CIVIL RIGHTS k271
  78 ----
  78II Federal Remedies
  78II(B) Civil Actions
  78II(B)3 Judgment and Relief
  78k269 Damages
  78k271 Grounds and subjects.

 Formerly 78k13.17
C.A.Cal. 1983.
 Community college district employee terminated without due process in violation of her property rights was entitled only to compensation for actual harm resulting directly from failure to accord her meaningful pretermination hearing. 42 U.S.C.A. Sec. 1983.

9.    CIVIL RIGHTS k273
  78 ----
  78II Federal Remedies
  78II(B) Civil Actions
  78II(B)3 Judgment and Relief
  78k269 Damages
  78k273 Mental suffering, emotional
       distress, humiliation, or
       embarrassment.

 Formerly 78k13.17
C.A.Cal. 1983.
 Mental and emotional distress is compensable under section 1983. 42 U.S.C.A. Sec. 1983.

10.    CIVIL RIGHTS k274
  78 ----
  78II Federal Remedies
  78II(B) Civil Actions
  78II(B)3 Judgment and Relief
  78k269 Damages
  78k274 Measure and amount.

Copyright (c) West Group 1998 No claim to original U.S. Govt. works

Formerly 78k13.17
C.A.Cal. 1983.

Individual did not necessarily experience same intensity and degree of suffering when procedural deprivation impaired only *203 her property interest in her employment rather than both property and liberty interests. 42 U.S.C.A. Sec. 1983.

*204 Gerald Masahiro Sato, Los Angeles, Cal., for plaintiff-appellant/cross-appellee.

Mary L. Dowell, Los Angeles Comm. College Dist., Los Angeles, Cal., for defendant-appellee/cross-appellant.

Frank T. Fekete, Bakersfield, Cal., amicus curiae.

Appeal from the United States District Court for the Central District of California.

Before: FARRIS and ALARCON, Circuit Judges, and SCHWARZER, (FN*) District Judge.

FARRIS, Circuit Judge:

The Los Angeles Community College District dismissed Jacqueline Jones on the principal ground that she accepted other employment while on sick leave. Jones brought this action alleging sex discrimination, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e et seq., and 42 U.S.C. Sec. 1983. During the trial the district court granted Jones's motion under Fed.R.Civ.P. 15(b) to amend her complaint and assert an additional cause of action under 42 U.S.C. Sec. 1983 alleging that the manner of her termination deprived her of procedural due process.

The trial court ruled for the District on the sex discrimination claim finding that Jones's discharge was based upon legitimate, nondiscriminatory grounds. It held for Jones on her procedural due process claim and awarded her $9000 for mental and emotional distress resulting from deprivation of liberty and property interests. Both parties appealed. We affirm but remand *205 for a redetermination of damages since we find that Jones was not deprived of a liberty interest.

I. FACTS

Jones worked as a police officer at Los Angeles Pierce College. She had been a permanent classified employee of the District since 1971. On December 26, 1979, pursuant to Section 88016 of the California Education Code, Jones received notification that Pierce College intended to recommend her dismissal to the District's Board of Trustees. Attached to the notice was a copy of the statement of charges against her. In addition to the allegation of dishonesty in the use of sick leave, the charges included discourteous treatment of fellow employees, inattention to and dereliction of duty, and insubordination. The notice provided that any response should be made within seven days to Dr. Peter R. MacDougall, the Dean of Student Personnel Services at Pierce College. Dr. MacDougall, who had responsibility for investigating the charges, made the initial recommendation regarding Jones's termination. Though Jones had discussed the matter with him during his investigation, she made no response after receiving the formal notice. The Board of Trustees terminated her employment on January 10, 1980. The District's procedure accorded Jones no right to appear before the Board to rebut the allegations.

Jones appealed the decision to the District's Personnel Commission. See Cal.Educ. Code Sec. 88124. A hearing officer conducted her appeal as a formal evidentiary proceeding. Id. Secs. 88125, 88131. The hearing officer found most of the allegations in the statement of charges to be true and determined that in the aggregate they warranted her dismissal. On May 13, 1980, the Personnel Commission adopted the hearing officer's findings and proposed decision.

II. ANALYSIS

A. Sex Discrimination

[1] Jones established a prima facie case of sex discrimination under Title VII. She belongs to a protected class, is qualified for the job she held, and upon her dismissal was replaced by a male. Cf. Lynn v. Regents of the University of California, 656 F.2d 1337, 1340-41 (9th Cir.1981), cert. denied, --- U.S. ----, 103 S.Ct. 53, 74 L.Ed.2d 59 (1982) (tenure decision). The burden of production thus shifted to the District to raise a genuine issue of fact as to whether it discriminated against her. See Texas Department of Community Affairs v. Burdine, 450 U.S. 248, 254-55, 101 S.Ct. 1089, 1094- 1095, 67 L.Ed.2d 207 (1980); McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973); Lynn, 656 F.2d at 1344.

[2] The District relied, among other evidence, on the hearing officer's proposed decision and on memoranda supporting notices of unsatisfactory service issued to Jones between July 1975 and October 1979 to demonstrate that it lacked discriminatory

Copyright (c) West Group 1998  No claim to original U.S. Govt. works

702 F.2d 203, Jones v. Los Angeles Community College Dist., (C.A.9 (Cal.) 1983)    **Page 4**

intent. Jones argues that this evidence is inadmissible hearsay which cannot serve to rebut the presumption of unlawful conduct. However, the District did not offer the documents to prove the truth of the allegations but to show that it had a legitimate basis for believing Jones's conduct warranted termination. The trial court properly considered them for this purpose. See Ostroff v. Employment Exchange, Inc., 683 F.2d 302, 305 (9th Cir.1982) (per curiam).

[3] The District satisfied its burden of coming forward with evidence to rebut the inference of discrimination raised by Jones's prima facie case. Its belief in the truth of the charges was a "legally sufficient" explanation for Jones' termination. See Burdine, 450 U.S. at 255, 101 S.Ct. at 1094- 1095. Jones was therefore required to prove by a preponderance of the evidence that the nondiscriminatory ground for her dismissal was a pretext. See id. at 253, 256, 101 S.Ct. at 1093, 1095; Green, 411 U.S. at 804, 93 S.Ct. at 1825. The trial court found that she had failed to do so. Although Jones introduced evidence that the District conducted no meaningful investigations of *206 male officers accused of dishonest acts, the trial court determined that the only other case of misuse of sick leave involved a male custodian who was discharged. In light of the record as a whole, the trial court's finding that there was no disparate treatment is supported by substantial evidence.

B. Due Process Violation

Due process demands that one be given "an opportunity to be heard 'at a meaningful time and in a meaningful manner.' " Vanelli v. Reynolds School District No. 7, 667 F.2d 773, 779- 80 (9th Cir.1982) (quoting Armstrong v. Manzo, 380 U.S. 545, 552, 85 S.Ct. 1187, 1191, 14 L.Ed.2d 62 (1965)). The District argues that the procedures it followed were substantially the same as those approved in Arnett v. Kennedy, 416 U.S. 134, 94 S.Ct. 1633, 40 L.Ed.2d 15 (1974).

[4] In determining whether the District's procedure comported with due process, the trial court considered the three factors formulated in Mathews v. Eldridge, 424 U.S. 319, 335, 96 S.Ct. 893, 903, 47 L.Ed.2d 18 (1976): the private interest affected by the official action; the risk of an erroneous deprivation of the private interest through the procedures used; and the governmental interest involved. Based on this analysis and our decision in Vanelli, the court ruled that due process required that Jones have a meaningful opportunity to rebut the charges before the District's

Board of Trustees. We agree with the trial court that Vanelli demands that in the absence of an emergency there be an effective opportunity to confront charges and evidence prior to termination. 667 F.2d at 779; accord Skelly v. State Personnel Board, 15 Cal.3d 194, 215, 124 Cal.Rptr. 14, 28- 29, 539 P.2d 774, 788- 89 (1975).

[5] Jones's option to meet with Dean MacDougall was too remote from the decision making process to provide the requisite due process. Dean MacDougall did not refer his recommendation to the Board of Trustees. Instead, he forwarded it to the President of Pierce College, who concurred in his evaluation and in turn sent the recommendation to the Chancellor of the District for further review. Additionally, there is adequate support in the record for the district court's finding that if Jones had availed herself of her opportunity for a hearing, there was no assurance that her statements would have been impartially communicated to the Board of Trustees. In Arnett the applicable federal regulation governing agency dismissals provided that if an employee desired to respond to charges made against him, "the agency shall consider his answer in reaching its decision." 5 C.F.R. Sec. 752.202(b) (current version at 5 C.F.R. Sec. 752.301), quoted in 416 U.S. at 143-44 n. 10, 94 S.Ct. at 1639 n. 10 (opinion of Rehnquist, J.). The regulation also mandated that the agency representatives "designated to hear the answer shall be persons who have authority either to make a final decision on the proposed action or to recommend what final decision should be made." Id. These safeguards against erroneous deprivation distinguish the Arnett procedures from those followed here.

[6] Though the District unconstitutionally deprived Jones of a property right in her employment between her termination on January 10, 1980, by the Board of Trustees and the Personnel Commission's adoption of the hearing officer's decision on May 13, the manner in which the charges were pressed did not implicate a liberty interest. The trial court concluded that by denying Jones a meaningful opportunity to be heard, the District infringed a liberty as well as a property interest. However, in this situation, a liberty interest is implicated only "if a charge impairs [one's] reputation for honesty or morality. The procedural protections of due process apply if the accuracy of the charge is contested, there is some public disclosure of the charge, and it is made in connection with the termination of employment or the alteration of some right or status recognized by state law...." Vanelli, 667 F.2d at 777- 78 (emphasis added); see Bishop v. Wood, 426 U.S. 341, 348, 96 S.Ct. 2074, 2079, 48

Copyright (c) West Group 1998  No claim to original U.S. Govt. works

702 F.2d 203, Jones v. Los Angeles Community College Dist., (C.A.9 (Cal.) 1983)    **Page 5**

L.Ed.2d 684 (1976).

**\*207.** [7] In <u>Vanelli</u> the trial court found public disclosure following the school board's initial procedurally deficient termination proceeding sufficient to adversely affect Vanelli's opportunity for future employment. 667 F.2d at 778 n. 7. Here the trial court made no finding that there had been public disclosure of the charges against Jones prior to the post- termination hearing. Jones's assertion that the Board of Trustees agenda for the date of her dismissal identified her is not persuasive since the document refers to her only by an employee number. Though Jones testified that prospective employers made inquiries into her personnel file and interviewed her about the circumstances surrounding her dismissal, the record does not indicate whether the inquiries were made before or after the Personnel Commission adopted the findings of the hearing officer. Once the charges against Jones were validated at an evidentiary hearing which comported with due process, a subsequent disclosure of the reasons for dismissal would not violate her constitutional rights. Codd v. Velger, 429 U.S. 624, 627-628, 97 S.Ct. 882, 883-884, 51 L.Ed.2d 92 (1977); Beller v. Middendorf, 632 F.2d 788, 806 (9th Cir.1980).

C. <u>Damages</u>

[8][9] Since Jones's dismissal was upheld in the evidentiary hearing, she may not recover for injuries relating to her loss of employment. She is entitled only to compensation for actual harm resulting directly from failure to accord her a meaningful pretermination hearing. See Carey v. Piphus, 435 U.S. 247, 260 & n. 15, 98 S.Ct. 1042, 1050- 1051 n. 15, 55 L.Ed.2d 252 (1978); Vanelli, 667 F.2d at 781. Jones claims that she has suffered mental and emotional distress. While such harm is compensable under 42 U.S.C. Sec. 1983, she must still demonstrate that her injury resulted directly from the wrongful deprivation of due process. Carey, 435 U.S. at 264, 98 S.Ct. at 1052-1053.

The trial court awarded Jones's $9000 "for the mental and emotional distress actually caused by the deprivation of plaintiff's liberty and property interests without due process between January 10 and May 13, 1980." Memorandum Decision at 10. The record supports the finding that Jones suffered mental and emotional distress because she believed that the District treated her unfairly. This is not a case in which the complainant did not know that there had been a due process violation until she enlisted the aid of counsel to challenge a perceived substantive violation. Id. at 263, 98 S.Ct. at 1052. Jones asked Dr. MacDougall for an investigatory hearing prior to her dismissal and the request was denied.

[10] Since the District did not impair a liberty interest, the damage award should have been based solely on Jones's right to due process protection of her property in employment. "We cannot say, as a matter of law, that an individual will experience the same intensity and degree of suffering when a procedural deprivation impairs both a liberty and property interest as when it impairs only a property interest...." Vanelli, 667 F.2d at 781. We thus remand to allow the district court to reconsider its damage award in the light of our holding that Jones failed to establish an impairment of her liberty interest.

AFFIRMED in part and REVERSED and REMANDED in part.
FN* The Honorable William W Schwarzer, United States District Judge for the Northern District of California, sitting by designation.

Copyright (c) West Group 1998  No claim to original U.S. Govt. works