# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6107-CIV-FERGUSON/SNOW

STEVE HARRIS,

    Plaintiff,

v.

DAYTON HUDSON CORPORATION
d/b/a TARGET STORES,

    Defendant.

_____/

### DEFENDANT'S OBJECTIONS AND REQUESTS FOR PAGE /LINE DESIGNATIONS TO VAN SAVAGE'S DEPOSITION AND MOTION TO PRECLUDE ENTRY OF ENTIRE DEPOSITION INTO EVIDENCE

Defendant, **TARGET CORPORATION** ("Target"), submits its objections to certain portions of witness Robert Van Savage's ("Deponent") deposition and identifies its page/line designations. Target also requests that the Court preclude Plaintiff from reading Deponent's entire deposition into evidence for it would waste the Court's time and resources.

### READING THE ENTIRE DEPOSITION WOULD WASTE THE COURT'S TIME AND RESOURCES

Before trial commenced, Plaintiff's counsel stated that his case-in-chief would last 2 days. We are now starting the third day of trial and Plaintiff has not even completed his testimony or has concluded his case-in-chief. By the end of Monday, the third day of trial, Plaintiff will have presented 13 witnesses, and intends to present Deponent's entire deposition testimony (the 14th witness) into evidence.

1

The Court should preclude Plaintiff from presenting a 2 hour and 42 minute deposition. Much of the Deponent's testimony is irrelevant and duplicative of Plaintiff's testimony. The Court should not incur a three-hour delay given that Deponent was not involved in the termination decision and was not involved in the investigation of Plaintiff. Deponent's testimony's relevancy, if any, is that he interviewed Plaintiff before Plaintiff was hired and that he supervised Plaintiff in 1996 and 1997. Accordingly, Target respectfully request that Plaintiff be ordered to limit his presentation to only the relevant portions of Deponent's testimony.

<b><u>PAGE/LINE OBJECTIONS TO DEPONENT'S TESTIMONY</u></b>

- **Page 27 line 10 through Page 28 line 11:**

  <u>**OBJECTION**</u>: Testimony sought is hearsay because it involves conversations between Joe Murphy (a recruiter) and Deponent.

- **Page 39 line 3 to Page 44 line 25:**

  <u>**OBJECTION**</u>: Testimony involves an argument between the attorneys regarding documents which Deponent had requested and received from Joe Murphy (a recruiter). The testimony relates to a discovery dispute.

- **Page 50 line 9 through Page 53 line 4:**

  <u>**OBJECTION**</u>: This line of questioning is irrelevant and calls for speculation. Deponent has no way of knowing what Terry Gillespie meant by his statement that he "did not see Steve Harris," where Deponent admits that such were the only words Gillespie uttered at the time he made the alleged statement and which is years before Plaintiff's termination. In addition, Gillespie made the alleged statement regarding Harris' promotion; in this case, Harris has made no allegation of discrimination regarding his promotion to Store Manager. Therefore, the line of questioning is irrelevant. Lastly, since Gillespie made no reference to race when he made the statement, such statement is likewise irrelevant.

SHUTTS & BOWEN LLP / 1500 MIAMI CENTER / 201 SOUTH BISCAYNE BOULEVARD / MIAMI, FLORIDA 33131 / (305) 358-6300

- **Page 54 lines 8 through 17:**

    **OBJECTION**: This line of questioning is leading, assumes facts not in evidence, and mischaracterizes the evidence.

- **Page 58 line 19 through Page 61 line 12:**

    **OBJECTION**: First, this line of questioning involves hearsay testimony as to conversations between Deponent and Joe Murphy. Murphy's statements are statements made by an out of court declarant introduced to prove the matter asserted in the statements. Second, this line of questioning involves the $3,000 finder's fee that Target paid Murphy in 1994 which is irrelevant and immaterial to Harris' termination in 1999. Deponent's allegations that Target did not pay Murphy his full commission for recruiting Harris is irrelevant and Harris has made no claim about Murphy's fee in his case.

- **Page 64 line 23 through Page 65 line 15:**

    **OBJECTION**: This line of questioning is leading.

- **Page 65 line 20 through Page 65 line 25:**

    **OBJECTION**: This line of questioning is leading.

- **Page 67 line 18 through Page 71 line 25:**

    **OBJECTION**: This line of questioning involves Harris' reviews for 1995, 1996, and 1997, when Harris was an assistant manager and *not* a store manager. Such testimony is irrelevant. Moreover, the testimony is cumulative under Fed. R. Evid. 403 since Plaintiff has previously testified at trial to his evaluations and his reviews for these years.

- **Page 72 line 1 through Page 76 line 19:**

    **OBJECTION**: First, this line of questioning involves store 391 (a West Palm Beach Target store) which is not the store Harris worked as a store manager. Rather, Harris worked at store 391 as an assistant manager during 1996 and 1997. Accordingly, the testimony sought is irrelevant. Moreover, the testimony involves the racial make-up of Target store 391 and Deponent's belief that the store's management did not racially reflect the community. Second, such testimony is unduly prejudicial under

SHUTTS & BOWEN LLP / 1500 MIAMI CENTER / 201 SOUTH BISCAYNE BOULEVARD / MIAMI, FLORIDA 33131 / (305) 358-6300

Fed. R. Evid. 403 since it is intended to mislead the jury that this case involves the composition of a West Palm Beach store that is unrelated to this case. Third, Deponent admits that his observations as to the racial composition occurred before Mr. Gillespie supervised the Florida region. Fourth, the question on Page 74 line 1 through Page 76 line 19 is leading.

- **Page 78 line 1 through Page 78 line 15:**

    **OBJECTION**: The colloquy between the lawyers should be redacted.

- **Page 84 line 25 through Page 85 line 18:**

    **OBJECTION**: These questions are leading.

- **Page 95 line 24 through Page 96 line 5:**

    **OBJECTION**: These questions are leading.

- **Page 96 lines 6 through 22:**

    **OBJECTION**: This line of questioning assumes facts not in evidence, mischaracterizes the evidence, and calls for a lay opinion.

- **Page 100 line 2 through Page 106 line 8:**

    **OBJECTION**: This line of questioning assumes facts not in evidence and mischaracterizes the evidence. Harris' attorney presents a hypothetical based on untrue and unestablished facts.

- **Page 106 line 9 through Page 110 line 112:**

    **OBJECTION**: This line of questioning involves a March 10, 1999 letter from the Target Credit Card department to Mrs. Harris. The letter was sent *after* Plaintiff's termination. Deponent has never seen the document. Plaintiff's counsel is asking Deponent for his lay opinion about the letter and to speculate about the termination. Plaintiff's counsel is also making a hypothetical on unestablished facts. Deponent's testimony is no more than his speculation based on a hypothetical that is founded on unestablished facts. In addition, Plaintiff's attorney's questions are leading.

- **Page 112 line 14 through Page 113 line 4:**

    **OBJECTION**: Conversations between the attorneys and Deponent are irrelevant.

- **Page 117 lines 1 through 12:**

    **OBJECTION**: Conversations between the attorneys and Deponent are irrelevant.

- **Page 118 line 3 through Page 121 line 3:**

    **OBJECTION**: This line of questioning involves whether Deponent has heard of other lawsuits filed by African-American employees. Plaintiff also discusses two employees, one of which is based on information retrieved by Plaintiff's counsel from the internet. Deponent has no personal knowledge as to the internet article or the alleged employee. The statements made by Plaintiff's counsel -- which Deponent has no knowledge -- are unduly prejudicial and not probative under Fed. R. Evid. 403. Statements as to allegations of discrimination by other employees are intended to mislead the jury, confuse the issues, and their prejudicial effect substantially outweighs any probative value.

- **Page 122 line 15 through Page 123 line 22:**

    **OBJECTION**: This line of questioning involves damages. Damages are immaterial to this portion of the trial. Moreover, the testimony as to what effect a termination would have on obtaining employment in another retail company calls for speculation and a lay opinion by Deponent.

5

- **Page 123 line 24 through Page 129 line 24:**

    **OBJECTION**: This line of questioning involves damages. The testimony discusses increases in salary, promotions, profit sharing, etc. The testimony also calls for speculation and a lay opinion as to "what if" Harris was not terminated.

- **Page 129 line 25 through Page 132 line 3:**

    **OBJECTION**: This line of questioning involves opinion testimony for Harris' performance from 1994 to December 1998. The testimony is duplicative and cumulative of Harris' trial testimony, as well as irrelevant. Moreover, since Deponent did not supervise Harris in late 1997, 1998, and 1999, the testimony would be speculative.

- **Page 139 lines 7 through 25:**

    **OBJECTION**: This line of questioning involves opinion testimony.

- **Page 152 line 8 through Page 155 line 8:**

    **OBJECTION**: This line of questioning involves testimony about Tillman, an employee who has absolutely nothing to do with this case. Statements that an employee felt discriminated (and the employee did not file a charge of discrimination or a lawsuit) will mislead the jury, confuse the issues, and the prejudicial effect will substantially outweigh any probative value.

- **Page 155 line 9 through Page 158 line 18:**

    **OBJECTION**: This line of questioning involves damages and rehiring.

- **Page 156 line 19 through Page 161 line 12:**

    **OBJECTION**: This line of questioning involves conversations between the attorneys and Deponent and, consequently, is irrelevant.

SHUTTS & BOWEN LLP / 1500 MIAMI CENTER / 201 SOUTH BISCAYNE BOULEVARD / MIAMI, FLORIDA 33131 / (305) 358-6300

- **Page 161 line 16 through page 165 line 5:**

  **OBJECTION**: This line of questioning regarding Gillespie's comment involves testimony which has been repeatedly asked and answered before in the deposition. Its admission would only be repetitive of Deponent's prior testimony. The questions posed by Plaintiff's counsel are also leading. Plaintiff's counsel is testifying, argumentative, and mischaracterizing the testimony since it is based on facts not in evidence. Moreover, the testimony calls for speculation by Deponent, as well as hearsay.

- **Page 165 line 6 through Page 167 line 21:**

  **OBJECTION**: This line of questioning is leading and assumes facts not in evidence. According to Plaintiff and Deponent, Deponent stated "good old boy" in reference to Target. Plaintiff's counsel has taken such testimony and has transformed it to now allege that Gillespie had made the statement. Plaintiff's counsel's questions mischaracterize the facts, assume facts not in evidence, and mislead the jury. Moreover, the questions seeks a lay opinion from Deponent as to whether Gillespie is a racist. Such testimony invades the province of the jury.

- **Page 167 line 22 through Page 169 line 1:**

  **OBJECTION**: This line of questioning involves testimony about Tillman, an employee who has absolutely nothing to do with this case. Statements that an employee felt discriminated (and the employee did not file a charge of discrimination or a lawsuit) will mislead the jury, confuse the issues, and the prejudicial effect will substantially outweigh any probative value.

- **Page 169 lines 2 through 19:**

  **OBJECTION**: This line of questioning involves damages and rehiring.

- **Page 169 line 20 through Page 173 line 25:**

  **OBJECTION**: This line of questioning involves whether Target knew how to locate Deponent. The testimony is irrelevant in this case.

SHUTTS & BOWEN LLP / 1500 MIAMI CENTER / 201 SOUTH BISCAYNE BOULEVARD / MIAMI, FLORIDA 33131 / (305) 358-6300

## TARGET'S PAGE/LINE DESIGNATIONS

Target submits the following page/line designations so that Deponent's testimony can be efficiently and completely presented to the jury:

- Page 9 lines 2 through 18

- Page 22 line 18 through Page 24 line 6

- Page 28 lines 12 through 16

- Page 56 line 12 through Page 57 line 16

- Page 86 line 8 through Page 87 line 10

- Page 88 line 14 through Page 89 line 21

- Page 90 line 15 through Page 93 line 2

- Page 95 lines 4 through 23

- Page 97 line 2 through Page 99 line 20

- Page 113 line 6 through Page 114 line 13 (only if testimony of "good old boy" statement is introduced)

- Page 114 line 23 through Page 115 line 3

- Page 135 line 12 through Page 137 line 2

- Page 138 line 9 through Page 139 line 6

- Page 140 lines 2 through 15

- Page 142 line 9 through Page 143 line 11

- Page 143 line 19 through Page 144 line 6

- Page 149 lines 2 though 5

8

Respectfully submitted,

SHUTTS & BOWEN LLP
Attorneys for Defendant
201 South Biscayne Boulevard
1500 Miami Center
Miami, Florida 33131
(305) 358-6300
(305) 347-7386 (facsimile)

By: _____
Sheila M. Cesarano
Florida Bar Number 708364
Rene Gonzalez-LLorens
Florida Bar Number 0053790

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served via facsimile and U.S. Mail on this __14__ day of October, 2001 to:

Richard J. Burton, Esq.
Richard J. Burton & Associates, P.A.
18305 Biscayne Boulevard, Suite 300
Miami, Florida 33160.
Tel: (305) 705-0888
Fax: (305) 935-9542
Attorney for Plaintiff

_____
OF COUNSEL

MIADOCS 462316.1 RGL

9