## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6107-CIV-FERGUSON/SNOW

STEVE HARRIS,

    Plaintiff,

v.

DAYTON HUDSON CORPORATION
d/b/a TARGET STORES,

    Defendant.
_____/



### DEFENDANT'S BRIEF IN SUPPORT OF SUBMITTING LIMITING JURY INSTRUCTIONS ON STRAY REMARKS

Defendant, **TARGET CORPORATION** ("Target"), submits its brief in support of submitting limiting jury instructions involving stray remarks, since these remarks are unrelated to the employment decision to terminate Plaintiff **STEVE HARRIS** ("Plaintiff") and lack any temporal proximity to the termination decision.

### ANALYSIS

Racially derogatory statements can be direct evidence if the comments were (1) made by the decisionmaker responsible for the alleged discriminatory act *and (2) made in the context of the challenged decision.* See Vickers v. Federal Express Corp., 132 F. Supp. 2d 1371, 1378 (S.D. Fla. 2000) (citing Wheatley v. Baptist Hosp. of Miami, Inc., 16 F. Supp. 2d 1356, 1359-60, aff'd, 172 F.3d 882 (11th Cir. 1999)). However, if an alleged statement fails either prong, the statement is considered a "stray remark" and does not constitute direct evidence of discrimination. Vickers, 132 F. Supp. 2d at 1378. This Court recently stated:



---

> ***Stray, insensitive remarks are not direct evidence of discrimination if not tied to an alleged employment action.*** Evans v. McClain of Georgia, Inc., 131 F.3d 957, 962 (11th Cir. 1997). Thus a plaintiff cannot rely on remarks as direct evidence of discrimination unless they were uttered by the decision-maker in the challenged action or, at the very least, by someone involved or having an influence on the decisional process. . . . Even assuming that the statement amounted to something more than a stray remark, which the Court finds it does not, Plaintiff has failed to link this statement to any alleged adverse employment action, and has failed to establish what influence, if any, had on any decisions that affect Plaintiff.

Miller v. City of Coral Gables, Case. No. 99-2301-Civ-Huck, 2000 WL 33231604, *4 (S.D. Fla. Oct. 3, 2000) (emphasis added).

As the U.S. Supreme Court's plurality opinion explained in Price Waterhouse v. Hopkins, 490 U.S. 228, 109 S.Ct. 1775, 1791 (1989):

> Remarks at work that are based on sex [here race] stereotypes do not inevitably prove that gender [race] played a part in a particular employment decision. The plaintiff must show that the employer actually relied on her gender [race] in making its decision.

Id. 109 S.Ct. at 1791. Justice O'Connor's concurring opinion expanded by stating:

> Stray remarks in the work place ... cannot justify requiring the employer to prove that its ... decisions were based on legitimate criteria. ***Nor can statements by non-decision makers or statements by decision makers unrelated to the decisional process itself suffice to satisfy the plaintiff's burden in this regard.***

Id. at 1804 (emphasis added). Unless the remarks which Plaintiff relies were related to his termination dated March 5, 1999, these remarks cannot be evidence of a discriminatory termination.

In Wyvill v. United Companies Life Ins. Co., 212 F.3d 296 (5th Cir. 2000), the plaintiffs sued their former employer alleging a violation of the ADEA. During trial, the plaintiffs testified on several age-related comments made by their employer's CEO, Terrel Brown, Sr., as proof of an age-based discriminatory intent. The age-based statements included the following:

-2-

> Former employee Jim Davis testified that "[Brown, Sr.] felt that ... the world had passed [some of the older employees] by, that [the older employees] were just too old to get the job done, and that we should either find another position for them or terminate them." Former employee Joe Phillips testified that "in the early nineties, [Brown, Sr.] told me that he wanted the company to be mean and lean, and he wanted to go to a young, aggressive group of people." Phillips further testified that Brown, Sr. generally wanted to "get rid of the people that were [currently employed at United Companies] so that we can make more money, be more aggressive, more productive." Former employee Garold Cooke testified that Brown Sr. "wished [the older men in corporate headquarters] would go away so that [Brown, Sr.] could get some new blood in the company."

Id. at 304. The Fifth Circuit found that the comments were improperly admitted, in part, because they were unrelated to the time of the adverse employment action:

> Assuming, as plaintiffs allege, that Brown, Sr. was one of the decision-makers in the terminations of Wyvill and Waldrop, his "stray remarks" are insufficient to create an inference of age discrimination. See, e.g., Waggoner v. City of Garland, 987 F.2d 1160, 1166 (5th Cir. 1993); Turner v. North American Rubber, Inc., 979 F.2d 55, 59 (5th Cir. 1992). In order for an age-based comment to be probative of an employer's discriminatory intent, ***it must be direct and unambiguous,*** allowing a reasonable jury to conclude without any inferences or presumptions that age was a determinative factor in the decision to terminate the employee. Equal Employment Opportunity Commission v. Texas Instruments, Inc., 100 F.3d 1173, 1181 (5th Cir. 1996), citing Bodenheimer v. PPG Industries, Inc., 5 F.3d 955, 958 (5th Cir. 1993). Brown's remarks do not satisfy this test. ***They are neither direct and unambiguous, nor were they tied to a time frame relevant to this case.*** These remarks were not probative on the ultimate question of age discrimination against Waldrop and Wyvill.

Id. at 304 (emphasis added). The Fifth Circuit vacated the jury verdict and remanded the case ordering the entry of judgment for the employer.

In Robin v. Espo Engineering Corp., 200 F.3d 1081 (7th Cir. 2000), the plaintiff, who was terminated on September 27, 1996, sued his former employer for age, religion, and disability discrimination under the ADEA, the ADA, and Title VII. The plaintiff offered several remarks made by the employer's CEO and the CEO's son, both whom owned and managed the employer and who were the decisionmakers, as direct evidence of

-3-

discrimination. Specifically, the plaintiff alleged that the decisionmakers had made the following comments:

(1) In 1994, one of the decisionmakers referred to plaintiff as an "old S.O.B" and described him as getting to old." <u>Id.</u> at 1089.

(2) In 1995 and in 1996, the two decisionmakers respectively told other employees that "if they fired [the plaintiff], they would get in trouble because he was sick." <u>Id.</u>

The Seventh Circuit found that the above comments could not be direct evidence of discrimination because the remarks lacked temporal proximity to the termination decision:

> When proceeding under the direct proof method, in order for allegedly discriminatory remarks to "qualify as direct evidence of discrimination, the plaintiff must show that the remarks were related to the employment decision in question." <u>Fuka v. Thomson Consumer Elecs.</u>, 82 F.3d 1397, 1403 (7th Cir. 1996) (quotation omitted). Esposito Sr.'s references to Plaintiff as an "old S.O.B." and "getting too old," **lack temporal proximity to the employment decision because they occurred in 1994, two years prior to Robin's discharge on September 27, 1996.** Further, without any evidence presented by Robin to the contrary, these statements, the "old S.O.B." comment in particular, appear to have been made in the context of random office banter. Indeed, "conversational jabs in a social setting" do not constitute evidence of intent to fire for an impermissible reason. <u>See Hoffman</u>, 144 F.3d at 1122. Thus, without more evidence, we will not read invidious intent into isolated comments that, standing alone, are hardly offensive and remote in time to the discharge. **Accordingly, because Esposito Sr.'s isolated, age-related comments were not "contemporaneous with the discharge or causally related to the discharge decision making process,"** <u>Kennedy v. Schoenberg, Fisher & Newman, Ltd.</u>, 140 F.3d 716, 723 (7th Cir.), <u>cert. denied</u>, 525 U.S. 870, 119 S.Ct. 167, 142 L.Ed.2d 136 (1998), **they are insufficient to create a triable issue of material fact regarding age discrimination.** <u>See Fortier v. Ameritech Mobile Comm., Inc.</u>, 161 F.3d 1106, 1113 (7th Cir. 1998).

<u>Id.</u> at 1089 (emphasis added).

Similarly, in <u>McCarthy v. Kemper Life Ins. Companies</u>, 924 F.2d 683 (7th Cir. 1991), the plaintiff was terminated after his employer discovered that he had submitted fraudulent expense reports. The plaintiff sued the employer alleging race discrimination and relied

SHUTTS & BOWEN LLP
MIAMI    FORT LAUDERDALE    WEST PALM BEACH    ORLANDO    TALLAHASSEE    AMSTERDAM    LONDON

upon previously-made racist remarks as evidence. The Seventh Circuit concluded that, in order to suffice as evidence of racial animus in support of a disparate treatment claim, the racial remarks ***must be relatively contemporaneous to the termination of employment and must be "related to the employment decision in question."*** Id. at 686-87. Specifically, the McCarthy court held that racial remarks made two years before the plaintiff's discharge, and made either by persons who were not decisionmakers or, if made by the plaintiff's supervisors, uttered in unrelated contexts, were not probative of discrimination.

In Cone v. Longmont United Hosp. Ass'n, 14 F.3d 526 (10th Cir. 1994), the plaintiff sued her former employer, a hospital, alleging that she was terminated on October 2, 1989, in violation of the ADEA. The plaintiff presented three age-based comments made by the hospital CEO and the personnel director: (1) the hospital CEO stated that two older women were terminated because the hospital "need[s] some new young blood;" (2) the hospital CEO stated during a meeting in May 1986 that "long-term employees have a diminishing return;" and (3) the personnel director stated that "long-term employees have a diminishing return." Id. at 531. The Tenth Circuit found that the comments were stray remarks and insufficient to create a jury issue in an ADEA case since they had no nexus to the employment decision:

> Isolated comments, unrelated to the challenged action, are insufficient to show discriminatory animus in termination decisions. [The plaintiff] must demonstrate a nexus exists between these allegedly discriminatory statements and the hospital's decision to terminate her. [The plaintiff] has not demonstrated a nexus between these comments and her automatic termination.

Id. at 531 (citations omitted).

As the above cases reveal, the stray remarks purportedly made by Joe Toscano (a non-decisionmaker) and Robert Van Savage (a non-decisionmaker) in a boat parade in 1994 or 1995, or in a Christmas party in 1996 or 1997, cannot constitute direct evidence of discrimination since these statements were made years before Plaintiff's termination (March 5, 1999) and were not made in the context of the challenged decision. Similarly, the alleged comments by Terry Gillespie that "Why don't I see Harris" was made before Plaintiff's promotion in 1997, and the purported statements by Hasting of, "How does a brother afford a Viper," was made in the Summer of 1998. Gillespie's and Hasting's alleged comments are, at most, stray remarks because they were not made in the context of the termination decision. Accordingly, the Court should grant a limiting instruction on stray remarks.

## CONCLUSION

For the reasons set forth above, the Court should find that the stray remarks testified to by Plaintiff and his wife do not demonstrate discrimination since the comments are not near in time to the adverse employment action and are unrelated to Plaintiff's termination.

SHUTTS & BOWEN LLP
Attorneys for Defendant
201 South Biscayne Boulevard
1500 Miami Center
Miami, Florida  33131
(305) 358-6300
(305) 347-7386 (facsimile)

By: _____
Sheila M. Cesarano
Florida Bar Number 708364
Rene Gonzalez-LLorens
Florida Bar Number 0053790

SHUTTS & BOWEN LLP
MIAMI        FORT LAUDERDALE        WEST PALM BEACH        ORLANDO        TALLAHASSEE        AMSTERDAM        LONDON

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was hand-delivered on this 22 day of October 2001, to

Richard J. Burton, Esq.
Richard J. Burton & Associates, P.A.
18305 Biscayne Boulevard, Suite 300
Miami, Florida 33160.
Tel: (305) 705-0888
Fax: (305) 935-9542
Attorney for Plaintiff

OF COUNSEL

MIADOCS 463722.1 RGL