## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6107-CIV-FERGUSON

STEVE HARRIS,

    Plaintiff,

v.

DAYTON HUDSON CORPORATION
d/b/a TARGET STORES,

    Defendant.

_____/



FILED by ___ D.C.
OCT 22 2001
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

## COURT'S INSTRUCTIONS TO THE JURY

Members of the Jury:

I will now explain to you the rules of law that you must follow and apply in deciding this case.

When I have finished you will go to the jury room and begin your discussions--what we call your deliberations.

In this case, Steve Harris is the plaintiff, and Target Corporation is the defendant. For the remainder of my instructions to you, I will refer to the plaintiff as "Harris" and the defendant as "Target."

## CONSIDERATION OF THE EVIDENCE
## <u>DUTY TO FOLLOW INSTRUCTIONS</u>

In deciding the case you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice.

When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for any of the acts and statements of its employees which are made within the scope of their duties as employees of the company.

In your deliberations you should consider only the evidence -- that is, the testimony of the witnesses and the exhibits I have admitted in the record -- but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, an ultimate conclusion.

Remember that anything the lawyers say is not evidence in the case. It is your own recollection and interpretation of the evidence that controls.

## **CREDIBILITY OF WITNESSES**

Now, in saying that you must consider all of the evidence, I do not mean that you must accept all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling. You may decide that the testimony of a smaller number of witnesses concerning any fact in dispute is more believable than the testimony of a larger number of witnesses to the contrary.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the person impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness's testimony differ from other testimony or other evidence?

## **IMPEACHMENT OF WITNESSES**
### **(Inconsistent Statement)**

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony he or she gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

## **BURDEN OF PROOF**

In this case, it is the responsibility of Harris to prove every essential part of his claim by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence which is enough to persuade you that Harris' claim is more likely true than not true.

In deciding whether any fact has been proved by a preponderance of the evidence you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of Harris' claim by a preponderance of the evidence, you should find for Target as to that claim.

## TITLE VII AND SECTION 1981 - - RACE DISCRIMINATION IN EMPLOYMENT

In this case Harris makes a race discrimination claim under the Federal Civil Rights statutes that prohibit employers from discriminating against employees in the terms and conditions of their employment because of race.

More specifically, Harris claims that he was discharged by Target because of his race.   Target denies that Harris was discriminated against in any way and asserts that Harris was discharged for gross negligence, violating company policy, and becoming a security risk.

In order to prevail on this claim, Harris must prove each of the following facts by a preponderance of the evidence:

*First*:   That he was discharged from employment by Target; and

*Second*:   That his race was a substantial or motivating factor that prompted Target to take that action.

You should be mindful that the law applicable to this case requires only that an employer not discriminate against an employee because of the employee's race.  So far as you are concerned in this case, an employer may take an employment action for any other reason, good or bad, fair or unfair, and you must not second guess that decision or permit any sympathy for the employee to lead you to substitute your own judgment for that of Target even though you personally may not favor the action taken and would have acted differently under the circumstances.  Neither does the law require an employer to extend any special or favorable treatment to employees because of their race.

On the other hand, it is not necessary for Harris to prove that Harris' race was the

sole or exclusive reason for Target's decision. It is sufficient if Harris proves that race was a determinative consideration that made a difference in Target's decision.

If you find in Harris' favor with respect to each of the facts that Harris must prove, you must then decide whether Target has shown by a preponderance of the evidence that Harris was terminated for other reasons even in the absence of consideration of Harris' race. If you find that Harris was terminated for reasons apart from Harris' race, then your verdict should be for Target.

## **STRAY REMARKS**

In order for a discriminatory comment to be probative of Target's intent to discriminate, the comment must have been made by the decision-maker who decided to terminate Harris' employment, or must have been made in the presence of the decision-maker who took no corrective action or made no disclaimer.  If you find that any discriminatory comments made to Harris were not made by, or in the presence of the decision-maker, the comments alone have no probative value.

Insensitive remarks made in the workplace have probative value only if they tend to prove or disprove that the decision to terminate the plaintiff was race-related.  Stray remarks made in the workplace cannot be relied upon as proof of discrimination unless the plaintiff can show that they were related to, or had some influence on Target's decision to terminate his employment.

## DUTY TO DELIBERATE

Any verdict you reach in the jury room must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case, do not hesitate to re-examine your own opinion and change your mind if you become convinced that you are wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges--judges of the facts. Your only interest is to seek the truth from the evidence in the case.

## ELECTION OF FOREPERSON
## EXPLANATION OF VERDICT FORM

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in Court.

You will be given a special form of verdict, which consists of multiple questions to be answered YES or NO. I will read to you the form of verdict. The answer to each question must be the unanimous answer of the jury.

You will take the verdict form to the jury room and when you have reached unanimous agreement, you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.