UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

STEVE HARRIS,                          Case No. 00-6107-CIV-FERGUSON

    Plaintiff,

vs.

DAYTON HUDSON CORPORATION
d/b/a TARGET STORES,

    Defendant.
_____/



FILED by _____ D.C.

FEB 20 2002

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

## ORDER ON PLAINTIFF'S MOTION FOR JUDGMENT AS A MATTER OF LAW, OR IN THE ALTERNATIVE, MOTION FOR NEW TRIAL

The Plaintiff, Steve Harris ("Harris"), brought this action alleging that the Defendant, Dayton Hudson Corporation d/b/a Target Stores ("Target"), discriminated against him in the workplace based on his race.[1] In response Target claimed it fired Harris because he (1) presented a false receipt to Target; (2) retained funds based upon the discrepancy in the receipt; (3) could not verify how much money he had returned to Target; (4) used his corporate charge card for personal purposes; (5) allowed his corporate charge to go into arrears; (6) borrowed money from other Target employees and encouraged them to assist him in errands; (7) failed to timely submit payments for his personal Target credit card which was closed because it was in arrears; and (8) repaid his revoked Target credit card during the course of over a year. Target claims that these infractions of its policies are

---

[1] Also included in the complaint were claims of libel and slander based on communications that Target allegedly had with Harris' potential future employers. This Court's August 10, 2001 Order granted summary judgment for Target on the libel and slander claims after finding that Harris failed to produce any evidence that Target knowingly disseminated false statements to prospective employers.

proof that Harris was a safety risk who could no longer remain in Target's employ.

Harris claimed that these reasons were pretextual because Target promoted him to Store Manager after it had knowledge of some of his early violations of company policies such as using the company issued American Express card for personal purchases. The evidence did not show that this infraction continued after Harris was promoted. Harris also proffered two specific examples where other employees violated similar company policies, resulting in monetary loss to Target, and were not terminated. Further Harris alleged that his supervisors often inquired about his marriage to a Caucasian woman, and ability of a "brother" to own luxury vehicles. Because a fact-finder could find Target's proffered reasons for Harris' termination pretextual, this Court denied Target's summary judgment motion on the disparate treatment claim.

The case proceeded to trial from October 10, 2001 to October 22, 2001 and a jury verdict was entered for Target. The case is before the Court on Harris' Motion for Judgment as a Matter of Law, or in the alternative, Motion for New Trial [D.E. 141].

### Target's Representations at Trial

During opening statements, Target's counsel said she would establish several incidents involving Harris' inappropriate conduct which caused his termination. For example, she stated that "witnesses [would] testify" that Harris used employees to do his personal chores and borrowed money from them without paying them back.[2] Counsel also asserted that Harris purchased store merchandise through misrepresentation and deceit and that his personal financial problems rendered him a security threat.

---

[2] Def.'s Opening Statement Tr., p. 20-22

2

Harris' counsel repeatedly objected that these allegations were inadmissible hearsay,"not part of the charging material", and amounted to "new [information] being used"[3] to justify the suspension and firing. The Court warned Target's counsel that "these are some powerful statements to say the least" and that failure to substantiate them would "be the end of this trial".[4] After being warned of the dire consequences of not supporting allegations made during opening statements, Target's counsel continued to make generalizations, based in part on information gathered after the adverse employment action had taken place, regarding Harris' security risk status.[5] Harris' counsel again objected to these "new theor[ies] of the case [because] this [was] something that [was] just coming in to inflame the jury...."[6] The Court responded that Target had "heard [its] admonition".[7]

Despite the warnings, Target's counsel failed to demonstrate that some of the proffered reasons for Harris' discharge were known by it before the termination decision was made. Instead, Target's counsel continued to present irrelevant "other reason" evidence and unsupported theories throughout the trial which were seemingly abandoned during closing arguments. In fact one of the decision-makers testified that the termination decision was based on the incident involving a January

---

[3] Id. at 19.

[4] Id. at 21.

[5] Examples: (a) opening statement made by defense counsel that the store managed by Harris was in such "bad shape" that a holiday audit was cancelled even though management performance was not stated by Target as a ground for discharging Harris; (b) evidence that a check drawn on an account in the name of Harris and his wife had been returned for insufficient funds whereas the evidence showed that the return was caused by a bank error; and (c) a statement given by a former employee, at the request of the defendant decision-maker, accused Harris of dishonesty in purchasing merchandise where a similar purchase had been made by another manager or employee.

[6] Id. at 22.

[7] Id.

1999 expenditure of company funds for a party.

### The Jury's Verdict

Jury deliberations for over five (5) hours resulted in a verdict finding a discriminatory motive but legitimate grounds for firing Harris. The jury found that "Mr. Harris' race was a substantial or motivating factor that prompted Target to [discharge him]" but that Harris "would have been discharged from employment for other reasons even in the absence of consideration of his race".[8] This Court concludes that the jury, in all likelihood, based its determination on irrelevant evidence including allegations by former disgruntled subordinates as to store mismanagement by Harris.

### ISSUES PRESENTED

The issue raised is whether a plaintiff is entitled to a new trial in an employment discrimination case where the defendant promises to present proof of misconduct by the plaintiff as grounds for termination, where the evidence is unrelated to the reason given for the employee discharge, was known to the employer before the plaintiff was promoted to management, and is based, in part, on information discovered after the adverse employment action was taken.

### DISCUSSION

The Federal Rule of Civil Procedure governing the standard for reviewing motions for new trials states:

> If, for any reason, the court does not grant a motion for judgment as a matter of law made at the close of all the evidence, the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion. The movant may renew its request for judgment as a matter of law by

---

[8] Jury Verdict Form

>   filing a motion no later than 10 days after entry of judgment--and
>   may alternatively request a new trial or join a motion for a new trial
>   under Rule 59. In ruling on a renewed motion, the court may:
>       (1) If a verdict was returned:
>           (A) allow the judgment to stand;
>           (B) order a new trial, or
>           (C) direct entry of judgment as a matter of law. . . .

Fed. R. Civ. P. 50(b).

When considering a motion for new trial, the Court may review the evidence and set aside a verdict because it is against the clear weight of the evidence, the damages are excessive, or substantial trial errors have occurred. See Nat'l. Car Rental Sys. v. Better Monkey Grip Co., 511 F.2d 724, 730 (5th Cir. 1975). Accordingly, when allegations based on inadmissible evidence constitute substantial trial error and may have prejudiced the jury, a new trial should be granted.

The Eleventh Circuit holds that a party should not benefit from making outrageous charges, and then fail to demonstrate their validity at trial. McWhorter v. City of Birmingham, 906 F.2d 674 (11th Cir. 1990). Statements are outrageous and improper where they are "calculated to inflame the jury," and their purpose is to persuade the jurors to render a decision based on their emotional response rather than the supported evidence introduced at trial. United States v. Boyd, 131 F.3d 951, 955 (11th Cir. 1997). It is therefore proper for a court to grant a new trial where portions of the case referred to in opening statements were not later supported by competent evidence, or where it is shown that the prejudicial evidence was irrelevant.

In this case, Target's opening statement and other comments made throughout the trial were not substantiated in part because the evidence relied upon was ruled inadmissible. The Court's repeated warnings to Target's counsel did not prevent the error. Had such inflammatory,

5

inadmissible evidence not been presented a reasonable jury may have found that not only was race a motivating factor in Harris' termination but that there were no legitimate reasons for the termination. A new trial is proper. Having duly considered the motions, responses and pertinent parts of the record, it is

**ORDERED AND ADJUDGED** that the Harris' Motion for Judgment as a Matter of Law, or in the alternative, Motion for New Trial [D.E. 141] is **GRANTED in part, DENIED in part**. The Motion for Judgment as a Matter of Law is **DENIED**. The Motion for New Trial is **GRANTED**. Accordingly this cause has been set for the two week trial period commencing on April 22, 2002. Calendar Call is scheduled for April 15, 2002 at 4:15 p.m.

**DONE AND ORDERED** in Chambers at Ft. Lauderdale, Florida, this 20TH day of February, 2002.

_____
WILKIE D. FERGUSON, JR.
UNITED STATES DISTRICT JUDGE

copies provided:
Rene Gonzalez-Llorens, Esq.
Richard Burton, Esq.