UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**STEVE HARRIS,**
**Plaintiff,**

**Case No. 00-6107-CIV-FERGUSON**
**MAGISTATE JUDGE SNOW**

**vs.**

**TARGET CORPORATION f/k/a DAYTON HUDSON CORPORATION d/b/a TARGET STORES**

_______________________________________/



**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO RECONSIDER AND VACATE ORDER GRANTING NEW TRIAL AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff, **STEVE HARRIS**, submits the following response to defendant's motion to reconsider the Court's Order Granting a New Trial. Plaintiff properly requested a motion for a New Trial or in the alternative a Judgment as a Matter of Law. Plaintiff respectfully requests that the Court maintain its Order Granting a New Trial and submits the following:

**BACKGROUND**

The Court has ordered a New Trial on the grounds that Target's Counsel introduced, in its opening Statement, inflammatory allegations that were inadmissible into evidence, and hence, unsupportable, and thereby had the evidenced not been presented a reasonable jury may not have found legitimate reasons for terminating the Plaintiff's employment. (The **but for** Test). Defense Counsel was warned on several occasions including during opening statements that statements not supported by evidence would be inadmissible, and the Court believed that the failure to properly support such incendiary allegations ***would*** be dealt with by the Court.

This included the naming of "witnesses [who] would testify" that Harris used employees to do his personal chores, and that he borrowed money from them

without paying them back, and that he {Harris} used his Company issued American Express card for personal purposes (inferring that this was a fraud upon the company}.

Other incendiary portions of the Opening Statements included that "the Plaintiff was dishonest because Plaintiff purchased "new" merchandise at a discount, although the testimony later revealed that Harris District Manager and other managers and employees, who were Caucasian, were taking similar discounts, on the identical products and even paying less.

Many other unsubstantiated allegations were made at the Opening Statement, which were later abandoned during the trial, when they were ruled evidentiarly, inadmissible, as a matter of law, and other abandoned at the Closing Argument, for lack of an evidentiary basis. Plaintiff properly objected to Defense Counsel's repeated inflammatory allegations.

In fact, the Court warned Counsel that these statements if unsubstantiated would "be the end of this trial." After jury deliberations the jury determined based on the evidence that Plaintiff presented that the Defendant racially discriminated against the Plaintiff, however, the Plaintiff would have been terminated anyway. The jury decision based their assessment regarding Plaintiff's termination on inadmissible evidence, whereas the evidence of racial discrimination was admissible. Due to Defense Counsels prejudicial conduct this Court had no choice but to grant a new trial in order to protect the sanctity of the jury's role in this Case.

**MEMORANDUM OF LAW**

Pursuant to the Federal Rules of Civil Procedure Rule 59, the Court properly addressed Plaintiff's motion for a Judgment as Matter of Law or in the alternative a New Trial. This District Court has the discretion to order a new trial as was done in this case. Pate v. Seabord R., Inc, 819 F.2d 1074 (11th Cir. 1987). Pursuant to Fed. R. Civ. P. 59 an order for a new trial is an interlocutory order and not subject to appeal. "An order granting a motion for a new trial is not appealable because it is not a "final" order within

the meaning of 28 U.S.C.S. §1291." Dassinger v. South Cent. Bell Tel. Co., 537 F.2d 1345 (5th Cir. 1976). This District Court has plenary power over the order granting a new trial, and therefore may reconsider revise or alter its order prior to final judgment. Hardin v. Hayes, 52 F.3d 934 (11th Cir. 1995). When granting a new trial, the Eleventh Circuit has mandated the following standard: "the great not merely the greater weight of the evidence," which is the standard this District Court applied. Williams v. Valdosta, 689 F.2d 964 (11th Cir. 1982). Any dispute over whether the aforementioned standard was applied is limited to the abuse of discretion standard because the Court's Order is an Interlocutory Order, which is generally not appealable. See Pate, 819 F.2d 1074 (11th Cir. 1987). However, it is reviewable on appeal from a final judgment following the second trial, and the appellate court may reinstate the verdict reached at the first trial. See Dassinger, 537 F.2d 1345 (5th Cir. 1976). In fact, an order for a new trial destroys the judgment from the initial trial and an appeal will not lie until the final judgment has been entered in a new trial. "This latter principle is subject to the qualification, hereinafter discussed, that the court may vacate its order granting a new trial and reinstate the verdict or judgment." Gallimore v. Missouri P. R. Co., 635 F.2d 1165 (5th Cir. 1981). In Pate, the Eleventh Circuit addressed the abuse of discretion standard. "In determining whether the district court abused its discretion we examine the challenged instructions as part of the entire charge, in light of the allegations of the complaint, the evidence presented, and the arguments of counsel, to determine whether the jury was misled and whether the jury understood the issues." As this Court provided in its Order, the Court considered the evidence presented, the arguments of counsel, and whether the jury was mislead by the evidence and arguments of counsel. The abuse of discretion standard was addressed in more detail in Williams v. Valdosta, 689 F.2d 964 (11th Cir. 1982).

> When such a motion is granted on the basis of legal error or prejudicial conduct, the trial judge is not ruling that the jury was incorrect in its assessment of the case as presented. Rather, his decision amounts to a finding that due to errors occurring at trial *no* verdict could have been arrived at properly. In such a case it is entirely proper that the trial court be allowed to correct its own errors; in doing so, the court is actually *safeguarding* the role of the jury by ensuring that to the greatest extent possible the trial process will succeed in revealing to the jury those facts that are necessary to arrive at a verdict. Because the trial judge is actually present at trial, and best able to determine whether the proceeding has been "contaminated" by events outside the jury's control, his decision to grant a new

> trial because of legal error, prejudicial conduct, or pernicious behavior is less likely to constitute an abuse of discretion. Accordingly, we will be more hesitant in overturning the grant of a new trial based on such grounds.

Defense Counsel attempted to introduce into evidence that Plaintiff's alleged financial problems rendered him a security threat. In addition, the Defendant alleged that the Plaintiff purchased store merchandise through misrepresentation and deceit. This Court determined that Defense Counsel failed to demonstrate the validity of their inflammatory statements and the Defense was given ample warning of the possible consequences. The trial judge in this case was in the best position to determine whether the jury was contaminated by the Defendants' prejudicial remarks, and therefore, the Court accordingly awarded a new trial. This Court's Order Granting a New Trial is further supported by McWhorter v. City of Birmingham, 906 F.2d 674 (11th Cir. 1990).

> A district court's decision to grant a new trial based on prejudicial conduct or pernicious behavior is less likely to constitute an abuse of discretion than a grant of a new trial based on some other ground because the trial judge who is actually present at trial is best able to determine whether the proceeding has been "contaminated" by events outside the jury's control. The court thus hesitates to overturn the grant of a new trial based on such grounds.

This Court ruled that the inadmissible evidence introduced to the jury by Defense Counsel likely contaminated the jury decision because it was unrelated to the Plaintiff's discharge. "Where prejudice occurs, the jury is stripped of a proper opportunity to deliberate and the trial judge is justified in granting a new trial." Redd v. Phenix City, 934 F.2d 1211(11th Cir. 1991). The Defendant introduced inadmissible statements that the Plaintiff was a Security Threat, that the Plaintiff Borrowed Money from Subordinates, and that Subordinates were required to do Plaintiff's Personal Chores all of which were prejudicial, which likely led the jury to wrongly believe that the Plaintiff was terminated for reasons other than his race even after the jury determined that the Defendant discriminated against the Plaintiff based on his race. The Defendant claims that the Order Granting a New Trial is simply a substitution of the Court's own judgment for that of the jury. "When the trial court delivered the jury from a possibly erroneous verdict arising from circumstances over which the jury had no control there is no usurpation by the court of the prime function of the jury as the trier of the facts and the trial judge necessarily must be allowed wide discretion in granting or refusing a new trial." See Valdosta, 689

F.2d 964, 974 (11th Cir. 1982). The Court made every attempt to prevent the Defendant from making statements that were inadmissible and it is indisputable that the jury had no control over these prejudicial statements. Based on the foregoing analysis, the Court properly ordered a new trial, applied the proper standard for ordering a new trial, and did not abuse its discretion. Therefore, the Plaintiff respectfully requests that this District Court Deny the Motion for Reconsideration of the Order Granting New Trial.

Respectfully submitted this 18th day of March, 2002.

RICHARD J. BURTON & ASSOCIATES, P.A.
Attorney for Plaintiff
Florida Bar No. 179337

**Certificate of Service**

I HEREBY CERTIFY that a true copy of the foregoing Reply was mailed to Sheila Caesarano, Esq., SHUTTS & BOWEN LLP, 1500 Miami Center, 201 South Biscayne Blvd., Miami, FL. 33131 and Ms. Annelies Mourning, Esq., 4276 Pine Hollow Cir., Greenacres, FL 33463, on March 18, 2002.

RICHARD J. BURTON & ASSOCIATES, P.A.
18305 Biscayne Blvd., Suite 300
Miami, FL 33106
(305) 705-0888 Fax (305) 935-9542

By:____________________________
Richard J. Burton FBN 179337