UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6107-CIV-FERGUSON/SNOW

STEVE HARRIS,

    Plaintiff,

v.

DAYTON HUDSON CORPORATION
d/b/a TARGET STORES,

    Defendant.
_____/



## DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR ORDER TO RENEW SUBPOENAS

Defendant, **TARGET CORPORATION** ("Target"), files this Response in opposition to Plaintiff's Motion for Order to Renew Subpoenas ("Plaintiff's Motion"). Plaintiff's Motion is contrary to the express language of Fed. R. Civ. P. 45 and contrary to ample case law expressly rejecting Plaintiff's contention that the requirements of Rule 45 can be waived to ease purported financial burden. *Significantly, the witnesses have already complied with the initial subpoenas by appearing for the first trial in October 2001. This is **not** a case where witnesses have been paid but were not required to comply with the subpoena because of, for example, a continuance. Rather, Plaintiff seeks a separate, **second** appearance by each witness, and this requires a separate, second subpoena.* Accordingly, Target respectfully requests that this Court deny Plaintiff's Motion.



Plaintiff's Motion asks the Court to issue an order directing the Clerk of Court to renew the subpoenas originally issued for the first trial in this case (commencing October 9, 2001), so that these prior subpoenas will be valid for the re-trial (scheduled for Calendar Call on April 15, 2002), and that Plaintiff be permitted to simply mail a copy of the Order to the witnesses. Plaintiff requests such an Order because "re-issuance of the subpoenas would cause further expense to the Plaintiff." Plaintiff's Motion at ¶ 3.

Plaintiff's request would be appropriate had a continuance resulted in a rescheduling of the trial. In such circumstances, the witnesses would have already been compensated for an appearance that she/he was not required to make (because of the re-scheduling), and the Order sought by Plaintiff would appropriately apply the payment already received to the rescheduled appearance. But in the instant case, the witnesses have already complied with the subpoenas and made their required appearances at the first trial. In order for Plaintiff to compel a second appearance at the second trial, Plaintiff must issue a second subpoena that complies with Rule 45, which requires:

> Service of a subpoena upon a person named therein shall be made by delivering a copy thereof to such person and, if the person's attendance is commanded, by tendering to that person the fees for one day's attendance and the mileage allowed by law.

FED. R. CIV. P. 45(b)(1).

Only subpoenas issued by an officer of the United States are exempted from the requirement of service by hand delivery with the requisite fees. Id. Because Plaintiff is manifestly not an officer of the United States, Plaintiff must comply with Rule 45. See, e.g., Tedder v. Odel, 890 F.2d 210 (9th Cir. 1989) (witness and mileage fees must be tendered concurrently with subpoena); C.F. & I Steel Corp. v. Mutsui & Co. (USA), 713 F.2d 494 (9th Cir. 1983) (Rule 45 requires simultaneous tendering of witness fees and reasonably estimated mileage allowed by law with service of subpoena).

Florida courts have routinely rejected arguments that the requirements of Rule 45 should be waived to ease financial burdens on parties with limited resources. For example, in Gregg v. Clerk of U.S. District Court, 160 F.R.D. 653 (N.D. Fla. 1995), the court held that even plaintiffs proceeding *in forma pauperis* are required to pay witness and mileage fees in connection with subpoenas. See also, Fernandez v. Kash N' Karry Food Stores, 136 F.R.D. 495 (N.D. Fla. 1991) aff'd 966 F.2d 1461 (11th Cir. 1992) (inmate proceeding *in forma pauperis* was required to pay witness and mileage fees in connection with deposition subpoenas).

In the instant case, Plaintiff has not petitioned the Court to permit him to proceed *in forma pauperis,* nor would Plaintiff qualify for such a status. Manifestly, if courts reject requests of parties proceeding *in forma pauperis* for renewal of subpoenas, and Plaintiff has not even sought to proceed *in forma pauperis*, then, plainly, Plaintiff's request should be denied.

SHUTTS & BOWEN LLP / FIRST UNION CENTER, SUITE 2000 / 200 E. BROWARD BLVD. / FT. LAUDERDALE, FLORIDA 33301 / (954) 524-5505

## CONCLUSION

There is no authority in the Federal Rules of Civil Procedure authorizing a party to extend one subpoena to require a second appearance when the witness has *already appeared* in compliance with that subpoena. Moreover, Plaintiff's Motion fails to cite any legal authority supporting the relief Plaintiff seeks. Furthermore, courts have specifically rejected Plaintiff's argument that the requirements of Rule 45 should be ignored in order to ease the financial burden of a party. Most significantly, the witnesses have already discharged their obligations under the original subpoenas, and separate subpoenas are required to compel second appearances. For the foregoing reasons, Target respectfully requests that Plaintiff's Motion for Order to Renew Subpoenas be denied.

SHUTTS & BOWEN LLP
Attorneys for Defendant
201 South Biscayne Boulevard
1500 Miami Center
Miami, Florida  33131
(305) 358-6300
(305) 347-7386 (facsimile)

By: *[signature]* Temple F. Kearns for      FBN 0306680
Sheila M. Cesarano
Florida Bar Number 708364
Rene Gonzalez-LLorens
Florida Bar Number 0053790
Sidney C. Calloway
Florida Bar Number 790982

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was mailed on this _9_ day of April, 2002 to:

**Richard J. Burton, Esq.**
Richard J. Burton & Associates, P.A.
18305 Biscayne Boulevard, Suite 300
Miami, Florida 33160.
(305) 705-0888
(305) 935-9542 (facsimile)
Attorney for Plaintiff

_____
OF COUNSEL

MIADOCS 499917.1 KLL

SHUTTS & BOWEN LLP / FIRST UNION CENTER, SUITE 2000 / 200 E. BROWARD BLVD. / FT. LAUDERDALE, FLORIDA 33301 / (954) 524-5505