**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

FILED BY:_____ D.C.

2002 APR 26 PM 3: 33

CLERK U.S. DIST. CT.
S.D. OF FL.-FTL.

CASE NO. 00-6107-CIV-FERGUSON/SNOW

STEVE HARRIS,

      Plaintiff,

v.

DAYTON HUDSON CORPORATION
d/b/a TARGET STORES,

      Defendant.

_____/

### DEFENDANT'S BRIEF IN SUPPORT OF THE ADMISSIBILITY
### OF TARGET'S INTERNAL INVESTIGATION RECORDS OF PLAINTIFF

Defendant, TARGET CORPORATION ("Target"), submits this brief in support of its

position that Target's internal investigation records of Plaintiff, STEVE HARRIS ("Plaintiff"), are

admissible at trial, and as grounds therefor states:

### MEMORANDUM OF LAW

The Eleventh Circuit and federal courts consistently hold that internal investigation records

of an employer are admissible as evidence during an employment discrimination trial. In *Moore v.*

*Sears, Roebuck & Co.*, 683 F.2d 1321 (11th Cir. 1982), the Eleventh Circuit held that memoranda

prepared by plaintiff's supervisors were admissible in an age discrimination case to establish that

the employer was motivated in good faith to discharge the plaintiff for legitimate, nondiscriminatory

reasons. *Id.* at 1322. The trial judge admitted the internal documents relied upon by the supervisors

in making employment decisions under Fed. R. Evid. 803(6), which permits submission of business

records, in any form, if kept in the course of a regularly conducted business activity, as shown by the

testimony of the custodian or other qualified witness. *Id.*; FED. R. EVID. 803(6). The Eleventh

Circuit approved the trial judge's decision to admit the evidence, but avowed that the documents

were non-hearsay, stating:

> We hold that the trial judge properly admitted the evidence in question because it did
> not constitute hearsay; we need not decide whether the documents were admissible
> business records under Fed.R.Evid. 803(6). 'Hearsay' is a statement, other than one
> made by the declarant while testifying at the trial or hearing, offered in evidence to
> prove the truth of the matter asserted. ***The documents here were not tendered to
> prove the particulars of their contents, but to help establish that [the employer] was
> motivated, in good faith, to discharge [plaintiff] for reasons other than age.***

*Id.* (citations omitted and emphasis added).

Accordingly, under the Eleventh Circuit's analysis, these records are properly admitted as

non-hearsay evidence, since they are not offered for the truth of the matter asserted, but rather to aid

in demonstrating the employer's investigation into the matter, as well as the employer's motivation

(or state of mind) in terminating the employee. *See also* EMPLOY. DISCRIM. COORDINATOR,

*Evidence not Offered to Prove the Truth of the Matter Asserted,* ¶ 58,351 (2002) (analyzing the

admissibility of such evidence in employment discrimination cases).

Similarly, in *Crimm v. Missouri Pacific R. Comp.*, 750 F.2d 703 (8th Cir. 1984), the Eighth

Circuit held that handwritten notes and an investigative report prepared by the employer's managing

agent concerning a charge of sexual harassment were admissible since these documents

demonstrated that the employer had conducted an investigation, as well as revealed the information

that the employer relied upon in terminating the employee. The *Crimm* Court stated:

> Appellant argues that the district court erred in admitting into evidence, as business
> records, handwritten notes and an investigative report prepared by [employer's
> managing agent], based on his observations and conversations with appellant, [co-
> employee], [employer's] staff, and others because (1) the notes and report were not
> contemporaneously prepared, (2) the investigation report was prepared for use in
> litigation or an adversary proceeding, and (3) the statements contained therein were
> clearly hearsay. Appellant's argument is without merit. ***The record does not
> support appellant's assertion that these documents are hearsay. [Employer] offered
> the documents to demonstrate that [employer] had conducted an investigation and
> to disclose the information that [employer] had relied on in making its decision.***

> ***The records were not offered to prove the truthfulness of the statements contained therein. Even if we accept appellant's argument that the records are hearsay, they are admissible under the business records exception.***

*Id.* at 709 (citations omitted and emphasis added).

In *Hardie v. Cotter & Co.*, 849 F.2d 1097, 1101 (8th Cir. 1988), the Eighth Circuit held that handwritten customer complaints were admissible as trial evidence because they demonstrated the employer's state of mind when the employer discharged the plaintiff:

> [The Plaintiff] challenges several rulings made by the district court during the trial of his wrongful discharge claim. First, [the Plaintiff] objects to the district court's admission of portions of [the Plaintiff's] personnel file, which included customer complaints regarding [the Plaintiff's] work habits. [The Plaintiff] asserts that the exhibits are hearsay and should have been excluded. The documents to which [the Plaintiff] objects were not offered to prove the truth of the material contained within them, but to demonstrate the state of mind of Cotter personnel who made the decision to discharge [the Plaintiff], a factor of crucial importance in wrongful discharge cases. The challenged exhibits were properly admitted to establish [the Plaintiff's] supervisors' understanding of the circumstances existing at the time of his discharge.

*Id.* at 1101.

In *Mullins v. Helena Hosp. Ass'n*, 141 F.3d 1169 (8th Cir. 1998) (unpublished opinion), the trial court allowed the employer to introduce into evidence a letter that was written by an employee and which was considered by the decision-maker in terminating the plaintiff. On appeal, the plaintiff argued, in part, that the letter should not have been introduced because it was hearsay. The Eighth Circuit disagreed and stated:

> In an employment discrimination case, internal documents upon which the employer relies for an employment decision are not hearsay--statements offered to prove the truth of the matters asserted--but are relevant and admissible because they may help explain the employer's actions. Hicks explained the Hospital's decision-making process and testified unequivocally that he relied upon the [employee's] letter in recommending [the plaintiff's] termination.

*Id.*

In *Jones v. Los Angeles Comm. College Dist.*, 702 F.2d 203 (9th Cir. 1983), the Ninth Circuit held that an employer's memoranda were admissible, since the documents were offered to show that the employer had a legitimate basis for believing that the employee's conduct warranted termination, stating that "the [employer] did not offer the documents to prove the truth of the allegations but to show that it had a legitimate basis for believing [Plaintiff's] conduct warranted termination. The trial court properly considered them for this purpose." *Id.* at 205.

In *Wolff v. Brown*, 128 F.3d 682 (8th Cir. 1997), the court examined whether it was proper for the trial court to admit various internal reports and memoranda concerning the plaintiff's employment. The court admitted the records and stated:

> In employment discrimination cases, internal documents relied upon by the employer in making an employment decision are not hearsay as that term is defined in Fed.R.Evid. 801(c)--statements offered to prove the truth of the matters asserted. Rather, such documents are relevant and admissible because they help explain (or may help explain) the employer's conduct. See Hardie v. Cotter & Co., 849 F.2d 1097, 1101 (8th Cir.1988); Jones v. Los Angeles Comm. College Dist., 702 F.2d 203, 205 (9th Cir.1983); Moore v. Sears, Roebuck & Co., 683 F.2d 1321, 1322 (11th Cir.1982). Thus, the district court did not abuse its discretion by admitting these employee memoranda as business records relevant to the VA's stated reasons for Wolff's discharge. See Crimm v. Missouri Pac. R.R., 750 F.2d 703, 709 (8th Cir.1984).

*Id.*

In *Stendebach v. CPC Int'l, Inc.*, 691 F.2d 735 (5th Cir. 1982), the trial court admitted into evidence worksheets compiled by the employer in evaluating employees. The plaintiff objected to the admission of the worksheets, maintaining that the documents were hearsay. *Id.* at 738. The court disagreed, stating that "the documents were introduced to show the methodology employed by the committee in rating the employees. They were not offered to prove the truth of but merely the fact of their contents. As such, the instruments are not hearsay." *Id.* at 738-39.

In *Haddad v. Lockheed Cal. Corp.*, 720 F.2d 1454 (9th Cir. 1983), the district court admitted

into evidence complaints made by third parties about working with the plaintiff. *Id.* at 1456.

Plaintiff objected on the grounds of hearsay, but the Ninth Circuit affirmed, stating:

> This testimony was not hearsay: it was not offered to prove the truth of the complaints. See Fed.R.Evid. 801(c). Instead, this testimony was offered to show that Lockheed management had received complaints regarding [the Plaintiff]. Such testimony was relevant in demonstrating Lockheed's non-discriminatory intent in its employment practices. See Fed.R.Evid. 803(3).

*Id.* at 1456.

In *Wright-Simmons v. City of Oklahoma City*, 155 F.3d 1264 (10th Cir. 1998), the employer

undertook an investigation in which it prepared a report and attached notes taken during witness

interviews. The Tenth Circuit found that the report and the attached interview notes were not

hearsay and admissible as evidence:

> In this case, Donald Bown, the City Manager, would not have sought Terry Armentrout's resignation had he not believed Berry's report. When he asked Armentrout for his resignation, Bown told Armentrout: " 'This is what I have got, this is the information that I have, it seems to be substantiated, so either you--you resign this afternoon or you will be terminated tomorrow morning.'" When Armentrout asked who was saying the damaging things about him, Bown gave him the names of several people, including Carol Gardener, Paula Gordon, and Vicki Harty. ***Thus, it seems apparent that Bown relied not only on Berry's two-page report, but on the attached notes of witness interviews.*** While it is true that Bown need not have believed every statement in the report to reach the conclusion that Armentrout should resign, that fact goes to the weight of the evidence rather than its admissibility. ***Because Donald Bown accepted the documents and acted upon them, we hold that neither the two-page report nor the attached notes are hearsay, and are therefore admissible.***

*Id.* at 1268-69 (emphasis added).

Finally, in *Staniewicz v. Beecham, Inc.*, 687 F.2d 526 (1st Cir. 1982), the court upheld the

admission of testimony and notes concerning the results of an audit [investigation] of plaintiff's

claimed sales contacts with physicians. *Id.* at 531. The court stated that the defendant

correctly argue[d] that these statements and the notes supporting them were not hearsay as defined by Fed.R.Evid. 801(c), because they were not offered for the truth of the matter asserted therein. Instead they were offered to show Beecham's [defendant's] intent in calling the meeting with appellant which ultimately resulted in the resignation of appellant. The motive of defendant is the central issue in an age discrimination case, and it is necessary for the defendant to establish a 'legitimate, non-discriminatory reason' for meeting with plaintiff.

*Id.* (citing *Loeb v. Textron, Inc.,* 600 F.2d 1003, 1014-19 (1st Cir. 1979)).

In the instant case, Target's internal investigation records of Plaintiff demonstrate that Target conducted an investigation. These records disclose the information relied upon by Target, as the employer, in making its decision to terminate Plaintiff. They are also records that were collected and prepared in the regular course of Target's business. They are wholly analogous to evidence permitted by the Eleventh, Eighth, Fifth, First, and Tenth Circuits. Indeed, courts have admitted such evidence – even where it is not in writing – when the testimony was relied on by a decision-maker when making an employment decision. For example, in *Bush v. Dictaphone Corp.,* 161 F.3d 363, 367 (6th Cir. 1998), the decision-maker introduced testimony that he had simply been told by unidentified co-workers that the plaintiff was abusive or unstable. The district court admitted the testimony finding that the statements were not being offered to prove the truth of the matter asserted (*i.e.,* that the plaintiff was an abusive supervisor), but were admissible for the limited purpose of considering the grounds upon which the decision-maker based his decision.

Pursuant to the Eleventh Circuit's holding in *Moore*, as well as the other cases cited herein, documents relied upon by an employer in making an employment decision are relevant and admissible in an employment discrimination case under either Rule 803(6) as a business records exception to the hearsay rule, or under Rule 801(c) as non-hearsay, as they are not offered for the truth of the matter asserted, but to establish that an investigation did occur, or to exemplify the

employer's state of mind when making its employee-related decisions. Consequently, the internal

investigation documents should be admitted in the instant case.

## CONCLUSION

For the reasons set forth above, the Court should admit Target's internal investigation records

into evidence at trial. The internal investigation records do not constitute hearsay, and are admissible

for the purpose of showing that an investigation was conducted and relied upon as a basis for taking

action against the Plaintiff.

Respectfully submitted,

SHUTTS & BOWEN LLP
Attorneys for Defendant
201 South Biscayne Boulevard
1500 Miami Center
Miami, Florida 33131
(305) 358-6300
(305) 347-7386 (facsimile)

By: _Sheila F. Kearns for_   FBN 03066680

Sheila M. Cesarano
Florida Bar Number 708364
Mary Ruth Houston
Florida Bar Number 834440
Sidney C. Calloway
Florida Bar Number 790982

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was

faxed and mailed on this 26th day of April 2002, to

        Richard J. Burton, Esq.
        Richard J. Burton & Associates, P.A.
        18305 Biscayne Boulevard, Suite 300
        Miami, Florida 33160.
        Tel: (305) 705-0888
        Fax: (305) 935-9542
        Attorney for Plaintiff

                                   *Temple F. Kearns*
                                   OF COUNSEL