# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6107-CIV-FERGUSON/SNOW

STEVE HARRIS,

    Plaintiff,

v.

DAYTON HUDSON CORPORATION
d/b/a TARGET STORES,

    Defendant.

_____/



## DEFENDANT'S MOTION TO PERMIT INTRODUCTION OF SEXUAL HARASSMENT INVESTIGATION AND INCORPORATED MEMORANDUM OF LAW

Defendant, **TARGET CORPORATION** ("Target"), pursuant to Fed. R. Evid. 401 and 402, moves the Court to allow it to present testimony at trial that Terry Gillespie, Target's Regional Human Resource Manager, had concerns about promoting Plaintiff to the Store Manager position because of sexual harassment complaints brought by several store employees against Plaintiff.

## SUMMARY OF ARGUMENT

At the first trial, Plaintiff argued that Terry Gillespie, Target's Regional Human Resource Manager, hesitated in promoting Plaintiff to Store Manager because of Plaintiff's race, African-American. Target attempted to introduce testimony that the reason for Gillespie's hesitation in promoting Plaintiff had absolutely nothing to do with race, but rather was a result of sexual harassment complaints submitted by several employees against Plaintiff which Gillespie investigated in his role as human resources manager. However, the Court precluded Target from presenting the



evidence at trial and, consequently, the jury only heard a one-sided and untrue explanation from Plaintiff as to the reasons for Gillespie's hesitation.

Target moves the Court to allow it to present trial testimony that (1) Gillespie received employee sexual harassment complaints about Plaintiff, (2) Gillespie investigated the sexual harassment complaints, (3) as part of his investigation, Gillespie spoke to Plaintiff and other employees about the sexual harassment allegations, and (4) Gillespie had hesitations about promoting Plaintiff to the Store Manager Position due to these sexual harassment complaints. Alternatively, Plaintiff should be precluded from presenting any evidence or making any insinuation that Gillespie had a concern about Plaintiff's promotion.

## FACTS

On September 15, 1996, Plaintiff was transferred to Target Store T391, located in West Palm Beach, Florida. On July 7, 1997, Plaintiff was promoted to Executive Team Leader in Logistics – the manager responsible for supervising employees who unload trucks and stock merchandise.

While at Target Store T391 in 1996, several store employees complained to Target that Plaintiff had sexually harassed them by making improper sexual innuendos and inappropriately touching them. As Regional Human Resource Manager, Gillespie conducted a sexual harassment investigation about the complaints during which he spoke to Plaintiff and the other employees. After the sexual harassment investigation concluded, Gillespie counseled Plaintiff about the sexual harassment complaints, but he did not take any adverse action against Plaintiff.

Shortly after the sexual harassment investigation, Plaintiff became a candidate for promotion to a Store Manager position. As part of the decision-making team, Gillespie expressed hesitation about recommending Plaintiff for a Store Manager position because of what he had uncovered during

the sexual harassment investigation. Nonetheless, Gillespie gave Plaintiff the benefit of the doubt and recommended him for the Store Manager position.

At trial, Plaintiff used Gillespie's hesitation in promoting him as evidence that Gillespie is biased against African-Americans, when, in reality, Gillespie was merely concerned about promoting an individual who had made improper sexual innuendos and inappropriately touched certain employees. Target was unable to explain Gillespie's hesitation at trial and contradict Plaintiff's allegations because of the Court's order precluding the introduction of such testimony. Target was unable to explain to the jury that Gillespie's hesitation was based on his knowledge of the sexual harassment investigation, and *not* on Plaintiff's race.

## ARGUMENT

The true reasons for Gillespie's hesitation about Plaintiff's promotion should be admissible. Since Plaintiff must establish proof of a discriminatory intent through admissible evidence, Target should be entitled to rebut any allegations of such purported discriminatory intent through admissible testimony. See Harris v. Shelby County Bd. Of Education, 99 F.3d 1078, 1083 (11th Cir. 1996).

In this case, Plaintiff has simply presented his own self-serving (and untrue) conjecture that Gillespie hesitated in promoting him because of Plaintiff's race. Target should be allowed to present testimony to rebut this baseless allegation. By barring testimony of the sexual harassment investigation, the Court has effectively prevented Target from presenting evidence contradicting Plaintiff's untrue allegations about why Gillespie hesitated in promoting Plaintiff.

Moreover, Target should be allowed to present testimony about Gillespie's perception of Plaintiff, since it explains Gillespie's actions. As one court stated:

> [Plaintiff] argues that she performed well in her job and offers evidence in an effort
> to support this contention, including e-mails and memoranda written by [Plaintiff]

herself and statements allegedly made by her co-workers. In doing so, [Plaintiff] can prove only the unremarkable fact that she and [her supervisor] disagreed about the quality of her work. But we have repeatedly held that in a wrongful discharge action "'[i]t is the perception of the decision maker which is relevant, not the self-assessment of the plaintiff.'"

Hawkins v. PepsiCo, Inc., 203 F.3d 274, 280 (4th Cir. 2000). The Court should allow Target to present testimony as to what Gillespie, one of the decision makers, believed and perceived when investigating and analyzing Plaintiff's improprieties and his possibilities for promotion.

Evidence that Target investigated Plaintiff due to sexual harassment complaints and that Gillespie knew about the accusations is entirely relevant to explain the reasons for Gillespie's actions. Plaintiff should not be allowed to use Gillespie's hesitation as a sword at trial, and deliberately mislead the jury. Accordingly, Target requests that the Court allow the introduction of the sexual harassment investigation since such evidence is relevant and admissible under Fed. R. Evid. 401 and 402 to explain Gillespie's hesitations in promoting Plaintiff.

Alternatively, the Court should preclude <u>any</u> evidence or insinuation about any concerns Gillespie held regarding Plaintiff's promotion, because to do otherwise would allow an untrue inference about Gillespie's motivations. Should the Court not permit Gillespie to testify about the sexual harassment investigation, it should only permit the true evidence that Gillespie did support the promotion.

## CONCLUSION

TARGET CORPORATION requests that the Court allow it to present at trial testimony that Terry Gillespie hesitated about promoting Plaintiff to the Store Manager position because of the investigation he conducted regarding sexual harassment complaints brought by several store employees against Plaintiff.

Respectfully submitted,

SHUTTS & BOWEN LLP
Attorneys for Defendant
1500 Miami Center
201 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 358-6300
Facsimile: (305) 347-7386


By: *Joseph F. Kearns for*
Sheila M. Cesarano
Florida Bar Number 708364    FBN 0306680
Mary Ruth Houston
Florida Bar Number 834440
Sidney C. Calloway
Florida Bar Number 790982


## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was faxed and mailed on this 26th day of April, 2002, to

Richard J. Burton, Esq.
Richard J. Burton & Associates, P.A.
18305 Biscayne Boulevard, Suite 300
Miami, Florida 33160.
Tel: (305) 705-0888
Fax: (305) 935-9542
Attorney for Plaintiff

*Joseph F. Kearns*
OF COUNSEL

MIADOCS 499886.1 RGL

-5-