# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6107-CIV-FERGUSON/SNOW

STEVE HARRIS,

    Plaintiff,

v.

DAYTON HUDSON CORPORATION
d/b/a TARGET STORES,

    Defendant.

_____/

### DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE IRRELEVANT AND PREJUDICIAL MATERIAL AND INCORPORATED MEMORANDUM OF LAW

Defendant, **TARGET CORPORATION** ("Target"), pursuant to Fed. R. Evid. 401, 402, and 403, moves the Court to enter an Order which precludes Plaintiff, **STEVE HARRIS** ("Plaintiff") from presenting, referring to, questioning about, or commenting upon, directly or indirectly, in the presence of prospective jurors or in the presence of the jury selected to try this case, whether in *voir dire*, opening statement, during trial, or in final argument, directly or indirectly, the testimony of Joe Murphy and Robert Van Savage because such testimony is irrelevant to this case and the testimony's prejudicial effect substantially outweighs any probative value.

### FACTS

At the first trial, Plaintiff introduced the testimony of Joe Murphy, the executive recruiter who presented Plaintiff to Target in 1994. Mr. Murphy testified that he only received $3,000, instead of $10,000, as a "finder's fee" commission when Target hired Plaintiff, but also testified that Terry Gillespie, Target's Regional Human Resource Manager, would typically negotiate and lower the "finder's fee" amount. Mr. Murphy testified that he provided Target with Shannon Tetrault's

resume, but that Ms. Tetrault decided not to attend the interview process. Mr. Murphy has no information as to the allegations in the instant lawsuit, and of which concerned events occurring in February and March 1999, five years after Mr. Murphy's original contact with Plaintiff. Mr. Murphy has no personal knowledge of Target's investigation of Plaintiff or his termination by Target.

Robert Van Savage interviewed Plaintiff when Plaintiff was hired in 1994. Mr. Van Savage also supervised Plaintiff in 1996 and 1997, when Plaintiff was an assistant manager. Mr. Van Savage was not involved in Plaintiff's termination (March 5, 1999) and was not involved in investigating Plaintiff (February 1999). As he testified, Mr. Van Savage has absolutely no personal knowledge as to the allegations in this lawsuit.

## ARGUMENT

I. **THE COURT SHOULD PRECLUDE PLAINTIFF FROM PRESENTING MURPHY'S AND VAN SAVAGE'S TESTIMONY AT TRIAL BECAUSE THEIR TESTIMONY IS IRRELEVANT.**

Rule 401 provides that relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Rule 402 states that, "[e]vidence which is not relevant is not admissible." Fed. R. Evid. 402.

In the instant case, Messrs. Murphy's and Van Savage's testimony sheds no light on Target's decision to terminate Plaintiff or on Plaintiff's investigation. Mr. Murphy has absolutely no information as to the allegations in this lawsuit, which occurred in 1999, five years after his contact with Plaintiff. Similarly, Mr. Van Savage was not involved in Plaintiff's termination or the investigation. Neither Messrs. Murphy nor Van Savage has any relevant testimony as to the facts

in the instant case. Accordingly, the Court should strike Messrs. Murphy's and Van Savage's testimony because their testimony is irrelevant.

II. **MURPHY'S AND VAN SAVAGE'S TESTIMONY SHOULD BE EXCLUDED BECAUSE THEIR PREJUDICIAL EFFECT SUBSTANTIALLY OUTWEIGHS ANY PROBATIVE VALUE.**

Rule 403 states in relevant part:

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of ***unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time or needless presentation of cumulative evidence.***

Fed. R. Evid. 403 (emphasis added). "[T]he issue is whether the search for truth will be held or hindered by the interjection of distracting, confusing or emotionally charged evidence." Weinstein's Federal Evidence § 403.02[1][a]; United States v. Krulewitch, 145 F.2d 76, 80 (2d Cir. 1944) ("[T]he question is always whether what it will contribute rationally to a solution is more than matched by its possibilities of confusion and surprise, by the length of time and the expense it will involve, and by the chance that it will divert the jury from the facts which should control their verdict."); Anderson v. Malloy, 700 F.2d 1208, 1211 & n.4 (8th Cir. 1983) (excluding testimony of woman who was raped at defendant's motel five months prior to the instant rape since it was too prejudicial and not sufficiently probative); Conway v. Icahn & Co., Inc., 16 F.3d 504, 510 (2d Cir. 1994) (excluding medical records concerning events before and after the time when decisions in question were made); Ross v. Buckeye Cellulose Corp., 980 F.2d 648, 655 (11th Cir. 1993) (excluding testimony that managers at another plant had demonstrated animosity against black employees, since testimony was cumulative, would unnecessarily prolong the trial, and was not especially significant).

During the last trial, Plaintiff presented irrelevant testimony which was solely intended to confuse the relevant issues, mislead the jury, and unduly delay this case. For example, Mr. Murphy testified that he provided Ms. Tetrault's resume to Target for a Florida managerial position, but that Ms. Tetrault decided not to interview at Target. Plaintiff apparently presented this testimony to purportedly show that Mr. Murphy was "cheated" out of his "finder's fee" commission. As a result of this irrelevant testimony, Target was forced to present testimony by Ms. Tetrault that she did not interview for a managerial position at that time, because she decided to move to New York so that she could take care of an ailing grandparent, and that instead of obtaining a managerial job at Target, as she had sought when she obtained her Master in Business Administration, Ms. Tetrault decided to decline the interview and had no choice but to take on waitressing jobs in New York.

Similarly, Plaintiff presented Mr. Van Savage's testimony at trial simply to show speculation by Mr. Van Savage about Terry Gillespie's decision to terminate Plaintiff – even though Mr. Van Savage had no role whatsoever in the investigation or the decision-making process involving Plaintiff. In fact, according to his testimony, Mr. Van Savage left Target in December 1998 or January 1999, before the investigation commenced and Plaintiff's termination. Mr. Van Savage was also asked questions at trial regarding Plaintiff's investigation, even though he lacked personal knowledge and was never involved. Mr. Van Savage was asked to speculate and interpret Terry Gillespie's actions in 1999, a time after he left Target's employ. Moreover, Mr. Van Savage was asked to speculate as to the discussions certain decision-makers held regarding the reasons for Plaintiff's promotion, even though he did not participate in the discussions and was not one of the decision-makers who promoted Plaintiff.

The above testimony creates a danger of unfair prejudice, jury confusion, and a waste of the Court's time. The jury may conclude that Mr. Murphy's testimony (involving incidents approximately five years before Plaintiff's termination) and Mr. Van Savage's speculation is connected to Plaintiff's termination. Such testimony presents a danger of unfair prejudice which substantially outweighs any probative value, since the evidence is irrelevant and does not support Plaintiff's allegations under Title VII and Section 1981. Accordingly, the Court should preclude Plaintiff from presenting Messrs. Murphy's and Van Savage's testimony.

## CONCLUSION

Defendant, TARGET CORPORATION, requests that the Court enter an Order *in limine* granting the requested relief, and for such other relief that the Court deems proper and necessary.

Respectfully submitted,

SHUTTS & BOWEN LLP

Attorneys for Defendant
1500 Miami Center
201 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 358-6300
Facsimile: (305) 347-7386


By: *[signature]* for
Sheila M. Cesarano
Florida Bar Number 708364      FBN 0306680
Mary Ruth Houston
Florida Bar Number 834440
Sidney C. Calloway
Florida Bar Number 790982

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was faxed and mailed on this 26th day of April 2002, to

Richard J. Burton, Esq.
Richard J. Burton & Associates, P.A.
18305 Biscayne Boulevard, Suite 300
Miami, Florida 33160.
Tel: (305) 705-0888
Fax: (305) 935-9542
Attorney for Plaintiff

*Temple F. Kearns*
OF COUNSEL

MIADOCS 500189.1 RGL