# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE NO.  00-6107-CIV-FERGUSON/SNOW

STEVE HARRIS,

      Plaintiff,

v.

DAYTON HUDSON CORPORATION
d/b/a TARGET STORES,

      Defendant.

_____/

**NIGHT BOX**
FILED

JUN 14 2002

CLERK, U.S. DIST. CT.

## DEFENDANT'S MOTION TO TAX COSTS AND ATTORNEYS' FEES
## AND INCORPORATED MEMORANDUM OF LAW

Defendant, **TARGET CORPORATION** ("Target"), pursuant to Fed. R. Civ. P. 54, 28 U.S.C. § 1920, and S.D. Fla. L.R. 7.2, moves the Court to enter an Order taxing costs against Plaintiff, **STEVE HARRIS** ("Plaintiff"), and, pursuant to Fed. R. Civ. P. 68, awarding attorneys' fees and costs pursuant to an Offer of Judgment submitted to and rejected by Plaintiff.

## FACTS

1.      On January 21, 2000,  Plaintiff filed the instant lawsuit alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII") (Count I) and  42 U.S.C. § 1981 ("Section 1981") (Count II), specifically claiming that Target discriminated against him because of his race.  Plaintiff also filed a claim for libel and slander (Count III).

2.      On June 18, 2001, the Court entered summary judgment on the libel and slander claim (Count III).

3.    On August 29, 2001, Target served an offer of judgment (the "Offer of Judgment") pursuant to Fed. R. Civ. P. 68.  Pursuant to the Offer of Judgment, Target was willing to settle this lawsuit for $10,000.  A true and correct copy of the Offer of Judgment is attached as Exhibit "A."

4.    Plaintiff did not accept the Offer of Judgment.

5.    From May 6 to 16, 2002, this case was tried before a jury.

6.    On May 16, 2002, the jury entered a verdict for Target.

7.    On May 16, 2002, the Court entered final judgment for Target.

8.    Pursuant to 28 U.S.C. § 1920 and Fed. R. Civ. P. 54, Target is entitled to be awarded the costs it incurred in this litigation since the Court entered Final Judgment for Target.  Target's costs incurred in this litigation are delineated in the Bill of Costs filed contemporaneously herewith and the Affidavit of Attorney Rene Gonzalez-LLorens, Esq., which is attached hereto as Exhibit "B."  As set forth in the Bill of Costs, the Court should award Target its costs expended in the amount of $22,671,47.

9.    Pursuant to Fed. R. Civ. P. 68, Target is entitled to be awarded attorneys' fees since it submitted a timely Offer of Judgment to Plaintiff so as to resolve this matter.  Plaintiff rejected the Offer of Judgment and, as a result of the verdict, received less in this litigation than the amount offered in the Offer of Judgment.  The attorneys' fees expended by Target in this litigation are set forth in the Affidavit of Rene Gonzalez-LLorens (Exhibit "B").  However, since Plaintiff has filed a Motion for Judgment as a Matter of Law and has sought a new trial under Fed. R. Civ. P 50 and 59 , Target will file its itemized attorneys' fees description under seal if and when the Court denies Plaintiff's Motion for Judgment as a Matter of Law so as to protect the attorney client privilege and work product doctrine.  As set forth in the Affidavit, the Court should award Target's reasonable

SHUTTS & BOWEN LLP

MIAMI        FORT LAUDERDALE        WEST PALM BEACH        ORLANDO        TALLAHASSEE        AMSTERDAM        LONDON

attorneys' fees in the amount of $420,436.50 which were incurred since August 29, 2001, the date that the Offer of Judgment was filed.

**ARGUMENT**

**I.    TARGET IS ENTITLED TO COSTS RECOVERABLE UNDER RULE 54 AND 28 U.S.C. § 1920.**

A prevailing defendant may recover certain costs incurred while litigating a lawsuit.  Fed. R. Civ. P. 54(d)(1).  These recoverable costs include:

(1)    Fees of the clerk and marshal;

(2)    Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3)    Fees and disbursement for printing and witnesses;

(4)    Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5)    Docket fees under section 1923 of this title;

(6)    Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28. U.S.C. § 1920.  See also Smith v. Vaughn, 171 F.R.D. 323, 326 (M.D. Fla. 1997) (granting costs to prevailing defendants in civil rights action for deposition, witness, and court reporter fees).

In the instant case, Target is entitled to recover allowable costs in the amount of $22,671,47. These costs are specifically set forth below.

**A.    Fees Of The Clerk And Marshal.**

Target expended $862.00 in process server fees incurred in serving deponents, depositions *duces tecum,* and trial subpoenas.  Target incurred the following process server fees:

8/1/00        Rosadel Executive Services              $30.00

-3-

| Date | Description | Amount |
|---|---|---|
| 10/9/00 | Process Server<br>Service on Saks Fifth Avenue | $25.00 |
| 10/13/00 | Process Server<br>Service on J. Murphy Management | $70.00 |
| 10/13/00 | Process Server<br>Service on Zayre | $18.00 |
| 10/20/00 | Process Server<br>Service on Marshalls | $80.00 |
| 3/7/01 | Process Server<br>Service on S. Foodman | $36.00 |
| 3/16/01 | Process Server<br>Service on J. Harris | $70.00 |
| 6/15/01 | Process Server<br>Service on S. Gryzbak | $25.00 |
| 6/15/01 | Process Server<br>Service on J. Murphy | $35.00 |
| 6/15/01 | Process Server<br>Service on S. Tetrault | $25.00 |
| 6/15/01 | Process Server<br>Service on P. Layne | $25.00 |
| 6/15/01 | Process Server<br>Service on D. Barth | $35.00 |
| 6/15/01 | Process Server<br>Service on C. Lapre | $35.00 |
| 6/15/01 | Process Server<br>Service on E. Lyday | $35.00 |
| 6/15/01 | Process Server<br>Service on D. Keil | $35.00 |
| 7/6/01 | Process Server<br>Service on S. Rosenberg | $35.00 |

SHUTTS & BOWEN LLP

MIAMI      FORT LAUDERDALE      WEST PALM BEACH      ORLANDO      TALLAHASSEE      AMSTERDAM      LONDON

| | | |
|---|---|---|
| 7/31/01 | Process Server<br>Service on EEOC | $18.00 |
| 4/15/02 | Process Server<br>Service of trial subpoena on D. Keil | $35.00 |
| 4/15/02 | Process Server<br>Service on D. Barth | $35.00 |
| 4/15/02 | Process Server<br>Service on S. Gryzbak | $25.00 |
| 4/15/02 | Process Server<br>Service on C. Lapre | $25.00 |
| 4/15/02 | Process Server<br>Service on S. Tetrault | $25.00 |
| 4/15/02 | Process Server<br>Service on J. Manasek | $25.00 |
| 4/26/02 | Process Server<br>Service on P. Daly | $25.00 |
| 4/26/02 | Process Server<br>Service on R. Wasco | $35.00 |
| **TOTAL:** | | **$862.00** |

See Ex. B, Gonzalez-LLorens Aff., ¶ 3.

The above referenced process server fees are recoverable under 28 U.S.C. § 1920(1). Courts allow the recovery of costs incurred by prevailing parties for the use of private process servers in serving civil summonses and subpoenas necessary for the proper presentation of the case. See Tang How v. Edward J. Gerrits, Inc., 756 F. Supp. 1540, 1545 (S.D. Fla. 1991) (finding that process server's fees are properly taxed as costs under 28 U.S.C. § 1920(1)), aff'd, 961 F.2d 174 (11th Cir. 1992). See also Nat'l Bancard Corp. v. Visa, U.S.A., Inc., 112 F.R.D. 62, 69 (S.D. Fla. 1986).

SHUTTS & BOWEN LLP

MIAMI        FORT LAUDERDALE        WEST PALM BEACH        ORLANDO        TALLAHASSEE        AMSTERDAM        LONDON

**B.**     **Deposition Costs.**

Target incurred $5,279.54 in deposition costs (court reporter fees and transcripts) in

taking/defending the depositions of the following individuals:

| | | |
|---|---|---|
| 7/6/00 | Veritext LLC<br>Deposition of Plaintiff | $1,126.50 |
| 7/25/00 | Worldwide Reporting Service<br>Deposition of Terry Gillespie | $415.85 |
| 10/31/00 | Worldwide Reporting Service<br>Depositions of Clarissa Howard, Caryn Lapre, Patricia Morris | $792.65 |
| 3/6/01 | Armstrong Okey<br>Deposition of Don Fankhauser | $601.19 |
| 3/23/01 | Veritext LLC<br>Deposition of Janice Harris | $292.45 |
| 4/4/01 | Worldwide Reporting Service<br>Deposition of Doug Barth | $263.60 |
| 4/4/01 | Worldwide Reporting Service<br>Depositions of J. Scott, E. Lyday, S. Tetrault | $552.80 |
| 9/4/01 | Moore Henderson Allen Thomas<br>Deposition of Mark Hasting | $390.00 |
| 9/30/01 | Veritext LLC<br>Deposition of Stanley Foodman | $224.00 |
| 10/15/01 | Schulman Wasserman<br>Deposition of Robert Van Savage | $620.50 |

**TOTAL:**                                     **$5,27954**

See Ex. B, Gonzalez-LLorens Aff., ¶ 4.

The above referenced deposition costs are recoverable under 28 U.S.C. § 1920(2), since the

depositions were necessarily obtained for use in this case. See Barber v. Ruth, 7 F.3d 636, 645 (7th

Cir. 1993); Nat'l Bancard Corp. v. Visa, U.S.A., Inc., 112 F.R.D. 62, 66 (S.D. Fla. 1986).

Specifically, all of these deponents were listed by Plaintiff as trial witnesses in Plaintiff's Exhibit List.    See United States EEOC v. W&O, Inc., 213 F.3d 600, 620-21 (11th Cir. 2000) (allowing deposition costs for deponents on witness list).  Moreover, all but three depositions in this case – the depositions of Plaintiff, Plaintiff's wife, and Stanley Foodman (Plaintiff's expert) – were noticed by Plaintiff.

**C.    Trial Transcript.**

Target incurred $4,147.00 in costs to obtain the trial transcript in this case. See Ex. B, Gonzalez-LLorens Aff., ¶ 5.  The trial transcript costs are recoverable under 28 U.S.C. § 1920(2), since the transcript was necessarily obtained for use in this case, specifically impeaching Plaintiff and Plaintiff's witnesses. See Barber v. Ruth, 7 F.3d 636, 647 (7th Cir. 1993).  See also Marcoin, Inc. v. Edwin K. Williams & Co., Inc., 88 F.R.D. 588, 591 (E.D. Va. 1980); Independent Iron Works, Inc. v. U.S. Steel Corp., 322 F.2d 656, 677-78 (9th Cir. 1963).

**D.    Fees For Witnesses.**

Target incurred $980.00 in fees for trial and witness subpoenas.  These fees also include $300 paid to Plaintiff's expert, Stanley Foodman, so that he would testify.   These fees include the following:

| | | |
|---|---|---|
| 3/2/01 | Janice Harris<br>Attendance at deposition | $40.00 |
| 5/7/01 | Doug Barth<br>Trial Subpoena | $40.00 |
| 5/7/01 | Sandy Gryzbak<br>Trial Subpoena | $40.00 |
| 5/7/01 | Donna Keil<br>Trial Subpoena | $40.00 |

SHUTTS & BOWEN LLP

MIAMI      FORT LAUDERDALE      WEST PALM BEACH      ORLANDO      TALLAHASSEE      AMSTERDAM      LONDON

| Date | Description | Amount |
|---|---|---|
| 5/7/01 | Caryn Lapre<br>Trial Subpoena | $40.00 |
| 5/7/01 | Paula Layne<br>Trial Subpoena | $40.00 |
| 5/7/01 | Erika Lyday<br>Trial Subpoena | $40.00 |
| 5/7/01 | Joe Murphy<br>Trial Subpoena | $40.00 |
| 5/7/01 | Sandy Rosenberg<br>Trial Subpoena | $40.00 |
| 5/7/01 | Shannon Tetrault<br>Trial Subpoena | $40.00 |
| 6/7/01 | EEOC - Rec. Custodian<br>Trial Subpoena | $40.00 |
| 9/5/01 | Stanley Foodman CPA<br>Expert Witness Fee for deposition | $200.00 |
| 9/5/01 | Stanley Foodman CPA<br>Expert Witness Fee for deposition | $100.00 |
| 3/26/02 | Doug Barth<br>Trial Subpoena | $40.00 |
| 3/26/02 | Sandy Gryzbak<br>Trial Subpoena | $40.00 |
| 3/26/02 | Shannon Tetrault<br>Trial Subpoena | $40.00 |
| 3/26/02 | Paula Daly<br>Trial subpoena | $40.00 |
| 3/26/02 | Rene Wasco<br>Trial subpoena | $40.00 |
| 3/26/02 | Caryn Lapre<br>Trial subpoena | $40.00 |
| **TOTAL:** | | **$980.00** |

SHUTTS & BOWEN LLP

MIAMI        FORT LAUDERDALE        WEST PALM BEACH        ORLANDO        TALLAHASSEE        AMSTERDAM        LONDON

<u>See</u> Ex. B, Gonzalez-LLorens Aff., ¶ 6.

The above referenced witness fees are recoverable under 28. U.S.C. § 1920(3), as well as 28

U.S.C. § 1821.  <u>See</u> <u>Allen v. Freeman</u>, 112 F.R.D. 589, 592 (S.D. Fla. 1988) (stating that lay witness

fees recoverable under § 1920, but limited by § 1821(d)).  <u>See also</u> <u>Marcoin, Inc. v. Edwin K.</u>

<u>Williams & Co., Inc.</u>, 88 F.R.D. 588, 591 (E.D. Va. 1980).  Section 1821(a)(1) specifically provides

that "a witness in attendance at any court of the United States . . . or before any person authorized

to take his depositions . . . shall be paid the fees and allowances provided by this section." 28 U.S.C.

§ 1821(a)(1).  <u>See also</u> <u>Fressel v. AT&T Technologies, Inc.</u>, 103 F.R.D. 111, 116 (N.D. Ga. 1984).

**E.      <u>Fees For Papers Necessarily Obtained For Use In The Case.</u>**

Target incurred $7,001.30 in costs for  copies of papers necessarily obtained for use in the

trial of this case.  These papers include the following:

- Costs of $2,293.00 for photocopies used before trial preparation  These costs were incurred
from April to September 2, 2001.

- Costs of $1,970.80 for photocopies used for preparing witnesses immediately before the trial
and photocopying costs for the first trial.  These costs were incurred from September 4, 2001
to October 15, 2001, the date that the first trial ended.

- Costs of $2,737.50 for photocopies used for preparing witnesses for the second trial and
expended as a result of the second trial.  These costs were incurred from October 16, 2001
through May 16, 2002.

<u>See</u> Ex. B, Gonzalez-LLorens Aff., ¶ 7.

The above referenced costs are recoverable under 28 U.S.C. § 1920(4).  Copies attributable

to discovery, pleadings, correspondence, motions, memoranda, depositions, exhibits, medical

records, documents tendered to the other parties, and documents prepared for the Court's

consideration are recoverable.  <u>See</u> <u>George v. GTE Directories Corp.</u>, 114 F.Supp.2d 1281, 1299

(M.D. Fla. 2000); <u>Blevins v. Heilig-Meyers Corp.</u>, 184 F.R.D. 663, 668 (M.D. Ala. 1999);

Breitenbach v. Neiman Marcus Group, Inc., 181 F.R.D. 544, 546 (N.D.Ga. 1998); Fressell v. AT&T

Technologies, Inc., 103 F.R.D. 111, 115-16 (N.D. Ga. 1984); Nisho-Iwai Co., Ltd. v. Occidental

Crude Sales, 729 F.2d 1530, 1553 (5th Cir. 1984); Card v. State Farm Fire & Casualty Co., 126

F.R.D. 658, 661 (N.D. Miss. 1989), aff'd, 902 F.2d 957 (5th Cir. 1990); Allen v. Freemen, 122 F.R.D

589, 591 (S.D. Fla. 1988).

**F.**     **Demonstrative Exhibits.**

Target incurred $287.55 in costs for demonstrative exhibits used at trial. See Ex. B,

Gonzalez-LLorens Aff., ¶ 8. These exhibits included three Boards which contained the Shooter's

Receipt and certain Target policies. See Card v. State Farm Fire & Casualty Co., 126 F.R.D. 658,

661 (N.D. Miss. 1989), aff'd, 902 F.2d 957 (5th Cir. 1990); Nelson v. Darragh Co., 120 F.R.D. 517,

519 (W.D. Ark. 1988) (allowing recovery for copies of exhibits for use at trial); Dumas v. Tyson

Foods, Inc., 139 F. Supp. 2d 1243, 1249 (N.D. Ala. 2001) (allowing demonstrative exhibit costs in

an employment discrimination case).

**G.**     **Mediation Costs and Travel To Deposition Costs.**

Target incurred $204.75 in mediation costs. See Ex. B, Gonzalez-LLorens Aff., ¶ 9.

Although mediation costs are not identified in 28 U.S.C. § 1920, other courts have awarded

mediation costs given that mediation was required and the strong public policy considerations for

mediation. See Martineau v. City of Concord, No. 930268-M, 1994 WL 587832, at *4 (D.N.H. Oct.

24, 1994). Moreover, a strong public policy consideration toward mediation costs exists in this case

where the only mediation proposal made by Plaintiff was to settle the case for a ridiculous figure in

the multi-million dollar range. Accordingly, Target requests that it be awarded these costs since they

were necessarily incurred in the litigation of this matter. See Dumas v. Tyson Foods, Inc., 139

F.Supp.2d 1243, 1249 (N.D. Ala. 2001) (allowed mediation expenses as a cost under § 1920 in an

employment discrimination case); <u>Card v. State Farm Fire & Casualty Co.</u>, 126 F.R.D. 658, 661 (N.D. Miss. 1989), <u>aff'd</u>, 902 F.2d 957 (5th Cir. 1990).

Moreover, Target incurred $3,909.33 in travel expenses to defend depositions taken by Plaintiff in other states. <u>See</u> Ex. B, Gonzalez-LLorens Aff., ¶ 10. Target's counsel traveled to Oregon to defend the deposition of Mark Hasting and incurred travel expenses (including airfare) of $1,619.79; Target's counsel traveled to Ohio to defend the deposition of Don Fankhauser and incurred travel expenses (including airfare) of $1,209.29; and Target's counsel traveled to New Jersey to defend the deposition of Robert Van Savage, and incurred travel expenses (including airfare) of $1,080.25. These travel expenses were necessary since the depositions were all noticed by Plaintiff in other states, even though Target's counsel proposed telephonic depositions of Hasting and Fankhauser.

**H.    Interest.**

The above taxable costs should bear interest from the date of the Final Judgment (May 16, 2002). <u>See</u> <u>Georgia Ass'n of Retarded Citizens v. McDaniel</u>, 855 F.2d 794, 799 (11th Cir. 1988) ("[W]hen a district court taxes costs against a losing party, the award of costs bears interest from the date of the original judgment."); <u>see also</u> <u>BankAtlantic v. Blythe Eastman Paine Webber, Inc.</u>, 12 F.3d 1045, 1052 (11th Cir. 1994). Accordingly, Target requests that the Court tax interests on the above costs from May 16, 2002 onward, pursuant to 28 U.S.C. § 1961.

**II.    TARGET IS ENTITLED TO RECOVER ITS REASONABLE ATTORNEYS' FEES BECAUSE PLAINTIFF FAILED TO ACCEPT TARGET'S OFFER OF JUDGMENT.**

On August 29, 2001, Target served its Offer of Judgment on Plaintiff pursuant to Fed. R. Civ. P. 68. Plaintiff did not accept the Offer of Judgment. During trial, the jury was presented with a 3-question verdict form. On May 16, 2002, the jury answered verdict questions 1 and 2 for the

SHUTTS & BOWEN LLP
MIAMI        FORT LAUDERDALE        WEST PALM BEACH        ORLANDO        TALLAHASSEE        AMSTERDAM        LONDON

Plaintiff, but answered verdict question 3 for Target, thus rendering a verdict for Target. Consequently, the Court entered Final Judgment for Target. Based on this, it is Target's position that it is entitled to attorneys' fees and costs under Fed. R. Civ. P. 68.

Rule 68 states in relevant part:

> At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the offer, with costs then accrued. . . . . An offer not accepted shall be deemed withdrawn and evidence thereof is not admissible except in a proceeding to determine costs. If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree *must* pay the costs incurred after the making of the offer.

Fed. R. Civ. P. 68 (emphasis added).

Where a Rule 68 offer has been made and the judgment obtained by the plaintiff is less than the offer, it is mandatory that the plaintiff must pay the offeror's cost incurred after making the offer.

Jordan v. Time, Inc., 111 F.3d 102, 104 (11th Cir. 1997). The Eleventh Circuit states:

> *We believe that the mandatory language of the rule [Rule 68] leaves no room for district court discretion.* When a proper Rule 68 offer is made and the other requirements of the rule are met, *the district court must award costs measured from the time the offer was served.*
>
> ****
>
> *The language in Rule 68 is mandatory; the district court does not have the discretion to rule otherwise.* Thus, the district court erred when it used its "equitable discretion" to deny Time's motion for attorneys' fees and costs. [The plaintiff] must pay the costs incurred by Time after the making of its offer.

Id. at 105 (emphasis added); see also Delta Air Lines, Inc. v. August, 450 U.S. 346 (1981); Arencibia v. Miami Shoes, 113 F.3d 1212, 1214 (11th Cir. 1997); Lucas v. Wild Dunes Real Estate, Inc., 197 F.R.D. 172, 175-77 (D.S.C. 2000).

Attorneys' fees are recoverable as "costs" under Rule 68 if the cause of action sued upon expressly provides that attorneys' fees are costs. See Marek v. Chesney, 473 U.S. 1, 9 (1985)

-12-

("where the underlying statute defines costs to include attorney's fees, ... such fees are to be included as costs for purposes of Rule 68"). In civil rights cases like the instant case, the Rule 68 term "costs" includes attorneys' fees under 42 U.S.C. § 1988. See Marek, 473 U.S. at 10-11; Canup v. Chipman-Union, Inc., 123 F.3d 1440, 1445 (11th Cir. 1997); Tanker Management, Inc. v. Brunson, 918 F.2d 1524, 1527 (11th Cir. 1990).

Since Plaintiff failed to accept the Offer of Judgment, the Court should award Target its reasonable attorneys' fees incurred after the date that the Offer of Judgment was made. See Smith v. Vaughn, 171 F.R.D 323, 326-27 (M.D. Fla. 1997) (awarding attorneys' fees under Rule 68 in civil rights matter).

In the instant case, Target expended $420,436.50 in attorneys' fees from the date that the Offer of Judgment was made (August 29, 2001) to June 13, 2002. Ex. B, Gonzalez-LLorens Aff., ¶ 11. Accordingly, the Court should award Target its reasonable attorneys' fees incurred in this litigation.

Alternatively to Fed. R. Civ. P. 68, Target is entitled to recover all reasonable attorneys' fees incurred in litigating this lawsuit because it was the prevailing party in this lawsuit. 42 U.S.C. § 1988. The Eleventh Circuit follows the United States Supreme Court's standard set forth in Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 98 S.Ct. 694 (1978), to determine whether a defendant may recover attorneys' fees under § 12205. In Christiansburg, the Supreme Court held that "a district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was *frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith.*" Christiansburg, 434 U.S. at 418-421, 98 S.Ct. at 694 (emphasis added). The Court need not find subjective bad faith on Plaintiff's

-13-

part to award attorneys' fees to Target, but if Plaintiff is found to have brought or continued his claim in bad faith, "there will be an even stronger basis for charging him with the attorney's fees incurred by the defense." Id. at 422, 98 S.Ct. at 694.

In the instant case, Plaintiff's claim were frivolous as two separate juries found. Accordingly, the Court should award Target its reasonable attorneys' fees incurred in litigating this matter.

## CONCLUSION

Defendant, TARGET CORPORATION, requests that the Court enter an Order taxing costs against Plaintiff and awarding Target its reasonable attorneys' fees incurred after it made its Offer of Judgment.

Respectfully submitted,

SHUTTS & BOWEN LLP
Attorneys for Defendant
1500 Miami Center
201 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 358-6300
Facsimile: (305) 347-7386

By: _____
Sheila M. Cesarano
Florida Bar Number 708364
Mary Ruth Houston
Florida Bar Number 834440
Sidney C. Calloway
Florida Bar Number 790982
Rene Gonzalez-LLorens
Florida Bar Number 0053790

-14-

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was mailed on this 17th

day of June 2002, to:

> Richard J. Burton, Esq.
> Richard J. Burton & Associates, P.A.
> 18305 Biscayne Boulevard, Suite 300
> Miami, Florida 33160.
> Tel: (305) 705-0888
> Fax: (305) 935-9542
> Attorney for Plaintiff

OF COUNSEL

MIADOCS 510905.2 JLG

-15-

# EXHIBIT "A"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  00-6107-CIV-FERGUSON/SNOW

STEVE HARRIS,

     Plaintiff,

v.

DAYTON HUDSON CORPORATION
d/b/a TARGET STORES,

     Defendant.

_____/

## DEFENDANT'S OFFER OF JUDGMENT PURSUANT TO FED. R. CIV. P. 68

Defendant, **DAYTON HUDSON CORPORATION d/b/a TARGET STORES**

("Target"), pursuant to Fed. R. Civ. P. 68 ("Rule 68"), hereby proposes to settle this

action with Plaintiff, **STEVE HARRIS** ("Plaintiff"), in the total amount of TEN

THOUSAND DOLLARS AND NO CENTS ($10,000.00), and states:

1.     This Offer of Judgment is made by Target to Plaintiff.

2.     This Offer of Judgment shall resolve all claims against Target arising

out of the allegations that are the subject of the above styled action.

3.     There are no conditions attached to this Offer of Judgment, other than

those applicable under the provisions of Rule 68.  Acceptance of this Offer of

Judgment by Plaintiff shall release all claims and causes of action that Plaintiff has

asserted or could assert against Target arising out of the allegations that are the

subject of the above styled action.

4.    The total amount of this Offer of Judgment is TEN THOUSAND DOLLARS AND NO CENTS ($10,000.00), which includes any and all damages sought by Plaintiff in this action, including any and all claims for monetary damages, punitive damages, costs, expenses, interest, and attorneys' fees.  There are no non-monetary terms other than as may be required by Rule 68.

5.    This Offer of Judgment proposes to settle Plaintiff's claim for punitive damages.

6.    This Offer of Judgment is inclusive of all of Plaintiff's claims for costs and attorney's fees.

SHUTTS & BOWEN LLP
Attorneys for Defendant
201 South Biscayne Boulevard
1500 Miami Center
Miami, Florida  33131
(305) 358-6300
(305) 347-7386 (facsimile)

By:_____
     Sheila M. Cesarano
     Florida Bar Number 708364
     Rene J. Gonzalez-LLorens
     Florida Bar No. 0053790

-2-

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was mailed

and faxed on this _29_ day of August, 2001 to:


Richard J. Burton, Esq.
Richard J. Burton & Associates, P.A.
18305 Biscayne Boulevard, Suite 300
Miami, Florida 33160.
Tel: (305) 705-0888
Fax: (305) 935-9542
Attorney for Plaintiff


_____
OF COUNSEL

MIADOCS 452002.1 KLL

-3-

# EXHIBIT "B"

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE NO.  00-6107-CIV-FERGUSON/SNOW

STEVE HARRIS,

      Plaintiff,

v.

DAYTON HUDSON CORPORATION
d/b/a TARGET STORES,

      Defendant.

_____/

## AFFIDAVIT IN SUPPORT OF DEFENDANT'S
## MOTION TO TAX COSTS AND ATTORNEYS' FEES

STATE OF FLORIDA    )
                        ) SS.
COUNTY OF DADE     )

      BEFORE ME, the undersigned authority, personally appeared **RENÉ J. GONZÁLEZ-LLORENS** who is personally known to me and who, after being first duly sworn, deposes and states:

      1.    I am an attorney in the law firm of Shutts & Bowen LLP, which represents Defendant, Target Corporation ("Target").  I have been personally involved in the defense of this matter.

      2.    I have reviewed the billing records and files to determine the costs and attorneys' fees incurred in the above-referenced matter.  I make this Affidavit based on my personal knowledge and a review of the billing records and files.

## COSTS

3.     Target expended $862.00 in process server fees incurred in serving deponents, depositions *duces tecum,* and trial subpoenas.  These process server fees have been solely and necessarily incurred for the purposes of this litigation, and, therefore, are well grounded in fact and justified:

| 8/1/00 | Rosadel Executive Services | $30.00 |
|---|---|---|
| 10/9/00 | Process Server<br>Service on Saks Fifth Avenue | $25.00 |
| 10/13/00 | Process Server<br>Service on J. Murphy Management | $70.00 |
| 10/13/00 | Process Server<br>Service on Zayre | $18.00 |
| 10/20/00 | Process Server<br>Service on Marshalls | $80.00 |
| 3/7/01 | Process Server<br>Service on S. Foodman | $36.00 |
| 3/16/01 | Process Server<br>Service on J. Harris | $70.00 |
| 6/15/01 | Process Server<br>Service on S. Gryzbak | $25.00 |
| 6/15/01 | Process Server<br>Service on J. Murphy | $35.00 |
| 6/15/01 | Process Server<br>Service on S. Tetrault | $25.00 |
| 6/15/01 | Process Server<br>Service on P. Layne | $25.00 |
| 6/15/01 | Process Server<br>Service on D. Barth | $35.00 |

| 6/15/01 | Process Server<br>Service on C. Lapre | $35.00 |
| 6/15/01 | Process Server<br>Service on E. Lyday | $35.00 |
| 6/15/01 | Process Server<br>Service on D. Keil | $35.00 |
| 7/6/01 | Process Server<br>Service on S. Rosenberg | $35.00 |
| 7/31/01 | Process Server<br>Service on EEOC | $18.00 |
| 4/15/02 | Process Server<br>Service of trial subpoena on D. Keil | $35.00 |
| 4/15/02 | Process Server<br>Service on D. Barth | $35.00 |
| 4/15/02 | Process Server<br>Service on S. Gryzbak | $25.00 |
| 4/15/02 | Process Server<br>Service on C. Lapre | $25.00 |
| 4/15/02 | Process Server<br>Service on S. Tetrault | $25.00 |
| 4/15/02 | Process Server<br>Service on J. Manasek | $25.00 |
| 4/26/02 | Process Server<br>Service on P. Daly | $25.00 |
| 4/26/02 | Process Server<br>Service on R. Wasco | $35.00 |

**TOTAL:**                                   **$862.00**

True and correct copies of Shutts & Bowen's internal disbursement forms evidencing the fees paid

to process servers are attached as Exhibit "A" to the Bill of Costs.

SHUTTS & BOWEN LLP

MIAMI       FORT LAUDERDALE       WEST PALM BEACH       ORLANDO       TALLAHASSEE       AMSTERDAM       LONDON

4. Target incurred $5,279.54 in deposition costs (court reporter fees and transcripts) in taking/defending depositions. These deposition costs have been incurred solely and necessarily for the purposes of this litigation, and, therefore, are well grounded in fact and justified:

| | | |
|---|---|---|
| 7/6/00 | Veritext LLC<br>Deposition of Plaintiff | $1,126.50 |
| 7/25/00 | Worldwide Reporting Service<br>Deposition of Terry Gillespie | $415.85 |
| 10/31/00 | Worldwide Reporting Service<br>Depositions of Clarissa Howard, Caryn Lapre, Patricia Morris | $792.65 |
| 3/6/01 | Armstrong Okey<br>Deposition of Don Fankhauser | $601.19 |
| 3/23/01 | Veritext LLC<br>Deposition of Janice Harris | $292.45 |
| 4/4/01 | Worldwide Reporting Service<br>Deposition of Doug Barth | $263.60 |
| 4/4/01 | Worldwide Reporting Service<br>Depositions of J. Scott, E. Lyday, S. Tetrault | $552.80 |
| 9/4/01 | Moore Henderson Allen Thomas<br>Deposition of Mark Hasting | $390.00 |
| 9/30/01 | Veritext LLC<br>Deposition of Stanley Foodman | $224.00 |
| 10/15/01 | Schulman Wasserman<br>Deposition of Robert Van Savage | $620.50 |

**TOTAL:**                                     **$5,279.54**

True and correct copies of Shutts & Bowen's internal disbursement forms evidencing the deposition costs are attached as Exhibit "B" to the Bill of Costs.

5. Target incurred $4,147.00 in costs to obtain the trial transcript in this case. The trial transcript was necessarily obtained for use in this case, specifically impeaching Plaintiff and

-4-

Plaintiff's witnesses, and, therefore, are well grounded in fact and justified.  True and correct copies of Shutts & Bowen's internal disbursement forms evidencing the trial transcript costs are attached as Exhibit "C" to the Bill of Costs.

6.    Target incurred $980.00 in fees for trial and witness subpoenas.  These fees also include $300 paid to Plaintiff's expert, Stanley Foodman, so that he would testify.  The trial and witness subpoena fees were solely and necessarily incurred for the purposes of this litigation, and, therefore, are well grounded in fact and justified:

| | | |
|---|---|---|
| 3/2/01 | Janice Harris<br>Attendance at deposition | $40.00 |
| 5/7/01 | Doug Barth<br>Trial Subpoena | $40.00 |
| 5/7/01 | Sandy Gryzbak<br>Trial Subpoena | $40.00 |
| 5/7/01 | Donna Keil<br>Trial Subpoena | $40.00 |
| 5/7/01 | Caryn Lapre<br>Trial Subpoena | $40.00 |
| 5/7/01 | Paula Layne<br>Trial Subpoena | $40.00 |
| 5/7/01 | Erika Lyday<br>Trial Subpoena | $40.00 |
| 5/7/01 | Joe Murphy<br>Trial Subpoena | $40.00 |
| 5/7/01 | Sandy Rosenberg<br>Trial Subpoena | $40.00 |
| 5/7/01 | Shannon Tetrault<br>Trial Subpoena | $40.00 |

SHUTTS & BOWEN LLP

MIAMI        FORT LAUDERDALE        WEST PALM BEACH        ORLANDO        TALLAHASSEE        AMSTERDAM        LONDON

| | | |
|---|---|---|
| 6/7/01 | EEOC - Rec. Custodian<br>Trial Subpoena | $40.00 |
| 9/5/01 | Stanley Foodman CPA<br>Expert Witness Fee for deposition | $200.00 |
| 9/5/01 | Stanley Foodman CPA<br>Expert Witness Fee for deposition | $100.00 |
| 3/26/02 | Doug Barth<br>Trial Subpoena | $40.00 |
| 3/26/02 | Sandy Gryzbak<br>Trial Subpoena | $40.00 |
| 3/26/02 | Shannon Tetrault<br>Trial Subpoena | $40.00 |
| 3/26/02 | Paula Daly<br>Trial subpoena | $40.00 |
| 3/26/02 | Rene Wasco<br>Trial subpoena | $40.00 |
| 3/26/02 | Caryn Lapre<br>Trial subpoena | $40.00 |
| **TOTAL:** | | **$980.00** |

True and correct copies of Shutts & Bowen's internal disbursement forms evidencing the trial and witness subpoena fees are attached as Exhibit "D" to the Bill of Costs.

  7. Target incurred $7,001.30 in costs for copies of papers. These papers include the following:

- Costs of $2,293.00 for photocopies used before trial preparation  These costs were incurred from April to September 2, 2001.

- Costs of $1,970.80 for photocopies used in preparing witnesses immediately before the trial and for the first trial. These costs were incurred from September 4, 2001 to October 15, 2001, the date that the first trial ended.

SHUTTS & BOWEN LLP

MIAMI  FORT LAUDERDALE  WEST PALM BEACH  ORLANDO  TALLAHASSEE  AMSTERDAM  LONDON

• Costs of $2,737.50 for photocopies used for preparing witnesses for the second trial and expended as a result of the second trial. These costs were incurred from October 16, 2001 through May 16, 2002.

True and correct copies of Shutts & Bowen's internal disbursement forms evidencing the photocopy costs are attached as Exhibit "E" to the Bill of Costs.

8.   Target incurred $287.55 in costs for demonstrative exhibits used at trial. These exhibits included three Boards which contained the Shooter's Receipt and certain Target policies. A true and correct copy of Shutts & Bowen's internal disbursement form evidencing the demonstrative exhibit costs is attached as Exhibit "F" to the Bill of Costs.

9.   Target incurred $204.75 in mediation costs. A true and correct copy of Shutts & Bowen's internal disbursement form evidencing the mediation costs is attached as Exhibit "G" to the Bill of Costs.

10.   Target incurred $3,909.33 in travel expenses to defend depositions taken by Plaintiff in other states. Target's counsel traveled to Oregon to defend the deposition of Mark Hasting and incurred travel expenses (including airfare) of $1,619.79; Target's counsel traveled to Ohio to defend the deposition of Don Fankhauser and incurred travel expenses (including airfare) of $1,209.29; and Target's counsel traveled to New Jersey to defend the deposition of Robert Van Savage, and incurred travel expenses (including airfare) of $1,080.25. These travel expenses were necessary since the depositions were all noticed by Plaintiff in other states, even though Target's counsel proposed telephonic depositions of Hasting and Fankhauser.

11.   Accordingly, Target has incurred $22,671.47 in taxable costs since the inception of this lawsuit.

SHUTTS & BOWEN LLP

MIAMI       FORT LAUDERDALE       WEST PALM BEACH       ORLANDO       TALLAHASSEE       AMSTERDAM       LONDON

## ATTORNEYS' FEES

12.    Target incurred a total of $420,436.50 in attorneys' fees since August 29, 2001, the

date that it presented an Offer of Judgment to Plaintiff, to June 13, 2002.  These attorneys' fees are

divided among the following attorneys, and paralegals, of Shutts & Bowen LLP:

| | | |
|---|---|---|
| A. | Jeannette E. Albo, Esq.<br>(14.10 hrs. at $215.00/hr.) | $3,031.50 |
| | Jeannette E. Albo, Esq.<br>(2.60 hrs. at $235.00/hr.) | $611.00 |
| B. | Douglas G. Brehm, Esq.<br>(60 hrs. at $235.00/hr.) | $14,100.00 |
| C. | Natalie Brouwer, Esq.<br>(3.80 hrs. at $150.00/hr.) | $570.00 |
| D. | Sheila M. Cesarano, Esq.<br>(249.20 hrs. at $235.00/hr.) | $58,562.00 |
| | Sheila M. Cesarano, Esq.<br>(87.40 hrs. at $275.00/hr.) | $24,035.00 |
| E. | Sidney Calloway, Esq.<br>(42.60 hrs. at $250.00/hr.) | $10,650.00 |
| | Sidney Calloway, Esq.<br>(195.40 hrs. at $235.00/hr.) | $45,919.00 |
| F. | Rene Gonzalez-LLorens, Esq.<br>(324.60 hrs. at $215.00/hr.) | $69,789.00 |
| | Rene Gonzalez-LLorens, Esq.<br>(76.20 hrs. at $240.00/hr.) | $18,288.00 |
| | Rene Gonzalez-LLorens, Esq.<br>(255.70 hrs. at $235.00/hr.) | $60,089.50 |
| G. | Mary Ruth Houston Esq.<br>(42.50 hrs at $250.00) | $10,625.00 |
| | Mary Ruth Houston Esq. | $52,428.50 |

-8-

(223.10 hrs at $235.00)

H.   Tonja B. Haddad, Esq.                    $2,320.00
     (14.50 hrs at $160.00/hr)

I.   Joey E. Schlosberg, Esq.                 $1,344.00
     (6.40 hrs at $210.00/hr)

J.   Margaret Bradley Davis (paralegal)  $19,010.00
     (190.10 hrs. at $100.00/hr.)

     Margaret Bradley Davis (paralegal)  $29,064.00
     (242.20 hrs. at $120.00/hr.)


FURTHER AFFIANT SAYETH NOT.

                              RENÉ J. GONZÁLEZ-LLORENS


STATE OF FLORIDA     )
                     ) SS.
COUNTY OF DADE       )

     The foregoing instrument was acknowledged before me on this 14 day of June 2002

by René J. González-LLorens, who is personally known to me and who did/did not take an oath.

                              Notary Public,
My Commission expires:        State of Florida at Large.
(SEAL)



KAREN LEA LARSH
MY COMMISSION # DD 073166
EXPIRES: March 17, 2006
Bonded Thru Notary Public Underwriters


MIADOCS 524221.1 RGL

-9-

SHUTTS & BOWEN LLP
MIAMI     FORT LAUDERDALE     WEST PALM BEACH     ORLANDO     TALLAHASSEE     AMSTERDAM     LONDON