UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

STEVE HARRIS,
    Plaintiff,    Case No. 00-6107-CIV-FERGURSON

vs.

TARGET CORPORATION f/k/a
DAYTON HUDSON CORPORATION
d/b/a TARGET STORES

_____/

NIGHT BOX FILED
JUN 21 2002
CLARENCE MADDOX
CLERK, USDC/SDFL/FTL

### PLAINTIFF'S RESPONSE TO DEFENDANT'S EMERGENCY MOTION ON JUROR AFFIDAVITS AND INCORPORATED MEMO OF LAW.

COMES NOW, the Plaintiff, Steve Harris, hereinafter named "Plaintiff", and sets forth his response to Defendant's Emergency Motion Regarding Juror Affidavits wherein Defendant moved to enjoin Plaintiff's counsel from contacting jurors and to strike juror affidavits. Plaintiff respectfully requests that said motions be *denied*. The grounds for the denial are set forth in the following memorandum of law:

### Preliminary Statement and Overview

Plaintiff requested a new trial or directed verdict based on its Motion for Directed Verdict and New trial for the trial held on May 6-17, 2002 in the courtroom of the Honorable Wilkie Ferguson. Within its motion, Plaintiff, through Counsel's assistant, Annelies Mourning, Esq., obtained the names from the jurors and subsequently spoke with 2 jurors post-trial, who were eager to advise said Counsel of the outrageous mode of the deliberations. Defense counsel seeks to use the "Emergency" nature of its motion to attempt to thwart Plaintiff's motion in another attack on Plaintiff counsel rather than in regards to the evidence, in an improper forum and possibly buy more time for an answer of the motion for new trial. (See Defendant's Emergency Motion pg 2 line 8 and 9 –

attack on certificate date and page count). On Defendant's Motion pg 3, line 7, it is merely an attempt to state a rebuttal argument (that is not supported by case law) rather than a support of its reason for this motion.

The names and phone numbers of the jurors spoken to by Plaintiff's counsel were given freely and without any duress or influence. At the time of obtaining the names of the jurors, Plaintiff's counsel had no idea as to the EXTREME VIOLATIONS of the jury system. The jurors freely and voluntarily spoke with Plaintiff and Ms. Mourning about the hostile environment, to which they were exposed, and apologized for not continuing to disagree with the foreperson and some of the other jurors. The rules stated by counsel are used out of context and do not create any UNETHICAL conduct as described by the Defendant.

The Defendant's counsel was well aware of Plaintiff's contact with the jury AFTER the verdict and voiced no objection. The Marshall gave the jurors an instruction after the verdict that told the jurors that they were free to speak with Defense or Plaintiff's counsel.

Statements obtained by Plaintiff's counsel are a result of statements offered solely by those offering the statements. Plaintiff's counsel did not infer or add anything to their opinions. Plaintiff's counsel filed the affidavits immediately in an attempt to bring the extrinsic influence of the jurors to the forefront for further question by the Court should the Court deem such a question to have merit. If such statements are proven to have merit, only a new trial or a directed verdict can cure such extrinsic prejudice. Enjoining Plaintiff from further contact is moot, since Plaintiff has not contacted any other jurors and only spoke to

Mr. Thomas and Ms. Thorpe on one occasion. Therefore, it is the Court's discretion as to allow the statements to stand in their current form or to conduct further inquiry.

## ISSUES PRESENTED AND DISSCUSSION

### I. Jury Affidavit brought jury misconduct before the court in a matter consistent with case law.

In this case, Plaintiff's counsel brought the evidence of jury misconduct to the Court's attention in a manner that would have less impact on the jurors and would be the springboard upon which the Court could further act. The Court is in a better position than Plaintiff's counsel to recall members of the juror panel should it feel the jury was influenced. Arizona v. Washington, 434 U.S. 497; 98 S. Ct. 824; 54 L. Ed. 2d 717 (1977). In Tanner vs. US, 483 U.S. 107, 107 S. Ct. 2739, 97 L. Ed. 2d 90, 55 U.S.L.W. 4942 (1987), the Supreme Court held that 11th Circuit and District Court did not err, and was within the Court's discretion in refusing to hold an evidentiary hearing to determine juror misconduct. See also United States v. Taliaferro, 558 F.2d 724, 725-726 (4th Cir 1977) (court instead considered non-jury records of club where jurors dined, and testimony of marshal who accompanied jurors, to determine whether jurors were intoxicated during deliberations rather than jury hearing). It is within the Court's discretion to allow Juror Affidavits and/or conduct an independent hearing as to racial and extrinsic influences on the jury. Racial inferences made by members of the jury during trial and during deliberations created prejudice to the Plaintiff.

During the 8 days of trial, Jurors were already inconvenienced; further inconvenience could create further prejudice to Plaintiff that might prevent jurors from being candid. Statements obtained by Plaintiff's counsel are a result of statements offered solely by

3

those offering the statements. Plaintiff's counsel did not infer or add anything to their opinions. Members of the jury panel who spoke to Plaintiff's counsel volunteered opinions that other jurors made racial inferences and exhibited racial bias and predisposed racial opinions towards the African American jurors and Plaintiff. The impartiality created by the predisposed racial bias could not have been cured by the Court's instructions and were not brought to the court's attention by the jurors in fear of a mistrial and lack of knowledge. Had the biased jurors prejudice been determined during voir dire, those jurors would have been challenged for cause. However, no juror would have been able to answer such a question of bias truthfully, even if they had been determined. In the United States v. Pleva, 66 F.2d 529 (2nd Cir. 1933) the Second Circuit did not rely on the Jury affidavits because they reached a similar result without them. In the instant case, the jury affidavits only work to affirm the decisions that will be ultimately reached by the court. See also Heller v. US 785 F.2d 1524 (11th Cir 1986) (Court granted new trial based on trial judge's failure to grant new trial because a juror made ethnic and anti-Semitic slurs and expressed racial bias, expressed belief in the defendant's guilt prior to deliberations and received extrinsic evidence.) In Heller (id), and Pleva (id), the use of juror and witness affidavits were approved as the *proper* and customary method for bringing to the attention, of the Court the conduct within the confines of the deliberation chambers.

**Purpose of Juror Affidavits not to attack jury deliberations but to determine Allen charge's effect, therefore it is not against the Local or Federal Rules and therefore the relief requested by Defendant should be denied.**

Harris v Target Stores, Inc. Reply To Motion to Enjoin Conduct

Plaintiff contacted the jurors for the sole purpose on determining what the effect the Allen charge had on their deliberations. Plaintiff spoke with two jurors who informed counsel of the misconduct. Counsel then brought that to the court's attention by affidavit. The statements obtained by Plaintiff's counsel are a result of statements and opinions offered solely by those jurors. Plaintiff obtained the names of those jurors willing to speak with them and spoke with those jurors. Defense Counsel is the only one inferring the thoughts of the jurors. Plaintiff's counsel did not infer or add anything to their opinions, the jurors themselves offered the evidence, made their own inferences and Plaintiff merely recorded their opinions and submitted them for the Court. The Court therefore is in the best position to determine the merit of the affidavits and then conduct further proceedings should the Court deem it necessary if it would reach the same conclusion. Id. 34. The affidavits merely serve as the tool to bring the extrinsic evidence and the prejudice to Plaintiff. Affidavits of jurors merely serve as evidence to "indicate the existence of extraneous interference with the jury's deliberations. * * * The affidavits of the jurors, submitted by the appellant, were not proof of the facts recited by the affiants." Glasser v. United States, 315 U.S. 60, 87, 62 S. Ct. 457, 86 L. Ed. 680." Courts have recognized the significance of juror affidavits over 100 years ago In Hawkins v. New Orleans Printing Co., 29 La. Ann. 134, 140; (1877), the Louisiana Supreme Court stated "a juryman may testify to any facts bearing upon the question of the existence of any extraneous influence, although not as to how far that influence operated upon his mind. So a juryman may testify in denial or explanation of acts or declarations outside of the jury room, where evidence of such acts has been given as ground for a new trial." See also Mattox v. United States, 146 U.S. 140, 13 S. Ct. 50, 36

5

L. Ed. 917(1892) (new trial was granted based on errors in verdict, not within the personal knowledge of a sole juror, but an error that was brought to the Court's attention by affidavit of an overt act within the knowledge of *all* the jurors.)

### Conclusion

Wherefore, Plaintiff prays that this Court will deny Defendant's motion to strike Juror Affidavits and that the other requests of the Defendants be similarly denied, and that the Court Grant such other relief be granted as is just and equitable.

Respectfully submitted this 21st day of June, 2002.

        RICHARD J. BURTON & ASSOCIATES, P.A.
        Attorney for PLAINTIFF
        18305 Biscayne Blvd., Suite 300
        Miami, FL 33106
        (305)705-0888  Fax (305)935-9542

by: _____
        Richard J. Burton
        Florida Bar No. 179337

Harris v Target Stores, Inc. Reply To Motion to Enjoin Conduct

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by US Mail and Facsimile this 21st day of June, 2002 to Sheila M. Cesarano, Esq. Shutts & Bowen LLP., 1500 Miami Center, 201 South Biscayne Blvd., Miami, FL 33131.

RICHARD J. BURTON & ASSOCIATES, P.A.
Attorney for PLAINTIFF
18305 Biscayne Blvd., Suite 300
Miami, FL 33106
(305)705-0888  Fax (305)935-9542

by: _____
Richard J. Burton, FBN 179387

7