UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6107-CIV-FERGUSON/SNOW

STEVE HARRIS,

    Plaintiff,

v.

DAYTON HUDSON CORPORATION
d/b/a TARGET STORES,

    Defendant.
_____/



### DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S *EMERGENCY* MOTION TO ENJOIN PLAINTIFF'S COUNSEL FROM UNETHICAL CONDUCT, *ET AL.*

Defendant, TARGET CORPORATION ("Target"), replies to Plaintiff's Response to Defendant's Emergency Motion to Enjoin Plaintiff's Counsel from Unethical Conduct By Contacting Jurors, *et al.* ("Plaintiff's Response"), and states as follows:

### INTRODUCTION

Plaintiff's counsel admit that they directly contacted and approached two jurors and obtained an affidavit and a statement from them without the Court's permission. (Pl. Response at 1-3). Attempting to absolve themselves of responsibility, Plaintiff's counsel justify their violations of S.D. Fla. L.R. 11.1(e), Rule 4-3.5 (d)(4) of the Rules Regulating the Florida Bar, and Fed. R. Evid. 606(b), by blaming the Court's Marshal since he purportedly "gave the jurors an instruction after the verdict that told the jurors they were free to speak with Defense or Plaintiff's Counsel." Id. at 2. Plaintiff's counsel next blatantly lie to the Court by falsely claiming that "Defendant's counsel was well aware of Plaintiff's contact with the jury AFTER the verdict and voiced no objections." Id.



(emphasis in original). This is the most egregious and knowingly false statement that Mr. Burton has yet made in this case.

The Court should grant Target's Emergency Motion to Enjoin Plaintiff's Counsel from Unethical Conduct By Contacting Jurors, *et al.* ("Target's Emergency Motion"), and sanction Plaintiff's counsel for their misrepresentations to the Court and unethical behavior. Plaintiff's counsel's actions in contacting the jury *ex parte* is an obvious breach of the Rules of Professional Conduct and the Court's Rules. What is just as egregious is that they now, caught in their rule violations, blame a Court officer for their behavior, misrepresent to the Court that Target's counsel knew about their violations and voiced no objections, and lie that their actions were known and sanctioned by the Court. Plaintiff's counsel should not be allowed to continue making a mockery of the District Court for the Southern District of Florida.

## ARGUMENT

**I.   THE COURT'S MARSHAL IS NOT RESPONSIBLE FOR PLAINTIFF'S COUNSEL'S DELIBERATE VIOLATIONS OF THE RULES OF PROFESSIONAL CONDUCT AND THIS COURT'S RULES.**

In an obvious attempt to blame someone else for their blatant ethical violations, Plaintiff's counsel justify their violations of S.D. Fla. L.R. 11.1(e), Rule 4-3.5 (d)(4) of the Rules Regulating the Florida Bar, and Fed. R. Evid. 606(b), by blaming the Court's Marshal and stating that the Marshal "gave the jurors an instruction after the verdict that told the jurors they were free to speak with Defense or Plaintiff's Counsel." (Pl. Response at 2.) According to Plaintiff's counsel's logic (and assuming the Marshal did make the statement), the Marshal's "instruction" allowed Plaintiff's counsel to contact the jurors despite his ethical obligations under S.D. Fla. L.R. 11.1(e), Rule 4-3.5 (d)(4) of the Rules Regulating the Florida Bar, and Fed. R. Evid. 606(b).

First, Plaintiff has not presented any evidence showing that the Court's Marshal gave an "instruction" to they jury. The reason is obvious: the Court's Marshal did *not* give the jurors any "instruction" on contacting the attorneys.

Second, Mr. Burton should very well know – given his 30 years of experience as an attorney – that the only person who can instruct the jury is the Judge. Plaintiff's counsel should not be allowed to disingenuously argue that a U.S. Marshal can instruct a jury on contacting attorneys and disregard the Court's Rules and the Rules of Professional Conduct.

II. **PLAINTIFF'S RESPONSE CONCEDES THAT A VIOLATION OF THE COURT'S RULES AND THE RULES OF PROFESSIONAL CONDUCT OCCURRED.**

Without a single doubt, Plaintiff's counsel concede that they contacted the jurors. (Pl. Response at 1.) Plaintiff's counsel's only excuse for contacting the jurors is that, "Plaintiff contacted the jurors for the sole purpose of determining what the effect the Allen Charge had on their deliberations." Id. at 5.

Plaintiff's counsel's explanation does not excuse them from complying with the Rules of Professional Conduct and this Court's Rules. Specifically, Plaintiff's counsel's reasons do not absolve them from complying with Rule 4-3.5(d)(4) of the Rules Regulating the Florida Bar (Communication with Jurors) which states as follows:

> A lawyer shall not ... after dismissal of the jury in a case with which the lawyer is connected, initiate communication with or cause another to initiate communication with any juror regarding the trial except to determine whether the verdict may be subject to legal challenge; provided, a lawyer may not interview jurors for this purpose unless the lawyer has reason to believe that grounds for such challenge may exist; and provided further, before conducting any such interview the lawyer must file in the cause a notice of intention to interview setting forth the name of the juror or jurors to be interviewed. A copy of the notice must be delivered to the trial judge and opposing counsel a reasonable time before such interview.

R. Regulating Fla. Bar 4-3.5(d)(4). Plaintiff's counsel admit that they failed to file a notice of intention to interview jurors and setting forth the name of the jurors to be interviewed, and failed to send any notice to Judge Ferguson and Target's counsel before such interview. Plaintiff's counsel also violated S.D. Fla. L.R. 11.1(e) which states in relevant part:

> Before, during, and after the trial, a lawyer should avoid conversing or otherwise communicating with a juror on any subject, whether pertaining to the case or not. Provided, however, after the jury has been discharged, upon application in writing and for good cause shown, the Court may allow counsel to interview jurors to determine whether their verdict is subject to legal challenge. In this event, the Court shall enter an order limiting the time, place, and circumstances under which the interviews shall be conducted. The scope of the interviews should be restricted and caution should be used to avoid embarrassment to any juror and to avoid influencing the juror's action in any subsequent jury services.

Id. Plaintiff's counsel violated Local Rule 11.1(e) because they communicated with jurors without any application in writing showing good cause, and without Court approval. Finally, Plaintiff's counsel further violated Fed. R. Evid. 606(b) (Inquiry into validity of verdict or indictment) which states in relevant part:

> Upon an inquiry into the validity of a verdict or indictment, *a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon that or any other juror's mind or emotions as influencing the juror to assent to or dissent from the verdict or indictment or concerning the juror's mental processes in connection therewith,* except that a juror may testify on the question whether extraneous prejudicial information was improperly brought to the jury's attention or whether any outside influence was improperly to bear upon any juror. *Nor may a juror's affidavit or evidence of any statement by the juror concerning a matter about which the juror would be precluded from testifying be received for these purposes.*

Fed. R. Evid. 606(b) (emphasis added). Plaintiff's counsel violated Rule 606(b) by allowing jurors to testify as to matters involved in the course of the jury's deliberation.

Plaintiff's counsel has not presented any reason absolving them from their violations of the Rules of Professional Conduct and this Court's Rules. Instead, Plaintiff's Response simply seems

to argue that Plaintiff and his counsel should have been allowed to disregard the Rules of Professional Conduct and this Court's Rules because their fishing expedition uncovered some internal debates during jury deliberation. Such a rationale is invalid and does not discharge an attorney's ethical duties. Accordingly, the Court should grant Target's Emergency Motion.

### III. PLAINTIFF'S COUNSEL CONTINUE TO MAKE MISREPRESENTATIONS TO THE COURT.

Plaintiff's Response claims that, "Plaintiff requested a new trial or directed verdict based on its Motion for Directed Verdict and New trial held on May 6-17, 2002, in the courtroom of the Honorable Wilkie Ferguson. *Within its motion*, Plaintiff, through Counsel's assistant, Annelies Mourning [sic], Esq., obtained the names of the jurors and subsequently spoke with 2 jurors post-trial." (Pl. Response at 1.) Plaintiff's counsel imply that they requested permission to speak to the jurors from Judge Ferguson at trial. This is a blatant misrepresentation, as the trial transcript will reflect.

In their second misrepresentation, Plaintiff's Response alleges that "Defendant's counsel was well aware of Plaintiff's contact with the jury AFTER the verdict and voiced no objections." (Pl. Response at 1) (emphasis in original). *This is an untruth.* Target's counsel first learned that Plaintiff's counsel had contacted jurors and obtained affidavits when they received Plaintiff's Motion for New Trial. Two days after receiving Plaintiff's Motion for New Trial, Target's counsel immediately filed this Emergency Motion seeking to enjoin Plaintiff's counsel from further unethical conduct in contacting jurors.

The Court should also note that, in the affidavit of service, Mr. Burton misrepresented the date that Plaintiff's Motion for New Trial was served and ignored this Court's page limitation rules. Mr. Burton certified that he served his 24-page Motion For Judgment As a Matter of Law on May

-5-

31st, even though the *envelope* enclosing Plaintiff's Motion for New Trial was date-stamped on *June 3rd.* See Ex. A to Target's Emergency Motion.

Instead of addressing their violations, Plaintiff's Response states that Defendant's notation of these additional violations and misrepresentations is simply "another attack on plaintiff's counsel rather than in regards to the evidence." (Pl. Response at 1.) Plaintiff's counsel's cover-ups are so disingenuous that they merit no response.

Moreover, Plaintiff's counsel apparently continue to make the same misrepresentations in Plaintiff's Response. That is, Mr. Burton certifies that he mailed and faxed Plaintiff's Response on June 21st to Target's counsel. This is an untruth since Plaintiff's Response was never faxed to Target's counsel. Furthermore, Plaintiff's Response was received in the mail on June 25th, four days after it was purportedly served.

As the above shows, Plaintiff's counsel cannot excuse their misconduct and, worse, continue to make misrepresentations to this Court. Accordingly, the Court should sanction Plaintiff's counsel for their gross misconduct.

## CONCLUSION

Defendant, TARGET CORPORATION, requests that the Court enter an Order enjoining Plaintiff's attorneys from further contacting jurors, striking the affidavits and statements of jurors, and sanctioning Plaintiff's counsel for their deliberate violations.

Respectfully submitted,

SHUTTS & BOWEN LLP
Attorneys for Defendant
1500 Miami Center
201 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 358-6300
Facsimile: (305) 347-7386


By: _____
Sheila M. Cesarano
Florida Bar Number 708364
Mary Ruth Houston
Florida Bar Number 834440
Sidney C. Calloway
Florida Bar Number 790982
Rene Gonzalez-LLorens
Florida Bar Number 0053790

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was mailed on this _____ day of July 2002, to:

Richard J. Burton, Esq.
Richard J. Burton & Associates, P.A.
18305 Biscayne Boulevard, Suite 300
Miami, Florida 33160.
Tel: (305) 705-0888
Fax: (305) 935-9542
Attorney for Plaintiff

_____
OF COUNSEL

MIADOCS 527316.1 RGL