UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

STEVE HARRIS,
    Plaintiff,

Case No. 00-6107-CIV-FERGURSON

vs.

TARGET CORPORATION f/k/a
DAYTON HUDSON CORPORATION
d/b/a TARGET STORES



FILED by _____ D.C.
INTAKE
JUL 17 2002
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. • FT. LAUD.

_____/

### PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE AND SUPPORTING MEMORANDUM OF LAW FOR JUDGMENT AS A MATTER OF LAW.

    COMES NOW, the Plaintiff, Steve Harris, hereinafter named "Plaintiff", and sets forth his reply to Defendant's Response to Plaintiff's Renewed Motion for Judgment as a Matter of Law, et al, Plaintiff moved for a Rule 50 and in the alternative Rule 59 motion for new trial. The Defendant (hereinafter called "Target") responded to the Plaintiff's motion and Plaintiff replies to said Response. As a result, Plaintiff respectfully requests that said Motion be granted pursuant to Fed. R. Civ P 50(b) and that the Court direct the verdict to reflect judgment in favor of Plaintiff's and that in the alternative the court grant the motion for new trial pursuant to Rule 59(e) based on the grounds supported herein. The grounds for the Rule 50 and 59 motion are set forth in the following memorandum of law:

#### Reply in Opposition to Defendant's Response

    Plaintiff contends that the errors made during the trial were so prejudicial that it requires a per-se reversal and that a third trial as to the issue of liability be granted or in the alternative that the Court direct a verdict on the issue of liability.

/90

Defendant's object stating Plaintiff's misunderstanding of the facts. Plaintiff's reliance on the facts results in this and other motions and again contends that the substantial errors included the following:

A) Defendant's counsel erroneously stated in opening statement and later did not prove at trial that an "investigation" was held into the alleged wrongdoing of Plaintiff. At trial the weight of the evidence instead revealed that Mark Hastings, Doug Barth and Don Fankhauser collected hearsay statements of events prior to the termination and that the "investigation" into the Shooter's event of Feb. 3rd, upon which Defendant rests their case, was concluded by February 15. Instead, testimony of Mr. Barth and Mr. Hastings indicated that the "collected statements" were never a basis to terminate and were never relied on.

B) The Court erred in not granting a directed verdict at the close of trial and in favor Plaintiff on liability. Plaintiff produced at trial sufficient evidence to support a verdict in that the decision to terminate Plaintiff would not have been discharged had it not been for the discrimination. The "pretext" was clearly shown through the testimony of Mr. Van Savage, Mr. Barth and Mr. Hastings. No such termination had been made in similar situations in the district and when similar situations did occur, persons of other race were counseled pursuant to the Target company policy. Instead, under the guise of an "investigation", Target's decision-makers sought out reasons to "pad" the file to show an appearance of a legitimate reason for the termination. The investigation into the Shooter's receipt concluded on February 3, and was the only thing offered at trial that could be relied on by Target, since the testimony of many other subordinates only showed

that the decision-makers never relied on the statements as stated in opening argument. The McDonnell Douglas framework (McDonnell Douglas v. Green, 411 US 792 (1973)) and Reeves, Ibid, state that Plaintiff must establish a)a prima facie case of discrimination. The burden then shifts to the Defendant to offer non-discriminatory reasons for the firing. Reeves, then requires the Plaintiff to "cast doubt" on those reasons. All but one of the Affirmative defenses were never proved or offered as proof at opening and in the Answer but were abandoned by the Defense at closing. It is that Defense that relies on this as their reason for termination. If this was the actual reason for the termination, then why was Plaintiff not terminated upon discovery of the mistake, counseled per the Target manual? In the instant case, Plaintiff, thus was able to show the falsity of the "legitimate business reason" explanation offered by Target because the statements were a cover-up for the discriminatory purpose made well in arrears of the Shooter's receipt and could not be relied on a non-discriminatory purpose. A motion for a judgment n.o.v. test the sufficiency of the evidence to support a verdict. Boeing Co. v. Shipman, 411 F.2d 365, 373-74 (5th Cir. 1969, en banc) When considering a motion for new trial, the Court may reweigh the evidence; it may set aside a verdict because it is against the clear weight of the evidence, the damages are excessive or substantial trial errors have occurred. National Rental Sys. V. Better Monkey Grip Co. 511 F. .2d 724 (5th Cir. 1975).

B)The Court erred in granting Defendant's motion *in Limine* which prohibited the introduction of evidence between Murphy Retail specifically a check that showed that a lower fee was paid to the recruiter that was customary

for an Assistant Store Manager, but rather Terry Gillespie sought to have the fee reduced, evident of the discriminatory conduct of a decision-maker from the start of Plaintiff's career with Target.

C) the Court erred in excluding the reading of the Deposition of Karen Napp (Lapre), a Target employee. Plaintiff sought to call Mrs. Lapre in his case in chief, the Court ruled that Plaintiff could call her during rebuttal because Plaintiff was unable to serve Mrs. Lapre since Target had given Mrs. Lapre a vacation in order to prevent her testimony. At rebuttal, Plaintiff sought to introduce the deposition of Mrs. Lapre due to her unavailability pursuant to Fed. R. Civ Pro. Rule 32(d). 32(d) states that a deposition may be used a trial if the party offering the deposition is unable to procure the witness by subpoena. Plaintiff offered to the Court the statement of the Process Server stating his in inability to serve Mrs. Lapre. The Court did not require an affidavit and instead relied on Defendant's representation that they could get Mrs. Lapre's attendance should the court desire it. It was not until it was too late, did Plaintiff discover that Defendant had granted a vacation to Mrs. Lapre in order to keep her from testifying live.

D) The verdict form does not conform to the holding in <u>Reeves v. Sanderson Plumbing Products, Inc</u>., 530 US 133, 120 S. Ct. 2097, 147 L.Ed. 2d 105 (2000). Question #2 does not allow for a pretext based answer. Question #2 conflicts with #3 because they can only offer the juror a "right" or "wrong" standard and not the ability to merely "cast doubt" on Target's proffered reasons for the termination. Under <u>Reeves</u>, a finding of intentional discrimination cannot

co-exist with a conclusion of the reasons for the termination. The pattern jury instructions were adopted BEFORE <u>Reeves</u> was decided, therefore without reason to change they have not taken into account the Supreme Court findings.

E) The Allen charge given to the jury was worded in such a fashion that it would not remove the good faith deadlock but instead gave rise to a hostile environment that highlighted an already racially charged environment. In this case, Plaintiff's counsel brought the evidence of jury misconduct to the Court's attention in a manner that would have less impact on the jurors and would be the springboard upon which the Court could further act. The Court is in a better position than Plaintiff's counsel to recall members of the juror panel should it feel the jury was influenced. <u>Arizona v. Washington</u>, 434 U.S. 497; 98 S. Ct. 824; 54 L. Ed. 2d 717 (1977). However, the effect of the Allen charge led to juror confusion that resulted in a prejudice to Plaintiff. In <u>McWhorter v. City of Birmingham</u>, 906 F. 2d 674 (11th Cir. 1990) the juror's confusion in Court's instructions resulted in reversible error and grounds for new trial). The 9th Cir. Held that declaring a mistrial was appropriate remedy in order to avoid turmoil that made minorities susceptible to pressure. <u>United States v. Frazin</u>, 780 F.2d 1461 (9th Cir. 1986).

The Supreme Court held in <u>Illinois v. Somerville</u>, 410 U.S. 458; 93 S. Ct. 1066; 35 L. Ed. 2d 425 (1973) that a trial judge properly exercises his discretion to declare a mistrial if an impartial verdict cannot be reached, or if a verdict of conviction could be reached but would have to

be reversed on appeal due to an obvious procedural error in the trial, even after a final judgment has been reached.

F) Defendant improperly used this forum of the Court to continually throw allegations of impropriety and unethical conduct on the part of the Plaintiff and his counsel in order to stray from the facts of the case.    Once again, Target's counsel uses this motion arena to attack the Plaintiff and his counsel rather than argue the merits.  However, throughout the first and second trial, Defense counsel continually attempted to degrade, misrepresent facts and statements made by Plaintiff and insult Plaintiff counsel rather than offer proper argument.  In this forum, as well as was done in front of the jury and Your Honor, the frequency of the unprofessionalism exhibited by Defendant's counsel has led to again the very problems upon which this very motion is seeded.  However, despite the warrant of a motion for sanction for this behavior, the Plaintiff would rather the court consider the Rule 50 or in the alternative Rule 59 motion so that the Plaintiff might have a chance at a judgment not clouded by Defendant's obvious dislike of Plaintiff's counsel.

## Conclusion

Plaintiff's produced sufficient evidence to prove that a prima facie case exists, and that the legitimate business reasons for Plaintiff's dismissal were pretextual, therefore the Court should direct a verdict of liability in favor of Plaintiff.  In the alternative,  the Court should grant a  new trial by reweigh the evidence because it is against the clear weight of the evidence and substantial trial errors have occurred.  .Wherefore, Plaintiff prays that this Court will enter

judgment in favor of Plaintiff or in the alternative grant a motion for new trial and such other relief be granted as is just and equitable.

I HEREBY CERTIFY that a true copy of the foregoing has been furnished to: Sheila M. Cesarano, Esq. Shutts & Bowen LLP., 1500 Miami Center, 201 South Biscayne Blvd., Miami, FL 33131 this 15th day of July, 2002, by *mail of fax*.

>   RICHARD J. BURTON & ASSOCIATES, P.A.
>   Attorney for PLAINTIFF
>   18305 Biscayne Blvd., Suite 300
>   Miami, FL 33106
>   (305)705-0888  Fax (305)935-9542
>
>   by: _____
>   Richard J. Burton
>   Florida Bar No. 179337

N10277

# GLEICH, SIEGEL & FARKAS
ATTORNEYS AT LAW
36 SOUTH STATION PLAZA
GREAT NECK, NEW YORK 11021-3531

TEL. (516) 482-4436
FAX (516) 482-8916

STEPHAN B. GLEICH
JANE COHEN SIEGEL
JONATHAN H. FREIBERGER

LARA P. EMOUNA

OF COUNSEL
LAWRENCE W. FARKAS

**VIA FACSIMILE (305) 935-9542**

July 15, 2002

Richard J. Burton & Associates, P.A.
18305 Biscayne Boulevard, Suite 300
Aventura, Florida 33160

Re:   Travelclick Inc. v. Philips Hotel Group, Inc. Philips Bryant Park LLC and Philips Bayberry LLC (the "Action")

Dear Mr. Burton:

During our telephone conversation on June 11, 2002, and my subsequent letter to you on that date, I requested certain information from you to aid in the preparation of Philips' Answer to Travelclick's complaint. We also discussed the notion of coordinating our respective efforts so as to minimize the potential for problems in the respective litigations we are handling for Philips. In addition, I have had numerous follow-up telephone conversations with you and Mr. Coffey's office regarding these very issues.

To date, however, I have not received any documentation from you or Mr. Coffey's office. While we were able to obtain from Travelclick's counsel additional time to interpose an answer to the Complaint, said extension expires on July 22, 2002. Accordingly, I am again asking that you promptly forward to me all of the previously requested information so that we can take the steps necessary to protect Philips' interests in the above referenced action. I would also request that you and/or Mr. Coffey contact me as soon as possible to discuss the best way for all involved to proceed against the above referenced Plaintiff.

Very truly yours,

GLEICH, SIEGEL & FARKAS

Jonathan H. Freiberger

JHF:SS
cc:   via facsimile (212) 545-1355
      Ms. Sandy Myer

LAW OFFICES OF
# GUSTAFSON & PRIORE
ATTORNEYS AT LAW

THOMAS F. GUSTAFSON
JOSEPH V. PRIORE

SUITE 440
4901 NORTH FEDERAL HIGHWAY
FORT LAUDERDALE, FLORIDA 33308
TELEPHONE (954) 492-0071
FACSIMILE (954) 492-0074

July 15, 2002

*VIA FACSIMILE & U.S. MAIL*

Richard J. Burton, Esq.
Richard J. Burton & Associates
18305 Biscayne Boulevard
Miami, FL 33160

Re: **Charles Benjamin vs. Giancarlo De Battisti**
  **Miami-Dade County Court Case No. 02-7150 CC 23 (03)**
  Our File No. 894.001

Dear Mr. Burton:

Pursuant to our last conversation, this will confirm my client's attendance at the settlement conference scheduled in the above matter for next Tuesday, July 23, 2002 at 2:00 PM in your offices at 18305 Biscayne Boulevard, Suite 300, Aventura, FL 33160. This will also confirm that Mr. Benjamin will be in attendance as we discussed.

If this is not our agreement, please contact me at your first opportunity.

Sincerely yours,

GUSTAFSON & PRIORE

Joseph V. Priore, Esq.
For the Firm

cc: Giancarlo De Battisti