UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

STEVE HARRIS,
    Plaintiff,    Case No. 00-6107-CIV-FERGUSON
                  MAGISTATE JUDGE SNOW
vs.

TARGET CORPORATION f/k/a
DAYTON HUDSON CORPORATION
d/b/a TARGET STORES
_____/



### PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO TAX *REASONABLE* ATTORNEYS FEES

    Plaintiff, **STEVE HARRIS**, submits the following response to defendant's motion to tax attorneys fees as follows:

    Pursuant to the Rules, and case law governing taxation of attorneys fees, the Motion filed by Defendants, together with the Affidavit, are legally insufficient to justify ANY award.

    There are no attached time records for any of the attorneys referenced. The requested fees cover *ONLY* the portion of time from August 29, 2001 through the trial of May, 2002. For those eight months, Target wishes the Court to believe that over FIFTEEN HUNDRED EIGHTY THREE hours of attorneys time, which purportedly required the services of NINE separate attorneys! This is in addition to over 432 hours of paralegal time representing over 2000 hours (one year's) of billable time. No contemporary time records, detailing the claimed legal work, have been provided. The burden for filing a claim for attorneys fees to be taxed upon the opposing party rests with the party requesting the Court award of said fees.

    The Defendant may not tax on another party and double-triple 9x bill for the services of Counsel. This is especially true in civil rights fee awards. In ACLU OF



Harris v Target Stores, Reply to Motion for Award of Attorneys Fees

GEORGIA v BARNES, 168 F.3d 423; (11 C.A., GA., 1999), the Court of Appeals reversed a fee award for being excessive, and for the attorneys unnecessarily duplicating each others work in building the fee. In that case the court reviewed the status of the law and wrote;

"We agree that the presence of four attorneys at a forty-minute status conference that did not address the merits of the case was patently excessive. See Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717 (5th Cir.1974) at pg 430. the case when on to write; "The Supreme Court has clearly stated that "the time that is compensable under § 1988 is that reasonably expended *on the litigation.*' " Loranger v. Stierheim, 10 F.3d 776, 782 (11th Cir.1994) (quoting Webb v. Board of Educ. of Dyer Cty., 471 U.S. 234, 242, 105 S. Ct. 1923, 1928, 85 L. Ed. 2d 233 (1985)) (emphasis in original). It is the fee applicant's burden to establish that the time for which compensation is sought under § 1988 is time that was "reasonably expended on the litigation." See Norman, 836 F.2d at 1303 (holding that the fee applicant has burden of establishing its entitlement to the hours for which he seeks compensation)." [At pg. 437]

Defendant wishes the Court to arrive at a conclusion that Ms. Ceasarano required eight other attorneys, and one-third of the paralegals billable time for the entire nine month period, to be adequately prepared to oppose the undersigned in a "garden variety" termination claim. {the Hon. Wilkie Ferguson used that term at the calendar call, in describing the litigation}.

Keep in mind that Defendant only deposed Mr. Harris his wife and the accounting expert. The other depositions were all taken at the instigation of Plaintiff. They were, with one exception, the decision makers and the persons, who were employed by Target, that had already given affidavits to the Defendant, prior to the termination.

There were no novel issues of law presented. There were no documents admitted into evidence that were not Target's own internal documentation!

2

<u>Harris v Target Stores</u>, Reply to Motion for Award of Attorneys Fees

Counsel for Target precipitated the first re-trial. 12 of the initial 13 'reasons' for terminating Harris, were struck by the Court. Counsel may not be awarded fees on issues where it did not prevail.

Since the Defendants provide no description of the work performed to, to even determine whether it SHOULD be billable and taxable to Plaintiff, the Court can not be forced to "guess". The Eleventh Circuit has made it clear that time not properly labeled may not be taxed. In <u>ACLU</u> (id) the Court re-iterated,

"The hours billed for interviewing, corresponding, and meeting with potential plaintiffs present a closer question. As an initial matter, we recognize that in some instances, hours billed for such contacts between an attorney and potential plaintiffs may be compensable under § 1988 if the time spent is not for solicitation purposes. Interviews, correspondence, and meetings with a potential plaintiff may yield factual information which will be utilized in pursuing the litigation so that the time billed for those activities can be considered time expended on the litigation.
"The problem here, however, is that the bare entries in the billing records-- e.g., "interview with potential plaintiffs," "correspondence with potential plaintiffs," or "meeting with potential plaintiffs"--do not establish that the time was expended on the litigation. It is impossible to determine whether the time spent was for solicitation or for a purpose which is compensable." At pg. 436

Accordingly, the taxable costs, should the Court not grant re-trial, the Defendants Motion to award attorneys fees should be denied.

3

Harris v Target Stores, Reply to Motion for Award of Attorneys Fees

WHEREFORE PLAINTIFF prays that the Court appropriately deny Defendants Motion for an Award of Attorneys Fees.

Respectfully submitted this 22nd day of July, 2002.

_____
RICHARD J. BURTON & ASSOCIATES, P.A.
Attorney for Plaintiff, FBN 179337

### Certificate of Service

I HEREBY CERTIFY that a true copy of the foregoing Reply was mailed to Sheila Caesarano, Esq., SHUTTS & BOWEN LLP, 1500 Miami Center, 201 South Biscayne Blvd., Miami, FL. 33131 and Ms. Annelies Mourning, Esq., 4276 Pine Hollow Cir., Greenacres, FL 33463, on July 22, 2002.

RICHARD J. BURTON & ASSOCIATES, P.A.
18305 Biscayne Blvd., Suite 300
Miami, FL 33106
(305) 705-0888   Fax (305) 935-9542

By:_____
Richard J. Burton FBN 179337

4