# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6107-CIV-FERGUSON/SNOW

STEVE HARRIS,

    Plaintiff,

v.

DAYTON HUDSON CORPORATION
d/b/a TARGET STORES,

    Defendant.
_____/



## DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S REPLY
## TO DEFENDANT'S RESPONSE FOR JUDGMENT AS A MATTER
## OF LAW AND INCORPORATED MEMORANDUM OF LAW

Defendant, **TARGET CORPORATION** ("Target"), pursuant to Rule 12(f) of the *Federal Rules of Civil Procedure* and S.D. Fla. L.R. 7.1, moves the Court to enter an Order striking Plaintiff **STEVE HARRIS'** ("Plaintiff") Reply to Defendant's Response and Incorporated Memorandum of Law to Plaintiff's Renewed Motion for Judgment as a Matter of Law because Plaintiff's response is untimely and this Court did **not** grant Plaintiff an enlargement of time to file his Reply.

### FACTS AND SUMMARY OF ARGUMENT

On May 31, 2002, Plaintiff filed its Renewed Motion for Judgment as a Matter of Law. Target filed its Response to this Motion on June 19, 2002. On June 25, 2002, Plaintiff filed an Opposed Motion for Enlargement of Time, which this Court did not grant. Plaintiff filed no Reply during the proscribed ten day time period; rather, Plaintiff filed his untimely Reply on July 15, 2002. Accordingly, the Court should strike Plaintiff's Response because it is untimely under S.D. Fla. L. R. 7.1 and Rule 12(f) of the *Federal Rules of Civil Procedure*.

## ARGUMENT

I. **THE COURT SHOULD STRIKE PLAINTIFF'S RESPONSE AS IT IS UNTIMELY**

Local Rule 7.1 states that a party must respond to a motion within ten days after service:

> Each party opposing a motion shall serve opposing memorandum of law not later than ten days after service of the motion as computed in the Federal Rules of Civil Procedure. Failure to do so is deemed sufficient cause for granting the motion by default.

S. D. Fla. L.R. 7.1. In the instant case, Target filed its Response on June 19, 2002, and Plaintiff's Reply was filed on July 15, 2002. The Court should strike Plaintiff's Response because it is untimely under S.D. Fla. L.R. 7.1. *See also Quick v. Peoples Bank of Cullman County*, 993 F.2d 793, 799 (11th Cir. 1993) (stating that "an overly permissive exercise of discretion in excusing unawareness of time limits under the local rules would render them meaningless.").

Accordingly, Target respectfully requests that the Court enter an Order striking Plaintiff's Reply as untimely.

Respectfully submitted,

SHUTTS & BOWEN LLP
Attorneys for Defendant
201 South Biscayne Boulevard
1500 Miami Center
Miami, Florida 33131
(305) 358-6300
(305) 347-7386 (facsimile)

By: _____
Sheila M. Cesarano
Florida Bar Number 708364
Rene Gonzalez-LLorens
Florida Bar Number 0053790

2

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was mailed on this 23rd day of July 2002, to **Richard J. Burton, Esq.**, Attorney for Plaintiff, 18305 Biscayne Boulevard, Suite 300, Miami, Florida 33160.

_____
OF COUNSEL

MIADOCS 532793.1 TBH