## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO.  00-6107-CIV-FERGUSON/SNOW

STEVE HARRIS,

      Plaintiff,

v.

DAYTON HUDSON CORPORATION
d/b/a TARGET STORES,

      Defendant.

_____/

NIGHT BOX
FILED

JUL 3 1 2002

CLARENCE MADDOX
CLERK, USDC / SDFL / FTL

### DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO TAX COSTS, AND IN THE ALTERNATIVE, DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO MOTION TO TAX COSTS

Defendant, TARGET CORPORATION ("Target"), moves the Court to strike Plaintiff's Response to Target's Motion for Attorneys' Fees (the "Response") as untimely pursuant to Rule 12(f) of the *Federal Rules of Civil Procedure* and S.D. Fla. L.R. 7.1., or in the alternative, submits the following Reply to Plaintiff STEVE HARRIS' ("Plaintiff") Response.  In support thereof, Target states as follows:

### INTRODUCTION

Plaintiff's response to Target's Motion to Tax Costs is untimely, as Target filed its Motion to Tax Costs on June 19, 2002, and Plaintiff filed its response on July 22, 2002, nearly thirty days later.  Consequently, Plaintiff's Response should be stricken.

Notwithstanding, Target is entitled to all of the costs it seeks, as they are proper under 28 U.S.C. § 1920 and prevailing case law.  Plaintiff, in his Response to Target's Motion to Tax Costs,

CASE NO. 00-6107-CIV-FERGUSON/SNOW

challenges as costs the following: service of process upon witnesses whom neither testified at trial nor had their records introduced; photocopy charges for documents that were not admitted into evidence; the transcript of the first trial; and travel expenses for Target's attorney to attend and take out of state depositions of Plaintiff's witnesses. *See* Plaintiff's Response, pp. 1-2. Plaintiff's objections to each of these costs is unfounded.

## MEMORANDUM OF LAW

Plaintiff's Reply in this matter is untimely. Target filed its Motion on June 19, 2002, and Plaintiff's Reply was filed on July 22, 2002. The Court should strike Plaintiff's Response because it is untimely under S.D. Fla. L.R. 7.1, which provides that "Each party opposing a motion shall serve opposing memorandum of law not later than ten days after service of the motion as computed in the Federal Rules of Civil Procedure. Failure to do so is deemed sufficient cause for granting the motion by default." S. D. Fla. L.R. 7.1.

Even if Plaintiff's Response is deemed timely by the Court, the arguments therein are meritless. Plaintiff objects to costs of service of process upon witnesses, photocopy charges, the transcript of the first trial, and travel expenses. All of these costs are permitted, as "fees of the clerk and marshal are recoverable," as well as fees of the "court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." 28 U.S.C. § 1920. Additionally, "fees for exemplification and copies of papers necessarily obtained for use in the case" are also recoverable under § 1920. *Id. See also Smith v. Vaughn*, 171 F.R.D. 323, 326 (M.D. Fla. 1997) (granting costs to prevailing defendants in civil rights action for deposition, witness, and court reporter fees). Accordingly, Target is entitled to recover these costs.

-2-

CASE NO. 00-6107-CIV-FERGUSON/SNOW

## I.    Plaintiff's Motion Should be Stricken as Untimely

Plaintiff filed his Response to Target's Motion nearly thirty days after it was filed.  Local

Rule 7.1 states that a party must respond to a motion within ten days after service:

> Each party opposing a motion shall serve opposing memorandum of law not later
> than ten days after service of the motion as computed in the Federal Rules of Civil
> Procedure.  Failure to do so is deemed sufficient cause for granting the motion by
> default.

S. D. Fla. L.R. 7.1.  In the instant case, Target filed its Motion on June 19, 2002, and Plaintiff's Reply

was filed on July 22, 2002.  The Court should strike Plaintiff's Response because it is untimely under

S.D. Fla. L.R. 7.1.  *See also Quick v. Peoples Bank of Cullman County,* 993 F.2d 793, 799 (11th Cir.

1993) (stating that "an overly permissive exercise of discretion in excusing unawareness of time

limits under the local rules would render them meaningless.").

## II.    Process Server Fees are Recoverable

Process server fees are recoverable under 28 U.S.C. § 1920(1).  Courts allow the recovery

of costs incurred by prevailing parties for the use of private process servers in serving civil

summonses and subpoenas necessary for the proper presentation of the case.  *See Tang How v.*

*Edward J. Gerrits, Inc.*, 756 F. Supp. 1540, 1545 (S.D. Fla. 1991) (finding that process server's fees

are properly taxed as costs under 28 U.S.C. § 1920(1)).  *See also Nat'l Bancard Corp. v. Visa,*

*U.S.A., Inc.*, 112 F.R.D. 62, 69 (S.D. Fla. 1986).  It is only required that the costs incurred by a

prevailing party were necessary to the case. *See Id.*  Plaintiff incorrectly argues that the Rules require

that the witnesses actually testify at trial for their process server fees to be recoverable.  In fact,

Plaintiff cites no legal authority for this proposition.  Accordingly, Target's costs should be awarded.

SHUTTS & BOWEN LLP

MIAMI          FORT LAUDERDALE          WEST PALM BEACH          ORLANDO          TALLAHASSEE          AMSTERDAM          LONDON

CASE NO.  00-6107-CIV-FERGUSON/SNOW

### III.    Photocopy Charges are Allowed

Plaintiff asserts that the photocopy charges are not recoverable.  However, copies attributable to discovery, pleadings, correspondence, motions, memoranda, depositions, exhibits, medical records, documents tendered to the other parties, **and** documents prepared for the Court's consideration are recoverable. 28 U.S.C. § 1920(4).  *See George v. GTE Directories Corp.,* 114 F.Supp.2d 1281, 1299 (M.D. Fla. 2000); *Allen v. Freemen,* 122 F.R.D 589, 591 (S.D. Fla. 1988). In his Response, Plaintiff cites *Roberts v. Charter Nat'l Life Ins. Co.*, 112 F.R.D. 411 (S.D. Fla. 1986) for the proposition that these charges not taxable.  This reliance is misplaced, as the *Roberts* court held that § 1920 authorizes fees for witnesses and fees for exemplification and copies of papers necessarily obtained for use in the case to be taxed as costs.  *Id.* at 414.  Furthermore, counsel for Target does not, as Plaintiff suggests, charge one dollar ($1.00) per page for photocopying.  Therefore, Target should be awarded its photocopying costs.

### IV.    Trial Transcript Costs are Recoverable

The trial transcript costs are recoverable under 28 U.S.C. § 1920(2), as the transcript was necessarily obtained for use in this case.  *See Barber v. Ruth*, 7 F.3d 636, 647 (7th Cir. 1993).  *See also Marcoin, Inc. v. Edwin K. Williams & Co., Inc.*, 88 F.R.D. 588, 591 (E.D. Va. 1980); *Independent Iron Works, Inc. v. U.S. Steel Corp.*, 322 F.2d 656, 677-78 (9th Cir. 1963).  Plaintiff argues that this cost should not be permitted, stating that a request for this cost "is interesting, since they [Target] never submitted the transcript of the first trial to the Court."  *See* Plaintiff's Response, pg. 2.  Whether Target submitted the transcript to the Court is irrelevant, as the standard under § 1920 is whether the transcript was necessarily obtained for use in this case.  *See id.*

-4-

CASE NO.  00-6107-CIV-FERGUSON/SNOW

**V.      Costs for Taking Out of State Depositions are Allowed**

Next, Target incurred deposition costs in the form of court reporter fees and transcripts. These deposition costs are recoverable under 28 U.S.C. § 1920(2), since the depositions were necessarily obtained for use in this case. *See Barber v. Ruth*, 7 F.3d 636, 645 (7th Cir. 1993); *Nat'l Bancard Corp. v. Visa, U.S.A., Inc.,* 112 F.R.D. 62, 66 (S.D. Fla. 1986).  Furthermore, the law is clear that these costs are recoverable since all of these deponents were listed by Plaintiff as trial witnesses in Plaintiff's Exhibit List.   *See United States EEOC v. W&O, Inc.,* 213 F.3d 600, 620-21 (11th Cir. 2000) (allowing deposition costs for deponents on witness list).  Again, Plaintiff states that such an award is improper, but both 28 U.S.C. § 1920 and Eleventh Circuit case law permit such a recovery.

SHUTTS & BOWEN LLP

MIAMI          FORT LAUDERDALE          WEST PALM BEACH          ORLANDO          TALLAHASSEE          AMSTERDAM          LONDON

CASE NO.  00-6107-CIV-FERGUSON/SNOW

## CONCLUSION

Defendant, TARGET CORPORATION, requests that the Court strike Plaintiff's Response

to Defendant's Motion as untimely, or in the alternative, that it enter an Order taxing costs against

Plaintiff.

Respectfully submitted,

SHUTTS & BOWEN LLP
Attorneys for Defendant
1500 Miami Center
201 South Biscayne Boulevard
Miami, Florida  33131
Telephone:  (305) 358-6300
Facsimile:  (305) 347-7386

By: _____
        Sheila M. Cesarano
        Florida Bar Number 708364
        Rene Gonzalez-LLorens
        Florida Bar Number 0053790

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was mailed on this ____

day of August 2002, to:  Richard J. Burton & Associates, P.A., 18305 Biscayne Boulevard, Suite

300,  Miami, Florida 33160.

_____
OF COUNSEL

SHUTTS & BOWEN LLP
MIAMI        FORT LAUDERDALE        WEST PALM BEACH        ORLANDO        TALLAHASSEE        AMSTERDAM        LONDON