## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6107-CIV-FERGUSON/SNOW

STEVE HARRIS,

      Plaintiff,

v.

DAYTON HUDSON CORPORATION
d/b/a TARGET STORES,

      Defendant.

_____/

NIGHT BOX
FILED

JUL 3 1 2002

CLARENCE MADDOX
CLERK, USDC / SDFL / FTL

### DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S
### RESPONSE TO DEFENDANT'S MOTION TO TAX
### ATTORNEYS' FEES, AND IN THE ALTERNATIVE,
### DEFENDANT'S REPLY TO PLAINTIFF'S
### RESPONSE TO MOTION TO TAX ATTORNEYS' FEES

Defendant, TARGET CORPORATION ("Target"), moves the Court to strike Plaintiff's Response to Target's Motion for Attorneys' Fees (the "Response") as untimely pursuant to Rule 12(f) of the *Federal Rules of Civil Procedure* and S.D. Fla. L.R. 7.1., or in the alternative, submits the following Reply to Plaintiff STEVE HARRIS' ("Plaintiff") Response. In support thereof, Target states as follows:

### INTRODUCTION

Plaintiff's Response to Target's Motion to Tax Attorneys' Fees is untimely. Target filed its Motion for Attorneys' Fees on June 19, 2002, and Plaintiff filed its response on July 22, 2002, nearly thirty days later. Although Plaintiff filed an opposed motion for enlargement of time to respond, this Court did not grant the motion. Consequently, Plaintiff's Response should be stricken.

At any rate, Target is entitled to its attorneys' fees. On August 29, 2001, Target served an Offer of Judgment upon Plaintiff pursuant to Rule 68 of the *Federal Rules of Civil Procedure*.

SHUTTS & BOWEN LLP

CASE NO. 00-6107-CIV-FERGUSON/SNOW

Plaintiff did not accept the Offer of Judgment. This case was tried before a jury from May 6, 2002 to May 16, 2002, the jury entered a verdict for Target, and the Court subsequently entered final judgment for Target.

Pursuant to Rule 68 of the *Federal Rules of Civil Procedure*, Target is entitled to its attorneys' fees, as Target submitted a timely Offer of Judgment to Plaintiff, Plaintiff rejected the Offer of Judgment and, and as a result of the verdict, received less in this litigation than the amount offered. Accordingly, the Court should award Target's reasonable attorneys' fees incurred as of the date the Offer of Judgment was filed.

## MEMORANDUM OF LAW

### I.    Plaintiff's Motion Should be Stricken as Untimely

Plaintiff filed his Response to Target's Motion nearly thirty days after it was filed. Local Rule 7.1 states that a party must respond to a motion within ten days after service:

> Each party opposing a motion shall serve opposing memorandum of law not later than ten days after service of the motion as computed in the Federal Rules of Civil Procedure. Failure to do so is deemed sufficient cause for granting the motion by default.

S. D. Fla. L.R. 7.1. In the instant case, Target filed its Motion on June 19, 2002, and Plaintiff's Reply was filed on July 22, 2002, without an extension of time granted by the Court. Therefore, the Court should strike Plaintiff's Response pursuant to S.D. Fla. L.R. 7.1. *See also Quick v. Peoples Bank of Cullman County*, 993 F.2d 793, 799 (11th Cir. 1993) (stating that "an overly permissive exercise of discretion in excusing unawareness of time limits under the local rules would render them meaningless.").

-2-

CASE NO. 00-6107-CIV-FERGUSON/SNOW

## II.    Target is Entitled to its Attorneys' Fees

Plaintiff's Response attempts to challenge the amount of fees Target is seeking, as well as the fact that Target has not submitted its detailed time records for Plaintiff's inspection. Both of these arguments are legally deficient. When deciding on an award of attorney's fees, a court must first determine a party's **entitlement** to fees, and then determine the **amount** of reasonable attorneys' fees. *See Davis v. National Medical Enterprises, Inc.*, 253 F.3d 1314, 1317 (11th Cir. 2001) (where the court entered an order on entitlement to attorneys' fees and costs determining that the party was entitled to attorneys' fees, but was required to then have a separate hearing to determine the correct amount of attorneys' fees). Additionally, Target cannot turn over detailed time records of a ***pending*** case. The Court has yet to rule on Plaintiff's Renewed Motion for a New Trial, and the detailed time records contain work product and other trial preparation information to which opposing counsel is not entitled, until the Court denies Plaintiff's Renewed Motion for a New Trial.

Under Rule 68 of the *Federal Rules of Civil Procedure*, Target is clearly entitled to the attorneys' fees it incurred in this matter. Rule 68 establishes Target's **entitlement** to the fees, and states in relevant part:

> At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the offer, with costs then accrued. . . . . An offer not accepted shall be deemed withdrawn and evidence thereof is not admissible except in a proceeding to determine costs. If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree ***must*** pay the costs incurred after the making of the offer.

FED. R. CIV. P. 68 (emphasis added). Since Plaintiff failed to accept the Offer of Judgment, the

-3-

Court should find that Target is entitled to its fees and award Target its reasonable attorneys' fees incurred after the date that the Offer of Judgment was made. *See Smith v. Vaughn*, 171 F.R.D 323, 326-27 (M.D. Fla. 1997) (awarding attorneys' fees under Rule 68 in a civil rights matter).

**Additionally, Plaintiff filed a Motion for Judgment as a Matter of Law and renewed its Motion for a New Trial, and the Court has yet to rule on these pending Motions. Accordingly, to protect the attorney client privilege and work product doctrines, Target cannot provide its detailed billing time records until the Court rules on the Plaintiff's pending Motion for a New Trial. Once the Court denies Plaintiff's Motion for a New Trial and rules that Target is entitled to attorneys' fees, the Court may then conduct an inquiry as to the reasonableness of Target's Attorneys' Fees.**

CASE NO. 00-6107-CIV-FERGUSON/SNOW

## CONCLUSION

Defendant, TARGET CORPORATION, requests that the Court strike Plaintiff's Response as untimely and that it enter an Order awarding to Target its reasonable attorneys' fees incurred after it made its Offer of Judgment.

Respectfully submitted,

SHUTTS & BOWEN LLP
Attorneys for Defendant
1500 Miami Center
201 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 358-6300
Facsimile: (305) 347-7386

By: _____
Sheila M. Cesarano
Florida Bar Number 708364
Rene Gonzalez-LLorens
Florida Bar Number 0053790

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was mailed on this ___1___ day of August 2002, to: **Richard J. Burton, Esq.**, 18305 Biscayne Boulevard, Suite 300, Miami, Florida 33160.

_____
OF COUNSEL

MIADOCS 533437.1 TBH

-5-