UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-6107-CIV-FERGUSON/SNOW

STEVE HARRIS,
    Plaintiff,
vs.

DAYTON HUDSON CORPORATION
d/b/a TARGET STORES,
    Defendant.
_____/

### REPLY TO DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR JUDGMENT, AS A MATTER OF LAW AND INCORPORATED MEMORANDUM OF LAW

    Plaintiff, **STEVE HARRIS**, moves for the Court to deny Defendant's Motion to Strike Plaintiff's Reply to Defendant's Response to Plaintiff's Motion for Judgment as a matter of Law, as follows;

    This is legal silliness. Counsel for Defendant keeps drafting motions to build it's legal fees to it's client, arguing and rearguing every item filed by Plaintiff's Counsel and every decision of the Court.

    Factually, Defendant, Target was well aware that Plaintiff's counsel had filed a Notice of Unavailability, and had advised the Court, and all Parties that he would be out of the country between June 29 and July 12, 2002. (See Attached, "A")

    Accordingly, Target filed its Response on June 19, 2002 which was mailed to Plaintiff's Counsel to arrive right before Plaintiff's Counsel would be leaving the Country.

    Plaintiff's Counsel did request an extension, in a timely manner, which was objected to by defendant's Counsel for spite, in light of the continuous extensions of time granted to Defendant as stipulated to by Plaintiff. (See Attached "B").

    The Defendants cites <u>Quick v Peoples Bank of Cullman County</u>, 993 F 2d 793, 799 (11 C.A.) in support of its proposition. Quick is inappropriate because in the Quick case the Motion for extension to admit a late filed application for attorneys fees to be



awarded had been **denied** by the Court. The Eleventh Circuit upheld the Court's exercise of its discretion in rejecting the untimely filed Motion for an attorneys fee award, therein. In Quick, the application for Attorneys fees was determined not to be a ruling on a Substantive issue. In Quick, the requesting party acknowledged that they did not know of any time limitation for the filing of a Petition for an award of Attorneys fees, and therefore the Court in Ruling the Petition untimely, had the requisite discretion to make that determination.

The time parameter was analogous to the jurisdictional time for the filing of a Notice of Appeal, a situation totally absent in The Harris case, at bar.

In the Harris case they wish the Court, to strike a Reply, for which a timely extension had been filed with the Court, in addition to a Notice of Unavailability having also been filed. Here the Defendant wants the Court to strike the Reply, because its timely Motion for an extension to file its Reply had not been Granted.

The Court is not deprived of jurisdiction when it receives a Motion to Extend Time to Respond to a Reply of an opposing party, where it is aware of the reason for the requested extension, unlike the time set for filing Notices of Appeal, or applications for Attorneys fees, where permitted, by Statute. The decision is left to the sound discretion of the Trial Judge, in an identical fashion to whether a trial judge should admit an Amended Pleading.  The law governing that issue has long been resolved, by the Court's by the test set forth in Smith v. Garden Way, Inc., 821 F. Supp. 1486, (N.D. GA, 1993), where the Court wrote the following;

"The decision whether to grant leave to amend a pleading lies within the sound discretion of the trial court. *Gramegna v. Johnson*, 846 F.2d 675, 678 (11th Cir. 1988); *Stevens v. Gay*, 864 F.2d 113, 116 (11th Cir. 1989). Because Rule 15(a) envisions liberal allowance of amendments to pleadings, there must be some substantial reason justifying denial of the motion. *Foman v. Davis*, 371 U.S. 178, 182, 9 L. Ed. 2d 222, 83 S. Ct. 227 (1962); *Nolin v. Douglas County*, 903 F.2d 1546 (11th Cir. 1990); *Shipner v. Eastern Air Lines, Inc.*, 868 F.2d 401, 407 (1989). A court may consider factors such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, [and] futility of amendment." *Nolin*, at 1550 (quoting *Foman*, at 182)."

2

In the Smith case, there was a Motion to extend the time for taking discovery OUTSIDE of the time set forth in the Order of the Trial Judge. Yet the Court determined;

"Plaintiff has filed a motion to extend the time to file discovery depositions with the court to be used in opposing Defendant's motion for summary judgment. These depositions were taken outside the discovery period by mutual consent between the parties. Defendant does not oppose Plaintiff's motion for an extension of time to file these depositions. Therefore, although the court does not condone informal discovery extensions because of their potential to affect materially and often delay the resolution of the case on the merits, Plaintiff's motion to extend time to file discovery depositions [56-1] is GRANTED." (At p.1489)

In Harris, the prejudice to Harris is great, in striking his Response to the Defendant's Reply. There is no prejudice to The Defendant's since the underlying Motion(s) are still unresolved by the Court.

WHEREFORE, Plaintiff prays the Court deny Defendant's Motion to Strike and grant such other relief as is just and equitable.

RICHARD J. BURTON & ASSOCIATES, P.A.
18305 Biscayne Blvd., Suite 300
Miami, FL 33106
(305)705-0888  Fax (305)935-9542

By:_____
Richard J. Burton FBN 179337

3

## Certificate of Service

I HEREBY CERTIFY that a true copy of the foregoing Notice was mailed and faxed to Sheila Caesarano, Esq., SHUTTS & BOWEN LLP, 1500 Miami Center, 201 South Biscayne Blvd., Miami, FL 33131 on August 8, 2002.

                          RICHARD J. BURTON & ASSOCIATES, P.A.
                          18305 Biscayne Blvd., Suite 300
                          Miami, FL 33160
                          Ph: (305) 705-0888     Fax: 935-9542

By: _____
            Richard J. Burton, FBN 179337

## Certificate of Service

I HEREBY CERTIFY that a true copy of the foregoing was mailed June 21st, 2002, to Sheila Caesarano, Esq., SHUTTS & BOWEN LLP, 1500 Miami Center, 201 South Biscayne Blvd., Miami, FL 33131.

RICHARD J. BURTON & ASSOCIATES, P.A.
18305 Biscayne Blvd., Suite 300
Miami, FL 33160
Ph: (305) 705-0888    Fax: 935-9542

By: _____
    Richard J. Burton, FBN 179337

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

STEVE HARRIS,
    Plaintiff,

V.

CASE NO. 00-6107-CIV-FERGUSON
MAGISTRATE JUDGE SNOW

TARGET CORPORATION f/k/a/
DAYTON HUDSON CORPORATION
d/b/a TARGET STORES.

_____/

### PLAINTIFF'S OPPOSED MOTION FOR ENLARGMENT OF TIME TO FILE OPPOSITION TO DEFENDANT'S MOTION FOR TAXING COSTS, and FILING REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR NEW TRIAL

PLAINTIFF, by and through undersigned counsel and pursuant to Federal Rules of Civil Procedure hereby requests an enlargement of time up until and including July 20, 2002, to file the opposition to the Defendant's Motion for Taxing Costs and for Filing a Reply to Defendants Response to Plaintiff's Motion for New Trial.

The reasons for the requested enlargement are stated below:

1. On June 18, 2002, the Counsel for the Defendant mailed Plaintiff its filed a Motion to tax Costs. This was received by Counsel for Plaintiff on Friday afternoon, June 21, 2002.

2. On June 19, 2002, the Counsel for the Defendant mailed Plaintiff its filed a Motion to tax Costs. This was received by Counsel for Plaintiff on Monday afternoon, June 24, 2002.

3. The Counsel for Plaintiff is a Single Practitioner. He advised opposing Counsel, and the Court of his vacation schedule on numerous occasions. That schedule has him leaving for a vacation, out of the United States on Wednesday, June 26, 2002 and returning to his practice on Monday, July 15, 2002.

4. This Motion for extension is being made in good faith and not for purposes of delay. Such enlargement of time would, be in the interest of justice and would not be prejudicial to the parties.

5. Pursuant to Local Rule 7. I.A.3., counsel represents he made a good faith effort to contact opposing counsel to ascertain if there was any objection to the filing of this motion and was advised that the opposing counsel did *object* to the enlargement of time, without providing any reason for the objection. In this case the initial trial was rescheduled, at least 3 times due to Sheila Ceasarano's personal and medical schedules.

B

Therefore, PLAINTIFF, hereby moves for an Order of enlargement of time until and including July 20, 2002, in which to respond and file his the opposition to the Defendant's Motion for Taxing Costs and for Filing a Reply to Defendants Response to Plaintiff's Motion for New Trial, and grant such other relief as is just and equitable.

WHEREFORE, PLAINTIFF, respectfully requests this Court to grant this Motion for Enlargement of Time, and issue an order stating same.

Respectfully submitted,

RICHARD J. BURTON & ASSOCIATES, P.A.
Attorney for Plaintiff
18305 Biscayne Boulevard, Suite 300
Miami, FL 33160

_____
Richard J. Burton
F.B.N. 179337

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

STEVE HARRIS,
      Plaintiff,

V.

CASE NO. 00-6107-CIV-FERGUSON
MAGISTRATE JUDGE SNOW

DAYTON HUDSON CORPORATION
d/b/a TARGET STORES,

      Defendant.
_____/

### NOTICE OF UNAVAILABILITY

**PLEASE TAKE NOTICE** that the undersigned will be out-of-the United States from **June 25, 2002 through July 12, 2002.**

Counsel respectfully requests that no hearings or depositions be scheduled during this time, and that no motions, notices to produce, interrogatories, or other pleadings be filed which require a timely response during this time; and that all pleadings matters remain in status quo during this period of time.

The filing and service of this Notice of Unavailability shall constitute an application and request for continuance, extension, of time and/or for a protective order as appropriately required for the above states reason.

Respectfully submitted this 21st day of June, 2002.

                                      RICHARD J. BURTON & ASSOCIATES, P.A.
                                      18305 Biscayne Blvd., Suite 300
                                      Miami, FL 33160
                                      Ph: (305) 705-0888    Fax: 935-9542

                                      RICHARD J BURTON, ESQ
By: _____
          Richard J. Burton, FBN 179337

A

1

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was placed in the U.S. mail this 25th day of June, 2002 to Sheila Caesarano, Esq., SHUTTS & BOWEN LLP, 1500 Miami Center, 201 South Biscayne Blvd., Miami, FL 33131.

          RICHARD J. BURTON & ASSOCIATES, P.A.
          18305 Biscayne Boulevard, Suite 300
          Miami, FL 33160
          Tel: (305) 705-0888
          Fax: (305) 935-9542


By: _____
    Richard J. Burton F.B.N. 179337

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

STEVE HARRIS,
    Plaintiff,

V.

CASE NO. 00-6107-CIV-FERGUSON
MAGISTRATE JUDGE SNOW

TARGET CORPORATION f/k/a
DAYTON HUDSON CORPORATION
d/b/a TARGET STORES,
_____/

## PLAINTIFF'S OPPOSED MOTION FOR ENLARGMENT OF TIME TO FILE OPPOSITION TO DEFENDANT'S MOTION FOR TAXING COSTS, and FILING REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR NEW TRIAL

PLAINTIFF, by and through undersigned counsel and pursuant to Federal Rules of Civil Procedure hereby requests an enlargement of time up until and including July 20, 2002, to file the opposition to the Defendant's Motion for Taxing Costs and for Filing a Reply to Defendants Response to Plaintiff's Motion for New Trial.

The reasons for the requested enlargement are stated below:

1. On June 18, 2002, the Counsel for the Defendant mailed Plaintiff its filed a Motion to tax Costs. This was received by Counsel for Plaintiff on Friday afternoon, June 21, 2002.

2. On June 19, 2002, the Counsel for the Defendant mailed Plaintiff its filed a Motion to tax Costs. This was received by Counsel for Plaintiff on Monday afternoon, June 24, 2002.

3. The Counsel for Plaintiff is a Single Practitioner. He advised opposing Counsel, and the Court of his vacation schedule on numerous occasions. That schedule has him leaving for a vacation, out of the United States on Wednesday, June 26, 2002 and returning to his practice on Monday, July 15, 2002.

4. This Motion for extension is being made in good faith and not for purposes of delay. Such enlargement of time would, be in the interest of justice and would not be prejudicial to the parties.

5. Pursuant to Local Rule 7. I.A.3., counsel represents he made a good faith effort to contact opposing counsel to ascertain if there was any objection to the filing of this motion and was advised that the opposing counsel did *object* to the enlargement of time, without providing any reason for the objection. In this case the initial trial was rescheduled, at least 3 times due to Sheila Ceasarano's personal and medical schedules.

B

Therefore, PLAINTIFF, hereby moves for an Order of enlargement of time until and including July 20, 2002, in which to respond and file his the opposition to the Defendant's Motion for Taxing Costs and for Filing a Reply to Defendants Response to Plaintiff's Motion for New Trial, and grant such other relief as is just and equitable.

WHEREFORE, PLAINTIFF, respectfully requests this Court to grant this Motion for Enlargement of Time, and issue an order stating same.

Respectfully submitted,

RICHARD J. BURTON & ASSOCIATES, P.A.
Attorney for Plaintiff
18305 Biscayne Boulevard, Suite 300
Miami, FL 33160

_____
Richard J. Burton
F.B.N. 179337