# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6107-CIV-FERGUSON/SNOW

STEVE HARRIS,

    Plaintiff,

v.

DAYTON HUDSON CORPORATION
d/b/a TARGET STORES,

    Defendant.
_____/



### DEFENDANT'S REPLY TO PLAINTIFF'S RESP    SE (MISNAMED "REPLY") TO TARGET'S MOTION TO STRIKE PLAINTIFF'S RESPONSE TO TARGET'S MOTION TO TAX COSTS AND ATTORNEY'S FEES

Defendant, TARGET CORPORATION ("Target"), hereby replies to Plaintiff's Response (misnamed "Reply") to Target's Motion to Strike as Untimely Plaintiff's Response to Target's Motion to Tax Costs and Attorneys' Fees and moves this Court to Strike Plaintiff's misnamed Reply since it is a surreply to Target's Reply to Motion to Tax Costs and Attorney's Fees. (Hereinafter, Plaintiff's misnamed Reply will be referred to as "Plaintiff's Surreply.") As grounds therefor, Target states:

### INTRODUCTION

Target filed its Motion to Strike Plaintiff's Response to Target's Motion to Tax Costs and Attorneys' Fees as Untimely under S.D. Fla. L.R. 7.1, since Target filed its Motion on June 19, 2002, and Plaintiff's Response was filed on July 22, 2002. Contemporaneously with its Motion to Strike as Untimely, Target also filed its Reply to Plaintiff's Response to Target's Motion to Tax Costs and Attorneys' Fees. While Plaintiff is entitled to file a *Response* to Target's Motion to Strike, Plaintiff instead ignored the arguments in Target's Motion to Strike and rather filed a *Surreply* to Target's

CASE NO. 00-6107-CIV-FERGUSON/SNOW

Reply to its Motion to Tax Costs and Attorneys' Fees ("Target's Reply"). In his Surreply, Plaintiff fails to address the legal issues of Target's Motion to Strike. Instead, Plaintiff reasserts his initial argument in opposition to Target's request of an award of costs and attorneys' fees. Such an argument is impermissible as Plaintiff's Surreply may not respond to Target's Reply, but rather should address the issues raised by Target's Motion to Strike. Accordingly, Plaintiff's Surreply should be stricken.

## MEMORANDUM OF LAW

Plaintiff's Surreply should be stricken, as it is not a responsive pleading. Rather, it is an impermissible reiteration of Plaintiff's initial legal argument in opposition to Target's Motion for Costs and Attorneys' Fees. Furthermore, Plaintiff incorrectly argues that he filed a request for an extension in a timely manner. As the Court is well aware, this extension was never granted. Moreover, Target did not move to strike Plaintiff's request for a continuance as untimely, but rather moved to strike Plaintiff's Response as untimely. Therefore, Plaintiff's reliance is misplaced and his argument without merit.

Likewise, Plaintiff's assertion that his untimely Response is akin to an amended pleading is wholly lacking in legal merit. Plaintiff asserts that the decision to grant or deny leave to amend a pleading is within the sound discretion of the trial court, and cites case law for this proposition. *See Smith v. Garden Way, Inc.*, 821 F. Supp. 1486 (N.D. Ga. 1993). Target does not dispute this legal statement, as the decision to grant leave to amend is within the sound discretion of the trial court. However, in the instant case, the Court, in exercising the above-referenced discretion, did **not** grant

CASE NO. 00-6107-CIV-FERGUSON/SNOW

an extension of time within which Plaintiff was obligated to file its response. Accordingly, Plaintiff's Response to Target's Motion to Tax Costs and Attorneys' Fees should be stricken.

Further, this Court should not excuse Plaintiff's noncompliance with the Local Rules because Plaintiff is fully aware of the procedural requirements of Local Rule 7.1. *See Vanzant v. R.L. Products, Inc.*, 139 F.R.D. 435, 439 (S.D. Fla. 1991). Additionally, where the Court has not entered an Order granting a Motion, especially an opposed one for an enlargement of time to respond, an attorney should not be permitted to make a decision for the Judge by unilaterally construing the Court's non-issuance of an order as leave to file an untimely response.

Finally, a party is not relieved from complying with the Rules due to the mere filing of a motion requesting the same. *See Federal Aviation Admin. v. Landy*, 705 F.2d 624, 634 (2d Cir. 1983) (discussing the necessity of an order granting a motion for a protective order before a party may not appear for a deposition and stating: "It is clear, however, that it is not the filing of [a motion to vacate a deposition notice] that stays the deposition, but rather a court order."); *Goodwin v. City of Boston*, 119 F.R.D. 297, 298 (D. Mass. 1988) ("The filing of . . . a motion for a protective order does not automatically operate to stay a deposition or other discovery."). The advisory committee notes also state the following: "it should be noted that *the filing of a motion under Rule 26(c) is not self-executing*—the relief authorized under that rule depends on *obtaining the court's order* to that effect." *Rules of Civil Procedure*, 146 F.R.D. 401, 692 (U.S. Sup. Ct. 1993) (emphasis added). Accordingly, in order for Plaintiff to obtain the relief sought his Motion for Enlargement of Time to Respond to Target's Motion, it was necessary to obtain an Order from this Court granting such relief.

-3-

CASE NO. 00-6107-CIV-FERGUSON/SNOW

## CONCLUSION

Defendant, TARGET CORPORATION, requests that the Court strike Plaintiff's Response to Target's Motion to Tax Costs and Plaintiff's Surreply.

Respectfully submitted,

SHUTTS & BOWEN LLP
Attorneys for Defendant
1500 Miami Center
201 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 358-6300
Facsimile: (305) 347-7386

By: _____
Sheila M. Cesarano
Florida Bar Number 708364
Rene Gonzalez-LLorens
Florida Bar Number 0053790

CASE NO. 00-6107-CIV-FERGUSON/SNOW

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed on this /6 day of August 2002, to:

Richard J. Burton, Esq.
Richard J. Burton & Associates, P.A.
18305 Biscayne Boulevard, Suite 300
Miami, Florida 33160.
Tel: (305) 705-0888
Fax: (305) 935-9542
Attorney for Plaintiff

OF COUNSEL

MIADOCS 538116.1 JJB

SHUTTS & BOWEN LLP
MIAMI   FORT LAUDERDALE   WEST PALM BEACH   ORLANDO   TALLAHASSEE   AMSTERDAM   LONDON