# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## CASE NO. 00-6107-CIV-FERGUSON/SNOW

STEVE HARRIS,

     Plaintiff,

v.

DAYTON HUDSON CORPORATION
d/b/a TARGET STORES,

     Defendant.

_____/



## DEFENDANT'S REPLY TO
## PLAINTIFF'S RESPONSE TO TARGET'S MOTION
## TO STRIKE AS UNTIMELY PLAINTIFF'S REPLY TO PLAINTIFF'S
## MOTION FOR JUDGMENT AS A MATTER OF LAW

Defendant, TARGET CORPORATION ("Target"), hereby files its Reply to Plaintiff's Response to Target's Motion to Strike as Untimely Plaintiff's Reply to Defendant's Response to Plaintiff's Motion for Judgment as a Matter of Law. As grounds therefor, Target states:

### INTRODUCTION

Target filed its Motion to Strike Plaintiff's Reply to Defendant's Response to Plaintiff's Motion for Judgment as a Matter of Law ("Target's Motion to Strike") as untimely under S.D. Fla. L.R. 7.1, since Target filed its Response to Plaintiff's Motion for Judgment on June 19, 2002, and Plaintiff filed his Reply on July 15, 2002. Accordingly, Plaintiff's Reply should be stricken.

### MEMORANDUM OF LAW

In the Motion to Strike, Target submitted that Plaintiff's untimely Response, filed *without leave of Court*, should be stricken for its non-compliance with the Local Rules. Plaintiff's Response to Target's Motion to Strike argues that Plaintiff filed his request for an extension in a timely manner.

This fact is undisputed, but as the Court is aware, there is no Order in the file allowing the untimely Response to be filed. Moreover, Target did not move to strike Plaintiff's *request for an enlargement of time to respond* as untimely, but rather *moved to strike Plaintiff's Reply as untimely*. Plaintiff's reliance is misplaced and his argument without merit, and consequently, his Motion should be stricken.

Likewise, Plaintiff's assertion that his untimely Reply is akin to requesting leave to file an amended pleading is wholly lacking in legal merit. The fact that the decision to grant leave to amend a pleading is within the sound discretion of the trial court is undisputed. However, in the instant case, the Court did not grant an extension of time within which Plaintiff was obligated to file its Reply. Accordingly, Plaintiff's Reply should be stricken.

Additionally, Plaintiff cites to the case of *Smith v. Garden Way, Inc.*, 821 F. Supp. 1486, 1489 (N.D. Ga. 1993) for the proposition that a motion to extend time for filing of discovery depositions can be granted where there is an unopposed motion for such an extension facing the court. Again, this is an undisputed area of law that entirely fails to address the issue in the instant action, which is whether an attorney may, *without permission from the Court*, file required motions outside of the time constraints imposed by the Rules. There is no case law cited by Plaintiff in his Motion that permits such an act, and this is because such an act is impermissible under the Rules. Further, this Court should not excuse Plaintiff's noncompliance with the Local Rules because Plaintiff is fully aware of the procedural requirements of Local Rule 7.1. *See Vanzant v. R.L. Products, Inc.*, 139 F.R.D. 435, 439 (S.D. Fla. 1991). Additionally, where the Court has not entered an Order granting a Motion, especially an opposed one for an enlargement of time to respond, an attorney should not be permitted to make a decision for the Judge by unilaterally construing the Court's non-issuance of an order as leave to file an untimely response.

2

Finally, a party is not relieved from complying with the Rules due to the mere filing of a motion requesting the same. *See Federal Aviation Admin. v. Landy*, 705 F.2d 624, 634 (2d Cir. 1983) (discussing the necessity of an order granting a motion for a protective order before a party may not appear for a deposition and stating: "It is clear, however, that it is not the filing of [a motion to vacate a deposition notice] that stays the deposition, but rather a court order."). Furthermore, the advisory committee notes also state the following: "it should be noted that **the filing of a motion under Rule 26(c) is not self-executing; the relief authorized under that rule depends on obtaining the court's order to that effect.**" *Rules of Civil Procedure*, 146 F.R.D. 401, 692 (U.S. Sup. Ct. 1993) (emphasis added). Accordingly, in order for Plaintiff to obtain the relief sought his Motion for Enlargement of Time to Reply to Target's Response, it was necessary to obtain an Order from this Court granting such relief.

## CONCLUSION

Defendant, TARGET CORPORATION, requests that the Court strike Plaintiff's Reply to Target's Response to Plaintiff's Motion.

Respectfully submitted,

SHUTTS & BOWEN LLP
Attorneys for Defendant
1500 Miami Center
201 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 358-6300
Facsimile: (305) 347-7386

By: _____
Sheila M. Cesarano
Florida Bar Number 708364
Rene Gonzalez-LLorens
Florida Bar Number 0053790

3

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was mailed on this

*16* day of August 2002, to:

Richard J. Burton, Esq.
Richard J. Burton & Associates, P.A.
18305 Biscayne Boulevard, Suite 300
Miami, Florida 33160.
Tel: (305) 705-0888
Fax: (305) 935-9542
Attorney for Plaintiff

OF COUNSEL

MIADOCS 538225.1 JJB

4