UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 00-6107-Civ-Ferguson/Snow

STEVE HARRIS,

        Plaintiff,

vs.

DAYTON HUDSON CORP., d/b/a
TARGET STORES,

        Defendant.
_____/



FILED by ___ D.C.
FEB 20 2003
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD

**REPORT AND RECOMMENDATION**

        THIS CAUSE is before the Court on the Defendant'S Motion to Tax Costs and Attorney's Fees (Docket Entry 182), which was referred to United States Magistrate Judge Lurana S. Snow for report and recommendation.

### I. PROCEDURAL HISTORY

        The complaint was filed on January 21, 2000, alleging employment discrimination in violation of 42 U.S.C. § 2000e, et seq. ("Title VII"), violation of 42 U.S.C. § 1981, and a state law claim of libel and slander. The defendant filed a motion to dismiss the state law claim; the motion was dismissed as moot.

        After discovery, the defendant filed a motion for summary judgment. The Court granted summary judgment solely on the state law claim of libel and slander. Thereafter, on August 29, 2001, the defendant then made an offer of judgment for $10,000, which the plaintiff rejected.

        After a six-day jury trial, the jury returned a verdict for the defendant. The plaintiff filed a motion for a new trial. The Court granted the motion, finding that the defendant made an



opening statement and other comments during the trial which could not by substantiated because certain evidence was inadmissable.

After a second six-day trial, the jury again rendered a verdict for the defendant. The plaintiff filed a notice of appeal and a motion for a new trial.

The defendant filed the instant motion for $22,671.47 in costs pursuant to 28 U.S.C. § 1920 and for $420,436.50 in attorney's fees pursuant pursuant to Fed.R.Civ.P. 68 or 42 U.S.C. § 1988. The plaintiff's response noted that the defendant had failed to file any documentation supporting the request for attorney's fees.[1] The defendant filed two replies. After the Court denied the plaintiff's motion for a new trial, the defendant filed the billing records for the attorneys. The plaintiff did not seek leave to file a sur-reply and did not otherwise respond after the billing records were filed.

## II. RECOMMENDATIONS OF LAW

A. <u>28 U.S.C. § 1920</u>

Taxable costs are identified in 28 U.S.C. § 1920:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

---

1 The defendant asserted that until the Court had ruled on the plaintiff's motion for a new trial, the billing records could not be produced.

>   (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
>
>   (5) Docket fees under section 1923 of this title;
>
>   (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

The defendant seeks $862.00 for fees of the clerk and marshal, $5,279.54 for court reporter fees and deposition transcripts, $4,147.00 for the trial transcript to impeach the plaintiff at the second trial, $980.00 in witness fees, $7,001.30 for copies necessarily obtained for use in the case and $287.55 for trial exhibits, for a total of $18,557.39. The plaintiff does not object to any of these costs.

Additionally, the defendant seeks to tax $204.75 for mediation costs and $3,909.33 for attorney travel expenses to out-of-state depositions, for a total of $4,114.08. While the plaintiff does not object to these costs, neither are taxable under § 1920. Mediation costs are not listed in § 1920 and are not compensable under that statute. <u>Mota v. University of Texas Houston Health Science Center</u>, 261 F.3d 512, 530 (5th Cir. 2001). The defendant has cited no legal authority which would permit the taxation of attorney travel expenses under § 1920. Thus the Court should award costs of $18,557.39 pursuant to 28 U.S.C. § 1920.

B.        Fed.R.Civ.P. 68

Fed.R.Civ.P. 68 provides:

> At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the offer with costs then accrued. . . . If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after making the offer.

See, Jordan v. Time Inc., 111 F.3d 102, 104 (11th Cir. 1997)(when the plaintiff obtains a judgment which was less than the offer of judgment, the plaintiff must pay the defendant's attorneys fees and costs incurred after the offer). While the plaintiff does not address Rule 68, the statute is inapplicable.

> if we limit our analysis to the text of the Rule itself, it is clear that it applies only to offers made by the defendant and only to judgments obtained by the plaintiff. It therefore is simply inapplicable to this case because it was the defendant that obtained the judgment.

Delta Air Lines, Inc. v. August, 450 U.S. 346, 352, 101 S.Ct. 1146, 1148 (1981); Louisiana Power & Light Co. v. Kellstrom, 50 F.3d 319, 333-34 (5th Cir. 1995), cert. denied, 516 U.S. 862 (1995). Since the defendant obtained the judgment in the instant case, the defendant cannot claim attorneys' fees or other post-offer costs pursuant to Fed.R.Civ.P. 68.[2]

---

[2] At this time, the undersigned will not consider whether sanctions should be imposed for the defendant's spurious claim under Rule 68.

4

C.        42 U.S.C. § 1988

The defendant claims fees as the prevailing party in a civil rights case. "[A] district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." Christiansburg Garment Co. v. E.E.O.C., 434 U.S. 412, 421, 98 S.Ct. 694, 700 (1978).

The defendant argues that two separate juries found the plaintiff's claims to be frivolous. The plaintiff's response notes that the defendant precipitated the need for a second trial, and that 12 of the 13 reasons the defendant argued as the basis for the termination were described as irrelevant in the Court's order of February 20, 2002. (DE 145) Both juries, after hours of deliberation, found that the defendant had a substantial discriminatory motive, but had other legitimate grounds for firing the plaintiff. (DE 138, 173).

The undersigned finds that the defendant has not established that the plaintiff's case was frivolous, unreasonable, or without foundation. The both juries found that the plaintiff had established a prima facie case of discrimination, but thereafter failed to show that the defendant's non-discriminatory reasons for the termination were actually a pretext. McDonnell Douglass Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817 (1973); Rojas v. Florida, 285 F.3d 1339 (11th Cir. 2002). Accordingly, the motion for attorney's fees pursuant to 42 U.S.C. § 1988 should be denied.

### III. CONCLUSION

This Court having considered carefully the pleadings, arguments of counsel, and the applicable case law, it is hereby

RECOMMENDED as follows:

1. That the Court GRANT the motion to tax costs pursuant to 28 U.S.C. § 1920 in the amount of $18,557.39.

2. That the Court DENY the motion to award attorney's fees and other costs pursuant to Fed.R.Civ.P. 68.

3. That the Court DENY the motion for attorney's fees pursuant to 42 U.S.C. § 1988.

The parties will have ten days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, for consideration by The Honorable Wilkie D. Ferguson, Jr., United States District Judge. Failure to file objections timely shall bar the parties from attacking on appeal factual findings contained herein. LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958 (1988); RTC v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

DONE AND SUBMITTED at Fort Lauderdale, Florida, this 20th day of February, 2002.

LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies to:   Richard J. Burton, Esq.
             Sheila Caesarano, Esq.