UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

STEVE HARRIS,  Case No. 00-6107-CIV-FERGUSON

    Plaintiff,

vs.

DAYTON HUDSON CORPORATION d/b/a
TARGET STORES,

    Defendant.
_____/



FILED by ___ D.C.

MAR 3 1 2003

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

## ORDER ADOPTING REPORT AND RECOMMENDATION IN PART

**THIS CAUSE** is before the Court on the Defendant's Motion to Tax Costs and Attorney's Fees [D.E.182].

**THE MATTER** was referred to the Honorable Lurana S. Snow, United States Magistrate Judge. A Report and Recommendation dated February 20, 2003, has been filed. Having duly considered the motion, response, report and recommendation and pertinent portions of the record, it is **ORDERED AND ADJUDGED** that the Report and Recommendation is **ADOPTED IN PART** as the findings and conclusions of the Court. Accordingly, the motion [D.E. 182] is **DENIED IN PART**. The Defendant's motion to tax costs pursuant to 28 U.S.C. § 1920 is **GRANTED IN PART**.[1] Accordingly, Defendants are awarded costs in the amount of $5,000.00. The motion to

---

[1] It is within the Court's discretion whether to award costs to a prevailing party pursuant to 28 U.S.C. § 1920. See 28 U.S.C. § 1920 (2002) ("any court of the United States **may** tax as costs. . .) (emphasis added). There is a presumption that prevailing parties will receive costs "unless the losing party demonstrates some fault, misconduct, default, or action worthy of penalty on the prevailing side." Smith v. Vaughn, 171 F.R.D. 323, 326 (M.D. Fla. 1997). Here, the Defendant is not completely blameless. Despite a jury verdict for the Defendant, Plaintiff was granted a new trial because Defendant's opening statement and other comments made during the trial could not be substantiated by admissible evidence. Additionally, the juries for both the first and second trial found that the Defendant had discriminated against the Plaintiff but that it had other legitimate grounds for terminating the Plaintiff employment. In this Court's view the reasons, even if legitimate, were frivolous as a basis for discharge. In




Page 2

award attorney's fees pursuant to Fed. R. Civ. P. 68 is **DENIED**. The motion for attorney's fees pursuant to 42 U.S.C. § 1988 is **DENIED**.

**DONE AND ORDERED** in Chambers at Ft. Lauderdale, Florida, this 31st day of March, 2003.

_____
WILKIE D. FERGUSON, JR.
UNITED STATES DISTRICT JUDGE

copies provided:
Richard J. Burton, Esq.
Sheila M. Cesarano, Esq.

_____

limiting and denying costs and fees this Court has also considered the Plaintiff's now relative indigency.