UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6107-CIV-FERGUSON

STEVE HARRIS,

    Plaintiff,

vs.

DAYTON HUDSON CORPORATION
d/b/a TARGET STORES,

    Defendant.
_____/

## MOTION TO SUPPLEMENT THE RECORD

Plaintiff/Appellant, STEVE HARRIS, by and through undersigned counsel, moves this Court to supplement the record in this cause and as grounds therefor would show unto the Court as follows:

1. This Court rendered a Final Judgment, after denying a motion for new trial, in August 2002.

2. The trial had taken place from May 6 through May 16, 2002.

3. On May 14, 2002, the Court held a charge conference. The transcript reflects that Plaintiff's counsel handed the Court proposed instructions, both in hard copy and on a disk. A copy of the relevant page of the transcript is attached hereto and made a part hereof, as Exhibit "A".

4. Neither the instructions nor the disk can be located at the Clerk's office, nor are they part of the current record of the case.

5. Plaintiff/Appellant is appealing the adverse judgment to the Court of Appeals for the Eleventh Circuit.



HARRIS V. DAYTON HUDSON CORPORATION
CASE NO. 00-6107-CIV-FERGUSON

6. The status of Plaintiff/Appellant's appeal is that his initial brief is currently due to be served on April 7, 2003, although he has moved for an extension of time until April 14, 2003, because the last portion of the transcript was not furnished until March 31, 2003.

7. One of the issues on appeal is denial of the requested instructions to the jury, but the instructions are not part of the record. The proposed instructions are attached hereto as Exhibit "B".

8. Undersigned counsel attempted to speak with Sheila M. Cesarano, Esq. and Rene J. Gonzalez-Llorens, Esq., Attorneys for Defendant, but was advised they are both out of the office today.

WHEREFORE, Plaintiff/Appellant, STEVE HARRIS, prays the Court enter an order supplementing the District Court record with the Plaintiff's proposed Special Jury Instructions Nos. 1 and 2.

Respectfully submitted,

GELLER, GELLER, SHIENVOLD,
FISHER & GARFINKEL, L.L.P.
Attorneys for Plaintiff/Appellant
2411 Hollywood Boulevard
Hollywood, FL 33020
Telephone:   954-920-2300/305-949-6600
Fax:         954-920-6885

BY: _____
/PEGGY FISHER
Florida Bar No. 198994

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was sent by U.S. Mail on this _____ day of April, 2003, to SHEILA M. CESARANO, ESQ. and RENE J. GONZALEZ-

2

HARRIS V. DAYTON HUDSON CORPORATION
CASE NO. 00-6107-CIV-FERGUSON

LLORENS, ESQ., Shutts & Bowen LLP, Attorneys for Appellee, 1500 Miami Center, 201 South Biscayne Boulevard, Miami, FL 33131.

_____
PEGGY FISHER

W:\csilver\harris\pleadings\motion to supplement the record

Case 0:00-cv-06107-WDF   Document 235   Entered on FLSD Docket 04/08/2003   Page 4 of 6

165

```
 1  that were denied, we would basically by reference suggest we
 2  would suggest the same things here.
 3          In addition, I do have the Harriston instruction
 4  here, and I'm proposing -- I've given it to counsel, I'll
 5  give it to the Court --
 6          THE COURT:  The Harriston instruction?
 7          MR. BURTON:  Instruction regarding Harriston and
 8  the adverse job action being a temporary suspension based
 9  upon Harriston and some of the other cases.  I have it right
10  here.  I've given a copy to them.
11          MS. HOUSTON:  Your Honor, we have --
12          MR. BURTON:  Can I proceed to give it to the Court
13  first?
14          There's one on pretext and one on adverse job
15  action, together with a disk.  I just wanted to make sure
16  that it is in the record, and I've given it to Your Honor to
17  review formally before I -- one is on --
18          I just rely on Harriston and Reeves and Wideman
19  and Wal-Mart and Harriston as to the adverse employment
20  action, the temporary suspension.  These are instructions,
21  they're not verdict forms.
22          MS. HOUSTON:  Your Honor, the Eleventh Circuit has
23  pattern jury instructions which is what we used last time.
24  We are -- with the objections that we raised in the last
25  charge conference, so we don't have to go over all of that,
```

EXHIBIT

## Plainitff's Proposed Special Jury instructions #1:
### Pretext[1]

Plaintiff. Mr. Harris, has introduced evidence that defendant articulated reason for defendant's action is a pretext for discrimination. When you consider plaintiff's evidence of the pretext, remember the relevant question is whether defendant's reason was not the real reason for defendant's action.

You are not to consider whether defendant's reason showed poor or erroneous judgment, You are not to consider defendant's wisdom. However, you may consider whether defendant's reason is merely a cover-up for discrimination.

This burden shifts to Plaintiff to show that he is has introduced evidence which tend to show that Defendant's reasons are a cover-up for discrimination, or a pretext.

---

Authority: Instructions for Federal Civil Cases, Racial Discrimination in Employment § 170.20 (2000). Modified to include parties names. Reeves v. Sanderson Plumbing, 530 U.S. 133 (2000) Hairston v. The Gainesville Sun Publishing 9 F.3d 913 (11th Cir. 1993)



## Plainitff's Proposed Special Jury instructions #2: Adverse Employment Action

The temporary suspension of February 22, 1999 resulted in an adverse employment action under Federal Law. The termination of March 5, 1999 resulted in a second adverse employment action under Federal law. [2]

---

[2] Authority: Hairston v. The Gainesville Sun Publishing 9 F.3d 913 (11th Cir. 1993), Wideman v. Wal-mart, 141 F.3d 1453 (11th Cir. 1999)