UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6107-CIV-FERGUSON

STEVE HARRIS,

    Plaintiff,

vs.

DAYTON HUDSON CORPORATION
d/b/a TARGET STORES,

    Defendant.
_____/



## NOTICE OF FILING

Plaintiff, STEVE HARRIS, by and through undersigned counsel, files these, his proposed jury instructions, submitted to the Court on May 14, 2002, and would show as follows:

1.     Undersigned counsel has been advised that although he provided the attached jury instructions to the Courtroom Deputy, on May 14, 2002, along with a diskette, none of this material has been filed with the clerk's office in the District Court.

2.     The undersigned has also been advised by Plaintiff's appellate counsel that the material is needed to be included in the record for the appeal.

                          RICHARD J. BURTON, P.A.
                          Attorneys for Plaintiff
                          18305 Biscayne Boulevard, Suite 300
                          Miami, FL 33160
                          Telephone:  305-705-0888
                          Fax:          305-935-9542

                          BY: _____
                                 RICHARD J. BURTON
                          Florida Bar No. 179337



HARRIS V. DAYTON HUDSON CORPORATION
CASE NO. 00-6107-CIV-FERGUSON

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was sent by U.S. Mail on this ____ day of April, 2003, to SHEILA M. CESARANO, ESQ. and RENE J. GONZALEZ-LLORENS, ESQ., Shutts & Bowen LLP, Attorneys for Appellee, 1500 Miami Center, 201 South Biscayne Boulevard, Miami, FL 33131.

_____
RICHARD J. BURTON

W:\csilver\harris\pleadings\notice of filing2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

STEVE HARRIS,
    Plaintiff,

Case No. 00-6107-CIV-FERGURSON

vs.

TARGET CORPORATION f/k/a
DAYTON HUDSON CORPORATION
d/b/a TARGET STORES
_____/

### Plaintiff Special Jury Instructions and Verdict Form

**COMES NOW,** the Plaintiff, Steve Harris, hereinafter named "Plaintiff", and sets forth his request that the jury be charged as set forth in the following instructions.

                    RICHARD J. BURTON & ASSOCIATES, P.A.
                    Attorney for PLAINTIFF
                    Florida Bar No. 179337
                    18305 Biscayne Blvd., Suite 300
                    Miami, FL 33106
                    (305)705-0888 (Fax (305)935-9542

                    By: _____
                          Richard Burton

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by hand-delivery this ____ day of May, 2002 to Rene' Gonzales-Llornez Shutts & Bowen LLP., 1500 Miami Center, 201 South Biscayne Blvd., Miami, FL 33131.

## Plainitff's Proposed Special Jury instructions #1:
## Pretext[1]

Plaintiff. Mr. Harris, has introduced evidence that defendant articulated reason for defendant's action is a pretext for discrimination. When you consider plaintiff's evidence of the pretext, remember the relevant question is whether defendant's reason was not the real reason for defendant's action.

You are not to consider whether defendant's reason showed poor or erroneous judgment, You are not to consider defendant's wisdom. However, you may consider whether defendant's reason is merely a cover-up for discrimination.

This burden shifts to Plaintiff to show that he is has introduced evidence which tend to show that Defendant's reasons are a cover-up for discrimination. or a pretext.

---

Authority: Instructions for Federal Civil Cases, Racial Discrimination in Employment § 170.20 (2000). Modified to include parties names. Reeves v. Sanderson Plumbing. 530 U.S. 133 (2000) Hairston v. The Gainesville Sun Publishing 9 F.3d 913 (11th Cir. 1993)

## Plainitff's Proposed Special Jury instructions #2:
### Adverse Employment Action

The temporary suspension of February 22, 1999 resulted in an adverse employment action under Federal Law. The termination of March 5, 1999 resulted in a second adverse employment action under Federal law. [2]

---

[2] Authority: Hairston v. The Gainesville Sun Publishing 9 F.3d 913 (11th Cir. 1993). Wideman v. Wal-mart, 141 F.3d 1453 (11th Cir. 1999)