UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6107-CIV-FERGUSON

STEVE HARRIS,

    Plaintiff,

vs.

DAYTON HUDSON CORPORATION
d/b/a TARGET STORES,

    Defendant.
_____/



## CORRECTED NOTICE OF FILING

Plaintiff, STEVE HARRIS, by and through undersigned counsel, files these, his proposed jury instructions, submitted in open Court on May 14, 2002, and would show as follows:

1.    Undersigned counsel has been advised that although he provided the attached jury instructions to the Courtroom Deputy, on May 14, 2002, along with a diskette, none of this material was filed with the clerk's office in the District Court. At the time, counsel failed to realize that local and internal rules of Court required that the material be delivered to the Clerk of the Court directly, with a copy to the Court.

2.    A copy of the relevant portion of the transcript is attached as Exhibit "A" to this Notice, reflecting the facts cited above.

3.    The undersigned has also been advised by Plaintiff's appellate counsel that the material is needed to be included in the record for the appeal.

4.    The jury instructions are attached as Exhibit "B".

HARRIS V. DAYTON HUDSON CORPORATION
CASE NO. 00-6107-CIV-FERGUSON

RICHARD J. BURTON, P.A.
Attorneys for Plaintiff
18305 Biscayne Boulevard, Suite 300
Miami, FL 33160
Telephone:   305-705-0888
Fax:         305-935-9542

BY: _____
RICHARD J. BURTON
Florida Bar No. 179337

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was sent by U.S. Mail on this ___ day of April, 2003, to SHEILA M. CESARANO, ESQ. and RENE J. GONZALEZ-LLORENS, ESQ., Shutts & Bowen LLP, Attorneys for Appellee, 1500 Miami Center, 201 South Biscayne Boulevard, Miami, FL 33131.

_____
RICHARD J. BURTON

W:\erichards\harris\pleadings\notice of filing2

```
 1   that were denied, we would basically by reference suggest we
 2   would suggest the same things here.
 3            In addition, I do have the Harriston instruction
 4   here, and I'm proposing -- I've given it to counsel, I'll
 5   give it to the Court --
 6            THE COURT: The Harriston instruction?
 7            MR. BURTON: Instruction regarding Harriston and
 8   the adverse job action being a temporary suspension based
 9   upon Harriston and some of the other cases. I have it right
10   here. I've given a copy to them.
11            MS. HOUSTON: Your Honor, we have --
12            MR. BURTON: Can I proceed to give it to the Court
13   first?
14            There's one on pretext and one on adverse job
15   action, together with a disk. I just wanted to make sure
16   that it is in the record, and I've given it to Your Honor to
17   review formally before I -- one is on --
18            I just rely on Harriston and Reeves and Wideman
19   and Wal-Mart and Harriston as to the adverse employment
20   action, the temporary suspension. These are instructions,
21   they're not verdict forms.
22            MS. HOUSTON: Your Honor, the Eleventh Circuit has
23   pattern jury instructions which is what we used last time.
24   We are -- with the objections that we raised in the last
25   charge conference, so we don't have to go over all of that,
```

EXHIBIT

## Plainitff's Proposed Special Jury instructions #1:
## Pretext[1]

Plaintiff. Mr. Harris, has introduced evidence that defendant articulated reason for defendant's action is a pretext for discrimination. When you consider plaintiff's evidence of the pretext, remember the relevant question is whether defendant's reason was not the real reason for defendant's action.

You are not to consider whether defendant's reason showed poor or erroneous judgment, You are not to consider defendant's wisdom. However, you may consider whether defendant's reason is merely a cover-up for discrimination.

This burden shifts to Plaintiff to show that he is has introduced evidence which tend to show that Defendant's reasons are a cover-up for discrimination, or a pretext.

---

Authority: Instructions for Federal Civil Cases, Racial Discrimination in Employment § 170.20 (2000). Modified to include parties names. Reeves v. Sanderson Plumbing, 530 U.S. 133 (2000) Hairston v. The Gainesville Sun Publishing 9 F.3d 913 (11th Cir. 1993)



EXHIBIT

## Plainitff's Proposed Special Jury instructions #2:
## Adverse Employment Action

The temporary suspension of February 22, 1999 resulted in an adverse employment action under Federal Law. The termination of March 5, 1999 resulted in a second adverse employment action under Federal law. [2]

---

[2] Authority: Hairston v. The Gainesville Sun Publishing 9 F.3d 913 (11th Cir. 1993). Wideman v. Wal-mart, 141 F.3d 1453 (11th Cir. 1999)