# United States Court of Appeals
Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

**Thomas K. Kahn**
Clerk

In Replying Give Number
Of Case And Names of Parties

November 24, 2003

Clarence Maddox
Clerk, U.S. District Court
299 E. Broward Blvd
Fort Lauderdale  FL  33301

RE: 02-15216-AA        Steve Harris v. Dayton Hudson Corporation
DC DKT NO.:  00-06107 CV-WDF

The enclosed certified copy of the judgment and a copy of this court's opinion are hereby issued as the mandate of this court.

Also enclosed are the following:
  Original Exhibits, consisting of: two folders
  Original record on appeal or review, consisting of: twenty volumes, four volumes supplemental

The district court clerk is requested to acknowledge receipt on the copy of this letter enclosed to the clerk.

A copy of this letter and the judgment form, but not a copy of the court's opinion or Rule 36-1 decision, is also being mailed to counsel and pro se parties. A copy of the court's opinion or Rule 36-1 decision was previously mailed to counsel and pro se parties on the date it was issued.

Sincerely,

THOMAS K. KAHN, Clerk

Reply To: James O. Delaney (404) 335-6113

Encl.

MDT-1 (8-2002)

# United States Court of Appeals
For the Eleventh Circuit

No. 02-15216

District Court Docket No.
00-06107-CV-WDF

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

Oct 23, 2003

THOMAS K. KAHN
CLERK

STEVE HARRIS,

    Plaintiff-Appellant-
    Cross-Appellee,

versus

DAYTON HUDSON CORPORATION,
d.b.a. Target Stores, Inc.,

    Defendant-Appellee-
    Cross-Appellant.

Appeals from the United States District Court
for the Southern District of Florida

## JUDGMENT

It is hereby ordered, adjudged, and decreed that the attached opinion included herein by reference, is entered as the judgment of this Court.

ISSUED AS MANDATE
NOV 2 4 2003
U.S. COURT OF APPEALS
ATLANTA, GA.

Entered: October 23, 2003
For the Court: Thomas K. Kahn, Clerk
By: Gilman, Nancy

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 02-15216
Non-Argument Calendar

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 23, 2003
THOMAS K. KAHN
CLERK

D.C. Docket No. 00-06107-CV-WDF

STEVE HARRIS,

Plaintiff-Appellant,
Cross-Appellee,

versus

DAYTON HUDSON CORPORATION,
d.b.a. Target Stores, Inc.,

Defendant-Appellee-
Cross-Appellant.



Appeals from the United States District Court for the
Southern District of Florida

(October 23, 2003)

Before DUBINA, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

Steven Harris, a former Target Store manager, appeals the jury's verdict

upon new trial for the Dayton Hudson Corporation, d/b/a/ Target Stores (Target). Harris alleges that he was fired because he is black, in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, and 42 U.S.C. § 1981. He claims on appeal that the district court erred by denying his jury instructions on pretext and adverse employment action. Harris also objects to the district court's use of a supplemental jury charge, pursuant to <u>Allen v. United States</u>, 164 U.S. 492, 17 S. Ct. 154 (1896).

Target has filed a cross-appeal, claiming that the district court improperly granted a second trial. Target argues that the district court abused its discretion by granting Harris a second trial after Target had prevailed in the first trial. Target also argues that the district court erred by preventing, in both trials, the admission of certain evidence offered by Target.

Because Harris expressly agreed to the district court's resolution of his requests for jury instructions defining pretext and adverse employment action, any error in those jury instructions was waived. Moreover, because this Court has allowed <u>Allen</u> charges to be given in civil cases, and because the charge properly instructed the jury not to give up an honest belief about the evidence, the district court did not commit reversible error by giving an <u>Allen</u> charge to the jury. Finally, as Target prevailed at the second trial, its claims of error are moot.

2

Upon review of the district court record and the briefs, we find no reversible error. Therefore, the jury's verdict in favor of Target is affirmed.

**AFFIRMED.**

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia